1  JAMES DAL BON, Bar No. 157942
   LAW OFFICE OF JAMES DAL BON
2  606 N. 1ST St.
3  SAN JOSE, CA 95112
   Telephone:    (408) 466-5845
4  Facsimile:    (408) 286-7111

5  VICTORIA L.H. BOOKE    SB# 142518
   BOOKE & AJLOUNY
6  606 North First Street
7  San Jose, California 95112
   Telephone:    (408) 286-7000
8  Facsimile:    (408) 286-7111
   Email: Vbooke@bookelaw.com
9
10 Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN CALIFORNIA**

| | |
|---|---|
| GARY MIDDLE RIDER<br><br>PLAINITFF AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br><br>vs.<br><br>MOVING SOLUTIONS, INC., A CALIFORNIA CORPORATION CHARTWELL STAFFING SOLUTIONS, INC. AND MANAGED FACILITIES SOLUTIONS, LLC<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**FIRST AMENDED COMPLAINT**<br><br>**CLAIMS FOR DAMAGES FOR INDIVIDUAL PLAINTIFFS AND CLASS ACTION PLAINTIFFS**<br><br>1)Failure to Pay all Wages Under the Fair Labor Standards Act<br>2) Failure to Pay all Wages Including California Overtime Wages<br>3)Failure to Pay all Wages at the End of Employment<br>4)Failure to Provide Accurate California Itemized Employee Wage Statements<br>5)Failure to Provide Breaks<br>6)Violation of California Unfair Competition Law for unlawful and/or unfair act in violation of California Law<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF CLAIM

This is a class action on behalf of office moving workers employed by Defendants for wage and hour violations of federal and state law. Defendants failed to pay its nonexempt office moving employees at the correct overtime rate when they worked more than eight hours in one day or forty hours in one week. Plaintiff files an opt in class action under the Fair Employment and Standards Act for wages under federal law. The Plaintiff also files a Rule 23 opt-out class action for wages and penalties owed under California state law. Finally, the Plaintiff seeks restitution of wages for the past four years due to Defendants' unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and his business involves products that move through interstate commerce.

## PARTIES

3. At all times relevant herein, Plaintiff Gary Middle Rider, hereinafter "Plaintiff" is a resident of Santa Clara County in California.

4. At all times mentioned Defendant Moving Solutions, Inc., is a California Corporation with its headquartered in Santa Clara County California.

5. At all times mentioned Defendant Chartwell Staffing Solutions, Inc is a New York Corporation registered to do business in the State of California with the Secretary of State.

6. At all times mentioned Defendant Managed Facilities Solutions, LLC is a limited liability company registered in California and doing business in the County of Santa Clara.

7. Hereinafter, Defendants Moving Solutions, Inc., Chartwell Staffing Solutions, Inc. and Managed Facilities Solutions, LLC shall be collectively known as "Defendants"

8. At all times relevant herein, Defendants employed Plaintiff Gary Middle Rider, as a nonexempt office moving worker.

9. At all times mentioned "Putative Plaintiffs" are the individual Plaintiff's co-workers employed by Defendants as non-exempt office moving workers during the last four years from the day they filed this complaint.

10. Plaintiff Gary Middle Rider and Putative Plaintiffs shall be collectively known as "Plaintiffs".

## STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

11. At all times relevant herein, Defendants employed the Plaintiffs in the office moving industry as non-exempt laborers.

12. Plaintiffs' job duties included moving office equipment, wiring computers and phones, installing office partitions, desks, chairs and other office furniture.

13. In preforming the aforementioned job duties, the Plaintiffs regularly worked more than eight hours in one day.

14. In performing the aforementioned job duties, the Plaintiffs regularly worked more than forty hours in one week.

15. Defendants paid the Plaintiffs per hour to perform the aforementioned job duties.

16. Defendants failed to pay for all the time the Plaintiff's spent one the job.

17. Defendants had Plaintiffs load and unload office furniture and other equipment to Defendants's yard.

18. Plaintiffs would then drive to the job site.

19. Defendants did not pay the Plaintiffs for the time spent loading or unloading office equipment from the trucks or for the commute to the job site.

20. Plaintiffs moved office equipment into and out of offices after normal business hours starting at approximately 4:30 pm.

21. Defendants ordered Plaintiffs to arrive at the offices of their clients at approximately 4:30 pm then wait for the office workers to leave at between 5:00 and 6:00 pm to begin moving and installing office furniture and equipment.

