RICHARD SCHRAMM (SBN 151696)
EMPLOYMENT RIGHTS ATTORNEYS, LLP
1500 E. Hamilton Ave., Suite 118
Campbell, California 95008
Tel: (408) 796-7551
Fax: (408) 796-7368

Attorneys for Defendant, Moving Solutions, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN CALIFORNIA

-oo0oo-

| | |
|---|---|
| GARY MIDDLE RIDER,<br><br>　　　　Plaintiff and Putative Plaintiffs,<br><br>　v.<br><br>MOVING SOLUTIONS, INC., A California Corporation; CHARTWELL STAFFING SOLUTIONS, INC.; and MANAGED FACILITIES SOLUTIONS, LLC,<br><br>　　　　Defendants.<br>_____<br>MOVING SOLUTIONS, INC., a California Company,<br><br>　　　　Defendant and Cross-Complainant,<br><br>　v.<br><br>MANAGED FACILITIES SOLUTIONS; CHARTWELL STAFFING SOLUTIONS, INC.; CHARTWELL STAFFING, LLC; and MANAGED FACILITIES SOLUTIONS, LLC,<br><br>　　　　Defendants and Cross-Defendants.<br>_____ | Case No. 17-CV-04015-LHK<br><br>DEFENDANT, MOVING SOLUTIONS, INC.'s, CROSS-CLAIM FOR IMPLIED INDEMNITY, COMPARATIVE INDEMNITY DECLARATORY RELIEF, EQUITABLE INDEMNITY AND CONTRIBUTION |

Cross-Claimant, Moving Solutions, Inc. complains and for causes of action alleges as follows:

## PRELIMINARY ALLEGATIONS

1. Cross-Defendant, Managed Facilities Solutions, is, and at all times herein mentioned was, a corporation licensed in the State of Pennsylvania, doing business in Santa Clara County, California.

2. Cross-Defendant, Chartwell Staffing Solutions, Inc. dba Chartwell Staffing Services, is and at all times herein mentioned was a corporation licensed in the State of Pennsylvania, doing business in Santa Clara County, California.

3. Cross-Defendant, Chartwell Staffing, LLC is and at all times hereing mentioned was a limited liability company licensed in the State of Pennsylvania, doing business in Santa Clara County.

4. Cross-Defendant, Managed Facilities Solutions, LLC, is and at all times herein mentioned was a limited liability company licensed in the State of California, doing business in Santa Clara County, California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the cross-defendants named herein as ROES 1 through 50, inclusive, are unknown to cross-claimant who therefore sues said cross-defendants by such fictitious names. Cross-claimant will seek leave to amend its cross-claim to show their true names and capacities when the same have been ascertained.

6. Cross-claimant is informed and believes and on such information and belief alleges that at all times herein pertinent, the individual cross-defendants named herein are or were corporations doing business in the State of California.

7. Cross-claimant is informed and believes and on such information and belief alleges that at all times herein mentioned, cross-defendants, and each of them, were the agents, servants, representatives and employees of the other cross-defendants, and each of them, and in doing the things herein alleged, were acting within the course and scope of such agency and employment.

8. Cross-claimant is informed and believes and thereon alleges that each of the cross-defendants designated herein as a DOE is responsible in some manner for the happenings and events

hereinafter alleged and negligently or otherwise caused the losses and/or damages as herein alleged.

## FIRST CAUSE OF ACTION

### (Implied Indemnity Against All Cross-Defendants)

9. Cross-claimant refers to all above paragraphs and incorporates the same herein by reference as though fully set forth at length at this point.

10. A Complaint entitled Rider v. Moving Solutions, Inc. was filed on or about July 17, 2017, alleging damages arising as a result of an alleged incident. Said complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length.

11. A First Amended Complaint entitled Rider v. Moving Solutions, Inc., Chartwell Staffing Solutions, Inc., and Managed Facilities Solutions, LLC was filed on or about December 14, 2017.

12. Cross-claimant is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending said complaint, the exact amount of which is unknown at this time. When the same has been ascertained, cross-claimant will seek leave of court to amend this cross-complaint to set forth the true nature and amount of said costs and expenses.

13. If cross-claimant is held liable and responsible to plaintiff for damages as alleged in First Amended Complaint, it will be solely due to the conduct of cross-defendants, and each of them, as herein alleged. Therefore, cross-claimant is entitled to be indemnified by said cross-defendants, and each of them should such liability arise.

14. If cross-claimant is held liable or responsible to the plaintiffs for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of cross-defendants, and each of them.

15. Cross-claimant is entitled to complete indemnification by said cross-defendants, and each of them for any sum or sums for which he may be adjudicated liable to plaintiffs, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

//
//
//

## SECOND CAUSE OF ACTION

### (Comparative Indemnity Against all Cross- Defendants)

16. Cross-claimant refers to all above paragraphs and incorporates the same herein by reference as though fully set forth at length at this point.

17. Cross-claimant contends that it is in no way legally responsible for the events giving rise to the plaintiff's causes of action, or legally responsible in any other manner for the damages allegedly sustained by the plaintiff(s). However, if as a result of the matters alleged in plaintiff's complaint, this cross-claimant is held liable for all or any part of the claim or damages asserted against it by the plaintiff, cross-defendants, and each of them, to the extent that their fault was a proximate cause of plaintiff's damages and/or losses, are responsible for said damages and/or losses in proportion to each cross-defendants' comparative negligence and this cross-claimant is entitled to a determination of several liability.

18. By reason of the foregoing, cross-claimant is entitled to indemnity from cross-defendants, and each of them, for all costs, fees, expenses, settlements and judgments paid by and incurred by cross-claimant in connection with this litigation.

