RICHARD SCHRAMM (SBN 151696)
EMPLOYMENT RIGHTS ATTORNEYS, LLP
1500 E. Hamilton Ave., Suite 118
Campbell, California 95008
Tel: (408) 796-7551
Fax: (408) 796-7368

Attorneys for Defendant, Moving Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN CALIFORNIA**

**-oo0oo-**

| | |
|---|---|
| GARY MIDDLE RIDER,<br>Plaintiff and Putative Plaintiffs,<br>v.<br>MOVING SOLUTIONS, INC., A California Corporation; CHARTWELL STAFFING SOLUTIONS, INC.; and MANAGED FACILITIES SOLUTIONS, LLC,<br>Defendants. | **Case No.** 17-CV-04015-LHK<br><br>DEFENDANT, MOVING SOLUTIONS, INC.'s, ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

For its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("FAC"), MOVING SOLUTIONS, INC., states as follows.

**SUBJECT MATTER JURISDICTION AND VENUE**

1. Defendant admits the proper venue is in the Northern District of California however, it denies any events gave rise to a lawsuit, whether or not they arose in this district.

2. Defendant admits that Plaintiff purports to bring a claim under the Fair Labor Standards Act, as amended (29 U.S.C. § 201 *et seq.*, but denies any inference of wrongdoing on its part or that it is liable to Plaintiff for any of the relief he seeks.

//

//

**PARTIES**

3. Defendant is without sufficient information to admit or deny the allegations in Paragraph 3 of the First Amended Complaint and, therefore, denies the same.

4. Defendant denies Moving Solutions, Inc., has a headquarters in Santa Clara County California however when it was in operation, its headquarters were in Santa Clara County California.

5. Defendant is without sufficient information to admit or deny the allegations of paragraph 5 of the First Amended Complaint and therefore, denies the same.

6. Defendant is without sufficient information to admit or deny the allegations of paragraph 6 of the First Amended Complaint and therefore, denies the same.

7. Paragraph 7 does not state a fact to which Defendant can admit, deny or respond in any matter.

8. Defendant admits Plaintiff, Rider was employed by Moving Solutions until he became employed by Chartwell Solutions. However, Moving Solutions does not have information available at this time. Records were transferred to Chartwell, the company that took over as employer of Plaintiffs.

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 of the FAC and therefore, denies the same.

10. Paragraph 10 does not state a fact to which Defendant can admit, deny or respond in any matter.

**STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS**

11. Defendant admits Plaintiff, Rider was employed by Moving Solutions, Inc. as a non-exempt laborer. Defendant denies there is an industry entitled "office moving industry."

12. Defendant admits paragraph 12.

13. Defendant denies Plaintiff, Rider regularly worked more than eight hours in one day.

14. Defendant denies Plaintiff, Rider regularly worked more than forty hours in one week.

15. Defendant admits Plaintiff Rider was paid per hour to perform his work.

16. Defendant denies the allegations in paragraph 16 of the FAC.

17. Defendant admits it had Plaintiff, Rider load and unload office furniture and other equipment, however Defendant denies it was loaded or unloaded to Defendant's yard.

//

18. Defendant admits Plaintiff, Rider would drive to job sites. Defendant is unable to respond to "would then drive" as a subsequent action to an unknown action.

19. Defendant denies the allegations in paragraph 19 of the FAC.

20. Defendant admits the moving of office equipment generally took place after normal business hours starting at approximately 4:30pm.

21. Defendant admits Plaintiff, Rider was to arrive at the offices of Moving Solutions, Inc.'s clients at approximately 4:30pm to wait for the office workers to leave at between 5:00 and 6:00pm to begin moving and installing office furniture and equipment.

22. Defendant denies the allegations in paragraph 22 of the FAC.

23. Defendant denies the allegations in paragraph 23 of the FAC

24. Defendant denies the allegations in paragraph 24 of the FAC.

25. Defendant denies the allegations in paragraph 25 of the FAC.

26. Defendant denies the allegations in paragraph 26 of the FAC.

27. Defendant denies Plaintiff, Rider or the purported class members worked more than eight hours per day while employed at Moving Solutions, Inc., and therefore were not entitled to one and half times their regular rate of pay.

28. Defendant denies Plaintiff, Rider or the purported class members worked more than forty hours per week while employed at Moving Solutions, Inc., and therefore were not entitled to one and half times their regular rate of pay.

29. Defendant denies "shaving" any time from purported plaintiffs' hours and therefore denies not paying the minimum wages.

30. Defendant denies the allegations in paragraph 30 of the FAC.

31. Defendant admits it "provided Plaintiffs with paystubs that did reflect the hours they worked in accurate (sic) manner." Defendant denies it "shaved" the hours Plaintiffs worked and therefore denies the paystubs were required to reflect these phantom hours.

