JAMES DAL BON, Bar No. 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
(408) 466-5845

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

GARY MIDDLE RIDER et al

       Plaintiffs,

  vs.

       Defendants.

MOVING SOLUTIONS INC., HARTWELL STAFFING SOLUTIONS, NC. AND MANAGED FACILITIES SOLUTIONS LLC

Case No. 17-CV-04015 LK

**JOINT CASE MANAGEMENT STATEMENT**

**HEARING DATE** 3/9/2018
**TIME** 2:00 PM
**ROOM** 8
**HONORABLE JUDGE LUCY KOH**

      Pursuant to Civil Local Rule 16-9, the parties attorneys have met and conferred concerning the Case Management Conference:

      **1.    JURISDICTION AND SERVICE**

    All Defendants have been served and venue is proper.

    **Chartwell Staffing Services, Inc.'s Position:** Defendant Managed Facilities Solutions, LLC has not been served.

      **2.    FACTS**

1

**Plaintiffs' Version of the Events**

This is a simple wage and hour case, with some complexity concerning the class allegations. Defendants employed the Plaintiffs as office movers in Silicon Valley. Plaintiffs would move office equipment, desks, computers, telephones, chairs, cubicle wall partitions etc from one office to another typically after 5:00 pm. Companies hired Moving Solutions to change the lay out of an office or move the office from one location to another, after normal work hours so as not to interrupt the flow of work during the day. Moving Solutions employees did not start work until their client's employees left the office.

Plaintiffs primary claim is that Moving Solutions required their employees to arrive at their warehouse or the jobsite early. Plaintiffs claim that Moving Solutions did not clock them into until they started moving office equipment for Moving Solutions' clients. This resulted in unpaid overtime and regular time for the hours they spent at the Moving Solutions warehouse or waiting at the jobsite for the employees of that client to leave.

**Moving Solutions Version of Facts**:

Moving Solutions, ("MSI") alleges the employees became Chartwell employees after 1/1/2014 and MFS employees after 5/16/2016. Therefore any claims against MSI are restricted to the months of 2013 relevant to this lawsuit.

**Chartwell Staffing Services, Inc.'s Position:** Chartwell complied with all applicable wage and hour laws. Chartwell disputes that this action can be maintained on a class basis because there are not questions of law or fact common to the class, the claims of plaintiff are not typical of the claims of the class, and questions of law or fact common to class members do not predominate over questions affecting only individual members. Further inquiry is required to determine whether Plaintiff and his counsel will fairly and adequately protect the interests of the class.

3. **LEGAL ISSUES**

(a) **Class certification**

(b) **Do any of plaintiffs' claims relate to their employment with Defendants.**

(c) **Whether Defendants violated any of the wage and hour laws alleged in the First**

**Amended Complaint.**

**(d )** What claims, if any against Defendants are subject to summarily dismissal on the grounds that the statute of limitations has run as to those claims.

**(e)** There is no evidence of willful conduct by Defendants so as to warrant penalties.

**(f)** Whether Chartwell is liable for the acts of Moving Solutions under the theory of successor liability.

**4. MOTIONS**

**(a)** Defendants anticipate opposing any motion for class certification.

**(b)** Defendants anticipate filing dispositve motions;

**(c)** Plaintiffs will file a motion for class ceritification;

**(d)** Plaintiffs may amend the complaint to include more Defendants;

**(f)** Plaintiffs may file a dispositive motion

**5. AMENDMENT OF PLEADINGS**

**(a)** Plaintiffs may amend the complaint to include more Defendants or allegations as discovery continues;

**6. EVIDENCE PRESERVATION**

Defendants have been advised by counsel of its obligation to preserve evidence related to Plaintiffs' claims.

Plaintiffs have been advised to preserve all relevant evidence.

**Chartwell Staffing Services, Inc.'s Position:** Chartwell advised Plaintiff that it is impossible to anticipate what repositories may contain ESI Plaintiff may consider relevant to this litigation. Chartwell advised Plaintiff that it is impossible for, and Chartwell should not be expected to, retain ESI that is not specifically identified by Plaintiff other than: (1) any documents that Chartwell has that specifically refer to Plaintiff; and (2) to the extent they are in Chratwell's possession, custody, or control, time and payroll records for the putative class members. Chartwell invited Plaintiff to identify and confer regarding any specific repositories of ESI that Plaintiff may

consider relevant to this lawsuit.

