1  James Dal Bon (SBN 157942)
   LAW OFFICES OF JAMES DAL BON
2  606 North 1st Street
   San Jose CA 95112
3  (408)466-5845

4  jdb@wagedefenders.net

5  Attorneys for Plaintiffs

6                    UNITED STATES DISTRICT COURT

7              FOR DISTRICT OF NORTHERN CALIFORNIA

8

9                                    │ Case No.  17-CV-04015 LK.:
                                     │
10                                   │ NOTICE OF MOTION TO AMEND THE
                                     │ COMPLAINT AND MEMORANDUM OF
11 GARY MIDDLE RIDER et al           │ POINTS AND AUTHORITIES IN SUPPORT
                                     │ THEREOF
12       Plaintiffs and Putative Plaintiffs, │
                                     │
13       vs.                         │ HEARING DATE      10/25/2018
                                     │ TIME              1:30 PM
14       Defendants.                 │ ROOM              8
                                     │ HONORABLE JUDGE LUCY H. KOH
15 MOVING SOLUTIONS INC.,            │
   CHARTWELL STAFFING SOLUTIONS,     │
16 INC. AND MANAGED FACILITIES       │
   SOLUTIONS, LLC                    │
17                                   │
18

19       PLAINTIFFS HEREBY GIVE NOTICE THAT on October 25th, 2018 at 1:30 p.m. in

20 courtroom 8 of the 4th Floor of the United States District Court at 280 South 1st Street, San

21 Jose, CA 95113 Plaintiffs will motion the court to amend the complaint to include Plaintiffs

22 Robert Garza, Albert Arellano and Daniel Coronado to the complaint.  This because the

23 named Plaintiff representing the class, Gary Middle Rider,  passed away approximately two

24 months ago. This motion is based upon this notice, the accompanying memorandum of

25 points and authorities, the declaration of James Dal Bon, the papers and records on file

26 with the Court in this action, and such oral argument as may be presented at the time of

27 hearing on this motion.

28

Motion to Amend the Complaint                    1

1

2   May 18, 2018

3

4                          LAW OFFICES OF JAMES DAL BON

5

6                          *James Dal Bon*

7                          James Dal Bon

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND
AMENDED COMPLAINT

3
4

STATEMENT OF FACTS

5
6
7

This is a class action complaint filed on behalf of professional office movers against

the Defendants,  Moving Solutions Inc., Chartwell Staffing Solutions, Inc., and Managed

8

Facilities Solutions, LLC.  [hereinafter collectively known as "Defendants"] The Plaintiffs'

9

attorney seeks to add Robert Garza, Albert Arellano and Daniel Coronado,  [hereinafter

10

"Plaintiffs"] as new Plaintiffs in this case.  The original Plaintiff, Gary Middle Rider passed

11
12

away sometime in March or April of 2018. See Dec of James Dal Bon.  The new Plaintiffs all

13

worked for the Defendants in nonexempt positions like Gary Middle Rider's.  The new

14

Plaintiffs moved office furniture, computer networks and equipment after normal work

15

hours for large technology companies in Silicon Valley.

16
17

When the Plaintiff's attorney heard the news of Gary Middle Rider's death he dialed

18

the phone number of Gary Middle Rider and spoke to his wife.  His wife informed Plaintiff's

19

attorney that Mr. Middle Rider had recently passed away.  Dec of James Dal Bon

20

Over the next month and a half the Plaintiff's attorney sought other employees who

21

could be amended into the complaint from a witness list provided to him by Gary Middle

22
23

Rider.  In the last week the Plaintiff' attorney contacted three former employees of the

24

Defendants willing to be amended into the complaint. All three of the employees worked as

25

non exempt movers, like Gary Middle Rider, for the Defendants.  Defendants employed

26

Daniel Coronado as a working foreman until the spring of 2015.  The Defendants employed

27

Robert Garza as a mover until approximately May 25, 2016.  The Defendants employed

28

Albert Arellano as a mover until approximately January 29, 2016.  See Declaration of James Dal Bon Plaintiff's attorney is filing the second amended complaint today to meet the deadline to amend it, but will later seek a stipulation from the other parties.

