JAMES DAL BON, BAR NO. 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST ST.
SAN JOSE, CA 95112
(408) 466-5845
ATTORNEY FOR PLAINTIFF

RICHARD SCHRAMM
EMPLOYMENT RIGHTS ATTORNEYS
1500 E HAMILTON AVE. SUITE 118
CAMPBELL, CA 95008
(408) 796-7551
ATTORNEY FOR DEFENDANT
MOVING SOLUTIONS, INC.

CHRISTOPHER ARCHIBALD
ALIS M. MOON
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, 695 TOWN CENTER DRIVE, FIFTEENTH FLOOR
COSTA MESA, CA 92626
(714) 800-7930
ATTORNEY FOR DEFENDANTS
CHARTWELL STAFFING SOLUTIONS, INC. AND
MANAGED FACILITIES SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| | Case No.  17-CV-04015 LK |
| GARY MIDDLE RIDER et al | **JOINT CASE MANAGEMENT STATEMENT** |
| Plaintiffs, | **HEARING DATE**    8/8/2018 |
| vs. | **TIME**                   **2:00 PM** |
| | **ROOM**                 **8** |
| Defendants. | **HONORABLE JUDGE LUCY KOH** |
| MOVING SOLUTIONS, INC., CHARTWELL STAFFING SOLUTIONS, INC., AND MANAGED FACILITIES SOLUTIONS, LLC | |

[Type here]                                    [Type here]                                    [Type here]

Pursuant to Civil Local Rule 16-9, all counsel have met and conferred concerning the Case Management Conference:

1.    **JURISDICTION AND SERVICE:**

All Defendants have been served and venue is proper.

**1A. STATUS:** Approximately 3 months ago, the named Plaintiff, Gary Middle Rider, unexpectedly passed away. Plaintiff's counsel located three potential new Plaintiffs. A motion to amend and add the new Plaintiffs is set for 10/2018.

All Defendants have agreed to stipulate to adding the new Plaintiffs.

Due to named Plaintiff's passing and resulting delays, we believe there is good cause to reset the current case deadlines. None of the Defendants have opposed the Plaintiff's motion to amend. Chartwell Staffing Services, Inc. ("Chartwell") and Managed Facilities Solutions, LLC ("MFS") filed a non-opposition.

2.    **FACTS:**

**Plaintiff's Version:**

This is a simple wage and hour case, with some complexity concerning the class allegations.  Defendants employed the Plaintiffs as office movers in Silicon Valley.  Plaintiffs would move office equipment, desks, computers, telephones, chairs, cubicle wall partitions, etc. from one office to another typically after 5:00 pm.  Third party companies hired Moving Solutions to change the layout of an office or move the office from one location to another, after normal work hours so as not to interrupt the flow of work during the day. Moving Solutions' employees did not start work until their clients' employees left the office.

Plaintiff's primary claim is that Moving Solutions required their employees to arrive at their warehouse or the jobsite early.  Plaintiff's claim is that Moving Solutions did not clock them in until they started moving office equipment for Moving Solutions' clients.   This resulted in unpaid overtime and regular time for the hours they spent at the Moving Solutions warehouse or waiting at the jobsite for the employees of that client to leave.

**Moving Solutions, Inc.'s Version**:

Moving Solutions, ("MSI") alleges that the employees became Chartwell employees after 1/1/2014 and MFS employees after 5/16/2016.  Therefore any claims against MSI are restricted to the months of 2013 relevant to this lawsuit.

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC's Version:** Chartwell and MFS complied with all applicable wage and hour laws.  They dispute that this action can be maintained on a class basis because there are not questions of law or fact common to the class, the claims of plaintiff are not typical of the claims of the class, and questions of law or fact common to class members do not predominate over questions affecting only individual members.  Further inquiry is required to determine whether Plaintiff and his counsel will fairly and adequately protect the interests of the class.

     **3.**    <u>**LEGAL ISSUES:**</u>

    **(a)**    **Class certification;**

    **(b)**    **Do any of Plaintiff's claims relate to their employment with Defendants?;**

    **(c)**    **Whether Defendants violated any of the wage and hour laws alleged in the First Amended Complaint?;**

    **(d )**    **What claims, if any against Defendants, are subject to summary dismissal on the grounds that the statute of limitations has run as to those claims or any other grounds?;**

    **(e)**    **Is there evidence of willful conduct by Defendants so as to warrant penalties?;**

    **(f)**    **Whether Chartwell is liable for the acts of Moving Solutions under the theory of successor liability?**

    **4.**    <u>**MOTIONS ANTICIPATED:**</u>

    **(a)**    **Defendants anticipate opposing any motion for class certification;**

    **(b)**    **Defendants anticipate filing dispositive motions;**

    **(c)**    **Plaintiff will file a motion for class certification;**

    **(d)**    **Plaintiff has a pending motion to amend;**

    **(f)**    **Plaintiff may file a dispositive motion**

    **5.**    <u>**AMENDMENT OF PLEADINGS:**</u>

      **(a)**      **Plaintiffs motion to amend complaint and replace the deceased Plaintiff with three additional new class members is currently pending.**

**6.**      <u>**EVIDENCE PRESERVATION:**</u>

      Defendants have been advised by counsel of its obligation to preserve evidence related to Plaintiff's claims.

