1  James Dal Bon (SBN 157942)
   LAW OFFICES OF JAMES DAL BON
2  606 North 1st Street
   San Jose CA 95112
3  (408)466-5845

4  jdb@wagedefenders.net

5  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| GARY MIDDLE RIDER et al<br><br>    Plaintiffs and Putative Plaintiffs,<br><br>    vs.<br><br>    Defendants.<br><br>MOVING SOLUTIONS INC., CHARTWELL STAFFING SOLUTIONS, INC. AND MANAGED FACILITIES SOLUTIONS, LLC | Case No.  17-CV-04015 LHK<br><br>NOTICE OF UNOPPOSED MOTION TO SUBSTITUTE BARBARA MIDDLE RIDER FOR GARY MIDDLE RIDER UNDER RULE 25(a)(1)<br><br>HEARING DATE    None Set<br>TIME<br>ROOM                    8<br>HONORABLE JUDGE LUCY H. KOH |

PLAINTIFFS HEREBY GIVE NOTICE THAT in courtroom 8 of the 4th Floor of the United States District Court at 280 South 1st Street, San Jose, CA 95113 Plaintiffs will request that the court to substitute Barbara Middle Rider for Gary Middle Rider under Rule 25(a)(1). This motion is based upon this notice, the accompanying memorandum of points and authorities, the declaration of Barbara Middle Rider, the papers and records on file with the Court in this action, and such oral argument as may be presented at the time of hearing on this

Motion to Substitute Parties                              1

| | |
|---|---|
| 1 | |
| 2 | motion. |
| 3 | October 10, 2018 |
| 4 | |
| 5 | LAW OFFICES OF JAMES DAL BON |
| 6 | |
| 7 | _____ |
| 8 | James Dal Bon |

**Motion to Substitute Parties** 2

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUBSTITUION OF PARTIES

In this case the Plaintiff Gary Middle Rider died on March 2018. See Statement of Death and Declaration of Barbara Middle Rider and Exhibit B. Gary Middle Rider had no estate. Barbara Middle Rider is the only heir with an interest in the property. See Declaration of Barbara Middle Rider and Ex A.

Rule 25(a)(1). Rule 25(a)(1) provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must be dismissed**.* Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017)

The Statement of Death has been filed with this motion. Three other Plaintiffs have been amended into the complaint and the case will continue whether Mrs. Middle Rider is substituted in or not. The purpose of the substitution is simply to ensure that Mrs. Middle Rider, who lives on an Indian Reservation in North Dakota, receives compensation for her deceased husband's claim. The Defendants in this case have signed a Statement of Non-Opposition to the Plaintiff's Motion.

There is very little case law concerning Rule 25. However, Mc Kenna vs Pacific Rail Service (1994) 32 F.3d 820 is similar to ours. In Mc Kenna a named Plaintiff in a multi Plaintiff class action died. The Plaintiff's attorney did not file a Statement of Death or a formal written motion. Plaintiff's counsel argued at the conclusion of trial that the Plaintiff's estate should be substituted in so that the Plaintiff's widow could collect his share

of class damages.  The trial court rejected the request based in part on that no formal motion had been filed and served according to Rule 25.  Mc Kenna 32 F3d at 836-837.

Plaintiff appealed, and the appellate court held that "the district court's denial on the basis that the plaintiff did not make a formal motion, filed and served in accordance with Rule 25, also was … an overly strict interpretation of the rule." Id. The court granted the motion as long as plaintiffs' counsel provided written proof of the spouse's death, his widow's relationship to his estate and the estate's wishes with regard to proceeding in this lawsuit.

In this case the Plaintiff died intestate, nor were there any significant assets in California to divide.  Under California Probate Code Section 6401 if a person dies intestate the community property goes to the surviving spouse. Wages earned during the marriage are considered community property.  Cal. Fam.Code, § 760 <u>State Bd. of Equalization v. Woo</u>, 82 Cal. App. 4th 481, 483, 98 Cal. Rptr. 2d 206, 208 (2000), <u>as modified on denial of reh'g</u> (Aug.7, 2000). Plaintiff earned the wages during his marriage to the surviving spouse. The wages are the community property of the surviving spouse.

The court should grant the Plaintiff's request to substitute.  Mr. Middle Rider's widow in his place.  The Plaintiff has provided the court with evidence of his death and marriage to Barbara Middle Rider, the death certificate and the declaration of the widow. Plaintiff has filed this formal motion and the Defendants are not objecting.   The Plaintiff died intestate.  The wages are community property and pass to her.  The substitution is being requested solely for the purpose of seeing the widow benefits should the court award damages to the class.

Based upon the aforementioned arguments, Plaintiff respectfully requests the court allow the substitution of parties.

**Motion to Substitute Parties**                                          4

October 10, 2018

Respectfully Submitted:


_____S/JDB_____
James Dal Bon
Attorney for the Plaintiffs