James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone: (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**
606 North First Street
San Jose, CA 95112
Telephone: (408) 286-7000

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,<br><br>PLAINTIFFS AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**DECLARATION OF CHRISTOPHER J. ARCHIBALD IN SUPPORT OF JOINT STIPULATION REGARDING REQUEST FOR RECONSIDERATION REGARDING CASE DEADLINES PURSUANT TO LOCAL RULE 6-2**<br><br>Hon. Lucy H. Koh |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## DECLARATION OF CHRISTOPHER J. ARCHIBALD

I, CHRISTOPHER J. ARCHIBALD, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all courts of the State of California. I am an associate at the law firm of Bryan Cave Leighton Paisner LLP, attorneys of record for Defendants Chartwell Staffing Services, Inc. and Managed Facilities Solutions, LLC in the action herein. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could testify competently to such matters.

2. The Parties have executed a Memorandum of Understanding ("MOU") with respect to the terms of an agreement to resolve Plaintiffs' claims.

3. In exchange for the financial consideration provided by Defendants in the settlement, the MOU requires Plaintiffs to provide notice of their claims pursuant to the Private Attorneys General Act ("PAGA") to the California Labor & Workforce Development Agency ("LWDA") and to Defendants and to file an amended complaint to include PAGA claims.

4. Plaintiff Robert Garza provided the PAGA notice to the LWDA on December 22, 2018.

5. California Labor Code section 2699.3(a)(2)(A) provides that, as a matter of law, Plaintiff Garza cannot file an amended complaint to allege his PAGA claims until 65 days after the December 22, 2018 letter, or until February 26, 2019.

6. If the Parties are required to file and oppose class certification motions before the date that the PAGA claims may be asserted in an amended pleading, it require the Parties and Court to waste resources litigating claims for which the Parties have reached an agreement and may prevent the Parties from effectuating the terms of the agreement they have reached.

7. The Parties have not requested any previous time modifications with respect to the class certification dates.

8. The only time modification that has been requested was to change the

mediation completion date from November 1, 2018 to November 30, 2018, due to the mediator's availability and scheduling of multiple plaintiffs, defendants, and their counsel.

9. The requested modification will only impact the schedule for the case by approximately 42 days (the difference in time between January 25, 2019 and March 8, 2019).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 16th day of January, 2019, at Irvine, California.

*/s/ Christopher J. Archibald*
Christopher J. Archibald