JAMES DAL BON, SBN #157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
(408) 466-5845

VICTORIA L. BOOKE, SBN #142518
BOOKE & AJLOUNY
606 N. 1ST St.
SAN JOSE, CA 95112
(408)286-7000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARBARA MIDDLE RIDER FOR GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual,** **PLAINITFFS AND PUTATIVE PLAINTIFFS**<br><br>Plaintiffs,<br><br>vs.<br><br>Defendants.<br><br>**MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a New York Corporation licensed to do business in California** | Case No. l7-CV-04015 LHK<br><br>**DECLARATION OF JAMES DAL BON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** |

My name is James Dal Bon and I swear under penalty of perjury by the law of the State of California that the aforementioned is true to the best of my knowledge.

1) I am over the age of 18 years old and a citizen of the United States;

2) If called to testify under oath in a federal or state court in this case I would testify truthfully to the following

3) I have been handling primarily wage and hour cases for low income wage earners exclusively since at least the year 2006, before that I represented employees in a variety of labor matters since 1992.

4) The majority of my clients, even to this day, speak only Spanish.

5) I speak fluent Spanish

6) I represent the Plaintiffs in this matter.

7) I graduated from the University of California Berkeley in 1982 with a BA in History and then from the University of San Francisco Law School in 1991 with a JD.

8) My first year I graded onto Law Review.

9) Upon graduating from Law School I was employed by Mastagni, Holstedt and Chuirazzi, Durard Mc Kenna and Jones and the Law Offices of Stanley Bell where I represented employees in worker's compensation cases.

10) I went into my own law firm in about 2003. I have represented employees in sexual harassment cases, state personnel board hearings, in front of the Office of Administrative Hearings, and Worker's Compensation Cases. In 2006 I focused primarily on individual wage and hour cases.

11) My clients are primarily working people earning minimum wage or close to minimum wage.

12) I have worked with other attorneys in the following class action cases filed in Santa Clara County Superior Court Rosales vs Heavenly Greens 1-cv-119684; Lopez vs Logistics Delivery Solutions 113-cv-249431, Diaz vs Heavenly Greens 16-cv295143 and Cooke vs A is for Apple 15-cv-279579.  I was lead counsel on Lopez vs Logistics Delivery Solutions 113-cv-249431, and Diaz vs Heavenly Greens 16-cv295143, both came to a successful conclusion.

13) In the last case I tried with co-counsel in the federal court Martinez vs Letech 14-CV-02945 at Doc ## 46 and 51 Plaintiff won $29,866.67 and the court awarded me $54,939.37 in attorney's fees at $577 per hour.

14) I just finished Ledo vs Prado No 17-CV-02393 LHK in federal court.

15) I am presently handling another three other wage and hour class actions in state and federal court along with smaller wage and hour and employment matters for individuals.

16) I have handled approximately 175 cases in federal court and fifty in the local state court.

17) Ex A attached to this Motion is a true and correct copy of the online filing of the corporate statement for Moving Solutions with the California Secretary of State.

18) Ex B attached to this Motion is a true and correct copy of the online filing of the corporate statement for Managed Facilities LLC with the California Secretary of State.

19) Ex C is a true and correct copy of the Memorandum of Understanding signed by all parties at the mediation that took place in this case at JAMS in San Jose, CA 95113 on November 30, 2018 in front the Hon. Jamie Jacobs May.

20) Ex D is a true and correct copy of the Stipulated Settlement and Exhibits signed by all parties in this case.

21) Ex E is a true and correct copy of the estimate for cost e-mailed by CPT Group to me concerning the expense of administering the class action in this case;

22) Ex F is a true and correct copy of the excel spreadsheet I used to calculate the Net Value of the Settlement along with the approximate weekly pay out to each potential class member using the numbers provided to me by the Defendants ;

23) Ex G is a true and correct copy of the docket report involving Chapter 11 bankruptcy proceedings involving Defendant Chartwell

24) The class size estimate:

   1)Total putative class members –approximately app 1021 representing 17,225 work weeks

   2) 262 people worked 1 week or less

   3) 398 people worked 2 weeks or less

   4) 542 people (more than half) worked 4 or less weeks

   is based upon numbers provided to me by the Defendants. The Plaintiffs have confirmed the tortilla factory was small and did not employ any more than forty employees at one time.

25) I performed all the calculations contained within the motion based upon the Plaintiff's testimony and the documents provided to me by the Plaintiffs and Defendants.

3

26) I estimate the average per work week recovery for the workers to be $16.85 by taking the net settlement recovery of $290,183.00 divided by 17,225 work weeks;

27) Defendants confidentially provided us with the following records which were returned after mediation:

1) IRS Account Transcripts

2) 2014-2017 Tax Returns

3) 2014-2017 Balance Sheets

4) 2014-2017 Income Statements

5) Preliminary Balance Sheet for 2018

6) Debt Table as of July 2018

7) Managed Facilities 2017 Balance Sheet and Income Statement.

28) I began investigating Moving Solutions sometime in 2014 when one of their employees complained that they were not paid for off the clock hours.

29) However due to the witness' problems with the criminal justice system I decided not to pursue the case at that time;

30) Over the next to two years I spoke to at least two other potential plaintiffs;

31) Eventually I spoke to Gary Middle Rider who impressed me and co-counsel Vickie Booke enough to take a chance on this case.

32) After the named Plaintiff Gary Middle Rider died, I contacted many witnesses off a list given to me by Gary before he passed away;

33) We finally found the three named Plaintiffs who substituted into the law suit;

34) We also had to search for Barbara Middle Rider who unbeknownst to us, had moved back to Montana;

35) As a part of this case we reviewed thousands of pages of pay roll records;

36) I had hoped for a seven figure settlement or judgment for this case.

37) However after considering the financial records, the bankruptcy proceedings, and even the legal battles between the former owners of Moving Solutions and Chartwell, it became apparent that settling for the number proposed at the mediation made the most sense.

38) Continuing on would result in costly litigation that would involve bankruptcy proceedings and the fight between the Defendants in Orange County Superior Court.

39) Based upon the aforementioned, I believe that settlement is best for the class and the individual Plaintiffs.

March 8, 2019

*James Dal Bon*

James Dal Bon

5