James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone: (408) 466-5845

Attorneys for Plaintiffs and the Settlement Class

*(Additional Counsel on Next Page)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,<br><br>PLAINTIFFS AND CLASS ACTION<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC. a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**JOINT STIPULATION OF PAGA AND CLASS ACTION SETTLEMENT**<br><br>Hon. Lucy H. Koh |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   Victoria L. H. Booke, California Bar No. 142518
2   **LAW OFFICES OF BOOKE & AJLOUNY**
    606 North First Street
3   San Jose, CA  95112
    Telephone:   (408) 286-7000
4
5   Attorneys for Plaintiffs and the Settlement Class

6
    Richard D. Schramm, California Bar No. 151696
7   **EMPLOYMENT RIGHTS ATTORNEYS**
    1500 E. Hamilton Avenue, Suite 118
8   Campbell, CA  95008
    Telephone:  (408) 796-7551
9
10  Attorneys for Defendant
    MOVING SOLUTIONS, INC.
11
    Allison C. Eckstrom, California Bar No. 217255
12  allison.eckstrom@bcpllaw.com
    Christopher J. Archibald, California Bar No. 253075
13  christopher.archibald@bclplaw.com
    Michael E. Olsen, California Bar No. 307358
14  michael.olsen@bclplaw.com
    **BRYAN CAVE LEIGHTON PAISNER LLP**
15  3161 Michelson Drive, Suite 1500
    Irvine, California  92612-4414
16  Telephone:  (949) 223-7000
17
18  Attorneys for Defendants
    CHARTWELL STAFFING SERVICES, INC. and
19  MANAGED FACILITIES SOLUTIONS, LLC
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

JOINT STIPULATION OF PAGA AND CLASS ACTION SETTLEMENT – 17-CV-04015-LHK

1    This Stipulation of PAGA and Class Action Settlement and Release of Claims

2   is entered into by and between Plaintiffs Barbara Middle Rider, Robert Garza,

3   Albert Arellano, and Dan Coronado, individually and on behalf of the Settlement

4   Class, and Defendants Moving Solutions, Inc., Managed Facilities Solutions, LLC,

5   and Chartwell Staffing Services, Inc.

6   **I.    DEFINITIONS**

7       A.    "Agreement" or "Settlement Agreement" means this Stipulation of

8   Class Action Settlement and Release of Claims.

9       B.    "Action" means the lawsuit, entitled *Gary Middle Rider et al. v.*

10  *Moving Solutions et al.* filed on July 17, 2017 in the United States District Court for

11  the Northern District of California (Case No. 5:17-cv-04015-LHK).

12      C.    "CAFA Notice" shall mean the notice of this Agreement required to be

13  served by Defendants on the appropriate federal and state agencies as required by 28

14  U.S.C. § 1715(b).

15      D.    "Claim Form" means the Claim Form, as set forth in **Exhibit 2**

16  attached hereto, or as otherwise approved by the Court, which is to be mailed to

17  Class Members and include English and Spanish translations.

18      E.    "Claimant" means a Settlement Class Member who timely submits a

19  valid and complete Claim Form to the Settlement Administrator.

20      F.    "Class Counsel" means Law Office of James Dal Bon and Booke &

21  Ajlouny.

22      G.    "Class Counsel Award" means attorneys' fees for Class Counsel's

23  litigation and resolution of this Action and their expenses and costs incurred in

24  connection with the Action, paid from the Maximum Settlement Fund.

25      H.    "Class Data" means information regarding Settlement Class Members

26  that Defendants will, in good faith, compile from their records and provide to the

27  Settlement Administrator.  It shall be formatted as a Microsoft Excel spreadsheet

28  and shall include the following information for each Settlement Class Member: (1)

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    full name; (2) last known address; (3) last known home telephone number; (4)

2    Social Security number; and (5) number of weeks worked during the Class Period.

3        I.    "Class Period" means the period from July 17, 2013 through the

4    Preliminary Approval Date.

5        J.    "Class Representative Enhancements" means the amounts that the

6    Court authorizes to be paid to Plaintiffs, in addition to their Individual Settlement

7    Payments, in recognition of their efforts and risks in assisting with the prosecution

8    of the Action and in exchange for executing the General Release provided herein.

9        K.    "Class Representatives" means Plaintiffs in their capacities as the

10    representatives of the Settlement Class Members.

11        L.    "Compensable Workweeks" means the total number of workweeks

12    (full or partial) during which Settlement Class Members worked for Defendants

13    during the Class Period based on Defendants' Records.

14        M.    "Court" means the United States District Court for the Northern

15    District of California.

16        N.    "Defendant Chartwell" means Chartwell Staffing Services, Inc.

17        O.    "Defendant Managed Facilities Solutions, LLC" means Managed

18    Facilities Solutions, LLC.

19        P.    "Defendant Moving Solutions, Inc." means Moving Solutions, Inc.

20        Q.    "Defendants" means Moving Solutions, Inc., Managed Facilities

21    Solutions, LLC, and Chartwell Staffing Services, Inc.

22        R.    "Effective Date" means:  (a) the date upon which the Court signs the

23    Final Approval Order and Final Judgment; (b) if there is an objector(s), the time for

24    appeal of the Final Approval Order and Final Judgment expires; or (c) if an appeal is

25    timely filed, the date of a final resolution of any appeal from the Final Approval

26    Order and Final Judgment.

27        S.    "Employee's Taxes and Required Withholdings" means the employee's

28    share of any and all applicable federal, state, or local payroll taxes, including those

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1   collected under authority of the Federal Insurance Contributions Act ("FICA"),

2   FUTA and/or SUTA on the portion of any Claimant's Individual Settlement

3   Payment that constitutes wages.  The Employee's Taxes and Required Withholdings

4   will be withheld from and paid out of the Net Settlement Fund.

5       T.     "Employers' Taxes" means and refers to the employer's share of

6   corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social

7   Security taxes, federal unemployment taxes, state unemployment insurance taxes,

8   and employment training taxes, that is owed on the portion of any Claimant's

9   Individual Settlement Payment that constitutes wages.  The Employers' Taxes shall

10  be paid from the Maximum Settlement Fund.

11      U.     "Final Approval Order" means an order from the Court finally

12  approving the Class Settlement.  A copy of a proposed Final Approval Order subject

13  to Court approval is attached hereto as **Exhibit 4**.

14      V.     "Final Judgment" means the Court's entry of a Final Judgment

15  dismissing the Action.  A copy of a proposed Final Judgment is attached hereto as

16  **Exhibit 5**.

17      W.     "Individual Settlement Payment" means the amount payable from the

18  Net Settlement Amount to each Claimant, net of any Employee's Taxes and

19  Required Withholdings.

20      X.     "Maximum Settlement Fund" means the sum of the Individual

21  Settlement Payments (less Employee's Taxes and Required Withholdings), the Class

22  Representative Enhancements, the Class Counsel Award, PAGA Payment, PAGA

23  Payment Checks, Employer's Taxes, and the Settlement Administration Costs, up to

24  a maximum settlement amount of Four Hundred Seventy Thousand Dollars

25  ($470,000).  Defendants shall issue payment to the Settlement Administrator for

26  one-half of the Maximum Settlement Fund (i.e., $235,000) within 30 days of the

27  Effective Date.  Defendants shall issue payment to the Settlement Administrator for

28  the second half of the Maximum Settlement Fund (i.e., $235,000) within 210 days

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    of the Effective Date.   Defendant Chartwell is responsible for paying $250,000 of

2    the Maximum Settlement Fund.  Defendant Managed Facilities Solutions, LLC is

3    responsible for paying $200,000 of the Maximum Settlement Fund.  Defendant

4    Moving Solutions, Inc. is responsible for paying $20,000 of the Maximum

5    Settlement Fund.  Defendants shall each pay half of their portions of the Maximum

6    Settlement Fund in each installment.

7        Y.    "Net Settlement Amount" or "NSA" means the Maximum Settlement

8    Fund, less the Class Representative Enhancements, the Class Counsel Award,

9    PAGA Payment, PAGA Payment Checks, Employers' Taxes, and the Settlement

10   Administration Costs.

11       Z.    "Notice Packet" means a packet containing the Notice of Class Action

12   and PAGA Settlement in a form substantially similar to the form attached hereto as

13   **Exhibit 1** and the Claim Form in a form substantially similar to the form attached

14   hereto as **Exhibit 2**.  The Notice Packet will include both English and Spanish

15   translations.

