# EXHIBIT 1

**Gary Middle Rider et al. v. Moving Solutions, Inc. et al.**

**United States District Court, Northern District of California**
**Case No.: 17-cv-04015LHK**

<u>**NOTICE OF PAGA AND CLASS ACTION SETTLEMENT**</u>
*A court authorized this notice. This is not a solicitation from a lawyer.*

**TO ALL CURRENT AND FORMER HOURLY, NON-EXEMPT EMPLOYEES WHO ARE EMPLOYED OR HAVE BEEN EMPLOYED BY CHARTWELL STAFFING SERVICES, INC., MOVING SOLUTIONS, INC., OR MANAGED FACILITIES SOLUTIONS, LLC IN THE STATE OF CALIFORNIA DURING THE CLASS PERIOD FROM JULY 17, 2013 TO [INSERT DATE THE PRELIMINARY**
**APPROVAL ORDER IS ENTERED BY THE COURT], EXCEPT FOR ADMINISTRATIVE OFFICE STAFF.**

**THIS LEGAL NOTICE MAY AFFECT YOUR RIGHTS, PLEASE READ IT CAREFULLY**

<u>**IMPORTANT:** *Enclosed please find a*</u>
*<u>Claim Form. If you worked for Defendants after December 13, 2017, you will also receive a check because</u>*
*<u>a court has approved the release of your</u>*
<u>*claims that you had on a representative and individual basis under the Private Attorneys General Act of*</u>
<u>*2004 ("PAGA") and therefore you been deemed a PAGA Releasee under the terms of an agreement*</u>
<u>*between Defendants (as defined below) and Plaintiffs approved by the Court on [INSERT DATE]. You*</u>
<u>*will have the opportunity to receive additional sums pursuant to this settlement if you elect to release your*</u>
<u>*additional claims. To receive additional settlement funds you will need to complete, sign and submit the*</u>
<u>*enclosed Claim Form. By making a claim you will also, to the extent required by law, be opting into a*</u>
<u>*lawsuit under the Fair Labor Standards Act ("FLSA") and releasing your claims under the FLSA. You*</u>
<u>*may elect to opt out of this case and release all but your PAGA claims that have already been released. To*</u>
<u>*opt out you must do so following the instructions below. If you do nothing. i.e. do not opt out and you do*</u>
<u>*not make a claim, you will be releasing your claims. but you will be waiving your right to receive further*</u>
<u>*funds.*</u>

| History and Summary of Lawsuit |
|---|

This Notice is to inform you about the settlement of a pending class action lawsuit and your rights under the terms of the settlement.

This class action lawsuit, entitled *Gary Middle Rider et al. v. Moving Solutions et al.,* Case No. 17-cv-04015LHK, was filed alleging that Moving Solutions, Inc. ("Moving Solutions"), Chartwell Staffing Services, Inc. ("Chartwell") and Managed Facilities Solutions, LLC ("MFS") (collectively, "Defendants") violated applicable provisions of the Labor Code, the Business and Professions Code and the Industrial Welfare Commission's (the "IWC") Wage Orders with respect to non-exempt employees that engaged in office moving duties by doing all of the following; 1) failing to pay all wages under the Fair Labor Standards Act; 2) failing to all wages including California Overtime Wages; 3) failing to provide accurate itemized wage statements; and 4) failing to provide meal and rest breaks. The lawsuit further sought penalties against Defendants for: 5) waiting time penalties; 6) unfair competition; and 7) violations of the Private Attorneys General Act of 2004 ("PAGA"). The Plaintiffs who filed the lawsuit sought to pursue the case as a class and/or representative action on behalf of other non-exempt employees that engaged in office moving duties, including you.

Defendants deny all allegations of wrongdoing and maintain that they complied at all times with applicable laws, rules, and regulations at issue in this litigation.

The Parties engaged in contested litigation, including discovery of thousands of pages of documents and payroll records for Settlement Class Members over the entire Class Period, reviewed and analyzed

timekeeper data for Settlement Class Members over the entire Class Period, reviewed documents relating to the financial condition of Defendants and their ability to satisfy any judgment, and mediation. Those negotiations led to an agreement to settle the case, which was memorialized in a formal Joint Stipulation of Class Action Settlement, which the Court has preliminarily approved. The Court has not ruled on the merits of the lawsuit.

## Who is Affected by this Settlement?

The Settlement affects all current and former hourly, non-exempt employees who are employed or have been employed by Defendants in the State of California at any time between July 17, 2013 and [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED WITH THE COURT], except for administrative office staff (the "Class"). It does not affect Chartwell's employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC. The identities of the members of the Settlement Class have been ascertained from records of Defendants. You are receiving this Notice because such records show that you are a member of the Settlement Class.

## What are the Benefits of Settlement to the Class?

Plaintiffs, on one hand, and Defendants, on the other hand, disagree as to whether there is any liability, including but not limited to: 1) whether the case is appropriate for treatment as a class or representative action; 2) whether the Settlement Class is owed any unpaid wages or penalties; and 3) the amount of wages or penalties owed, if any. Defendants raised numerous defenses to Plaintiffs' claims and those defenses could significantly reduce or even eliminate any liability or damages owed to the Settlement Class. Accordingly, there were significant risks to the Settlement Class associated with continuing the lawsuit and significant benefits to settling the lawsuit short of trial. The Settlement was negotiated by the Parties after thorough examination of time and payroll records. Having considered the benefits and risks associated with further litigation, counsel for the Plaintiffs ("Class Counsel") determined that settlement of the case under the terms described in this Notice is a fair and reasonable compromise that is in the best interests of the Settlement Class. Finally, the terms of the Settlement were reviewed by the Court and the Court has approved the PAGA portion of the Settlement and preliminarily approved the remaining portion of the Settlement as being fair and reasonable to the members of the Settlement Class.

## What is the PAGA Settlement?

In bringing this lawsuit, Plaintiffs are seeking among other things civil penalties pursuant to Private Attorneys General Act of 2004 ("PAGA"), a law which allows Plaintiffs to stand in the shoes of the government and try and recover penalties on the government's behalf and on behalf of those employees Plaintiffs claim were "aggrieved" by Defendants' alleged violation of California Labor laws, including claims for unpaid wages and overtime, off-the-clock work, meal and rest breaks, and record-keeping violations, in connection with work performed by the Settlement Class Members during the period from December 13, 2017 through [INSERT THE DATE THE PRELIMINARY APPROVAL ORDER IS FILED] (the "PAGA Settlement Period").

It is important to note that Defendants deny these claims and they further deny that they owe any penalties to the government or to you, and assert that they have fully complied with all applicable wage and hour laws. Nevertheless, to avoid further costs and time in defending the lawsuit, Defendants have settled the case, and the Court has approved the settlement and release of PAGA Claims described below.

Defendants have agreed to pay a total of $470,000 ("Maximum Settlement Fund") to settle all claims arising out of the lawsuit. The Court has approved the PAGA portion of the settlement, so $10,000 of the Maximum Settlement Fund is being paid to resolve the PAGA Claims described below ("PAGA Payment"), with seventy-five percent (75%) being paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the PAGA Releasees. You will receive a check in the amount of_____ because a court has approved the release of your claims that you had on a representative and individual basis under PAGA and therefore you have been deemed a PAGA Releasee under the terms of the settlement agreement approved by the Court on

_____. One hundred percent (100%) of this PAGA payment to you is considered penalties. Your portion of the PAGA Payment is calculated based on the number of weeks you performed work in California for Defendant(s) during the PAGA Settlement Period. It is agreed by the Parties that to the extent that Defendants' timekeeping records reflect a PAGA Releasee had no Weeks Worked, Defendants will provide a good faith estimate, based on existing data available, the number of Weeks Worked. If, however, it is not curable by a good faith estimate, such individual is deemed to have one (1) Week Worked for the purposes of this settlement. You may be issued an IRS Form 1099 for your share of this PAGA Payment.

