**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
:
In re: : Chapter 11
:
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1] : Case No. 15-12329 (MG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------ x
:
JAMES S. FELTMAN, Not Individually But Solely :
in His Capacity as Chapter 11 Trustee of the Estate :
of Corporate Resource Services, Inc., *et al.*, : Adv. Pro. No. 16-01190 (MG)
:
Plaintiff, :
:
v. :
:
CHARTWELL STAFFING SERVICES, INC., :
:
Defendant. :
------------------------------------------------------------------ x

**STIPULATION AND ORDER MODIFYING**
**SETTLEMENT AGREEMENT BY AND BETWEEN**
**<u>CHAPTER 11 TRUSTEE AND CHARTWELL STAFFING SERVICES, INC.</u>**

This stipulation and order (this "Stipulation and Order") is made by and entered

into by and between, James S. Feltman, not individually but solely in his capacity as Chapter 11

trustee (the "Trustee") of Corporate Resource Services, Inc., and its affiliated debtors

(collectively, the "Debtors"), and Chartwell Staffing Services, Inc. ("Chartwell," or "Defendant"

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647).

collectively with the Trustee, the "Parties") modifying the Settlement Agreement (defined below) as set forth herein:

## RECITALS

**WHEREAS,** on July 23, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware; and

**WHEREAS,** on February 2, 2015, TS Employment, Inc. ("TSE") commenced a voluntary case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS,** in addition to his role as Trustee in these Chapter 11 cases, Mr. Feltman also serves as the Chapter 11 trustee (the "TSE Trustee") of TSE in TSE's Chapter 11 case, which is an affiliated case pending before this Court (Case No. 15-10243); and

**WHEREAS,** on July 27, 2015, the TSE Trustee filed his *Application to Transfer Venue of the Debtors' Cases to the Southern District* [TSE Dkt. No. 127] (the "Venue Application") seeking to transfer venue of these Chapter 11 cases from the District of Delaware to the Bankruptcy Court for the Southern District of New York (the "Court"), and on August 18, 2015, the Court entered an order granting the Venue Application; and

**WHEREAS,** on September 10, 2015, the Court entered an order directing the United States Trustee to appoint a Chapter 11 trustee for the Debtors [Dkt. No. 137], and on October 1, 2015, the Trustee filed his *Acceptance of Appointment Pursuant to Bankruptcy Rule 2008* [Dkt. No. 149]; and

**WHEREAS,** on July 18, 2016, the Trustee, on behalf of the Debtors, filed Adversary Proceeding No 16-01190 (MG) (the "Adversary Proceeding") against Defendant

2

seeking, in part, the recovery of alleged fraudulent transfer of assets pursuant to Bankruptcy Code Sections 548 and 550; and

**WHEREAS**, on March 15, 2017, the Trustee filed the *Chapter 11 Trustee's Application for Entry of and Order Approving Settlement Agreement with Chartwell Staffing Services, Inc. Pursuant to Bankruptcy Rule 9019* [Dkt. No. 27], which included the Parties' proposed settlement agreement as Exhibit "B" (the "Settlement Agreement"); and

**WHEREAS**, on April 20, 2017, the Court entered its *Order Approving Settlement Agreement with Chartwell Staffing Services, Inc. Pursuant to Bankruptcy Rule 9019* [Dkt. No. 29]; and

**WHEREAS,** in light of Chartwell's limited financial resources, Chartwell has requested, and the Trustee has agreed, to modify paragraph 1 of the Settlement Agreement (the "Payment Restructuring"); and

**WHEREAS**, pursuant to the Settlement Agreement, Chartwell has paid the Debtors $525,000 in monthly installment payments; and

**WHEREAS,** Chartwell has provided the Trustee with certain information demonstrating Chartwell's current financial condition (the "Financial Information"); and