22. At times, the Defendants had the Plaintiffs report to a job site then sends the Plaintiffs home without Paying them for reporting to the job.

23. At times, the Defendants would not pay the Plaintiffs for half of their normal work day when they sent the Plaintiffs home early from a job site.

24. At times, the Plaintiffs worked through their 30-minute lunch break and the Defendants automatically deducted thirty minutes from their pay regardless of whether they worked through the lunch period or not.

25. Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the regular hours they actually worked for the Defendants.

26. Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the overtime hours they actually worked for the Defendants.

27. Defendants did not pay the Plaintiffs at the rate of one and a half times their regular rate of pay for every hour they worked more than eight in one day.

28. Defendants did not pay the Plaintiffs at the rate of one and half times their regular rate of pay when they worked more than forty hours in one week.

29. Defendants did not pay the Plaintiffs minimum wages when they shaved time their work hours.

30. The Defendants intentionally failed to provide the Plaintiffs with a thirty-minute uninterrupted meal period when they worked six hours or more in one day.

31. Defendants provided the Plaintiffs with paystubs that did reflect the hours they worked in accurate manner, the paystubs did not include the hours the Defendants shaved from the time cards of the Plaintiffs.

CLASS ALLEGATIONS

32. A collective action under 29 U.S.C. § 216(b) for the violations of federal wage law is appropriate because (1) a similar set of facts apply to all Plaintiffs, (2) the Plaintiffs worked in the same or similar employment setting (2) the Defendants can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to both parties and serves the interests of judicial economy.

33. A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class; (3) the class representative can adequately represent the class; (4) and the proposed class is easily ascertainable.

34. Plaintiffs seeks to represent the following class: All non-exempt hourly employees who are employed or have been employed by Defendants as office movers in California within four (4) years of the filing of this Complaint engaged in intrastate commerce for the Defendants as office movers through the date of final disposition of this action and who suffered the following:

    a. Were not paid overtime wages;

    b. Were not paid for all hours worked;

    c. Were not paid minimum wages for all hours worked;

    d. Were not provided meal periods or if they were provided late meal periods;

    e. Were not provided with proper paystubs

35. Plaintiffs seeks to represent the following sub-class:

All non-exempt hourly employees whose employment ended in California within for (3) years of the filing of this Complaint engaged in intrastate commerce for the Defendants as nonexempt office movers workers through the date of final disposition of this action and who were not fully paid their wages within seventy-two hours of the end of their employment;

36. On information and belief, the legal and factual issues are common to the class and affected all putative members of the class. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

A.  Numerosity

37. The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined now, Plaintiffs are informed and believes that Defendants during the relevant time periods likely employed over 50 workers in California who are, or have been, affected by Defendants' unlawful practices as alleged herein.

38. Joinder of all members of the proposed Class is not practical.

B.  Commonality

39. There are questions of law and fact common to the class predominating over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

    b. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

    c. Whether Defendants violated the California Labor Code and Wage Orders by failing to permit and authorize meal periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

    d. Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other

putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

e. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including Plaintiffs ended;

f. Whether Defendants violated §§ 17200 et seq. of the Business and Professions Code by the violation of California Law;

g. Whether Plaintiffs and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.

40. There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

C. Typicality

41. The claims of the named Plaintiffs are typical of the claims of the class. Plaintiffs and all members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

D. Adequacy of Representation

42. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have no interests which are averse to the class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

E. Superiority of Class Action

43. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the

Class. Each member of the class has been damaged and is entitled to recovery due to Defendants' unlawful policy and/or practices described herein.

44. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

45. For the same reasons, the Class Action should be certified the Plaintiffs should be allowed to proceed under against Defendants in a collective action under Cal. Bus. & Prof. Code § 17200.

## COUNT ONE

## FEDERAL CLAIM

Violation of the Fair Labor Standards Act

29 U.S.C. §§ 207, 216(b), and 255(a)

Failure to Pay Overtime Wages and Minimum Wages

46. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein.

47. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

48. The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

49. Defendants routinely required or permitted Plaintiffs and their similar class members to work more than 40 hours per week without paying all their wages for overtime work. In Plaintiffs' cases, this occurred because the correct number of hours was sometimes not listed on their wage stubs.

50. Defendants willfully violated the FLSA, in failing to pay Plaintiffs overtime wages at one-and-one-half times his regular rate of pay,

51. As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

52. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other similar class members all their wages, and are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

53. Plaintiffs were required to retain legal assistance to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

## COUNT TWO

## PENDENT STATE CLAIM

Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

Failure to Properly Pay Minimum and Overtime Wages

54. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

55. At all times mentioned herein, California Labor Code §510 governed the Defendants employment of Plaintiffs.

56. Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked more than 8 hours a day or 40 hours a week.

57. Pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

58. Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein.

59. As a result of Defendants violations of statutory duties, as more fully set forth above, Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

60. Plaintiffs seek all unpaid wages the difference between the amount actually paid and the amount in overtime wages or regular wages owed. Plaintiffs continue to conduct audits and investigations, however, based upon our initial calculations, the amounts claimed are above the

jurisdictional minimum requirements of this court. Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.

61. Plaintiffs also seek liquidated damages under to California Labor Code § 1194.2 for all unpaid minimum wages.

62. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to California Labor Code § 1194.

## COUNT THREE
### Violation of California Labor Code Sections 201, 202 & 203
### Failure to Pay Wages Due and "Waiting Time" Penalties

63. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as though fully set forth herein.

64. At the time Plaintiffs' employment ended with Defendants, Plaintiffs were terminated and Defendants owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

65. Failure to pay wages owed at the time an employee is terminated as required by Labor Code §201 or 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

66. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

67. Pursuant to Labor Code Section 1194, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

68. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR

### Violation of California Labor Code § 226

### Failure to Provide Accurate Wage Stubs

69. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein.

70. At all times relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

71. Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226. Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

72. As a direct result, Defendants did not separate Plaintiff's regular hours from their overtime hours because Defendants did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

73. Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action.

## COUNT FIVE

### Failure To Provide Meal Periods Or Compensation In Lieu Thereof

### (Labor Code §§ 203, 226, 226.7, 512, 1194)

74. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 of the preceding paragraphs as though fully set forth herein.

75. Defendants failed to comply with the requirement under California law regarding meal periods. Plaintiffs were not afforded meal periods as required by California law, since meal periods were not scheduled, Plaintiffs were routinely required to work without thirty-minute uninterrupted meal periods, and Plaintiffs and co-workers were not compensated for missed meal periods.

76. California Labor Code §226.7 states:

77. (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

78. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

79. Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

80. Plaintiffs were scheduled and required to work for periods of six or more hours without an off-duty meal period of at least 30 minutes, and Defendants violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

## COUNT SIX

Violation of California Business & Professions Code §17200

Restitution for Unfair Business Practices

81. Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-38 as though fully set forth herein.

82. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

83. At all times mentioned the Defendants were subject to Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a) requiring they pay the Plaintiffs overtime at one point five times their regular rate of pay for every hour they work more than forty in one week.

84. At all times relevant herein, the employers of Plaintiffs, Defendants, were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff, including similarly situated workers who are members of the public, certain overtime pay as required by applicable state and federal laws, to all of which Plaintiffs, were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiff.

85. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

86. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, the Plaintiff's rights under the law were violated and the Plaintiffs, incurred losses in the form of unpaid wages in amounts to be proved at trial.

87. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, certain wages and overtime pay due.

88. Plaintiffs, having been illegally deprived overtime pay to which they were legally entitled, herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

WHEREFORE ALL PLAINTIFFS PRAY

1. For compensatory damages per Cal. Labor Code §§ 510. 1194 for unpaid overtime wages in an amount to be determined;

2. For liquidated damages for all overtime owed under the Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a);

3. For liquidated damages for all minimum wages owed under Cal. Labor Code § 1194.2;

4. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

5. For equitable and injunctive relief under California Business and Professions Code §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work hours and overtime wages owed;

6. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

7. Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

8. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

9. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a);

10. For costs of suit herein; and

11. For such other and further relief as the Court may deem appropriate.

December 14, 2017

Respectfully submitted,

By: _____

JAMES DAL BON

Attorneys for Plaintiff

JAMES DAL BON, Bar No. 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
(408) 466-5845

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

17-CV-04015 LHK

**GARY MIDDLE RIDER**

**PLAINITFF AND PUTATIVE PLAINTIFFS**

Plaintiffs,

vs.

DEMAND FOR JURYTRIAL

**MOVING SOLUTIONS, INC., A CALIFORNIA CORPORATION CHARTWELL STAFFING SOLUTIONS, INC. AND MANAGED FACILITIES SOLUTIONS, LLC**

**Defendants.**

Plaintiffs demand a jury trial.

\\\\

December 14, 2017

Respectfully submitted,

By: _____

JAMES DAL BON

Attorneys for Plaintiff