## THIRD CAUSE OF ACTION

### (Declaratory Relief Against all Cross-Defendants)

19. Cross-claimant refers to all above paragraphs and incorporates the same herein by reference as though fully set forth at length at this point.

20. An actual controversy has arisen between cross-claimant and cross-defendants, and each of them, with respect to the rights, obligations and duties of the parties:

(a) cross-claimant contends that it is without fault, responsibility or blame for any of the damages which the plaintiff(s) may have suffered. If there is any, these acts were committed by the cross-defendants and not the cross-claimant. Cross-claimant contends that it is entitled to indemnity from cross-defendants, and each of them.

(b) Cross-claimant is informed and believes and thereon alleges that the cross-defendants, and each of them contend to the contrary.

//

## FOURTH CAUSE OF ACTION

### (Equitable Indemnity Against All Cross-Defendants)

21. Cross-claimant refers to all above paragraphs and incorporates the same herein by reference as though fully set forth at length at this point.

22. Cross-claimant alleges that it is in no way legally responsible for the events giving rise to Plaintiff's action no legally responsible in any manner for the damages allegedly sustained by said plaintiff(s). If, contrary to the foregoing allegations, cross-claimant herein is held to be liable for all or any part of the claim for damages asserted against cross-claimant by the plaintiff(s), then cross-claimant is informed and believes, and based upon such information and belief, alleges that cross-defendants, and each of them, were negligent, misrepresented certain facts, breached fiduciary duties, and breached contracts and/or agreements. Cross-claimant is informed and believes at this time that the above acts of the cross-defendants, and each of them, were the proximate cause of the damages and/or losses to Plaintiff(s).

23. By reason of the foregoing, cross-defendants, and each of them, are responsible and liable for any such damages in direct proportion to the extent of their alleged acts in bringing about said damages. If cross-claimant is found to be responsible for any of the damages of the plaintiff(s), then cross-claimant is entitled to judgment over and against cross-defendants, and each of them in an amount proportionate to the amount of cross-claimant's financial responsibility for such damages that exceed his portion of responsibility, if any.

## FIFTH CAUSE OF ACTION

### (Contribution Against All Cross-Defendants)

24. Cross-claimant refers to all above paragraphs and incorporates the same herein by reference as though fully set forth at length at this point.

25. Cross-claimant contends that it is in on way legally responsible for the damages alleged in plaintiff's complaint. However, if as a result of the matters alleged in plaintiff's complaint, cross-claimant is held liable for all or any part of plaintiff's alleged damages, cross-defendants herein, and each of them, to the extent that their fault is determined by the court, are obligated to

reimburse and are liable to cross-claimant for all or any liability so assessed by way of contribution, and cross-claimant accordingly asserts herein such right to contribution.

**WHEREFORE**, cross-claimant prays for judgment as follows:

1. For a declaration of cross-claimant's rights and duties;
2. For an order of the court declaring the percentage of fault, if any, between cross-claimant and cross-defendants, and each of them, for damages and losses allegedly caused to plaintiff(s);
3. For an order of the court awarding judgment in favor of cross-claimant against cross-defendants, and each of them, based upon the relative percentage of fault of each party including the plaintiff(s);
4. For an order of this court that the cross-claimant is entitled to be fully indemnified by cross-defendant, and each of them, for any and all settlements or compromises and/or judgments entered into by Cross-claimant as a result of this action;
5. For attorney's fees, court costs, investigative costs and other expenses incurred in the defense of the complaint according to proof; and
6. For such other and further relief as the court may deem just and proper.

Respectfully,

February 28, 2018

/s/ Richard D. Schramm

Richard D. Schramm, Esq.
Employment Rights Attorneys
Attorneys for Moving Solutions, Inc.

# PROOF OF SERVICE

I am a citizen of the United States and a resident of Santa Clara County. I am over the age of 18 years and not a party to the within cause of action. My business address is 1500 E. Hamilton Avenue, Suite 118, Campbell, California 95008. On February 28, 2018, I served a copy of the document described as:

1. DEFENDANT, MOVING SOLUTIONS, INC.'s, CROSS-CLAIM FOR IMPLIED INDEMNITY, COMPARATIVE INDEMNITY, DECLARATORY RELIEF, EQUITABLE INDEMNITY AND CONTRIBUTION;

The above-described document was served on the following:

Robert D. Eassa, Esq.
Anjuli M. Cargain, Esq.
Duane Morris LLP
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA 94105

[X]  **(By Mail)** I caused such envelope(s) with postage fully prepaid to be placed in the U.S. Mail at San Jose, CA.

[ ]  **[By Electronic Mail]** I caused an electronic mail copy of said document(s) to be transmitted to the recipient's previously designated electronic mail address.

[ ]  **(By Certified Mail)** I caused such envelope(s) with postage fully prepaid, return receipt requested, to be placed in the United States Mail at San Jose, CA.

[ ]  **(By Overnight Courier)** I caused such envelope(s) to be picked up for guaranteed next day delivery by _____.

[ ]  **(By Hand/Personal Service)** I personally served such document(s) by hand to the person(s) at the address herein above named.

[ ]  **(By Facsimile)** I caused said document to be sent to the Fax Machine number indicated above, by Fax Machine No. (408) 295-5008 which machine complies with Rule 2003(3) of the California Rules of Court and no error was reported by the machine. Pursuant to Rule 2005(I) I caused the machine to print a transmission record, a copy of which is maintained in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 28, 2018.

_____
Moriah E. Condos