//

//

//

CLASS ALLEGATIONS

32. Paragraph 32 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 32 of the FAC.

33. Defendant admits that Plaintiff purports to seek certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure of a class of current, past and future employees of Moving Solutions, Inc. who have allegedly qualified for payment of wages but have not received those wages. Defendant, however, denies the validity of Plaintiff's claims, deny Plaintiff is an appropriate class representative for the purported class, and deny that this matter should proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny all of the remaining allegations contained in paragraph 33 of the FAC.

34. Defendant denies the allegations in paragraph 34 and its subparts (a-e) of the FAC.

35. Defendant denies the allegations in paragraph 35 of the FAC.

36. Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 of the FAC and therefore, denies the same.

**Numerosity**

37. Defendant is without sufficient information to admit or deny the allegations in Paragraph 37 of the FAC and therefore, denies the same.

38. Defendant denies the allegation of paragraph 38 of the FAC.

**Commonality**

39. Defendant denies the allegations in paragraph 39 and its subparts (a-g) of the FAC.

40. Defendant is without sufficient information to admit or deny the allegations in Paragraph 40 of the FAC and therefore, denies the same.

**Typicality**

41. Defendant denies the allegations of paragraph 41 of the FAC.

**Adequacy of Representation**

42. Defendant is without sufficient information to admit or deny the allegations in Paragraph 42 of the FAC and therefore, denies the same.

**Superiority of Class Action**

43. Defendant denies the allegations of paragraph 43 of the FAC.

44. Defendant is without sufficient information to admit or deny the allegations in Paragraph 44 of the FAC and therefore, denies the same.

45. Defendant denies the allegations in paragraph 45 of the FAC.

**FEDERAL CLAIM (FLSA)**

46. Defendant incorporates its responses to paragraphs 1 through 45 above as if fully restated here.

47. Paragraph 47 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 47 of the FAC.

48. Defendant admits it is engaged in commerce but denies it is in the business of production of goods for commerce as defined by the DOL regulations or 29 U.S.C. §§ 203 (r) and (s)

49. Defendant denies the allegations of paragraph 49 of the FAC.

50. Defendant denies the allegations of paragraph 50 of the FAC.

51. Defendant denies the allegations of paragraph 51 of the FAC.

52. Defendant denies the allegations of paragraph 52 of the FAC.

53. Defendant denies the allegations of paragraph 53 of the FAC.

**PENDENT STATE CLAIM (CAL LABOR CODE)**

54. Defendant incorporates its responses to paragraphs 1 through 52 above as if fully restated here.

55. Paragraph 55 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 55 of the FAC.

56. Defendant admits it had a duty pursuant to Labor Code section 510, however denies it violated said Labor Code.

57. Defendant denies the allegations of paragraph 57 of the FAC.

58. Defendant denies Plaintiff(s) is/are entitled to an award of any amount or any wages.

59. Defendant denies the allegations of paragraph 59 of the FAC.

//

60. Defendant denies the allegations of paragraph 60 to the extent it alleges there are any amounts due from Moving Solutions, Inc., to the Plaintiffs. Defendant has insufficient information to admit or deny whether Plaintiffs continue to conduct audits or perform any investigation or what their initial calculations are at the time of filing their FAC.

61. Defendant denies Plaintiffs are entitled to any liquidated damages.

62. Defendant is without sufficient information to from a belief as to the truth of the allegation in paragraph 62 of the FAC. And thus Defendant denies the allegation.

**COUNT THREE (VIOL OF LABOR CODE § § 201, 202, & 203).**

63. Defendant incorporates its responses to paragraphs 1 through 62 above as if fully restated here.

64. Defendant denies any amounts were owed to Plaintiffs at the time of their termination from Moving Solutions, Inc. Defendant is without sufficient information to form a belief as to whether any wages were owing if/when Plaintiffs were separated from their employment with the other defendants.

65. Paragraph 65 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 65 of the FAC.

66. Defendant denies any amounts were owed to Plaintiffs at the time of their termination from Moving Solutions, Inc. Defendant is without sufficient information to form a belief as to whether any wages were owing if/when Plaintiffs were separated from their employment with the other defendants.