The parties will confer about any issues of preservation should they arise.

### 7. DISCLOSURES

Plaintiffs served the Initial Disclosures by the date of the conference

**Chartwell Staffing Services, Inc.'s Position:** Despite the fact that this action was filed on July 17, 2017, Plaintiff did not serve Chartwell until six and a half months later, on February 5, 2018. Plaintiff did not serve Chartwell with any other documents that have been filed in this case and did not serve Chartwell with notice regarding the March 7, 2018 Case Management Conference.

On March 1, 2018, Chartwell, on its own, discovered that a Case Management Conference was set for March 7, 2018. It also learned that a Case Management Conference Statement was due the day before, on February 28, 2018. As a result, Chartwell could not have possible served initial disclosures by the time the Case Management Conference Statement was due.

Chartwell timely served its Answer on February 20, 2018.

Therefore, because: (1) Plaintiff waited six and a half months to serve Chartwell and (2) Chartwell was not served with notice of the Case Management Conference, and did not even learn of it (on its own) until after the parties' joint Case Management Conference Statement was due, Chartwell proposes that the parties serve their initial disclosures within 14 days of the Case Management Conference.

### 8. DISCOVERY

#### (a) Plaintiffs' Anticipated Discovery

Plaintiffs are preparing written discovery and will arrange depositions to prepare for class certification.

#### (b) Defendants Anticipated Discovery

MSI anticipates written discovery to plaintiffs regarding their employment specifically with MSI.

**Chartwell Staffing Services, Inc.'s Position:** There has been no discovery to date. Chartwell will take depositions and engage in written discovery into issues relating to Plaintiff's claims and class certification.

**9.     CLASS ACTIONS**

**Plaintiff is aware of none outside of this case.**

**10.    RELATED CASES**

**Defendants Chartwell and Moving Solutions Inc. have filed a contractual action against each other in State court in Southern California. MSI withdrew its cross-claim against Chartwell and MFS for indemnity pending further information upon which to base the cross-claim for equitable indemnity**

**Chartwell Staffing Services, Inc.'s Position:** Chartwell contends that the contractual action is not a related case pursuant to Local Rule 3-12.

**11.    RELIEF**

Statutory damages under the FSLA and California Labor Code; general damages for negligence; and equitable relief.

**Chartwell Staffing Services, Inc.'s Position:** Chartwell contends that Plaintiff is not entitled to any damages against Chartwell.  Chartwell also disputes that Plaintiff has any legal ability to recover general damages for negligence in a wage and hour case, such as this.  Such a request is entirely improper.  The only theoretical damages to which Plaintiff may be entitled for his statutory claims are those set forth in the California Labor Code and FLSA.

**12.    SETTLEMENT AND ADR**

Plaintiffs believe that a first settlement conference in front of a magistrate judge after initial discovery and before class certification may be appropriate.

**Chartwell Staffing Services, Inc.'s Position:** Chartwell is agreeable to private mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not agree to a magistrate judge.

**14.    OTHER REFERENCES**

### 15. NARROWING OF ISSUES

### 16. EXPEDITED SCHEDULED

The parties do not agree to an expedited trial schedule

| | |
|---|---|
| (a) Deadline to complete discovery for class ceritifcation: | August 16, 2018 |
| (b) Deadline for motion class ceritifcation: | October 16, 2018 |
| (c) Deadline to complete factual discovery | January 16, 2019 |
| (d) Deadline for expert disclosure statements under Fed. R. Civ. P. 26: | January 23, 2019 |
| (e) Deadline for rebuttal expert disclosure statements under Fed. R. Civ. P. 26: | January 30, 2019 |
| (f) Deadline to conduct expert discovery: | February 6, 2019 |

### 18. TRIAL

After February 6, 2019 at the court's convenience.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Chartwell Staffing Services, Inc.'s Position:** Chartwell has filed the Certification of Interested Entities or Persons required by Local Rule 3-15. Chartwell is not publicly traded. Chartwell has no parent corporation and no publicly held corporation owns more than 10% of Chartwell's stock. No interested parties are known other than the named parties in this action.

20. PROFESSIONAL CONDUCT

**Chartwell Staffing Services, Inc.'s Position:** Counsel for Chartwell has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Plaintiff's counsel spoke to the Defendants and inserted their positions into this

Case Management Statement.

Respectfully submitted,

_James Dal Bon_
JAMES DAL BON

Attorneys for Plaintiff

33178327.1