Procedural History

The original complaint was filed on July 17, 2017 against Moving Solutions, Inc. 17-CV-04015 07/17/2017 Complaint Doc 1 and was amended in December 14, 2017 to include Chartwell Staffing Solutions, Inc., and Managed Facilities Solutions, LLC  on December 14, 2017.  17-CV-04015 12/14/2017 First Amended Complaint Doc 19

The complaint alleged that the Defendants regularly shaved time from their non exempt employees' work hours.  The complaint stated the Defendants deducted time for lunch periods that they did not provide the employees.  The Plaintiffs also claimed the Defendants required their employees to wait for thirty minutes to one hour and a half at the job site during the start of their shift without paying them for that time.    The complaint alleged violations of the Fair Labor Standards Act and the California State Labor Code.  Id.

On March 8, 2018 the court set the Class Certification Motion for November 15, 2018. A hearing for Summary Judgment or Adjudication Motions was set for 4/18/2019  The court set the final pre-trial conference for 6/13/2019 and a jury trial set for 7/1/2019. 17-CV-04015 3/7/2018  Scheduling Orders Doc 35.

ARGUMENT

Rule 15 of the Federal Rules of Civil procedure mandates that leave to amend be freely granted whenever justice requires. *Courts are free to grant a party leave* to amend whenever "justice so requires," Federal Rule of Civil Procedure 15(a)(2), The courts have

decided *requests for leave should be granted with "extreme liberality*. <u>Sonoma County Ass'n of Retired Employees v. Sonoma County</u> (9th Cir. 2013) 708 F3d 1109, 1117; "While a district court's action on a motion for leave to amend should be reversed only if the action is an abuse of discretion, there is a 'strong policy to permit the amending of pleadings,' and denial of a motion to amend must be reviewed 'strictly.' " <u>Gabrielson v. Montgomery Ward & Co.</u>, 785 F.2d 762, 765 (9th Cir. 1986) (quoting <u>Howey v. United States</u>, 481 F.2d 1187, 1190 (9th Cir. 1973).

On several occasions the Supreme Court has instructed the lower federal courts to carefully consider the command of Federal <u>Rule of Civil Procedure 15(a)</u> by freely granting leave to amend when "justice so requires." <u>Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir.1986)</u> (quoting <u>Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.1973)</u> (citations omitted).

Where a motion is made, as in this case, for leave to amend a complaint after a responsive pleading is served, several factors guide the court in deciding whether to give leave to amend: "(1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986). <u>Knight v. Sanders, 1993 U.S. App. LEXIS 4343, 6-7 (9th Cir. Feb. 24, 1993)</u>. These factors are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. <u>Webb, 655 F.2d at 980;</u> <u>Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir.1981)</u>. In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of <u>Rule 15</u> -- to facilitate decision on the merits rather than on the pleadings or technicalities." <u>United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)</u>.

1    Plaintiffs do not move to amend the complaint in bad faith.  No one could predict
2  the untimely death of the named Plaintiff.   The defendants will not suffer any undue delay
3  by allowing these parties to be added to the complaint.  The case is still within the early
4  stages of the discovery process.  Neither side has conducted precertification discovery in
5  this case.  At any rate delay in of itself is not a reason to deny an amendment to the
6  complaint. The Defendants have not suffered any prejudice in adding the named parties.
7  The nature of the case and causes of action all remain the same.   The amendment is not
8  futile.  The Plaintiffs all worked for the Defendants during the class period and suffered the
9
10  same violations.
11

12    If the Court denies this motion, the new Plaintiffs will have to file a separate class
13  action based on the same circumstances and allegations against the same Defendants
14  against whom the original Plaintiff sought recovery.  All these parties should resolve all
15  these same issues and related claims in one matter, otherwise judicial resources will be
16
17  wasted re-litigating the claims.
18

19    In conclusion the Plaintiff respectfully requests the court allow the addition of the
20  new class parties.
21
22
23
24
25
26
27
28

Motion to Amend the Complaint                    6

1    Dated May 18, 2018

2

3    Respectfully Submitted:

4

5

6    *James Dal Bon*

7    _____

8    James Dal Bon
     Attorney for the Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28