Plaintiff has been advised to preserve all relevant evidence.

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC's Position:** Chartwell and MFS advised Plaintiff that it is impossible to anticipate what repositories may contain ESI Plaintiff may consider relevant to this litigation. They advised Plaintiff that it is impossible for, and they should not be expected to, retain ESI that is not specifically identified by Plaintiff other than: (1) any documents that they have that specifically refer to the names Plaintiffs; and (2) to the extent they are in their possession, custody, or control, time and payroll records for the putative class members. They invited Plaintiff to identify and confer regarding any specific repositories of ESI that Plaintiff may consider relevant to this lawsuit.

The parties will confer about any issues of preservation should they arise.

**7.**      <u>**DISCLOSURES:**</u>

      In anticipation of acceptance of new Plaintiffs, Plaintiff's counsel will serve initial disclosures on behalf of them.

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC's Position:**

Chartwell and MFS served their initial disclosures on March 21, 2018.

**8.**      <u>**DISCOVERY:**</u>

      **(a)**      **Plaintiffs' Anticipated Discovery**

Plaintiff has not propounded any discovery because the named Plaintiff passed away unexpectedly. Plaintiff's counsel will begin to propound discovery as soon as the new Plaintiffs are in the action.

**(b)    Defendants Anticipated Discovery**

MSI anticipates written discovery to Plaintiffs regarding their employment specifically with MSI.

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC's Position:** There has been no discovery to date.  Chartwell and MFS will take depositions and engage in written discovery into issues relating to Plaintiff's claims and class certification.

**9.    CLASS ACTIONS:**

**Plaintiff is not aware of any other class actions outside of this case.**

**10.    RELATED CASES:**

**Defendants Chartwell Staffing Solutions, Inc., and Moving Solutions, Inc., have filed a contractual action against each other in State court in Southern California. Moving Solutions, Inc. withdrew its cross-claim against Chartwell Staffing Solutions, Inc. and Managed Facilities Solutions, Inc. for indemnity pending further information upon which to base the cross-claim for equitable indemnity.**

**Chartwell Staffing Services, Inc.'s Position:** Chartwell contends that the contractual action is not a related case pursuant to Local Rule 3-12.

**11.    RELIEF:**

Statutory damages for collective action under the FSLA and for class action relief under the California Labor Code; and equitable relief.

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC's Position:** Chartwell and MFS contend that Plaintiff is not entitled to any damages against them.  They also dispute that Plaintiff has any legal ability to recover general damages for negligence in a wage and hour case, such as this.  Such a request is entirely improper.  The only theoretical damages to which Plaintiff may be entitled for his statutory claims are those set forth in the California Labor Code and FLSA.

12.     **SETTLEMENT AND ADR:**

Plaintiff's belief is that a first settlement conference in front of a magistrate judge after initial discovery and before class certification may be appropriate. All parties have agreed to mediate following preliminary class certification discovery and the court permitting the first amended complaint.

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC Position:** Chartwell is agreeable to private mediation after there is an operative complaint.

13.     **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not agree to a magistrate judge.

14.     **OTHER REFERENCES:**

None.

15.     **NARROWING OF ISSUES:**

None.

16.     **SCHEDULED:**

The parties do not agree to an expedited trial schedule

| | |
|---|---|
| (a) Deadline to complete discovery for class certification: | August 16, 2018 |
| (b) Deadline for motion  class certification: | October 16, 2018 |
| (c) Deadline to complete factual discovery | January 16, 2019 |
| (d) Deadline for expert disclosure statements under Fed. R. Civ. P. 26: | January 23, 2019 |
| (e) Deadline for rebuttal expert disclosure statements under Fed. R. Civ. P. 26: | January 30, 2019 |
| (f) Deadline to conduct expert discovery: | February 6, 2019 |

**Plaintiff, Chartwell, and MFS respectfully request that all deadlines be extended to 120 days after amended complaint is approved.**

17.    **TRIAL:**

After February 6, 2019 at the court's convenience.


18.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Chartwell and MFS have filed the Certification of Interested Entities or Persons required by Local Rule 3-15.  No interested parties are known other than the named parties in this action.

19.    **PROFESSIONAL CONDUCT:**

**Chartwell Staffing Services, Inc.'s and Managed Facilities Solutions, LLC's Position:** Counsel for Chartwell and MFS have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.**  Plaintiff's counsel spoke to the Defendants and inserted their positions into this Case Management Statement.


                              Respectfully submitted,


                               __/s/  James Dal Bon_____
                               JAMES DAL BON
                               Attorney for Plaintiff


                               __/s/  Richard Schramm_____
                               RICHARD SCHRAMM
                               Attorney for Defendant


                               __/s/  Christopher Archibald_____
                               CHRISTOPHER ARCHIBALD
                               ALIS M. MOON
                               Attorney for Defendant

                                                                35055563.1