16       AA.   "PAGA" means the California Labor Code Private Attorneys General

17   Act of 2004.

18       BB.   "PAGA Claims" means any and all PAGA claims premised in whole or

19   in part on any of the following claims: (a) all disputes, claims, and/or causes of

20   action pleaded or which could have been pleaded in and arising from the facts,

21   claims and/or allegations in the Complaint, First Amended Complaint, Second

22   Amended Complaint, and Third Amended Complaint concerning Defendants, and

23   all claims (including penalties arising from such claims) under Cal. Labor Code §§

24   201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552, 558, 1174, 1194, 1194.2,

25   1197, 1197.1, 1198, 1199, Cal. Civil Proc. Code § 1021.5, Cal. Bus. & Prof. Code

26   §§ 17200 et seq., California IWC Wage Orders, the Minimum Wage Orders, the

27   Fair Labor Standards Act, damages, penalties, interest, attorney's fees, costs, and

28   other amounts recoverable under the causes of action under California law and/or

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  federal law, and interest, attorney's fees and costs based in whole or in part on the

2  allegations and/or claims in the Action during the PAGA Settlement Period; and (b)

3  all claims of any and every nature based on off-the-clock work, minimum wage,

4  overtime, meal and rest break claims, paycheck-related claims, payroll records

5  maintenance, wage statement claims, waiting time penalties, California IWC Wage

6  Order claims and Unfair Competition Law claims that arose during the PAGA

7  Settlement Period.

8      CC.   "PAGA Payment" means the payment made hereunder to the California

9  Labor and Workforce Development Agency pursuant to PAGA.

10      DD.   "PAGA Payment Check" means the check issued to each PAGA

11  Releasee for his/her share of the PAGA Payment.

12      EE.   "PAGA Releasee" means non-exempt employees who are employed or

13  have been employed by Defendants in the State of California from December 13,

14  2017 through the Preliminary Approval Date, except for administrative office staff.

15  PAGA Releasees do not include Chartwell's employees who were not placed to

16  work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities

17  Solutions, LLC.

18      FF.   "PAGA Settlement" means the PAGA portion of the settlement

19  embodied in this Agreement, which is subject to the Court's approval.

20      GG.   "PAGA Settlement Period" means the period from December 13, 2017

21  through the Preliminary Approval Date.

22      HH.   "Parties" means Plaintiffs and Defendants, collectively, and "Party"

23  shall mean either Plaintiffs or Defendants, individually.

24      II.   "Plaintiff Arellano" means Albert Arellano.

25      JJ.   "Plaintiff Coronado" means Dan Coronado.

26      KK.   "Plaintiff Garza" means Robert Garza.

27      LL.   "Plaintiff Middle Rider" means Barbara Middle Rider.

28      MM.   "Preliminary Approval Date" means the date on which the Court enters

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    an order granting preliminary approval of the Settlement.

2        NN.   "Preliminary Approval Order" means an order from the Court: (1)

3    preliminarily approving the Class Settlement; and (2) approving the PAGA

4    Settlement.  A copy of a proposed Preliminary Approval Order subject to Court

5    approval is attached hereto as **Exhibit 3**.

6        OO.   "Released Claims" means any and all claims, debts, liabilities,

7    demands, obligations, penalties, guarantees, costs, expenses, attorney's fees,

8    damages, action or causes of action of whatever kind or nature, whether known or

9    unknown, contingent or accrued, that are alleged, related to or that reasonably could

10   have arisen out of the same facts alleged in the Action, including, but not limited to

11   claims for:  (a) failure to pay overtime wages; (b) failure to pay regular wages; (c)

12   failure to pay minimum wages; (d) failure to provide meal periods; (e) failure to

13   authorize and permit rest periods; (f) failure to timely pay wages at the termination

14   of employment; (g) failure to provide accurate, itemized wage statements; (h) all

15   claims under PAGA that could have been premised on the claims, causes of action

16   or legal theories described above in (a)-(g) (the PAGA Claims); (i) all claims for

17   unfair business practices under California Business &Professions Code Section

18   17200 *et seq.* that could have been premised on the claims, causes of action or legal

19   theories of relief described above in (a)-(g); and (j) all damages, including, but not

20   limited to, liquidated damages, civil and statutory penalties, interest and other

21   amounts recoverable under said claims, causes of action or legal theories of relief

22   identified above in (a)-(g).  This Release shall include, without limitation, claims

23   that were raised, or that reasonably could have been raised, under the Fair Labor

24   Standard Act or applicable Wage Orders and California Labor Code provisions,

25   including Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552,

26   558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2698 *et seq.*, and Code Civ.

27   Proc., § 1021.5, based on alleged violations of these Labor Code provisions.  This

28   Settlement is conditioned upon the release by all Settling Class Members of any

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  claim under Labor Code § 2698, *et seq*. and upon covenants by all members that

2  they will not participate in any proceeding seeking penalties under Labor Code §

3  2698, *et seq*. (collectively, the "Released Claims").  The period of the Released

4  Claims shall extend from July 17, 2013 through the Preliminary Approval Date.

5  The Parties agree that the judgment, and release of claims provided herein, shall

6  have *res judicata* effect.  The definition of Released Claims shall not be limited in

7  any way by the possibility that Plaintiff or Settlement Class Members may discover

8  new facts or legal theories or legal arguments not alleged in the operative pleadings

9  in the Action but which might serve as an alternative basis for pursuing the same

10  claims, causes of action, or legal theories of relief falling within the definition of

11  Released Claims.  Additionally, Settlement Class Members who submit Claim

12  Forms will be deemed to have opted-in to the release of the Released Claims arising

13  under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA").

14      PP.     "Released Parties" means Defendants and all of their present and

15  former parent companies, subsidiaries, affiliates, divisions, predecessors, successors,

16  assigns, joint ventures, and all of their shareholders, officers, directors, employees,

17  agents, servants, registered representatives, attorneys, insurers, successors and

18  assigns, and any other persons acting by through, under or in concert with any of

19  them.

20      QQ.     "Request for Exclusion" means a written statement requesting

21  exclusion containing the Settlement Class Member's name, address, and telephone

22  number to be mailed by Settlement Class Members who wish to opt out of the

23  Settlement Class.  To be effective, the Request for Exclusion must be post-marked

24  by the Response Deadline and received by the Settlement Administrator.

25      RR.     "Response Deadline" means the date forty-five (45) days after the

26  Settlement Administrator mails Notice Packets to Settlement Class Members and the

27  last date on which Settlement Class Members may submit Claim Forms, Requests

28  for Exclusion, or Objections to the Settlement.

1    SS.    "Settlement" means the disposition of the Actions pursuant to this

2  Agreement.

3    TT.    "Settlement Administrator" means CPT.

4    UU.    "Settlement Class Members" or "Settlement Class" means all current

5  and former hourly, non-exempt employees who are employed or have been

6  employed by Defendants in the State of California during the Class Period, except

7  for administrative office staff.  Settlement Class Members do not include

8  Chartwell's employees who were not placed to work for Defendant Moving

9  Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.  The "Settlement

10  Class Members" shall not include any person who submits a timely and valid

11  Request for Exclusion as provided in this Agreement, or any person who previously

12  released the Released Claims under a separate agreement.

**II.    RECITALS**

14    A.    On July 17, 2017, Plaintiff Gary Middle Rider filed a Class Action

15  Complaint for Damages.  The Complaint alleged causes of action for: (1) Failure to

16  Pay all Wages Under the Fair Labor Standards Act; (2) Failure to Pay All Wages

17  Including California Overtime Wages; (3) Failure to Pay All Wages at the End of

18  Employment; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure

19  to Provide Breaks; and (6) Violation of California Unfair Competition Law.

20  Plaintiff sought to represent a class of current and former non-exempt employees in

21  California who worked as office movers.

22    B.    Plaintiffs subsequently filed First and Second Amended Complaints to

23  change the Class Representatives.

24    C.    Plaintiffs' Third Amended Complaint was deemed filed by the Court

25  on February 26, 2019.  The Third Amended Complaint asserts the same initial six

26  causes of action, clarifying that when the Complaint alleged a claim for Failure to

27  Provide Breaks, Plaintiffs intended to assert claims for Failure to Provide Meal and

28  Rest Breaks, and to add a claim for penalties pursuant to PAGA.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    D.    Through substantial formal and informal discovery, Defendants

2    provided Plaintiffs' counsel with thousands of pages of time and payroll records, the

3    written policies relevant to Plaintiffs' claims, aggregate class member data during

4    the relevant time period, and extensive documents indicating the financial condition

5    of Defendants Chartwell and Managed Facilities Solutions, LLC.

6    E.    On November 30, 2018, the Parties attended private mediation with an

7    experienced mediator, Hon. Jacobs-May (Ret.), where the Parties reached a

8    settlement, as provided herein, to resolve Plaintiffs' claims on a class and

9    representative action basis.