Any questions regarding the amount of your PAGA Payment Check should be directed to the Settlement Administrator at the address listed below. You will not be retaliated against for cashing the check. It is entirely up to you if you cash your check or not. Checks that are not cashed or negotiated within 180 days of mailing shall be transmitted to the State of California and be submitted to the State of California unclaimed property fund in the payees's name. Regardless of what you do with this check, by law and Court order, your PAGA Claims as described below have been released.

This PAGA portion of the settlement resolves any and all PAGA claims and recoverable remedies under PAGA, arising during the PAGA Settlement Period, by any PAGA Releasee, including you. All PAGA Releasees, including you, and all persons purporting to act on the PAGA Releasees' behalf or purporting to assert a claim under or through them, shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all PAGA claims premised in whole or in part on any of the following claims: (a) all disputes, claims, and/or causes of action pleaded or which could have been pleaded in and arising from the facts, claims and/or allegations in the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint concerning Defendants, and all claims (including penalties arising from such claims) under Cal. Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, Cal. Civil Proc. Code § 1021.5, Cal. Bus. & Prof. Code §§ 17200 et seq., California IWC Wage Orders, the Minimum Wage Orders, the Fair Labor Standards Act, damages, penalties, interest, attorney's fees, costs, and other amounts recoverable under the causes of action under California law and/or federal law, and interest, attorney's fees and costs based in whole or in part on the allegations and/or claims in the Action during the PAGA Settlement Period; and (b) all claims of any and every nature based on off-the-clock work, minimum wage, overtime, meal and rest break claims, paycheck-related claims, payroll records maintenance, wage statement claims, waiting time penalties, California IWC Wage Order claims and Unfair Competition Law claims that arose during the PAGA Settlement Period (collectively, the "PAGA Claims"). "Released Parties" mean Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them. (You may read a fuller description of the types of claims being released by viewing the Parties' "Joint Stipulation of Class Action Settlement," the Complaints and Plaintiffs' December 13, 2018 and December 22, 2018 letters to the LWDA as noted below.)

| **What are the Terms of the Remaining Portions of the Settlement?** |
|---|

As stated above, Defendants have agreed to pay a total of $470,000 ("Maximum Settlement Fund") to settle all claims arising out of the lawsuit and the Court has already approved the PAGA portion of the settlement. The remaining portion of the settlement is described below.

The remainder of the Maximum Settlement Fund will be used to pay all Settlement Class Members' settlement and release of the Released Claims described below, claims administration costs estimated to be no greater than $_____, litigation costs and attorneys' fees for Class Counsel estimated not to exceed $117,500, "incentive awards" to Plaintiffs as the Class Representative (up to $5,000 each, for a maximum total of $20,000), and employer's share of corporate federal, state and/or local taxes that is owed on the portion of the payments to Plaintiffs and Settlement Class Members that constitutes wages. The balance of the settlement — the Net Settlement Fund — will be distributed to Settlement Class Members who timely submit a completed Claim Form to the Settlement Administrator and do not opt out ("Claimant") in accordance with the Plan of Distribution described below.

In exchange for payment of the remaining portion of the Maximum Settlement Fund, Plaintiffs have agreed to dismiss and release all claims of the members of the Settlement Class with prejudice, in connection with only all claims which were or could have been asserted in the lawsuit based on the facts alleged in the Complaints described more fully below. This means that all Settlement Class Members who do not opt out will be barred from seeking, among other things, any other relief on any and all claims for unpaid wages and overtime arising out of federal and state law, off-the-clock work, meal and rest breaks, record-keeping violations, penalties, interest and attorneys' fees (including administrative proceedings) in connection with work performed for Defendants in California during the Class Period, and will be bound by the terms of the settlement, even if they take no action in response to this Notice. However, you cannot opt out of the PAGA Payment and release of PAGA Claims.

The Net Settlement Fund will be distributed according to the Plan of Distribution described below to members of the Class who timely submit a completed Claim Form and do not exclude themselves from this settlement ("Claimant").

Class Counsel have not yet received any payment for the services that they provided in the litigation on behalf of the named Plaintiffs and the Settlement Class Members, nor have they been reimbursed for their out-of-pocket expenses incurred on behalf of the Settlement Class Members, which are expected not to exceed $_____. Class Counsel will file a motion with the Court to approve a payment of attorneys' fees to Class Counsel in an amount not to exceed $117,500, which is equal to 25% of the Maximum Settlement Fund, plus reimbursement of the litigation costs they advanced in an amount not to exceed $_____, all of which would be paid to Class Counsel from the $470,000 Maximum Settlement Fund. The attorneys' fees must be approved by the Court and will not exceed 25% of the Maximum Settlement Fund. These fees will serve to compensate Class Counsel for their efforts in achieving the settlement for the benefit of the Settlement Class Members and for their risk in undertaking this representation on a contingency basis. Class Counsel have already spent many hours investigating this case, reviewing payroll and time records information provided by Defendants, researching Settlement Class Members' claims, and negotiating this settlement for the Settlement Class Members. They will incur additional hours overseeing the final approval and implementing the plan of distribution. You have the right to review Class Counsel's motion for attorneys' fees and costs, which will be filed with the Court.

**Plan of Distribution of the Net Settlement Amount.**

The Net Settlement Amount (the Maximum Settlement Fund less proposed Class Representative Enhancements, the Class Counsel Award, PAGA Payment, PAGA Payment Checks, Employers' Taxes, and the Settlement Administration Costs) will be distributed to all Claimants. Claimants consist of those Settlement Class Members who: (1) timely submit a completed Claim Form to the Settlement Administrator as described below; and (2) do not opt out of the Class Settlement.

The Net Settlement Amount — which is estimated to be $_____, less employer's share of taxes — will be disbursed to the Claimants based on the Plan of Distribution described below and approved by the Court.
Each Claimant shall be entitled to a pro rata portion of the Net Settlement Amount. Individual Settlement Payments will be awarded to Claimants from the Net Settlement Amount based on the number of weeks worked in California as an employee for Defendants during the Class Period by an individual Claimant divided by the total number of weeks worked in California for Defendant during the Class Period by all Claimants, as regularly recorded on Defendants' timekeeping systems then in effect. It is agreed by the Parties that to the extent that Defendants' timekeeping records reflect a Claimant had no Week Worked, Defendants will provide a good faith estimate, based on existing data available, the number of Weeks Worked. If, however, it is not curable by a good faith estimate, such individual is deemed to have one (1) Week Worked for the purposes of this settlement. This formula used to determine Individual Settlement Payments is expressed as follows:

$$\frac{\text{\# Weeks Worked by Claimant}}{\text{\# Weeks Worked by All Claimants}} = \text{\% of Net Settlement Amount Payable to the Claimant}$$

The total Individual Settlement Payment made to each Claimant shall be comprised of three amounts: 1) 20% designated as wages subject to appropriate withholdings for which an IRS Form W-2 will be issued; 2) 40% designated as penalties for which an IRS Form 1099 Misc. may be issued; and 3) 40% designated as interest for which an IRS Form 1099 Misc. may be issued. Applicable income taxes and applicable payroll taxes will be withheld for the 20% portion of the Individual Settlement Payment designated as wages to each Claimant.