**WHEREAS,** Chartwell represents and warrants that (i) the Financial Information is true and correct to the best of Chartwell's knowledge, information, and belief; (ii) it is not omitting or withholding material facts from the Trustee related to Chartwell's financial condition and/or its need for a Payment Restructuring; (iii) none of Chartwell's operating assets have been diverted, transferred or hidden; and (iv) the expenses and costs reflected in the Financial Information reflects obligations of Chartwell and do not reflect costs allocated by or paid on behalf of any other entity; and

3

**NOW, THEREFORE**, subject to approval of this Stipulation and Order by the Court, and upon the consent and agreement between the Trustee and Chartwell, the Settlement Agreement is modified as set forth below:

1. Paragraph 1 of the Settlement Agreement shall be replaced with the following paragraph:

   1. Chartwell shall pay the Trustee a total of $1.775 million in 20 monthly installments (the "Settlement Payment") according to the following schedule. The Settlement Payment shall be made payable to James S. Feltman, Chapter 11 Trustee, and shall be sent to James S. Feltman, Chapter 11 Trustee c/o Duff and Phelps LLC, 55 East 52nd Street, Floor 31, New York, New York 10055.

      a. For the period spanning from November 18, 2018 through September 18, 2019, Chartwell shall pay the Trustee $25,000 by the 18th day of each month; and

      b. For the period spanning from September 19, 2019 through March 18, 2020, Chartwell shall pay the Trustee $62,500 by the 18th day of each month; and

      c. For the period spanning from the period from March 19, 2020 through June 18, 2020, Chartwell shall pay the Trustee $75,000 by the 18th day of each month; and

      d. By no later than June 30, 2020, Chartwell shall make a balloon payment to the Trustee in the amount of $900,000.

      All payments regarding the fraudulent transfers alleged in the complaint filed in the Adversary Proceeding shall be made solely to the Trustee (or any successor fiduciary) from Chartwell, as called for under this Settlement Agreement. For the avoidance of doubt, to the extent the Consent Judgment (as defined below) is entered pursuant to paragraph 3 herein, Chartwell, Adam Kidan, and Tracy Kidan shall be jointly and severally liable to the Trustee.

2. Except for as set forth in paragraph 1 of this Stipulation and Order, the Settlement Agreement shall not be further modified or altered by this Stipulation and Order.

3. This Stipulation and Order shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each

4

Party warrants that it has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel with respect to this Stipulation and Order and all matters covered by it.

4. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original and evidence of this Stipulation and Order may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents, each of which shall be as fully binding on the party as a signed original.

5. Each person who executes this Stipulation and Order represents that he or she is duly authorized to execute this Stipulation and Order. The Trustee represents that he is authorized to enter into this Stipulation and Order and that he and the Debtors will be bound thereby, subject to Court approval.

[*Remainder of page intentionally left blank*]

6.  The Parties hereby irrevocably and unconditionally agree that the Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation and Order.

**ACKNOWLEDGED AND AGREED TO BY:**

| | |
|---|---|
| Dated:  October 3, 2018<br>Santa Ana, California | Dated:  October 3, 2018<br>New York, New York |
| CHARTWELL STAFFING SERVICES, INC.<br>By its attorney, | JAMES S. FELTMAN,<br>Not Individually But Solely in His Capacity as Chapter 11 Trustee,<br>By his attorneys, |
| */s/ W. Holmes Lilley, III*<br>W. Holmes Lilley, III CSP, J.D.<br>431 N. Tustin Ave Suite A<br>Santa Ana, California 92705<br>(252) 414-7619 | */s/ Patrick Marecki*<br>TOGUT, SEGAL & SEGAL LLP<br>Patrick Marecki<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 |
| Dated:  October 3, 2018<br><br>ADAM KIDAN | Dated:  October 3, 2018<br><br>TRACY KIDAN |
| */s/ Adam Kidan* | */s/ Tracy Kidan* |

**IT IS SO ORDERED.**

Dated:  October 3, 2018
         New York, New York

**  /s/ Martin Glenn  **
MARTIN GLENN
United States Bankruptcy Judge

6