67. Defendant denies the allegations in paragraph 67 of the FAC.

68. Defendant denies the allegations in paragraph 68 of the FAC.

**COUNT FOUR (VIOL OF LABOR CODE § 226)**

69. Defendant incorporates its responses to paragraphs 1 through 68 above as if fully restated here.

70. Paragraph 70 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 70 of the FAC.

71. Defendant denies the allegations in paragraph 71 of the FAC.

72. Defendant denies the allegations in paragraph 72 of the FAC.

73. Defendant denies the allegations in paragraph 73 of the FAC.

**COUNT FIVE (VIOL OF LABOR CODE § § 203, 226, 226.7, 512, 1194)**

74. Defendant incorporates its responses to paragraphs 1 through 73 above as if fully restated here.

75. Defendant denies the allegations in paragraph 75 of the FAC.

76. Paragraph 76 of the FAC is an incomplete statement and therefore Defendant cannot admit or deny said paragraph.

77. Paragraph 77 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 77 of the FAC.

78. Paragraph 78 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 78 of the FAC.

79. Defendant denies the allegation in paragraph 79 of the FAC in so far as there is an assumption a meal period was waived or was missed. Defendant denies employees failed to receive their required meal periods.

80. Defendant denies the allegation in paragraph 80 of the FAC.

**COUNT SIX (VIOL OF B&P CODE § 17200)**

81. Defendant incorporates its responses to paragraphs 1 through 80 above as if fully restated here.

82. Paragraph 82 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 82 of the FAC.

83. Paragraph 83 of the FAC is a legal contention, characterization, and/or conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 83 of the FAC.

84. Defendant denies the allegations in paragraph 84 of the FAC.

85. Defendant denies the allegations in paragraph 85 of the FAC.

86. Defendant denies the allegations in paragraph 86 of the FAC.

87. Defendant denies the allegations in paragraph 87 of the FAC.

88. Defendant denies the allegations in paragraph 88 of the FAC.

Defendant denies that Plaintiff, or any member of the alleged representative class or any putative member of the purported class, are entitled to any of the relief for which they pray, and Defendants accordingly deny all the allegation contained in Plaintiff's Prayer for Relief.

Except as specifically admitted herein, Defendants deny each and every allegation in the FAC. Defendants reserve the right to amend this Answer and to assert additional defenses based on further investigation and discovery.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following as separate affirmative defenses to the individual, representative and putative class claims without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable procedural law. Defendants reserve the right to add additional affirmative defenses should they become aware of such during the course of discovery.

1. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, fail to state facts sufficient to constitute a cause of action against Defendants.

2. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, are barred, or limited, by the applicable statutes of limitations. Further, the applicability of the statutes of limitations require individualized determinations for each putative member of the purported class, thereby precluding class-wide resolution.

3. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, cannot and should not be maintained on a class-action or representative action because: those claims, and each of them, fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because class certification is inappropriate due to defendants' lawful policies,

pursuant to *Walmart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

4. Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated California or federal law.

5. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

6. Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff or putative members of the purported class as set forth in the FAC, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff or putative members of the purported class as set forth in the FAC.

7. The FAC, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiff and putative members of the purported class as set forth in the FAC failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

8. The FAC fails to state a claim against Defendants upon which attorney's fees or costs can be awarded.

9. Any damages that Plaintiff or putative members of the purported class as set forth in the FAC could recover must be eliminated or reduced by their failure to mitigate damages.

10. Some of Plaintiff's claims may be barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

11. Defendants deny having any wrongful or discriminating motivation with respect to Plaintiff, but assert that the actions of which Plaintiff complains would have been taken for lawful reasons independent of any alleged wrongful motivation.

12. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, are in whole or in part *de*

*minimis*.

13. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, if allowed to be tried upon or with so-called representative evidence, would violate the procedural and substantive Due Process clauses of the state and federal Constitutions.

14. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the FAC, that seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of both federal and state Constitutions.

Defendants reserve the right to assert additional affirmative defenses based upon further discovery.

## COUNTERCLAIMS

1. Defendants incorporate all of the matters admitted and alleged above. Defendants are entitled to their reasonable attorney's fees under Cal. Labor Code section 218.5, to the extent that Cal. Labor Code section 218.5 applies, and to the extent Defendant is the prevailing party on claims under Cal. Labor Code section 218.5.

2. Defendants are entitled to reasonable attorney's fees under Cal. Labor Code section, to the extent it is the prevailing party on claims and grounds asserted by Plaintiff without an objectively reasonable basis.

**WHEREFORE**, having fully answered the FAC, Defendants pray for relief as follows:

1. That the FAC and each cause of action therein be dismissed with prejudice;

2. That the Plaintiff and the putative class take nothing by way of the FAC;

3. That Defendants be awarded their reasonable costs and attorney's fees in defending this matter; and

4. That the Court order such other and further relief for Defendants as this Court deems just and proper.

Respectfully,

February 28, 2018

/S/

Richard Schramm, Esq.
Employment Rights Attorneys
Attorneys for Moving Solutions, Inc.