10    F.    Defendants deny any liability or wrongdoing of any kind associated

11    with the claims alleged in the Action, dispute the damages and penalties claimed by

12    Plaintiffs, and further contend that, for any purpose other than settlement, Plaintiffs'

13    claims are not appropriate for class or representative action treatment.  Defendants

14    contend, among other things, that, at all times, it has complied with the Fair Labor

15    Standards Act, California Labor Code, and the Industrial Welfare Commission

16    Wage Orders.

17    G.    The Plaintiffs and Class Representatives are represented by Class

18    Counsel.  Class Counsel conducted an investigation into the facts relevant to the

19    Action, including reviewing documents and information provided by Defendants.

20    Based on its own independent investigation and evaluation, Class Counsel is of the

21    opinion that the Settlement with Defendants is fair, reasonable and adequate, and in

22    the best interest of the Settlement Class in light of all known facts and

23    circumstances, including the risks of significant delay, defenses asserted by

24    Defendants, uncertainties regarding a class and representative action trial on the

25    merits, and numerous potential appellate issues.  Although Defendants deny any

26    liability, Defendants are agreeing to this Settlement solely to avoid the cost of

27    further litigation.  Accordingly, the Parties and their counsel desire to fully, finally,

28    and forever settle, compromise and discharge all disputes and claims arising from or

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1 | relating to the Action on the terms set forth herein.

2 | **III.   TERMS OF AGREEMENT**

3 |     A.    <u>Settlement Consideration</u>.  Defendants shall create the Maximum

4 | Settlement Fund.  The following will be paid out of the Maximum Settlement Fund:

5 | the sum of the Individual Settlement Payments (less Employee's Taxes and

6 | Required Withholdings), the Class Representative Enhancements, the Class Counsel

7 | Award, PAGA Payment, PAGA Payment Checks, Employer's Taxes, and the

8 | Settlement Administration Costs, as specified in this Agreement.  Defendants shall

9 | not be required to pay more than the Maximum Settlement Fund.

10 |     B.    <u>Release By All Settlement Class Members</u>.  As of the Effective Date, in

11 | exchange for the consideration set forth in this Agreement, Plaintiffs and the

12 | Settlement Class Members release the Released Parties from the Released Claims

13 | for the Class Period.

14 |     C.    <u>Release of PAGA Claims</u>.  Upon the Court's approval of the PAGA

15 | Payment and the release of PAGA Claims, Plaintiff and the PAGA Releasees and all

16 | persons purporting to act on the PAGA Releasees' behalf or purporting to assert a

17 | claim under or through them, hereby do and shall by deemed to have fully, finally,

18 | and forever released, settled, compromised, relinquished, and discharged any of the

19 | Released Parties of and from any and all PAGA claims premised in whole or in part

20 | on any of the Released Claims (the "PAGA Claims").  The PAGA Releasees will

21 | not be required to submit a Claim Form in order to be issued a check for their share

22 | of the PAGA Payment and will not have the opportunity to opt out of, or object to,

23 | the PAGA Payment and release of the PAGA Claims.  The PAGA Releasees are

24 | bound by the release of the PAGA Claims regardless of whether they cash their

25 | PAGA Payment Check.

26 |     D.    <u>General Release By Plaintiffs</u>.  As of the Effective Date, in exchange

27 | for the consideration set forth in this Agreement, Plaintiffs, for themselves and their

28 | heirs, successors and assigns, do hereby waive, release, acquit and forever discharge

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

the Released Parties, from any and all claims, actions, charges, complaints,

grievances and causes of action, of whatever nature, whether known or unknown,

which exist or may exist on Plaintiffs' behalf as of the date of this Agreement,

including, but not limited to, any and all tort claims, contract claims, wage claims,

wrongful termination claims, disability claims, benefit claims, public policy claims,

retaliation claims, statutory claims, personal injury claims, emotional distress

claims, invasion of privacy claims, defamation claims, fraud claims, *quantum meruit*

claims, and any and all claims arising under any federal, state or other governmental

statute, law, regulation or ordinance, including, but not limited to, claims for

violation of the FLSA, the California Labor Code, the Wage Orders of California's

Industrial Welfare Commission, other state wage and hour laws, the Americans with

Disabilities Act, the Age Discrimination in Employment Act (ADEA), the

Employee Retirement Income Security Act, Title VII of the Civil Rights Act of

1964, the California Fair Employment and Housing Act, the California Family

Rights Act, the Family Medical Leave Act, California's Whistleblower Protection

Act, California Business & Professions Code Section 17200 *et seq.*, and any and all

claims arising under any federal, state or other governmental statute, law, regulation

or ordinance.  Plaintiffs hereby expressly waive and relinquish any and all claims,

rights or benefits that they may have under California Civil Code § 1542, which

provides as follows:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiffs may hereafter discover claims or facts in addition to, or different

from, those which they now know or believe to exist, but Plaintiffs expressly intend

to fully, finally and forever settle and release any and all claims against the Released

Parties, known or unknown, suspected or unsuspected, which exist or may exist on

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   behalf of or against the other at the time of execution of this Agreement, including,

2   but not limited to, any and all claims relating to or arising from Plaintiffs'

3   employment with Defendants. The Parties further acknowledge, understand and

4   agree that this representation and commitment is essential to the Agreement and that

5   this Agreement would not have been entered into were it not for this representation

6   and commitment.

7        E.      Labor Code Section 206.5.  The Parties agree that California Labor

8   Code section 206.5 does not invalidate any provision of this Agreement, because

9   among other things, the Released Claims and PAGA Claims are disputed and

10  contested, and the Settlement was bargained for at arms' length and approved by the

11  Court.

12       F.      No Future Employment As To Plaintiffs.  Plaintiffs acknowledge that

13  because of circumstances that are unique to Plaintiffs, including but not limited to

14  irreconcilable differences with the Released Parties, the Released Parties have no

15  obligation, contractual or otherwise, to hire or employ Plaintiffs in the future.

16  Further, Plaintiffs agree not to seek employment with the Released Parties in the

17  future.  In the event that Plaintiffs breach their contractual obligations not to re-

18  apply for employment with the Released Parties under this section, the Released

19  Parties may deny Plaintiffs' applications or terminate their employment and

20  Plaintiffs agrees that their breach of their contractual obligations is good and

21  sufficient cause for such denial or termination and that such denial or termination is

22  not retaliatory but rather is a matter of contract.

23       G.      Conditions Precedent.  The Settlement will become final and effective

24  only upon the occurrence of all of the following events:

25       1.      Plaintiffs have filed a Third Amended Complaint clarifying that

26  when the Complaint alleged a claim for Failure to Provide Breaks, Plaintiffs

27  intended to assert claims for Failure to Provide Meal and Rest Breaks, and adding

28  claims to recover PAGA penalties to the maximum extent allowable based on the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    Released Claims.

2          2.    The Court enters a Preliminary Approval Order in a form

3    substantially similar to the proposed Preliminary Approval Order (Exhibit 3);

4          3.    The Court enters a Final Approval Order in a form substantially

5    similar to the proposed Final Approval Order (Exhibit 4)

6          4.    The Court enters a Final Judgment in a form substantially similar

7    to the proposed Final Judgment (Exhibit 5);

8          5.    If there is an objector or objectors, the time for appeal of the

9    Final Judgment and Final Approval Order expires; or, if an appeal is timely filed,

10   the date of a final resolution of any appeal from the Final Judgment and Final

11   Approval Order; and

12          6.    Defendants do not invoke their right to revoke the Settlement as

13   provided herein.

14   H.    Certification of the Settlement Class.  The Parties stipulate to

15   conditional class certification of the Settlement Class for the Class Period for

16   purposes of settlement only.  In the event that this stipulation is not approved by the

17   Court, fails to become effective, or is reversed, withdrawn or modified by the Court,

18   or in any way prevents or prohibits Defendants from obtaining a complete resolution

19   of the claims as described herein, the conditional class certification (obtained for

20   any purpose) shall be void *ab initio* and of no force or effect, and shall not be

21   admissible in any judicial, administrative or arbitral proceeding for any purpose or

22   with respect to any issue, substantive or procedural.

23   I.    Nullification of Settlement Agreement.  In the event that this

24   Settlement Agreement is not preliminarily or finally approved by the Court, fails to

25   become effective, or is reversed, withdrawn or modified by the Court, or in any way

26   prevents or prohibits Defendants from obtaining a complete resolution of the claims

27   as described herein:

28          1.    This Settlement Agreement shall be void *ab initio* and of no

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    force or effect, and shall not be admissible in any judicial, administrative or arbitral

2    proceeding for any purpose or with respect to any issue, substantive or procedural;

3              2.    The conditional class certification (obtained for any purpose)

4    shall be void *ab initio* and of no force or effect, and shall not be admissible in any

5    judicial, administrative or arbitral proceeding for any purpose or with respect to any

6    issue, substantive or procedural; and

7              3.    None of the Parties to this Settlement will be deemed to have

8    waived any claims, objections, defenses or arguments in the Action, including with

9    respect to the issue of class certification.

10        J.    Tax Liability.  The Parties make no representations as to the tax

11   treatment or legal effect of the payments called for hereunder, and Settlement Class

12   Members are not relying on any statement or representation by the Parties in this

13   regard.  Settlement Class Members understand and agree that they will be

14   responsible for the payment of any employee taxes and penalties assessed on the

15   Individual Settlement Payments described herein and will hold the Parties free and

16   harmless from and against any claims, liabilities, costs and expenses, including

17   attorney's fees, resulting in any way from personal tax treatment of the payments

18   made pursuant to this Agreement, including the treatment of such payments as not

19   subject to withholding or deduction for payroll and employment taxes.