Your enclosed Claim Form sets forth the number of weeks you performed work for Defendants between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] based on Defendants' records and your estimated share of the Net Settlement Amount. Please note that to the extent Defendants' timekeeping systems reflect that you had worked zero weeks in California as an employee for Defendants during the Class Period and Defendants are unable to provide a good faith estimate, you would be deemed to have worked one such week for purposes of this settlement and this would be reflected in your Claim Form. If you disagree with the number of weeks you worked, please complete the Claim Form and state the number of weeks between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] that you worked and attach any and all documents that support your claim (such as paystubs, cancelled checks, etc.). All such Claim Form and challenges must be mailed to the Settlement Administrator with a postmark date on or before [INSERT DATE]. Please be advised that the number of weeks stated in the Claim Form is presumed to be correct unless the documents you submit prove otherwise.

| **Designated Class Settlement Administrator.** |
| --- |

The Settlement Administrator, as agreed upon by the Parties and approved by the Court, is KCC, LLC and its mailing address and contact information is:

### [INSERT NAME, ADDRESS AND TELEPHONE NUMBER]

ALL CLAIM FORMS AND REQUESTS TO OPT OUT MUST BE MAILED TO KCC'S ADDRESS LISTED ABOVE. ALSO, ALL QUESTIONS AND INQUIRIES REGARDING ADMINISTRATION OF THE SETTLEMENT MAY BE DIRECTED TO KCC.

| **How to Receive Your Portion of the Net Settlement Fund.** |
| --- |

In order to receive your portion of the Net Settlement Amount, you must fully complete the enclosed Claim Form in its entirety, sign the Claim Form and mail the enclosed Claim Form to the Settlement Administrator, KCC, LLC at its address listed above. **The Claim Form must be postmarked no later than [INSERT DATE].** By signing the Claim Form, you are consenting to the terms of the Settlement and agreeing, to the extent required by law, to opt into the action pursuant to the FLSA and to release your claims, including those under the FLSA.

If you lost, misplaced, or need another Claim Form, you may contact the Settlement Administrator or any of the Class Counsel listed below.

Under the schedule contemplated by the Parties, the earliest possible date that settlement checks for the Individual Settlement Payments and PAGA Payment Checks could possibly be mailed is_____
_____, 2019, and the date could very well be later than that. If you have any questions regarding the settlement or the payment process, please call the Settlement Administrator or the attorneys listed below. Please do not call the Court. It is expected that you will be mailed a check by about _____, 2019 if the settlement is finally approved, and that the Settlement Administrator will calculate the amount of your settlement check pursuant to the Plan of Distribution after the case has been finally approved by the Court and become effective.

Upon receipt of your settlement check, it will be your responsibility to cash the check before the expiration date of the check (180 days from the check's issuance). Checks that are not cashed or negotiated within 180

days of mailing shall be transmitted to the State of California and be submitted to the State of California unclaimed property fund in the payees' name.

## Right to Opt Out of the Settlement.

Settlement Class Members will not have the opportunity to opt out of the PAGA Payment and/or release of PAGA Claims. However, if you do not want to be bound by the remaining terms of the settlement, including the additional release below, you may exclude yourself ("opt out") by sending written notice of your intention to opt out to the Settlement Administrator, KCC, LLC at its address listed above. The Opt-Out Request must be in writing and include (1) the full name of the person seeking exclusion; (2) a statement that the person seeking exclusion requests exclusion from the Settlement Class and does not wish to participate in the settlement; and (3) signed by the person seeking exclusion. Any person who opts out will not be affected by the terms of the Settlement, except that they will be bound by the release of PAGA Claims. *Any Opt-Out Request must be postmarked no later than_____ , 2019.*

If you submit a timely and valid written opt out, you will no longer be a member of the Settlement Class, and you will not be eligible to receive any additional money under the Settlement or object to the terms of the Settlement. However, you will not be bound by the additional release described below, and may pursue any claims you may have, except for PAGA Claims, at your own expense, against Defendants.

## Right to Object to the Settlement.

Any member of the Settlement Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, then no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, except you may not object to the PAGA Payment and release of PAGA Claims. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *(Gary Middle Rider et al. v. Moving Solutions et al.,* Case No.: 17-CV-04015 LHK), (b) be filed with the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, and (c) be filed or postmarked on or before _____ , 2019. Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement.

If you first request exclusion from, and opt out of, the settlement and then object, the objections will not be considered valid. If you object and then request exclusion from, and opt out of the settlement, you will be deemed to have waived your objection. If you submit both a Claim Form and a request for exclusion, only the Claim Form will be valid.

## Right to Do Nothing.

If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement, including all of the releases, but you will not receive any money from the Net Settlement Fund.

## Final Settlement Approval Hearing.

The Court has already approved the PAGA portion of the Settlement and has preliminarily approved the remaining portions of the Settlement. To decide whether to give final approval to the remaining portion of the Settlement, and whether to approve Class Counsel's application for attorneys' fees and costs, the Court will hold a Final Approval and Fairness Hearing on _____ , 2019, at _____ a.m./p.m. in the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 8. If you wish to

appear at the hearing, you must file your objection pursuant to the procedure described above, no later than
_____ , 2019. It is possible that the
hearing date or time will be changed, so you should check the Court's calendar before attending if you plan
to attend. You do not need to appear at the hearing in order to receive your share of the Net Settlement
Amount.

## Effect of the Settlement — What is the additional release?

The settlement is intended to settle and fully release and discharge any and all claims against Defendants and all
of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors,
assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered
representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in
concert with any of them (the "Released Parties") from any and all PAGA Claims and Released Claims (deemed
below) to the maximum extent permitted by law.

As of the Effective Date and to the maximum extent permitted by law, all Settlement Class Members who do
not timely and validly opt out and all persons purporting to act on their behalf or purporting to assert a claim
under or through them, shall be deemed to have fully, finally, and forever released, settled, compromised,
relinquished and discharged any and all of the Released Parties of and from any and all of the following claims
to the maximum extent permitted by law: any and all claims, debts, liabilities, demands, obligations, penalties,
guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature,
whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have
arisen out of the same facts alleged in the Action, including, but not limited to claims for: (a) failure to pay
overtime wages; (b) failure to pay regular wages; (c) failure to pay minimum wages; (d) failure to provide meal
periods; (e) failure to authorize and permit rest periods; (f) failure to timely pay wages at the termination of
employment; (g) failure to provide accurate, itemized wage statements; (h) all claims under PAGA that could
have been premised on the claims, causes of action or legal theories described above in (a)-(g) (the PAGA
Claims); (i) all claims for unfair business practices under California Business &Professions Code Section
17200 et seq. that could have been premised on the claims, causes of action or legal theories of relief described
above in (a)-(g); and (j) all damages, including, but not limited to, liquidated damages, civil and statutory
penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief
identified above in (a)-(g).   This Release shall include, without limitation, claims that were raised, or that
reasonably could have been raised, under the Fair Labor Standard Act or applicable Wage Orders and
California Labor Code provisions, including Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512,
551, 552, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2698 et seq., and Code Civ. Proc., § 1021.5,
based on alleged violations of these Labor Code provisions (collectively, the "Released Claims").  The period
of the Released Claims shall extend from July 17, 2013 through the Preliminary Approval Date.

If you are a Settlement Class Member and do not elect to properly opt out from the Settlement, you will be
deemed to have entered into this release and to have released the above-described Released Claims. However,
you will still be bound by the release of the PAGA Claims regardless of whether or not you opt out of the
Settlement Class or cash the PAGA Payment Check. If the settlement is approved by the Court and becomes
final, the entire settlement will be consummated. If the settlement is not approved by the Court or does not
become final for some other reason, the litigation will continue.

## Update to Your Contact Information.

It is your responsibility to keep a current address and telephone number on file with the Settlement
Administrator, to ensure receipt of your Individual Settlement Payment, PAGA Payment Check, and
applicable tax forms if the settlement is given final approval by the Court. If you change your mailing
address, you should promptly contact the Settlement Administrator and provide the Settlement
Administrator your new address and contact information.