20        K.    Circular 230 Disclaimer.  Each Party to this Agreement (for purposes

21   of this section, the "acknowledging party" and each Party to this Agreement other

22   than the acknowledging party, an "other party") acknowledges and agrees that:  (1)

23   no provision of this Agreement, and no written communication or disclosure

24   between or among the Parties or their attorneys and other advisers, is or was

25   intended to be, nor shall any such communication or disclosure constitute or be

26   construed or be relied upon as, tax advice within the meaning of United States

27   Treasury Department circular 230 (31 CFR part 10, as amended); (2) the

28   acknowledging party (a) has relied exclusively upon his, her or its own, independent

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  legal and tax counsel for advice (including tax advice) in connection with this

2  Agreement, (b) has not entered into this Agreement based upon the recommendation

3  of any other Party or any attorney or advisor to any other Party, and (c) is not

4  entitled to rely upon any communication or disclosure by any attorney or adviser to

5  any other party to avoid any tax penalty that may be imposed on the acknowledging

6  party, and (3) no attorney or adviser to any other Party has imposed any limitation

7  that protects the confidentiality of any such attorney's or adviser's tax strategies

8  (regardless of whether such limitation is legally binding) upon disclosure by the

9  acknowledging party of the tax treatment or tax structure of any transaction,

10  including any transaction contemplated by this Agreement.

11      L.    Preliminary Approval Motion. At the earliest practicable time,

12  Plaintiffs shall file with the Court a Motion for Order Granting Preliminary

13  Approval and supporting papers, which shall include this Settlement Agreement and

14  a request that the Court enter the Preliminary Approval Order (Exhibit 3).  Any

15  dispute regarding forms of notices and other documents necessary to implement the

16  Settlement contained in the Stipulation, if not timely resolved among the Parties,

17  shall be referred to the Court.  The Parties shall seek a prompt hearing date to obtain

18  preliminary approval of the Settlement.

19      M.    CAFA Notice.  Within ten (10) days of receiving notice of filing of a

20  Motion for Preliminary Approval of this Agreement, Defendants shall serve the

21  CAFA Notice of this Agreement on the appropriate federal and state officials, as

22  required by 28 U.S.C. § 1715(b).

23      N.    Settlement Administrator.  The Settlement Administrator shall be

24  responsible for:  (a) calculating, processing and mailing payments to the Class

25  Representatives, Class Counsel, LWDA, PAGA Releasees, and Settlement Class

26  Members who submit Claim Forms; (b) printing and mailing the Notice Packets to

27  the Settlement Class Members as directed by the Court; (c) receiving and reporting

28  the claims, objections, and requests for exclusion; (d) distributing tax forms to the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    Settlement Class Members who submit Claim Forms; (e) providing declaration(s),

2    as necessary, in support of preliminary and/or final approval of this Settlement; and

3    (f) other tasks as the Parties mutually agree or the Court orders the Settlement

4    Administrator to perform. The Settlement Administrator shall keep the Parties

5    timely apprised of the performance of all Settlement Administrator responsibilities

6    and will promptly inform the Parties of the number of Settlement Class Members

7    who (a) submit Claim Forms, (b) object to the Settlement, (c) request exclusion

8    from the Settlement, or (d) otherwise express opposition to the Settlement within

9    five (5) days of each such occurrence.

10       O.    Settlement Administration.

11       1.    Class Data. No later than ten (10) business days after the

12    Preliminary Approval Date, Defendants shall provide the Settlement Administrator

13    with the Class Data for purposes of preparing and mailing Notice Packets to

14    Settlement Class Members. The Class Data shall be confidential. The Settlement

15    Administrator shall not provide the Class Data to Class Counsel or Plaintiffs or any

16    third party, or use the Class Data or any information contained therein for any

17    purpose other than to administer this Settlement.

18       2.    Notice Packets.

19          a)    The Notice Packet shall contain the Claim Form and

20          Notice of Class Action Settlement in forms substantially

21          similar to the forms attached hereto as Exhibits 1 & 2. The

22          Notice of Class Action Settlement shall set forth the material

23          terms of the Settlement, including the release to be given by

24          all members of the Settlement Class who do not request to be

25          excluded from the Settlement Class, an explanation of the

26          PAGA Payment, how to submit a Claim Form, and that

27          Settlement Class Members who submit Claim Forms will be

28          deemed to have released the Released Claims arising under the

FLSA.  The Notice Packet also shall be individualized by including the Settlement Class Member's number of Compensable Workweeks and the estimated amount of their Individual Settlement Payment.

b)   The Notice Packet's mailing envelope shall include the following language: "IMPORTANT LEGAL DOCUMENT-YOU MAY BE ENTITLED TO MONEY FROM A CLASS ACTION SETTLEMENT; YOUR PROMPT REPLY IS REQUIRED AS EXPLAINED IN THE ENCLOSED NOTICE."

3.   Notice By First Class U.S. Mail.  Upon receipt of the Class Data, the Settlement Administrator will perform a search based on the National Change of Address Database and/or similar database(s) to update and correct any known or identifiable address changes.  No later than seven (7) calendar days after receiving the Class Data from Defendants as provided herein, the Settlement Administrator shall mail copies of the Notice Packet to all Settlement Class Members via regular First Class U.S. Mail.  The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Settlement Class Member.  The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Settlement Class Member. In the event more than one address is identified, then the Settlement Administrator shall mail to each potentially valid address.

4.   Undeliverable Notices.  Any Notice Packets returned to the Settlement Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto.  If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by lawful use of skip-tracing, or other search using the name, address and/or Social Security number of the Settlement Class Member involved,

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

and shall then perform a re-mailing, if another mailing address is identified by the Settlement Administrator.  Settlement Class Members who received a re-mailed Notice Packet shall have their Response Deadline extended ten (10) calendar days from the original Response Deadline.

5.    Disputes Regarding Individual Settlement Payments.  Settlement Class Members will have the opportunity, should they disagree with Defendants' records regarding the Compensable Workweeks worked by Settlement Class Members stated on the Notice of Class Action Settlement, to provide documentation and/or an explanation to show contrary Compensable Workweeks.  If there is a dispute, the Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted.  The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement.  The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Payment shall be binding upon the Settlement Class Member and the Parties.

6.    Disputes Regarding Administration of Settlement.  Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court under the laws of the State of California. Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the disputes without the necessity of involving the Court.

7.    Claim Form Procedure.  Any Settlement Class Member who wishes to become a Claimant and receive an Individual Settlement Payment must fully complete a Claim Form, including signing the Claim Form.  The Claim Form will not be valid if it is not timely submitted by the Response Deadline and received by the Settlement Administrator.  The date of the postmark on the return mailing envelope or fax stamp on the Claim Form shall be the exclusive means used to determine whether the Claim Form was timely submitted.  Any Settlement Class Member who fails to submit a timely, complete, and valid Claim Form shall be

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  barred from receiving the Individual Settlement Payment. To the extent required by
2  law, Claimants shall be deemed to have consented to join the Action pursuant to the
3  FLSA and released the Released Claims, including claims under the FLSA, as
4  described in this Agreement. Settlement Class Members who do not timely return a
5  valid Claim Form by the Response Deadline forfeit their Individual Settlement
6  Payment but shall remain subject to the release of the Released Claims and PAGA
7  Claims as defined in this Agreement to the maximum extent permitted by law.

8         8.    Request for Exclusion. The Notice of Class Action and PAGA
9  Settlement contained in the Notice Packet shall state that Settlement Class Members
10  who wish to exclude themselves from the Settlement must submit to the Settlement
11  Administrator a written statement requesting exclusion from the Settlement.
12  However, no Settlement Class Member can seek exclusion from the PAGA portion
13  of the Settlement. The written statement must contain the Settlement Class
14  Member's name, address, and telephone number. The Request for Exclusion will
15  not be valid if it is not timely submitted by the Response Deadline and received by
16  the Settlement Administrator. The date of the postmark on the return mailing
17  envelope or fax stamp on the Request for Exclusion shall be the exclusive means
18  used to determine whether the Request for Exclusion was timely submitted. Any
19  Settlement Class Member who requests to be excluded from the Settlement Class
20  will not be entitled to any recovery under the Settlement, except for the Settlement
21  Class Members' PAGA Payment Check, and will not be bound by the terms of the
22  Settlement or have any right to object, appeal or comment thereon. Settlement Class
23  Members who fail to submit a valid and timely written Request for Exclusion on or
24  before the Response Deadline shall be bound by all terms of the Settlement and any
25  final judgment entered in this Action if the Settlement is approved by the Court. No
26  later than fourteen (14) calendar days after the Response Deadline, the Settlement
27  Administrator shall provide counsel for the Parties with a final list of the Settlement
28  Class Members who have timely submitted Requests for Exclusion. At no time

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    shall any of the Parties or their counsel seek to solicit or otherwise encourage

2    members of the Settlement Class to submit Requests for Exclusion from the

3    Settlement.

4            9.    Objections.  The Notice of Class Action and PAGA Settlement

5    contained in the Notice Packet shall state that Settlement Class Members who wish

6    to object to the Settlement must mail to the Settlement Administrator a written

7    statement of objection ("Notice of Objection") by the Response Deadline.