## How to Obtain More Information About the Lawsuit or Settlement.

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Joint Stipulation of Class Action Settlement, the Complaints in this Action, and Plaintiffs' letters to the LWDA by contacting Class Counsel at the address or telephone number set forth below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

This Notice has been reviewed and approved by the United States District Court for the Northern District of California. If you have any questions regarding the lawsuit, how it affects your rights, or how to file a claim, please contact the Settlement Administrator or Class Counsel listed below. Please do not contact the Court.

## CLASS COUNSEL

James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA  95112
Telephone:        (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**
606 North First Street
San Jose, CA  95112
Telephone:        (408) 286-7000

**16.  How can I receive more information?**

For further information, you may also telephone the Claims Administrator, KCC, LLC (listed above), or Class Counsel (listed above).  Please do not telephone the Court, the Office of the Clerk, or Defendants' counsel for information regarding this settlement.

# EXHIBIT 2

**Gary Middle Rider et al. v. Moving Solutions, Inc. et al.**

**United States District Court, Northern District of California**
**Case No.: 17-cv-04015LHK**

<u>CLAIM FORM</u>

**INSTRUCTIONS: PLEASE COMPLETE THIS CLAIM FORM AND TIMELY RETURN THIS FORM TO THE SETTLEMENT ADMINISTRATOR IF YOU WANT TO CLAIM YOUR SHARE OF THE NET SETTLEMENT FUND, IN EXCHANGE FOR RELEASE YOUR RELEASED CLAIMS AS DESCRIBED IN THE NOTICE OF PAGA AND CLASS ACTION SETTLEMENT THAT ACCOMPANIES THIS FORM. YOU MUST <u>COMPLETE IN FULL,</u> SIGN, DATE AND MAIL THIS CLAIM FORM ON OR BEFORE [INSERT DEADLINE], ADDRESSED AS FOLLOWS:**

> **[INSERT NAME, ADDRESS AND TELEPHONE NUMBER]**

**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED**

**I. <u>CLAIMANT IDENTIFICATION:</u>**

[ID]
[NAME]
[ADDR1]
[ADDR2]
[CITY] [STATE] [ZIP]
[TELEPHONE NO.]

Name/Contact Information Changes (if any)

_____

_____

_____

_____

**II. <u>EMPLOYMENT INFORMATION:</u>**

Based on our records, you performed work in California as a non-exempt employee, other than administrative office staff, for Defendants Chartwell Staffing Services, Inc., Moving Solutions, Inc., and/or Managed Facilities Solutions, LLC for _____ weeks between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] ("Class Period"), and your estimated share of the Net Settlement Fund is $ _____.

If you agree with the information stated above, please complete the last section where indicated below, and return the completed Claim Form to the Settlement Administrator postmarked on or before [INSERT DEADLINE], to receive your monetary recovery.

If you disagree with the number of weeks you worked, please state the total number of weeks between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] that you believe you have performed work in California for Defendants, complete the last section of this Claim Form where indicated, attach any and all

documents that support your claim (such as paystubs, cancelled checks, time records, etc.), and return the completed Claim Form and attachments to the Settlement Administrator with a postmark date on or before [INSERT DATE].

Please be advised that the number of weeks stated above is presumed to be correct unless the documents you submit prove otherwise.

I disagree with the information stated above. I believe I have performed work in California for Defendants during _____ weeks between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL].

### III. <u>ACKNOWLEDGMENT OF RELEASE OF SETTLED CLAIMS.</u>

By completing this Claim Form and accepting the benefits under this Settlement, I hereby agree that I, and all persons purporting to act on my behalf or purporting to assert a claim under or through me, hereby fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all of the following claims to the maximum extent permitted by law: any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have arisen out of the same facts alleged in the Action, including, but not limited to claims for: (a) failure to pay overtime wages; (b) failure to pay regular wages; (c) failure to pay minimum wages; (d) failure to provide meal periods; (e) failure to authorize and permit rest periods; (f) failure to timely pay wages at the termination of employment; (g) failure to provide accurate, itemized wage statements; (h) all claims under PAGA that could have been premised on the claims, causes of action or legal theories described above in (a)-(g) (the PAGA Claims); (i) all claims for unfair business practices under California Business &Professions Code Section 17200 et seq. that could have been premised on the claims, causes of action or legal theories of relief described above in (a)-(g); and (j) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief identified above in (a)-(g). This Release shall include, without limitation, claims that were raised, or that reasonably could have been raised, under the Fair Labor Standard Act or applicable Wage Orders and California Labor Code provisions, including Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2698 et seq., and Code Civ. Proc., § 1021.5, based on alleged violations of these Labor Code provisions (collectively, the "Released Claims"). The period of the Released Claims shall extend from July 17, 2013 through [INSERT DATE OF PRELIMINARY APPROVAL].

By completing this Claim Form and accepting the benefits under this Settlement, I certify that I am the person named above. I acknowledge that I have received and reviewed the Notice of PAGA and Class Action Settlement. I understand and agree that by signing this Claim Form, I agree, to extent required by law, to opt in to the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and to release my claims as described in this Claim Form, Notice of PAGA and Class Action Settlement, and the Joint Stipulation of Class Action Settlement. I understand that I can obtain a copy of the Joint Stipulation of Class Action Settlement from the Settlement Administrator, KCC, LLC, and that I may contact Class Counsel if I have any questions.

**I declare under penalty of perjury that the above information is correct.**

Date: _____

Signature: _____

Name: _____

Last Four Digits of Social Security Number: _____

3

# EXHIBIT 3

1  James Dal Bon, California Bar No. 157942
   **LAW OFFICES OF JAMES DAL BON**
2  606 North First Street
   San Jose, CA 95112
3  Telephone: (408) 466-5845

4
   Victoria L. H. Booke, California Bar No. 142518
5  **LAW OFFICES OF BOOKE & AJLOUNY, LLP**
   606 North First Street
6  San Jose, CA 95112
   Telephone: (408) 286-7000
7

8
   Attorneys for Plaintiffs and the Settlement Class
9

10

11                **UNITED STATES DISTRICT COURT**

12      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14  ALBERT ARELLANO, ROBERT            Case No. 17-CV-04015 LHK
    GARZA, DANIEL CORONADO,
15  JOSE DON CORONADO,                 **[PROPOSED] ORDER**
                                       **APPROVING PAGA**
16  PLAINTIFFS AND PUTATIVE            **SETTLEMENT, CERTIFYING**
    PLAINTIFFS                         **SETTLEMENT CLASS, AND**
17                                     **PRELIMINARILY APPROVING**
                     Plaintiffs,       **CLASS SETTLEMENT**
18
                                       Hon. Lucy H. Koh
19          v.

20  MOVING SOLUTIONS, a California
    Corporation MANAGED
21  FACILITIES SOLUTIONS, LLC a        Date:
    California Limited Liability Company  Time:
22  and CHARTWELL STAFFING            Courtroom: 8
    SOLUTIONS, INC a new York          Location: San Jose Courthouse, 280
23  Corporation licensed to do business in  South 1st Street, San Jose, CA 95113
    California
24
                     Defendants.
25

26

27

28
   USA01\12371998
   [PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING
   CLASS SETTLEMENT -- 17-CV-04015-LHK

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE SUITE 1500
IRVINE, CA 92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

USA01\12371998

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING
CLASS SETTLEMENT – 17-CV-04015-LHK

1    Plaintiff's unopposed motion to certify a settlement class and to approve a

2    PAGA settlement and preliminarily approve a class settlement came on for hearing

3    before this Court on [INSERT DATE], the Honorable Lucy H. Koh presiding.