8    However, Settlement Class Members may not object to the PAGA Payment and

9    release of PAGA Claims.  The date on the proof of service shall be deemed the

10   exclusive means for determining that a Notice of Objection was served timely.  The

11   Notice of Objection must be signed by the Settlement Class Member and state: (1)

12   the full name of the Settlement Class Member; (2) the dates of employment of the

13   Settlement Class Member; (3) the last four digits of the Settlement Class Member's

14   Social Security number and/or the Employee ID number; (4) the basis for the

15   objection; and (5) whether the Settlement Class Member intends to appear at the

16   Final Approval/Settlement Fairness Hearing.  Settlement Class Members who fail to

17   make objections in the manner specified above shall be deemed to have waived any

18   objections and shall be foreclosed from making any objections (whether by appeal

19   or otherwise) to the Settlement.  Settlement Class Members who submit a timely

20   Notice of Objection will have a right to appear at the Final Approval/Settlement

21   Fairness Hearing in order to have their objections heard by the Court.  No

22   Settlement Class Member may appear at the Final Approval/Settlement Fairness

23   Hearing unless he or she has served a timely objection that complies with the

24   procedures provided in this paragraph.  At no time shall any of the Parties or their

25   counsel seek to solicit or otherwise encourage Settlement Class Members to file or

26   serve written objections to the Settlement or appeal from the Final Approval Order

27   and Final Judgment.  Settlement Class Members who submit a Request for

28   Exclusion are not entitled to object to the Settlement.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

P. Funding and Allocation of the Maximum Settlement Fund. Defendants shall issue payment to the Settlement Administrator for one-half of the Maximum Settlement Fund (i.e., $235,000) within 30 days of the Effective Date. Defendants shall issue payment to the Settlement Administrator for the second half of the Maximum Settlement Fund (i.e., $235,000) within 210 days of the Effective Date. The date on which the Settlement is fully funded is the "Funding Date." No distributions from the Maximum Settlement Fund are to be made until the Funding Date. Defendant Chartwell is responsible for paying $250,000 of the Maximum Settlement Fund. Defendant Managed Facilities Solutions, LLC is responsible for paying $200,000 of the Maximum Settlement Fund. Defendant Moving Solutions, Inc. is responsible for paying $20,000 of the Maximum Settlement Fund. Defendants shall each pay half of their portions of the Maximum Settlement Fund in each installment. If this Settlement is not finally approved by the Court in full, or is terminated, rescinded, canceled or fails to become effective for any reason, or if the Effective Date does not occur, then no portion of the Maximum Settlement Fund shall be paid and all amounts shall be returned to Defendants immediately.

1. Individual Settlement Payments. Individual Settlement Payments shall be paid from the Net Settlement Amount and shall be paid pursuant to the formula set forth herein.

a) Calculation of Individual Settlement Payments. Using the Class Data, the Settlement Administrator will calculate the total Compensable Workweeks for all Claimants by adding the number of Compensable Workweeks worked by each Claimant during the Class Period. The respective Compensable Workweeks for each Claimant will be divided by the total Compensable Workweeks for all Claimants, resulting in the Payment Ratio for Claimant. Each Claimant's Payment Ratio will then be multiplied by the Net Settlement

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    Amount to calculate each Claimant's Individual Settlement

2    Payments.

3    b)    Allocation.  For tax purposes, Individual Settlement

4    Payments shall be allocated and treated as follows: twenty

5    percent (20%) as wages; forty percent (40%) as penalties; and

6    forty percent (40%) as interest.

7    c)    Mailing.  Individual Settlement Payments shall be mailed

8    by regular First Class U.S. Mail to Claimants' last known

9    mailing address no later than ten (10) calendar days after the

10    Funding Date.

11    d)    Expiration.  Any checks issued Claimants shall remain

12    valid and negotiable for one hundred and eighty (180) days

13    from the date of their issuance.  If a Claimant does not cash his

14    or her settlement check within 180 days, the uncashed funds,

15    subject to Court approval, shall escheat to the State of

16    California and be submitted to the State of California

17    unclaimed property fund in the name of the Claimant or

18    PAGA Releasee who is the payee of the check pursuant to

19    California Code of Civil Procedure section 1510 et seq.

20    2.    Class Representative Enhancements.  Defendants agree not to

21    oppose or object to any application or motion by Plaintiffs for Class Representative

22    Enhancements of up to Five Thousand Dollars ($5,000) each.  The Class

23    Representative Enhancements are in exchange for the Released Claims, a General

24    Release, and for Plaintiffs' time, effort and risk in bringing and prosecuting the

25    Action.  The Settlement Administrator shall pay the Class Representative

26    Enhancements to Plaintiffs from the Maximum Settlement Fund no later than ten

27    (10) calendar days after the Funding Date.  Any portion of the requested Class

28    Representative Enhancements that is not awarded to the Class Representatives shall

1    be part of the Net Settlement Amount and shall be distributed to Claimants as

2    provided in this Agreement. The Settlement Administrator shall issue an IRS Form

3    1099 — MISC to Plaintiffs for their Class Representative Enhancements. Plaintiffs

4    shall be solely and legally responsible to pay any and all applicable taxes on their

5    respective Class Representative Enhancements and shall hold harmless Defendants

6    from any claim or liability for taxes, penalties, or interest arising as a result of the

7    Class Representative Enhancements. The Class Representative Enhancements shall

8    be in addition to the Plaintiffs' Individual Settlement Payments as Settlement Class

9    Members. In the event that the Court reduces or does not approve the requested

10   Class Representative Enhancements, Plaintiffs shall not have the right to revoke the

11   Settlement, and it will remain binding.

12            3.     Class Counsel Award. Defendants agree not to oppose or object

13   to any application or motion by Class Counsel for attorneys' fees not to exceed

14   twenty-five percent (25%) of the Maximum Settlement Fund ($117,500).

15   Additionally, Defendants shall not oppose an application by Class Counsel for, and

16   Class Counsel shall not seek or receive an amount in excess of $8500 from the

17   Maximum Settlement Fund for, all past and future Litigation costs and expenses

18   necessary to prosecute, settle and administer the Action as supported by a

19   declaration from Class Counsel. The Parties agree that any and all claims for

20   reasonable attorneys' fees and costs have been settled by this Agreement and that

21   neither Plaintiffs, Settlement Class Members, nor Class Counsel shall seek payment

22   of attorneys' fees or reimbursement of costs/expenses from Defendants except as set

23   forth in this Agreement. Any portion of the requested Class Counsel Award that is

24   not awarded to Class Counsel shall be part of the Net Settlement Amount and shall

25   be distributed to Claimants as provided in this Agreement. The Settlement

26   Administrator shall pay the Class Counsel Award to Class Counsel from the

27   Maximum Settlement Fund no later than ten (10) calendar days after the Funding

28   Date. Class Counsel shall be solely and legally responsible to pay all applicable

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    taxes on the payment made pursuant to this paragraph. The Settlement

2    Administrator shall issue an IRS Form 1099 — MISC to Class Counsel for the

3    payments made pursuant to this paragraph. In the event that the Court reduces or

4    does not approve the requested Class Counsel Award, Plaintiffs and Class Counsel

5    shall not have the right to revoke the Settlement, and it will remain binding.

6              4.    PAGA Payment. Ten Thousand Dollars ($10,000) shall be

7    allocated from the Maximum Settlement Fund for settlement of claims for civil

8    penalties under the PAGA. The Settlement Administrator shall pay seventy-five

9    percent (75%) of the PAGA Payment, or $7,500, to the California Labor and

10   Workforce Development Agency ("LWDA") no later than ten (10) calendar days

11   after the Funding Date. Twenty-five percent (25%), or $2,500, shall be distributed

12   pro rata to all PAGA Releasees, based on the number of weeks worked by a PAGA

13   Releasee, as a fraction of the total weeks worked by all PAGA Releasees. The

14   portion of the PAGA Payment to the PAGA Releasees shall be treated entirely as

15   penalties. PAGA Releasees will not have the opportunity to opt out of object to the

16   PAGA Payment and/or release of PAGA Claims set forth in this Agreement,

17   although the PAGA Settlement will be subject to Court approval. Any PAGA

18   Releasee who is not a Claimant shall not receive an Individual Settlement Payment,

19   but will receive the PAGA Releasee's pro rata share of the PAGA Payment to the

20   PAGA Releasees. PAGA Releasees who are Claimants shall receive their pro rata

21   share of the PAGA Payment to the PAGA Releasees in addition to their Individual

22   Settlement Payments. In the event the LWDA rejects this allocation, the Parties will

23   meet and confer with the Court and the LWDA to reach a penalty allocation

24   acceptable to all parties that does not materially alter the terms of the Settlement,

25   nor require Defendants to pay more than the Maximum Settlement Fund. Any

26   PAGA Payment Checks that are not cashed within 180 days shall escheat to the

27   State of California and be submitted to the State of California unclaimed property

28   fund in the name of the PAGA Releasee who is the payee of the check pursuant to

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

California Code of Civil Procedure section 1510 et seq. At the same time that Plaintiffs file their Motion for Preliminary Approval, Plaintiffs shall send a copy of the Agreement to the LWDA pursuant to the 2016 amendments to PAGA. Class Counsel will take all action required by California Labor Code section 2699(l).