4    Having fully considered the papers submitted in support of the motion and having

5    carefully analyzed the Joint Stipulation of PAGA and Class Action Settlement, the

6    Notice of PAGA and Class Action Settlement, and the Claim Form and in

7    recognition of the Court's duty to make a preliminary determination as to the

8    reasonableness of a proposed class action settlement, the Court hereby GRANTS

9    Plaintiff s motion as follows:

10    **BACKGROUND OF THE LAWSUIT**

11    1.    This class action lawsuit alleges that Defendants Moving Solutions,

12    Inc., Managed Facilities Solutions, LLC, and Chartwell Staffing Services, Inc.

13    ("Defendants") violated applicable provisions of the Fair Labor Standards Act,

14    California Labor Code, the California Business and Professions Code and the

15    California Industrial Welfare Commission's (the "IWC") Wage Orders with respect

16    to California non-exempt employees who engaged in office moving duties with

17    respect to the following: (1) Failure to Pay all Wages Under the Fair Labor

18    Standards Act; (2) Failure to Pay All Wages Including California Overtime Wages;

19    (3) Failure to Pay All Wages at the End of Employment; (4) Failure to Provide

20    Accurate Itemized Wage Statements; (5) Failure to Provide Meal and Rest Breaks;

21    (6) Violation of California Unfair Competition Law; and (7) violation of the Private

22    Attorneys General Act of 2004 ("PAGA").

23    2.    Through substantial formal and informal discovery, Defendants

24    provided Plaintiffs' counsel with thousands of pages of time and payroll records, the

25    written policies relevant to Plaintiffs' claims, aggregate class member data during

26    the relevant time period, and extensive documents indicating the financial condition

27    of Defendants Chartwell and Managed Facilities Solutions, LLC.

28    3.    On November 30, 2018, the Parties attended private mediation with

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DR., SUITE 1500
IRVINE, CA 92612-4414

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING
CLASS SETTLEMENT – 17-CV-04015-LHK

1  Hon. Jacobs-May (Ret.), where the Parties reached a settlement, as provided herein,

2  to resolve Plaintiffs' claims on a class and representative action basis.

3      4.      Following execution of the Memorandum of Understanding, the Parties

4  negotiated and executed a Joint Stipulation of PAGA and Class Action Settlement

5  (the "Settlement Agreement"), filed with the Court on [INSERT DATE]. A true and

6  correct copy of the fully-executed Settlement Agreement is attached as Exhibit 1 to

7  the Declaration of [NAME] ("[NAME] Declaration") The Settlement Agreement

8  provides for the full settlement and release of all PAGA, class and representative

9  claims encompassed by the Complaint, the First Amended Complaint, the Second

10  Amended Complaint, the Third Amended Complaint, and otherwise sets forth the

11  terms of the proposed Settlement which is before the Court for approval. Defendants

12  continue to deny all allegations of wrongdoing, and do not admit or concede that

13  they have, in any manner, violated the Fair Labor Standards Act, California Labor

14  Code, the California Unfair Competition Law, any Wage Orders or any other law.

15  Defendants also deny that this case is appropriate for class action treatment other

16  than for purposes of settlement.

17  **CERTIFICATION OF SETTLEMENT CLASS**

18      5.      Based on the findings and conclusions set forth below in

19  Subparagraphs (a)-(e) of Paragraph 6, the Court determines that this case meets the

20  requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal

21  Rules of Civil Procedure for purposes of settlement, and hereby orders that this case

22  is certified as a class action, for purposes of settlement only, on behalf of the

23  following class: "All current and former hourly, non-exempt employees, except for

24  administrative office staff, who are employed or have been employed by Defendants

25  in the State of California from July 17, 2013 through the date the Preliminary

26  Approval Order is entered by the Court." The class does not include Chartwell's

27  employees who were not placed to work for Defendant Moving Solutions, Inc. or

28  Defendant Managed Facilities Solutions, LLC.

6.     The findings and conclusions that follow are based on the Court's consideration of: the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and declaration; the allegations, information, arguments, and authorities provided in connection with the Complaints filed in this case; Defendants' agreement, for settlement purposes only, not to oppose certification of the settlement class specified in the Settlement Agreement; the terms of the Settlement; and the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

a.     <u>Numerosity</u>. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are more than 1,000 class members.  Settlement Class Members' identities can be ascertained from Defendants' records.

b.     <u>Common Questions of Law or Fact</u>. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to: whether Defendants have violated the Fair Labor Standards Act; whether Defendants violated California Labor Code §§ 226.2, 510, and 1194 by failing to pay employees for all hours worked; whether Defendants violated California Labor Code §§ 226.2, 1194, 1194.2, 1194.3, 1197 and 1197.1 by failing to pay minimum wage for all hours worked; whether Defendants violated California Labor Code §§ 226, 226.2 and 226.3 by failing to provide accurate wage statements; whether Defendants violated California Labor Code §§ 510 and 1194 and IWC Wage Order 4 by failing to pay overtime compensation; whether Defendants violated California Labor Code §§ 226.7 and 512 and IWC Wage Order 4 by failing to provide rest and meal periods; whether Defendants are liable for waiting time penalties pursuant to California Labor Code §§ 201, 202, 203; whether Defendants violated California Labor Code § 558; whether Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to pay

minimum wages and overtime wages and failing to provide meal and rest breaks.

        c.     Typicality of the Representative Plaintiffs' Claims. The Court finds that, for purposes of this settlement only, the claims of Plaintiffs are typical of the claims of the Class, in that their claims arise from the same alleged events and course of conduct as the claims of the Class, and are based on the same legal theories.

        d.     Fair and Adequate Representation of the Class's Interests. The Court finds that, for purposes of this settlement only, the Representative Plaintiffs will fairly and adequately represent the Class's interests, in that the Representative Plaintiffs for purposes of this settlement have the same interests as all members of the Class, have diligently and zealously prosecuted this action to date, and are represented by experienced and competent attorneys who have the resources necessary to represent the Class. The Court hereby appoints Plaintiffs as the Class Representatives, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

        e.     Predominance and Superiority of the Class Action Procedure. The Court concludes that, for purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of the controversy.

        7.     Appointment of Class Counsel. The Court hereby appoints, for purposes of this settlement only James Dal Bon of Law Offices of James Dal Bon and Victoria L.H. Booke of Law Offices of Booke & Ajlouny, LLP as counsel for the settlement class ("Class Counsel"). In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Class Counsel have extensive experience in handling class actions and the types of claims asserted in this action;

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

that Class Counsel is very knowledgeable of the applicable law; and that Class Counsel have committed and will continue to commit adequate resources to representing the Class.

8.    <u>Appointment of Settlement Administrator</u>.  The Court appoints KCC, LLC as the Settlement Administrator.

### **PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

9.    The Court has reviewed the terms of the Settlement and the description of the Settlement set forth in Plaintiffs' moving papers. Based on that review, the Court concludes that the Class Settlement has no obvious deficiency, appears to be fair, reasonable, and adequate, and is within the range of possible settlement approval such that notice of the proposed class settlement to the Class is appropriate.

10.    The Court has read and considered the [NAME] Declaration in support of the Motion for preliminary approval. Based on the Court's review of that Declaration, the Court finds that the Settlement was negotiated at arms-length and is not collusive. The Court further finds that Class Counsel were adequately informed about Defendants' financial condition and the strengths and risks of the Class's case when they entered into the Settlement, and that they entered into the Settlement only after conducting extensive informal and formal discovery and investigation, which included interviewing the plaintiffs and other current and former employees of Defendants in California, reviewing and analyzing extensive work and payroll data for the Class produced by Defendants in the course of discovery, and estimating potential Class recoveries on a per week or pay period basis based thereon.

11.    As to the proposed distribution plan for the Net Settlement Fund ("Distribution Plan") set forth in the Agreement, the Court has read and considered the [NAME] Declaration and finds that the proposed Distribution Plan does not improperly grant preferential treatment to any segment of the Class. The Plan is rationally and reasonably related to the relative strengths and weaknesses of the claims asserted and the associated potential recoveries.