Q.    Employers' Taxes. An appropriate amount will be set aside from the Maximum Settlement Fund used to pay all Employers' Taxes. The Settlement Administrator shall calculate the Employers' Taxes and inform Defendants of the amount of Employers' Taxes to be paid from the Maximum Settlement Fund.

R.    Settlement Administration Costs. The Settlement Administrator shall be paid for the costs of administration of the Settlement from the Maximum Settlement Fund. The estimate of the Settlement Administration Costs is not to exceed  Sixteen Thousand Dollars ($16,000). The Settlement Administrator shall be paid the Settlement Administration Costs no later than ten (10) calendar days after the Funding Date.

1.    Net Settlement Amount.   The Parties estimate the amount of the Net Settlement Amount as follows:

| | | |
|---|---|---|
| Maximum Settlement Fund | $ | 470,000.00 |
| Class Representative Enhancements: | $ | 20,000.00 |
| Class Counsel's Fees: | $ | 117,500.00 |
| Class Counsel's Costs: | $ | 8,500.00 |
| Employers' Taxes | $ | 7,816.40 |
| PAGA Payment: | $ | 10,000.00 |
| ($7,500 to the LWDA and $2,500 to remain in the Net Settlement) | | |
| Settlement Administration Costs: | $ | 16,000.00 |
| **Net Settlement Amount** | **$** | 290,183.60 |

Government Actions Affecting Settlement. If any administrative proceeding or action is commenced on or before a date that is one (1) year from the Preliminary

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    Approval Date by any federal, state or local government authority, including,

2    without limitation, the U.S. Department of Labor or the California Division of Labor

3    Standards Enforcement, in a *parens patriae* or other function asserting the Released

4    Claims, Plaintiffs and Class Counsel will sign an appropriate declaration at the

5    request of Defendants supporting the Settlement and asserting that, in the Parties'

6    opinion, the governmental action is within the scope of this Stipulation, the Actions

7    and the Final Judgment.

8        S.    Final Approval Motion. At the earliest practicable time following the

9    expiration of the Response Deadline, Plaintiffs shall file with the Court a Motion for

10   Order Granting Final Approval and Entering Judgment, which motion shall request

11   final approval of the Settlement and the amounts payable for the Individual

12   Settlement Payments, Class Representative Enhancements, the Class Counsel

13   Award, the PAGA Payment, PAGA Payment Checks, and the Settlement

14   Administration Costs.

15       1.    Final Approval Order and Judgment.  The Parties shall present a

16   Final Approval Order and Final Judgment, substantially similar to Exhibits 4 and 5,

17   to the Court for its approval.  The Final Judgment shall, among other things:

18       (a)    Find that the Court has personal jurisdiction over all Settlement Class

19   Members and that the Court has subject matter jurisdiction to approve this

20   Stipulation and all exhibits thereto;

21       (b)    Approve this Stipulation and the proposed Settlement as fair,

22   reasonable and adequate, consistent and in compliance with all applicable

23   requirements of the Federal Rules of Civil Procedure, the California and United

24   States Constitutions (including the due process clauses), and any other applicable

25   law, and in the best interests of each of the Parties and the Class Members; direct the

26   Parties and their counsel to implement this Stipulation according to its terms and

27   provisions; and declare this Stipulation to be binding on Plaintiffs and all other

28   Settlement Class Members, except those who timely and properly filed Request for

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  Exclusions, as well as their heirs, executors and administrators, successors and

2  assigns;

3      (c)    Certify the Class, for settlement purposes only, and find that an

4  ascertainable class exists and a well-defined community of interest exists in the

5  questions of law and fact involved because in the context of the Settlement: (i) there

6  are questions of law and fact common to the Class Members which, as to the

7  Settlement and all related matters, predominate over any individual questions; (ii)

8  the Claims of Plaintiff are typical of the Claims of the Class Members; and (iii) in

9  negotiating, entering into and implementing the Settlement, Plaintiffs and Plaintiffs'

10  Attorneys have fairly and adequately represented and protected the interests of the

11  Class Members;

12      (d)    Find that the Notice and notice methodology implemented pursuant to

13  this Stipulation (i) constituted the best practicable notice; (ii) constituted notice that

14  was reasonably calculated, under the circumstances, to apprise Settlement Class

15  Members of the pendency of the Action, their right to object to or exclude

16  themselves from the proposed Settlement and their right to appear at the Final

17  Settlement Hearing; (iii) were reasonable and constituted due, adequate and

18  sufficient notice to all persons entitled to receive notice; and (iv) met all applicable

19  requirements of the Federal Rules of Civil Procedure, the California and United

20  States Constitutions (including the Due Process Clause), and any other applicable

21  law;

22      (e)    Find that Plaintiffs and Class Counsel adequately represented the

23  Settlement Class for purposes of entering into and implementing the settlement;

24      (f)    Dismiss the Action (including all individual claims and Released

25  Claims presented thereby) with prejudice, without fees or costs to any party except

26  as provided in this Stipulation;

27      (g)    Incorporate the Released Claims set forth in this Agreement, make the

28  Released Claims effective as of the date of the Preliminary Approval Date, and

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  forever discharge the Released Parties from any claims or liabilities arising from or

2  related to the Actions;

3      (h)    Permanently bar and enjoin Plaintiffs and all Settlement Class

4  Members who have not been timely and properly excluded from the Settlement

5  Class, and any person acting on their behalf, from (i) filing, commencing,

6  prosecuting, intervening in, participating in (as class members or otherwise), or

7  receiving any benefits or other relief from, any other lawsuit, in any state or federal

8  court, arbitration, or administrative, regulatory or other proceeding or order in any

9  jurisdiction based on the Released Claims; and (ii) organizing such excluded Class

10  Members into a separate class for purposes of pursuing as a purported class action

11  (including by seeking to amend a pending complaint to include class allegations, or

12  by seeking class certification in a pending action) any lawsuit based on or relating to

13  the Released Claims;

14      (i)    Authorize the Parties, without further approval from the Court, to agree

15  to and to adopt such amendments, modifications and expansions of this Stipulation

16  and all exhibits attached hereto as (i) are consistent with the Final Judgment; and (ii)

17  do not limit the rights of Settlement Class Members under the Stipulation;

18      (j)    Without affecting the finality of the Final Judgment, the Court shall

19  retain continuing jurisdiction over the Actions, the Parties, and the Settlement Class,

20  as well as the administration and enforcement of the Settlement.  Any disputes or

21  controversies arising with respect to the interpretation, consummation, enforcement,

22  or implementation of the Settlement shall be presented by motion to the Court.

23      T.    <u>Option to Terminate Settlement</u>.  If, after the Response Deadline, the

24  total number of Settlement Class Members who submitted timely and valid Requests

25  for Exclusion from the Settlement is at least five percent (5%) of all Settlement

26  Class Members, Defendants shall have, in their sole discretion, the option to

27  terminate this Settlement.  If Defendants exercise the option to terminate this

28  Settlement, Defendants shall:  (a) provide written notice to Class Counsel within

1  seven (7) calendar days after the Response Deadline and (b) pay all Settlement

2  Administration Costs incurred up to the date or as a result of the termination; and

3  the Parties shall proceed in all respects as if this Agreement had not been executed.

4    U.    Motions for Preliminary and Final Approval.  Class Counsel will

5  provide an opportunity for Counsel for Defendants to review the Motions for

6  Preliminary and Final Approval prior to filing with the Court.  The Parties and their

7  counsel will cooperate with each other and use their best efforts to effect the Court's

8  approval of the Motions for Preliminary and Final Approval of the Settlement.

9    V.    No Impact on Benefit Plans.  Neither this Settlement nor any amounts

10  paid under the Settlement will modify any previously credited hours or service

11  under any employee benefit plan, policy, or bonus program sponsored by

12  Defendants.  Such amounts will not form the basis for additional contributions to,

13  benefits under, or any other monetary entitlement under Defendants-sponsored

14  benefit plans, policies, or bonus programs.  The payments made under the terms of

15  this Stipulation shall not be applied retroactively, currently, or on a going forward

16  basis, as salary, earnings, wages, or any other form of compensation for the

17  purposes of Defendants' benefit plan, policy, or bonus program.  Defendants retain

18  the right to modify the language of its benefit plans, policies and bonus programs to

19  effect this intent, and to make clear that any amounts paid pursuant to this

20  Settlement are not for "hours worked," "hours paid," "hours of service," or any

21  similar measuring term as defined by applicable plans, policies and bonus programs

22  for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that

23  additional contributions or benefits are not required by this Settlement.