12.    The Court further finds on a preliminary basis that the payment of the
Incentive Awards of $5,000 each to the Representative Plaintiffs contemplated by
the Settlement is proper, fair, and reasonable in consideration of the facts that the
Representative Plaintiffs spent significant amounts of time assisting Class Counsel
in investigating and preparing the Class's claims, searching for and producing
documents, and that the Representative Plaintiffs provided an extensive individual
release to Defendants, in addition to the releases provided by all Settlement Class
Members.

13.    Accordingly, the Court hereby GRANTS preliminary approval to the
Class Settlement.

## APPROVAL OF THE PAGA SETTLEMENT

14.    The Court hereby grants approval of the PAGA Settlement, including
the settlement and release of the PAGA Claims, as defined in the Settlement
Agreement, and the payment of Ten Thousand Dollars ($10,000) from the
Maximum Settlement Fund to resolve the PAGA Claims ("PAGA Payment"). The
Settlement Administrator shall pay seventy-five percent (75%) of the PAGA
Payment, or $7,500, to the California Labor and Workforce Development Agency
("LWDA") no later than ten (10) calendar days after the Funding Date.  Twenty-five
percent (25%), or $2,500, shall be distributed pro rata to all PAGA Releasees, based
on the number of weeks worked by a PAGA Releasee, as a fraction of the total
weeks worked by all PAGA Releasees.  PAGA Releasees will not have the
opportunity to opt out of, or object to the PAGA Payment and settlement and release
of the PAGA Claims. The payment to each PAGA Releasee shall be made in the
form of a check to be mailed to each of them no later than ten (10) calendar days
after the Funding Date.

15.    Any PAGA Payment Checks that are not cashed within 180 days shall
escheat to the State of California and be submitted to the State of California
unclaimed property fund in the name of the PAGA Releasee who is the payee of the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    check pursuant to California Code of Civil Procedure section 1510 et seq.

2        16.    All PAGA Claims are hereby dismissed with prejudice as to the

3    Plaintiff and all PAGA Releasees.  The claims in this Action and the PAGA Claims

4    of each PAGA Releasee against Defendants, and against any and all of the Released

5    Parties as defined in the Settlement Agreement, are fully, finally, and forever

6    released, relinquished and discharged pursuant to the terms of the Settlement

7    Agreement.  All PAGA Releasees are permanently enjoined from pursuing or

8    seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement

9    to the maximum extent permitted by law.

10   **APPROVAL OF CLASS NOTICE AND CLAIM FORM**

11       17.    Plaintiffs have submitted for the Court's approval a proposed form of

12   Class Notice and Claim Form that have been jointly agreed upon by the Parties (see

13   Settlement Agreement, Exhs. 1 and 2). The proposed Class Notice appears to be the

14   best notice practical under the circumstances and appears to allow Settlement Class

15   Members a full and fair opportunity to consider the proposed Settlement and

16   develop a response. The Parties' proposed plan for distributing the Class Notice and

17   Claim Form set forth in the Settlement Agreement likewise appears to be a method

18   that is reasonably calculated to reach all members of the Class who would be bound

19   by the Settlement. Under this plan, a Settlement Administrator will distribute the

20   Class Notice and Claim Form to Settlement Class Members by U.S. First Class

21   Mail. There appears to be no additional method of distribution that would be

22   reasonably likely to result in the receipt of notice by Settlement Class Members who

23   may otherwise not receive notice pursuant to the proposed distribution plan.

24       18.    Accordingly, the Court HEREBY ORDERS that the Parties' proposed

25   forms and manner of distributing notice to the Class is approved. The Court directs

26   the mailing of the Class Notice and Claim Form by first-class mail to the Settlement

27   Class Members in accordance with the Implementation Schedule set forth below.

28   The Court finds the dates and process selected for the mailing and distribution of the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DR., SUITE 1500
IRVINE, CA 92612-4414

1   Notice and Claim Form, as set forth in the Implementation Schedule and the

2   Settlement Agreement, meet the requirements of due process and provide the best

3   notice practicable under the circumstances and shall constitute due and sufficient

4   notice to all persons entitled thereto.

5        19.    The Court orders the following Implementation Schedule for further

6   proceedings:

7            a.    Within ten (10) business days from the entry of this Preliminary

8   Approval Order, Defendants shall provide to the Settlement Administrator a

9   Microsoft Excel spreadsheet that includes the following information for each

10   Settlement Class Member: (1) full name; (2) last known address; (3) last known

11   home telephone number; (4) Social Security number; and (5) number of weeks

12   worked during the Class Period.

13            b.    Upon receipt of the Class Data, the Settlement Administrator will

14   perform a search based on the National Change of Address Database and/or similar

15   database(s) to update and correct any known or identifiable address changes.  No

16   later than seven (7) calendar days after receiving the Class Data from Defendants as

17   provided herein, the Settlement Administrator shall mail copies of the Notice Packet

18   to all Settlement Class Members via regular First Class U.S. Mail.  The Settlement

19   Administrator shall exercise its best judgment to determine the current mailing

20   address for each Settlement Class Member.  The address identified by the

21   Settlement Administrator as the current mailing address shall be presumed to be the

22   best mailing address for each Settlement Class Member.  In the event more than one

23   address is identified, then the Settlement Administrator shall mail to each potentially

24   valid address.

25            c.    Any Notice Packets returned to the Settlement Administrator as

26   non-delivered on or before the Response Deadline shall be re-mailed to the

27   forwarding address affixed thereto.  If no forwarding address is provided, the

28   Settlement Administrator shall promptly attempt to determine a correct address by

lawful use of skip-tracing, or other search using the name, address and/or Social Security number of the Settlement Class Member involved, and shall then perform a re-mailing, if another mailing address is identified by the Settlement Administrator. Settlement Class Members who received a re-mailed Notice Packet shall have their Response Deadline extended ten (10) calendar days from the original Response Deadline.

d.    Claim Forms must be completed and postmarked on or before the expiration of the Response Deadline and returned to the Settlement Administrator, in compliance with the terms of the Settlement Agreement and Class Notice. Settlement Class Members who submit a Claim Form shall be deemed to have consented to join the Action pursuant to the FLSA and released their claims under the FLSA as described in this Agreement to the extent required by law. Settlement Class Members who do not return a valid Claim Form with a postmark date on or before the expiration of the Notice Period are not entitled to an Individual Settlement Payment but shall remain subject to the release of the Released Claims as defined in this Agreement to the maximum extent permitted by law.

e.    Requests for exclusion from the Settlement must be postmarked on or before the expiration of the Response Deadline and returned to the Settlement Administrator, in compliance with the terms of the Settlement Agreement and Class Notice. Any Settlement Class Member may seek exclusion from the Settlement, except the PAGA portion of the settlement as provided in the Settlement Agreement. Requests for exclusion that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

f.    Objections to the Class Settlement must be filed with the Court by the close of the Response Deadline in compliance with the terms of the Settlement Agreement and Class Notice. Objections must state the specific grounds on which they are being made and include all supporting facts. If an objector intends

1  to appear at the Final Approval Hearing, either in person or through an attorney, the

2  objector must file and serve with the objection a notice of intention to appear at the

3  Final Approval Hearing. Objections that do not comply with this paragraph and the

4  requirements set forth in the Settlement Agreement and Class Notice shall not be

5  considered.