24    W.    Notices.  Unless otherwise specifically provided herein, all notices,

25  demands, or other communications given hereunder shall be in writing and shall be

26  deemed to have been duly given as of the third (3rd) business day after mailing by

27  United States certified mail, return receipt requested, addressed as follows:

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

To Plaintiffs and the Settlement Class:

James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA  95112
Telephone:  (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**
606 North First Street
San Jose, CA  95112
Telephone:  (408) 286-7000

To Defendant Moving Solutions, Inc.

Richard D. Schramm, California Bar No. 151696
**EMPLOYMENT RIGHTS ATTORNEYS**
1500 E. Hamilton Avenue, Suite 118
Campbell, CA  95008
Telephone:  (408) 796-7551

To Defendants Chartwell Staffing Services, Inc. and Managed Facilities

Solutions, LLC:

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom, Esq.
Christopher J. Archibald, Esq.
Michael E. Olsen, Esq.
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100

X.    Cooperation.  The Parties and their counsel will cooperate with each

other and use their best efforts to effect the implementation of the Settlement.

Y.    Interim Stay of Proceedings.  The Parties agree to stay all proceedings

in the Action, except such proceedings necessary to implement and complete the

1   Settlement, pending the Final Approval/Settlement Fairness Hearing to be

2   conducted by the Court.

3       Z.      Admissibility of Agreement.  This Agreement shall not be admissible

4   in any proceeding for any purpose, except to enforce it according to its terms.

5       AA.     Amendment or Modification.  This Agreement may be amended or

6   modified only by a written instrument signed by counsel for all Parties or their

7   successors-in-interest.

8       BB.     Entire Agreement.  This Agreement and any attached Exhibits

9   constitute the entire Agreement among these Parties, and no oral or written

10  representations, warranties or inducements have been made to any Party concerning

11  this Agreement or its Exhibits other than the representations, warranties and

12  covenants contained and memorialized in the Agreement and its Exhibits.

13      CC.     Authorization to Enter Into Settlement Agreement.  Counsel for all

14  Parties warrant and represent they are expressly authorized by the Parties whom

15  they represent to negotiate this Agreement and to take all appropriate actions

16  required or permitted to be taken by such Parties pursuant to this Agreement to

17  effectuate its terms, and to execute any other documents required to effectuate the

18  terms of this Agreement.  The persons signing this Agreement on behalf of

19  Defendants represent and warrant that they are authorized to sign this Agreement on

20  behalf of Defendants.  Plaintiffs represent and warrant that they are authorized to

21  sign this Agreement and that they have not assigned any claim, or part of a claim,

22  covered by this Settlement to a third-party.

23      DD.     Binding on Successors and Assigns.  This Agreement shall be binding

24  upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as

25  previously defined.

26      EE.     California Law Governs.  All terms of this Agreement and the Exhibits

27  hereto and any disputes arising hereunder shall be governed by and interpreted

28  according to the laws of the State of California.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

JOINT STIPULATION OF PAGA AND CLASS ACTION SETTLEMENT – 17-CV-04015-LHK

FF.   <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves copies or originals of the signed counterparts.

GG.   <u>This Settlement Is Fair, Adequate and Reasonable</u>.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present and potential.

HH.   <u>Jurisdiction of the Court</u>.  The Parties agree that the Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

II.   <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

JJ.   <u>Publicity</u>.  Defendants may disclose the terms and contents of the Settlement, as required under its contractual and legal obligations.  Plaintiffs and Class Counsel agree not to issue press releases, communicate with, or respond to any media or publication entities, publish information in manner or form, whether printed or electronic, on any medium or otherwise communicate, whether by print, video, recording or any other medium, with any person or entity concerning the Settlement, including the fact of the Settlement, its terms or contents and the negotiations underlying the Settlement, except as shall be contractually required to effectuate the terms of the Settlement as set forth herein.  Class Counsel shall be

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA. 92612-4414

1    permitted to post a neutral statement about the Action and Settlement on his

2    websites, but shall not publish the name of Defendants.

3        KK.    No Unalleged Claims.  Plaintiffs and Class Counsel represent that they

4    do not currently intend to pursue any claims against Defendants.  This includes, but

5    is not limited to, any and all claims relating to or arising from Plaintiffs'

6    employment with Defendants that were not alleged in this Action, and that Class

7    Counsel is not currently aware of any facts or legal theories upon which any claims

8    or causes of action could be brought against Defendants other than those alleged in

9    this case.  The Parties further acknowledge, understand, and agree that this

10   representation is essential to the Agreement and that this Agreement would not have

11   been entered into were it not for this representation.

12       LL.    Waiver of Certain Appeals.  The Parties agree to waive any and all

13   rights to appeal, this waiver being contingent upon the Court entering the Final

14   Judgment.  This waiver includes waiver of all rights to any post-judgment

15   proceeding and appellate proceeding, including, but not limited to, motions for relief

16   from judgment and motions to amend or alter the judgment.

17       MM.    No Admissions.  Plaintiffs have claimed and continue to claim that the

18   Released Claims have merit and give rise to liability on the part of Defendants.

19   Defendants have claimed and continue to claim that the Released Claims have no

20   merit and do not give rise to liability.  This Agreement is a compromise of disputed

21   claims.  Nothing contained in this Agreement and no documents referred to herein

22   and no action taken to carry out this Agreement may be construed or used as an

23   admission by or against the Defendants or Plaintiffs or Class Counsel as to the

24   merits or lack thereof of the claims asserted.

25       NN.    Return of All Documents Produced by Defendant. Class Counsel shall

26   be permitted to retain a copy of all confidential documents and electronic

27   information produced by Defendants in the Action for a period of not more than four

28   (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    shall not be permitted to use any confidential documents or electronic information

2    produced by Defendants in the Action.  Following the expiration of the 4-year

3    period, Class Counsel shall destroy the confidential documents and electronic

4    information produced by Defendants in the Action in their possession, custody or

5    control.

6

7

8

9    Dated:  March _____, 2019

10                                                    _____
                                                      Barbara Middle Rider
                                                      Plaintiff/Class Representative

11   Dated:  March _____, 2019

12                                                    _____
                                                      Robert Garza
                                                      Plaintiff/Class Representative

13   Dated:  March _____, 2019

14                                                    _____
                                                      Albert Arellano
15                                                    Plaintiff/Class Representative

16   Dated:  March _____, 2019

17                                                    _____
                                                      Jose Don Coronado
                                                      Plaintiff/Class Representative

18   Dated:  March _____, 2019

19                                                    _____
                                                      Defendant Moving Solutions, Inc.
20                                                    By:
                                                      Its:

21   Dated:  March ___8th___, 2019                    *W. Holmes Lilley, III*
                                                      _____
                                                      Defendant Chartwell Staffing Services, Inc.
22                                                    By: W. Holmes Lilley, III
23                                                    Its:  CEO

24   Dated:  March ___8th___, 2019                    *D. Haynes Dallas, Jr.*
                                                      _____
25                                                    Defendant Managed Facilities Solutions,
                                                      LLC
26                                                    By: Haynes Dallas
                                                      Its:  COO

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    Dated:  March _____, 2019        James Dal Bon
                                          **LAW OFFICES OF JAMES DAL BON**
2

3

4                                         By: _____
                                              James Dal Bon
5                                         Attorneys for Plaintiffs
                                          GARY MIDDLE RIDER, ROBERT GARZA,
6                                         ALBERT ARELLANO and JOSE DON
                                          CORONADO
7

8    Dated:  March _____, 2019        Victoria L. H. Booke
9                                         **LAW OFFICES OF BOOKE & AJLOUNY,**
                                          **LLP**
10

11

12                                        By: _____
                                              Victoria L. H. Booke
13                                        Attorneys for Plaintiffs
                                          GARY MIDDLE RIDER, ROBERT GARZA,
14                                        ALBERT ARELLANO and JOSE DON
                                          CORONADO
15

16
     Dated:  March _____, 2019        Richard D. Schramm
17                                        **EMPLOYMENT RIGHTS ATTORNEYS**

18

19                                        By: _____
                                              Richard D. Schramm
20                                        Attorneys for Defendant
21                                        MOVING SOLUTIONS, INC.

22

23   Dated:  March _____, 2019        Allison C. Eckstrom
                                          Christopher J. Archibald
24                                        Michael E. Olsen
                                          **BRYAN CAVE  LEIGHTON PAISNER LLP**
25

26                                        By: _____
                                              Christopher J. Archibald
27                                        Attorneys for Defendants
28                                        CHARTWELL STAFFING SERVICES, INC.