6  **FINAL APPROVAL HEARING REGARDING CLASS SETTLEMENT**

7      20.    A Final Approval and Fairness Hearing on the separate questions of

8  whether (i) the proposed Class Settlement, (ii) the proposed award of Class

9  Counsel's Fees and Expenses to Class Counsel, and (iii) the proposed Class

10  Representatives' Incentive Awards should be finally approved as fair, reasonable,

11  and adequate as to the members of the Class is scheduled for     a.m./p.m. on

12  _____ 2019, in the Courtroom of the Honorable Lucy H. Koh. All

13  briefs and materials in support of an Order Granting Final Approval of the Class

14  Settlement, an Order Granting Class Counsel's Attorneys' Fees and Costs, and an

15  Order granting the Class Representatives' Incentive Awards shall be filed and

16  served by _____, 2019.

17      21.    If, for any reason, the Court does not execute and file an Order of Final

18  Approval, or if the Effective Date of the Settlement does not occur for any reason,

19  the Settlement Agreement and the proposed Settlement that is the subject of this

20  Order, and all evidence and proceedings had in conjunction therewith, shall be

21  without prejudice to the status quo ante rights of the Parties to the litigation, as more

22  specifically set forth in the Settlement Agreement.

23      22.    This Order, the Settlement Agreement, and all papers related thereto,

24  are not, and shall not be construed to be, an admission by Defendants of any

25  liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of

26  any such liability, claim or wrongdoing or the appropriateness of class certification

27  in the non-settlement context in this Action or in any other proceeding. The

28  Settlement and this Agreement shall have no impact on the validity or enforceability

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING CLASS SETTLEMENT – 17-CV-04015-LHK

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  of the Arbitration Agreements entered into by some of the Settlement Class

2  Members, and the settlement shall not prejudice Defendants or the Released Parties

3  from seeking to enforce such Arbitration Agreements.

4        23.     Pending further order of this Court, all proceedings in this matter other

5  than those contemplated herein and in the Settlement Agreement are stayed.

6        24.     This Court reserves the right to adjourn or continue the Final Approval

7  Hearing from time to time without further notice to Settlement Class Members.

8        IT IS SO ORDERED.

9

10  Dated: _____, 2019

11                                       THE HONORABLE LUCY H. KOH,
                                     UNITED STATES DISTRICT COURT

12                                       JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

# EXHIBIT 4

1  James Dal Bon, California Bar No. 157942
   **LAW OFFICES OF JAMES DAL BON**
2  606 North First Street
3  San Jose, CA 95112
   Telephone: (408) 466-5845

4
   Victoria L. H. Booke, California Bar No. 142518
5  **LAW OFFICES OF BOOKE & AJLOUNY, LLP**
6  606 North First Street
   San Jose, CA 95112
7  Telephone: (408) 286-7000

8
9  Attorneys for Plaintiffs and the Settlement Class

10

11            **UNITED STATES DISTRICT COURT**

12    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14  ALBERT ARELLANO, ROBERT          Case No. 17-CV-04015 LHK
    GARZA, DANIEL CORONADO,
15  JOSE DON CORONADO,               **[PROPOSED] ORDER: (1)
                                     GRANTING FINAL APPROVAL
16  PLAINTIFFS AND PUTATIVE          OF CLASS ACTION
    PLAINTIFFS                       SETTLEMENT AND PLAN OF
17                                   DISTRIBUTION; (2) APPROVING
                      Plaintiffs,    CLASS REPRESENTATIVE
18                                   ENHANCEMENT PAYMENTS TO
             v.                      PLAINTIFFS; (3) APPROVING
19                                   ATTORNEYS' FEES TO CLASS
    MOVING SOLUTIONS, a California   COUNSEL; AND (4) RETAINING
20  Corporation MANAGED             JURISDICTION**
    FACILITIES SOLUTIONS, LLC a
21  California Limited Liability Company
    and CHARTWELL STAFFING           Hon. Lucy H. Koh
22  SOLUTIONS, INC a new York
    Corporation licensed to do business in
23  California
                                     Date:
24                    Defendants.    Time:
                                     Courtroom: 8
25                                   Location: San Jose Courthouse, 280
                                     South 1st Street, San Jose, CA 95113
26

27

28

USA01\12371998

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT -- 17-CV-04015-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    This matter came on for hearing on [DATE], on Plaintiffs Albert Arellano,

2    Robert Garza, Barbara Middle Rider, and Dan Coronado's ("Plaintiffs" or "Class

3    Representatives") Motion for Attorneys' Fees and Costs and unopposed Motion for

4    Final Approval of Class Action Settlement and for Judgment in this action on the

5    terms set forth in the Joint Stipulation of Class Action Settlement (the "Settlement

6    Agreement"), attached hereto as Exhibit 1.[1]  Due and adequate Notice having been

7    given to the members of the Class, and the Court having considered the Settlement

8    Agreement, all papers and proceedings held herein, and all oral and written

9    comments received regarding the proposed Class Settlement, and having reviewed

10   the entire record in this action, ALBERT ARELLANO et al., on behalf of

11   themselves and all others similarly situated, v. MOVING SOLUTIONS, INC. et al.,

12   Case No. 17-CV-04015 LHK ("the Action"), and good cause appearing, finds that:

13       WHEREAS, Plaintiffs have alleged claims against Defendants Moving

14   Solutions, Inc., Chartwell Staffing Services, Inc., and Managed Facilities Solutions,

15   LLC on behalf of themselves and all current and former hourly, non-exempt

16   employees, except for administrative office staff, who are employed or have been

17   employed by Defendants in the State of California from July 17, 2013 through

18   [DATE]; and

19       WHEREAS, Plaintiffs assert claims that Defendants failed to pay for all hours

20   worked; failed to pay minimum wage for all hours worked; failed to provide

21   accurate wage statements; failed to maintain accurate payroll records; failed to pay

22   overtime compensation; failed to provide rest and meal periods; failed to pay

23   minimum wages and overtime wages; and violated the Fair Labor Standards Act.

24   Plaintiffs further assert claims that Defendants are liable for waiting time penalties

25   and penalties under the California Private Attorneys General Act of 2004 ("PAGA")

26   (Cal. Labor Code §§ 2698, et seq.); and

27   
28

---

[1] All capitalized terms appearing in this Order that are not defined herein shall have the meanings assigned to them in the Parties Settlement Agreement.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    WHEREAS, Defendants expressly deny the allegations of wrongdoing and

2    violations of law alleged in this Action; assert that they always properly

3    compensated their employees; and further deny any liability whatsoever to Plaintiffs

4    or to the Settlement Class Members; and

5        WHEREAS, without admitting any liability, claim or defense the Parties

6    determined that it was mutually advantageous to settle this Action and avoid the

7    costs, delay, uncertainty and business disruption of ongoing litigation; and

8        WHEREAS, this Court granted approval of the PAGA Settlement and

9    preliminary approval of the parties' Class Settlement in this Action on [DATE]

10   ("Preliminary Approval Order"); and

11       WHEREAS, the Class Notice and the Claim Form to the Class Members were

12   sent in accordance with the Preliminary Approval Order; and

13       WHEREAS, a fairness hearing on the proposed Class Settlement having been

14   duly held and a decision reached,

15       NOW, therefore, the Court grants final approval of the Class Settlement, and

16   IT IS HEREBY ORDERED THAT:

17       1.    The Court has jurisdiction over the subject matter of this Action,

18   Defendants, and the Settlement Class Members.

19       2.    The Court has determined that the Class Notice given to the Settlement

20   Class Members fully and accurately informed all Settlement Class Members of all

21   material elements of the proposed Class Settlement — including the plan of

22   distribution of Maximum Settlement Fund, the PAGA Payment, the application for

23   Class Representative Enhancements to Plaintiffs, and the application for Class

24   Counsels' Award — constituted the best notice practicable under the circumstances,

25   constituted valid, due and sufficient notice to all Settlement Class Members, and

26   complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United

27   States Constitution, and any other applicable laws.

28       3.    The Court hereby grants final approval of the Class Settlement as fair,

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

reasonable and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement pertaining to the distribution of the Maximum Settlement Fund and Net Settlement Fund in accordance with the terms of the Settlement Agreement.