USA01\12383501                            36

JOINT STIPULATION OF PAGA AND CLASS ACTION SETTLEMENT – 17-CV-04015-LHK

1   Dated: March _____, 2019       James Dal Bon
2                                    **LAW OFFICES OF JAMES DAL BON**
3
4                                    By: _____
5                                         James Dal Bon
                                     Attorneys for Plaintiffs
6                                    GARY MIDDLE RIDER, ROBERT GARZA,
                                     ALBERT ARELLANO and JOSE DON
7                                    CORONADO

8
    Dated: March _____, 2019       Victoria L. H. Booke
9                                    **LAW OFFICES OF BOOKE & AJLOUNY,**
10                                   **LLP**

11
    By: _____
12                                        Victoria L. H. Booke
13                                   Attorneys for Plaintiffs
                                     GARY MIDDLE RIDER, ROBERT GARZA,
14                                   ALBERT ARELLANO and JOSE DON
                                     CORONADO
15

16
    Dated: March _____, 2019       Richard D. Schramm
17                                   **EMPLOYMENT RIGHTS ATTORNEYS**

18

19                                   By: _____
20                                        Richard D. Schramm
                                     Attorneys for Defendant
21                                   MOVING SOLUTIONS, INC.

22
23  Dated: March __8___, 2019        Allison C. Eckstrom
                                     Christopher J. Archibald
24                                   Michael E. Olsen
25                                   **BRYAN CAVE  LEIGHTON PAISNER LLP**

26                                   By: _____
                                          Christopher J. Archibald
27                                   Attorneys for Defendants
28                                   CHARTWELL STAFFING SERVICES, INC.

USA01\12383501                                    36

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    and
     MANAGED FACILITIES SOLUTIONS, LLC

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  NN.  <u>Return of All Documents Produced by Defendant</u>. Class Counsel shall

2  be permitted to retain a copy of all confidential documents and electronic

3  information produced by Defendants in the Action for a period of not more than four

4  (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

5  shall not be permitted to use any confidential documents or electronic information

6  produced by Defendants in the Action.  Following the expiration of the 4-year

7  period, Class Counsel shall destroy the confidential documents and electronic

8  information produced by Defendants in the Action in their possession, custody or

9  control.

10

11

12
     Dated: February _____, 2019
13                                              Barbara Middle Rider
                                                Plaintiff/Class Representative
14

15   Dated: February_____, 2019
                                                _____
16                                              Robert Garza
                                                Plaintiff/Class Representative
17   Dated: February_____, 2019
                                                _____
18                                              Albert Arellano
                                                Plaintiff/Class Representative
19

20   Dated: February_____, 2019
                                                _____
                                                Jose Don Coronado
21                                              Plaintiff/Class Representative

22   Dated: February_____, 2019
                                                _____
23                                              Defendant Moving Solutions, Inc.
                                                By:
24                                              Its:

25   Dated: February_____, 2019
                                                _____
26                                              Defendant Chartwell Staffing Services, Inc.
                                                By:
27                                              Its:

1   (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

2   shall not be permitted to use any confidential documents or electronic information

3   produced by Defendants in the Action.  Following the expiration of the 4-year

4   period, Class Counsel shall destroy the confidential documents and electronic

5   information produced by Defendants in the Action in their possession, custody or

6   control.

7

8

9

10  Dated:  February _____, 2019

11                                          _____
                                            Barbara Middle Rider
                                            Plaintiff/Class Representative

12  Dated:  March 8, 2019                    *Robert Garza* (signature)

13                                          _____
                                            Robert Garza
                                            Plaintiff/Class Representative

14  Dated:  March 8, 2019

15                                          _____
                                            Albert Arellano
                                            Plaintiff/Class Representative

16

17  Dated:  March 8, 2019

18                                          _____
                                            Jose Don Coronado
                                            Plaintiff/Class Representative

19  Dated:  February _____, 2019

20                                          _____
                                            Defendant Moving Solutions, Inc.
                                            By:

21                                          Its:

22  Dated:  February _____, 2019

23                                          _____
                                            Defendant Chartwell Staffing Services, Inc.
                                            By:

24                                          Its:

25  Dated:  February _____, 2019

26                                          _____
                                            Defendant  Managed  Facilities  Solutions,
                                            LLC

27                                          By:

28                                          Its:

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

2  shall not be permitted to use any confidential documents or electronic information

3  produced by Defendants in the Action.  Following the expiration of the 4-year

4  period, Class Counsel shall destroy the confidential documents and electronic

5  information produced by Defendants in the Action in their possession, custody or

6  control.

7

8

9

10  Dated: February _____, 2019

               Barbara Middle Rider

11                 Plaintiff/Class Representative

12  Dated: March 8, 2019

13                 Robert Garza
               Plaintiff/Class Representative

14  Dated: March 8, 2019

15                 Albert Arellano
               Plaintiff/Class Representative

16

17  Dated: March 8, 2019

               Jose Don Coronado

18                 Plaintiff/Class Representative

19  Dated: February_____, 2019

20                 Defendant Moving Solutions, Inc.
               By:

21                 Its:

22  Dated: February_____, 2019

23                 Defendant Chartwell Staffing Services, Inc.
               By:

24                 Its:

25  Dated: February_____, 2019

26                 Defendant  Managed  Facilities  Solutions,
               LLC

27                 By:

28                 Its:

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA. 92612-4414

1   (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

2   shall not be permitted to use any confidential documents or electronic information

3   produced by Defendants in the Action.  Following the expiration of the 4-year

4   period, Class Counsel shall destroy the confidential documents and electronic

5   information produced by Defendants in the Action in their possession, custody or

6   control.

7

8

9

10  Dated:  February _____, 2019
                                            _____
11                                          Barbara Middle Rider
                                            Plaintiff/Class Representative
12  Dated:  March 8, 2019
                                            _____
13                                          Robert Garza
                                            Plaintiff/Class Representative
14
    Dated:  March 8, 2019
15                                          _____
                                            Albert Arellano
16                                          Plaintiff/Class Representative

17  Dated:  March 8, 2019                   _____
                                            Dan Coronado
18                                          Plaintiff/Class Representative

19  Dated:  February_____, 2019
                                            _____
20                                          Defendant Moving Solutions, Inc.
                                            By:
21                                          Its:

22  Dated:  February_____, 2019
                                            _____
23                                          Defendant Chartwell Staffing Services, Inc.
                                            By:
24                                          Its:

25  Dated:  February_____, 2019
                                            _____
26                                          Defendant  Managed  Facilities  Solutions,
                                            LLC
27                                          By:
                                            Its:
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   Dated: March _____, 2019    James Dal Bon
2                                 **LAW OFFICES OF JAMES DAL BON**
3
4                                 By: _____
5                                      James Dal Bon
                                  Attorneys for Plaintiffs
6                                 GARY MIDDLE RIDER, ROBERT GARZA,
                                  ALBERT ARELLANO and JOSE DON
7                                 CORONADO
8
    Dated: March _____, 2019    Victoria L. H. Booke
9                                 **LAW OFFICES OF BOOKE & AJLOUNY,
                                  LLP**
10
11
                                  By: _____
12                                     Victoria L. H. Booke
13                                Attorneys for Plaintiffs
                                  GARY MIDDLE RIDER, ROBERT GARZA,
14                                ALBERT ARELLANO and JOSE DON
                                  CORONADO
15
16
    Dated: March ___8___, 2019    Richard D. Schramm
17                                **EMPLOYMENT RIGHTS ATTORNEYS**
18
19                                By: _____
20                                     Richard D. Schramm
                                  Attorneys for Defendant
21                                MOVING SOLUTIONS, INC.
22
23  Dated: March _____, 2019    Allison C. Eckstrom
                                  Christopher J. Archibald
24                                Michael E. Olsen
                                  **BRYAN CAVE  LEIGHTON PAISNER LLP**
25
26                                By: _____
27                                     Christopher J. Archibald
                                  Attorneys for Defendants
28                                CHARTWELL STAFFING SERVICES, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   shall not be permitted to use any confidential documents or electronic information

2   produced by Defendants in the Action.  Following the expiration of the 4-year

3   period, Class Counsel shall destroy the confidential documents and electronic

4   information produced by Defendants in the Action in their possession, custody or

5   control.

6

7

8

9   Dated: March _____, 2019

10  _____
    Barbara Middle Rider
    Plaintiff/Class Representative

11  Dated: March _____, 2019

12  _____
    Robert Garza
    Plaintiff/Class Representative

13  Dated: March _____, 2019

14  _____
    Albert Arellano
    Plaintiff/Class Representative

15

16  Dated: March _____, 2019

17  _____
    Jose Don Coronado
    Plaintiff/Class Representative

18  Dated: March _____, 2019

19  _____
    Defendant Moving Solutions, Inc.
20  By:
    Its:

21  Dated: March  8th  , 2019

22  _W. Holmes Lilley, III_____
    Defendant Chartwell Staffing Services, Inc.
    By: W. Holmes Lilley, III
23  Its:  CEO

24  Dated: March  8th  , 2019

25  _D. Haynes Dallas, Jr._____
    Defendant  Managed  Facilities  Solutions,
    LLC
26  By: Haynes Dallas
    Its:  COO

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414