4.    The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Fund to Claimants is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.    As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

"All current and former hourly, non-exempt employees, except for administrative office staff, who are employed or have been employed by Defendants in the State of California from July 17, 2013 through the date the Preliminary Approval Order is entered by the Court." The class does not include Chartwell's employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

6.    As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, James Dal Bon of Law Offices of James Dal Bon and Victoria L.H. Booke of Law Offices of Booke & Ajlouny, LLP.

7.    The Court approves payment of Class Representative Enhancements of $5,000 each to Plaintiffs for their service to the Class, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

8.    The Court approves the payment of attorneys' fees in the amount of $117,500 to Class Counsel, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

9.    The Court also approves the additional payment of attorneys' costs in

1  the amount of $[AMOUNT] to Class Counsel to reimburse them for their expenses,

2  which shall be paid from, and not in addition to, the Maximum Settlement Fund.

3      10.    The Court approves a payment of up to $[AMOUNT] to the Settlement

4  Administrator out of the Maximum Settlement Fund. Any portion of the payment to

5  the Settlement Administrator that is unused will go to the Net Settlement Fund.

6      11.    Any checks for PAGA Payment Checks or Individual Settlement

7  Payments that are not cashed within 180 days shall escheat to the State of California

8  and be submitted to the State of California unclaimed property fund in the name of

9  the Claimant who is the payee of the check pursuant to California Code of Civil

10  Procedure section 1510 et seq.

11      12.    All claims asserted in this Action are DISMISSED WITH PREJUDICE

12  as to Plaintiffs and the Settlement Class Members. Further, as set forth in the

13  Preliminary Approval Order, the Private Attorneys General Act claim asserted in

14  this Action, has been DISMISSED with Prejudice as to Plaintiff and all PAGA

15  Releasees. Each party shall bear his, her or its own costs and attorneys' fees, except

16  as provided in the Settlement Agreement and as set forth above in this Order and as

17  set forth in any other Order issued in response to the application by Class Counsel

18  for an award of attorneys' fees, costs, and expenses, which hearings took place

19  concurrently with the hearing for this Order.

20      13.    Upon entry of this Order and the accompanying Judgment, the claims

21  in this Action and the Released Claims of each Settlement Class Member against

22  Defendants, and against any and all of the Released Parties as defined in the

23  Settlement Agreement, are fully, finally, and forever released, relinquished and

24  discharged pursuant to the terms of the Settlement Agreement to the maximum

25  extent permitted by law.

26      14.    Upon entry of this Order and the accompanying Judgment, all

27  Settlement Class Members are hereby forever barred and enjoined from prosecuting

28  the Released Claims against any of the Released Parties as defined in the Settlement

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   Agreement and as set forth in the Preliminary Approval Order. As set forth in the

2   Preliminary Approval Order, all PAGA Releasees have been forever barred and

3   enjoined from prosecuting the PAGA Claims against any of the Released Parties as

4   defined in the Settlement Agreement.

5       15.    Each Settlement Class Member is bound by this Order and the

6   Judgment, including, without limitation, the release of claims as set forth in the

7   Settlement Agreement.

8       16.    This Order, the Judgment, the Settlement Agreement, and all papers

9   related thereto, are not, and shall not be construed to be, an admission by

10  Defendants of any liability, claim or wrongdoing whatsoever, and shall not be

11  offered as evidence of any such liability, claim or wrongdoing in this Action or in

12  any other proceeding.

13      17.    Without affecting the finality of this Order and the accompanying

14  Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction

15  over the Action, the Plaintiffs, the Settlement Class Members, and Defendants for

16  the purposes of supervising the implementation, enforcement, construction, and

17  interpretation of the Settlement Agreement, Preliminary Approval Order,

18  distribution of the PAGA Payment Checks and Individual Settlement Payments and

19  award of attorney's fees, costs, and expenses, the Final Judgment, and this Order.

20

21      IT IS SO ORDERED.

22

23  Dated: _____, 2019

24                                    THE HONORABLE LUCY H. KOH,
                                      UNITED STATES DISTRICT COURT
25                                    JUDGE

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

8

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 17-CV-04015-LHK

# EXHIBIT 5

1   James Dal Bon, California Bar No. 157942
    **LAW OFFICES OF JAMES DAL BON**
2   606 North First Street
    San Jose, CA  95112
3   Telephone:   (408) 466-5845

4
    Victoria L. H. Booke, California Bar No. 142518
5   **LAW OFFICES OF BOOKE & AJLOUNY, LLP**
    606 North First Street
6   San Jose, CA  95112
    Telephone:   (408) 286-7000
7

8
    Attorneys for Plaintiffs and the Settlement Class
9

10

11                  **UNITED STATES DISTRICT COURT**

12      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14   ALBERT ARELLANO, ROBERT           Case No. 17-CV-04015 LHK
     GARZA, DANIEL CORONADO,
15   JOSE DON CORONADO,                **[PROPOSED] JUDGMENT AND
                                       DISMISSAL**
16   PLAINTIFFS AND PUTATIVE
     PLAINTIFFS                        Hon. Lucy H. Koh
17
18              Plaintiffs,

19          v.

20   MOVING SOLUTIONS, a California
     Corporation MANAGED
21   FACILITIES SOLUTIONS, LLC a
     California Limited Liability Company
22   and CHARTWELL STAFFING
     SOLUTIONS, INC a new York
23   Corporation licensed to do business in
     California
24
                Defendants.
25

26

27

28

1         Pursuant to the Order Granting Preliminary Approval of PAGA and Class

2    Action Settlement ("Preliminary Approval Order") entered on

3    _____ and the Order Granting Final Approval of PAGA and

4    Class Action Settlement ("Final Approval Order") on _____, it is hereby

5    ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

6        1.    The Joint Stipulation of PAGA and Class Action Settlement (the

7    "Settlement Agreement"), attached hereto as Exhibit 1, shall be incorporated into

8    this Judgment as though all terms therein are set forth in full.  The capitalized terms

9    in this Judgment shall have the meanings set forth in the Settlement Agreement.

10        2.    All claims asserted in this Action are DISMISSED WITH PREJUDICE

11    as to Plaintiffs Barbara Middle Rider, Robert Garza, Albert Arellano, and Dan

12    Coronado and the Settlement Class Members to the maximum extent permitted by

13    law.  As stated in the Preliminary Approval Order, the PAGA Claims asserted in this

14    Action shall be dismissed with prejudice as to Plaintiff and all PAGA Releasees.

15    Except as set forth in the Settlement Agreement and the Final Approval Order, each

16    party is to bear her/its own attorneys' fees and costs.  All Settlement Class Members

17    who did not properly and timely opt out from the Settlement are permanently

18    enjoined from pursuing or seeking to reopen, any of the Released Claims, as defined

19    in the Settlement Agreement to the maximum extent permitted by law.  All PAGA

20    Releasees are permanently enjoined from pursuing or seeking to reopen, any of the

21    PAGA Claims, as defined in the Settlement Agreement to the maximum extent

22    permitted by law.

23        3.    Without affecting the finality of the Judgment, the Court shall retain

24    exclusive and continuing jurisdiction over the above-captioned action and the

25    parties, including all Settlement Class Members, for purposes of supervising,

26    administering, implementing, enforcing, and interpreting the Settlement Agreement

27    and the Final Approval Order.

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1

2          IT IS SO ORDERED.

3

4    Dated: _____, 2019

5                                    THE HONORABLE LUCY H. KOH,
                                     UNITED STATES DISTRICT COURT
6                                    JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28