Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bcpllaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC.,
erroneously sued as Chartwell Staffing Solutions, Inc. and
MANAGED FACILITIES SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual, <br><br> PLAINTIFFS AND PUTATIVE PLAINTIFFS <br><br> Plaintiffs, <br><br> v. <br><br> MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California <br><br> Defendants. | Case No. 17-CV-04015 LHK <br><br> **DEFENDANT MANAGED FACILITIES SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT** <br><br> Hon. Lucy H. Koh |

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

Defendant Managed Facilities Solutions, LLC ("Defendant") hereby answers the Third Amended Class Action Complaint ("Complaint") as follows:

## NATURE OF THE CASE

Defendant admits that Plaintiff purports to bring this action as a class and representative action and that he seeks the relief he claims to seek. Except as expressly admitted herein, Defendant denies each of the remaining allegations contained in this Paragraph.

## SUBJECT MATTER JURISDICTION

1.   Answering Paragraph 1, Defendant admits that this Court is a proper venue. Except as expressly admitted herein, Defendant either denies each of the remaining allegations contained in this Paragraph or is not required to respond to legal conclusions.

2.   Answering Paragraph 2, Defendant admits that this Court has subject matter jurisdiction. Except as expressly admitted herein, Defendant either denies each of the remaining allegations contained in this Paragraph or is not required to respond to legal conclusions.

## PARTIES

3.   Answering Paragraph 3, Defendant denies each of the allegations contained in this Paragraph.

4.   Answering Paragraph 4, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4, and on that basis Defendant denies those allegations.

5.   Answering Paragraph 5, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 5, and on that basis Defendant denies those allegations.

6.   Answering Paragraph 6, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 6, and on that basis Defendant denies those allegations.

7.   Answering Paragraph 7, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 7, and on that basis

1  Defendant denies those allegations.

2      8.    Answering Paragraph 8, Defendant lacks knowledge and/or information sufficient
3  to form a belief as to the truth of the factual allegations contained in Paragraph 8, and on that basis
4  Defendant denies those allegations.

5      9.    Answering Paragraph 9, Defendant lacks knowledge and/or information sufficient
6  to form a belief as to the truth of the factual allegations contained in Paragraph 9, and on that basis
7  Defendant denies those allegations.

8      10.    Answering Paragraph 10, Defendant does not respond to the conclusions and/or
9  alleged statements of law contained therein, for which no response is required.

10      11.    Answering Paragraph 11, Defendant admits that Defendant employed Plaintiff
11  Middle Rider.  Defendant currently does not have sufficient information to either admit or deny
12  the remaining allegations in this Paragraph, and on that basis denies each of the remaining factual
13  allegations.

14      12.    Answering Paragraph 12, Defendant admits that Defendant employed Plaintiff
15  Garza.  Defendant currently does not have sufficient information to either admit or deny the
16  remaining allegations in this Paragraph, and on that basis denies each of the remaining factual
17  allegations.

18      13.    Answering Paragraph 13, Defendant admits that Defendant employed Plaintiff
19  Arellano.  Defendant currently does not have sufficient information to either admit or deny the
20  remaining allegations in this Paragraph, and on that basis denies each of the remaining factual
21  allegations.

22      14.    Answering Paragraph 14, Defendant admits that Defendant employed Plaintiff
23  Coronado.  Defendant currently does not have sufficient information to either admit or deny the
24  remaining allegations in this Paragraph, and on that basis denies each of the remaining factual
25  allegations.

26      15.    Answering Paragraph 15, Defendant does not respond to the conclusions and/or
27  alleged statements of law contained therein, for which no response is required.

28      16.    Answering Paragraph 16, Defendant does not respond to the conclusions and/or

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

alleged statements of law contained therein, for which no response is required.

**STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS**

17. Answering Paragraph 17, Defendant admits that Defendant employed Plaintiffs. Defendant currently does not have sufficient information to either admit or deny the remaining allegations in this Paragraph, and on that basis denies each of the remaining factual allegations.

18. Answering Paragraph 18, Defendant admits that some of the plaintiffs' job duties included moving office equipment, wiring computers and phones, installing office partitions, desks, chairs, and other office furniture. Except as expressly admitted herein, Defendant denies each of the remaining factual allegations contained in this Paragraph.

19. Answering Paragraph 19, Defendant denies each of the allegations contained in this Paragraph.

20. Answering Paragraph 20, Defendant denies each of the allegations contained in this Paragraph.

21. Answering Paragraph 21, Defendant admits that it paid plaintiffs by the hour. Except as expressly admitted herein, Defendant denies each of the remaining factual allegations contained in this Paragraph.

22. Answering Paragraph 22, Defendant denies each of the allegations contained in this Paragraph.

23. Answering Paragraph 23, Defendant denies each of the allegations contained in this Paragraph.

24. Answering Paragraph 24, Defendant denies each of the allegations contained in this Paragraph.

25. Answering Paragraph 25, Defendant denies each of the allegations contained in this Paragraph.

26. Answering Paragraph 26, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 26, and on that basis Defendant denies those allegations.

27. Answering Paragraph 27, Defendant denies each of the allegations contained in this

1  Paragraph.

2      28.    Answering Paragraph 28, Defendant denies each of the allegations contained in this
3  Paragraph.

4      29.    Answering Paragraph 29, Defendant denies each of the allegations contained in this
5  Paragraph.

6      30.    Answering Paragraph 30, Defendant denies each of the allegations contained in this
7  Paragraph.

8      31.    Answering Paragraph 31, Defendant denies each of the allegations contained in this
9  Paragraph.

10     32.    Answering Paragraph 32, Defendant denies each of the allegations contained in this
11 Paragraph.

12     33.    Answering Paragraph 33, Defendant denies each of the allegations contained in this
13 Paragraph.

14     34.    Answering Paragraph 34, Defendant denies each of the allegations contained in this
15 Paragraph.

16     35.    Answering Paragraph 35, Defendant denies each of the allegations contained in this
17 Paragraph.

18     36.    Answering Paragraph 36, Defendant denies each of the allegations contained in this
19 Paragraph.

20     37.    Answering Paragraph 37, Defendant denies each of the allegations contained in this
21 Paragraph.

22 <center>**<u>CLASS ALLEGATIONS</u>**</center>

23     38.    Answering Paragraph 38, Defendant denies each of the allegations contained in this
24 Paragraph.

25     39.    Answering Paragraph 39, Defendant denies each of the allegations contained in this
26 Paragraph.

27     40.    Answering Paragraph 40, Defendant admits that Plaintiffs purport to bring this
28 action on behalf of themselves and a putative class.  Defendant denies that this action is properly

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  maintainable as a class action.

2      41.    Answering Paragraph 41, Defendant admits that Plaintiffs purport to bring this
3  action on behalf of themselves and a putative sub-class. Defendant denies that this action is
4  properly maintainable as a class action.

5      42.    Answering Paragraph 42, Defendant admits that Plaintiffs purport to reserve the
6  right to amend or modify the class definition. Defendant denies that Plaintiffs have a right to do
7  so. Except as expressly admitted herein, Defendant denies each of the remaining factual
8  allegations contained in this Paragraph.

9      43.    Answering Paragraph 43, Defendant does not have sufficient information to either
10  admit or deny the extent of Plaintiffs' knowledge regarding the size of the class they seek to
11  represent. Defendant denies that it engaged in any unlawful practices. With respect to the rest of
12  the paragraph, Defendant states that this Paragraph sets forth only legal conclusions and questions
13  of law to which no response is required or provided.

14      44.    Answering Paragraph 44, Defendant states that this Paragraph sets forth only legal
15  conclusions and questions of law to which no response is required or provided.

16      45.    Answering Paragraph 45, Defendant states that this Paragraph sets forth only legal
17  conclusions and questions of law to which no response is required or provided.

18      46.    Answering Paragraph 46 and its subparts, Defendant states that this Paragraph sets
19  forth only legal conclusions and questions of law to which no response is required or provided.

20      47.    Answering Paragraph 47, Defendant states that this Paragraph sets forth only legal
21  conclusions and questions of law to which no response is required or provided.

22      48.    Answering Paragraph 48, Defendant states that this Paragraph sets forth only legal
23  conclusions and questions of law to which no response is required or provided.

24      49.    Answering Paragraph 49, Defendant states that this Paragraph sets forth only legal
25  conclusions and questions of law to which no response is required or provided.

26      50.    Answering Paragraph 50, Defendant states that this Paragraph sets forth only legal
27  conclusions and questions of law to which no response is required or provided.

28      51.    Answering Paragraph 51, Defendant states that this Paragraph sets forth only legal

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

conclusions and questions of law to which no response is required or provided.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### (29 U.S.C. §§ 207, 216(b), and 255(a))

### Failure to Pay Overtime Wages and Minimum Wages

52. Answering Paragraph 52, Defendant admits that Plaintiffs purport to re-allege and incorporate by reference paragraphs 1 through 45 of the Complaint. Defendant repeats and re-alleges its responses to paragraphs 1 through 51 of the Complaint as though set forth in full herein, and incorporates its responses herein by reference.

53. Answering Paragraph 53, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

54. Answering Paragraph 54, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

55. Answering Paragraph 55, Defendant denies each of the allegations contained in this Paragraph.

56. Answering Paragraph 56, Defendant denies each of the allegations contained in this Paragraph.

57. Answering Paragraph 57, Defendant denies each of the allegations contained in this Paragraph.

58. Answering Paragraph 58, Defendant denies each of the allegations contained in this Paragraph.

59. Answering Paragraph 59, Defendant denies each of the allegations contained in this Paragraph.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

### Failure to Properly Pay Minimum and Overtime Wages

60. Answering Paragraph 60, Defendant admits that Plaintiffs purport to re-allege and incorporate by reference paragraphs 1 through 52 of the Complaint. Defendant repeats and re-

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  alleges its responses to paragraphs 1 through 59 of the Complaint as though set forth in full herein,
2  and incorporates its responses herein by reference.
3      61.   Answering Paragraph 61, Defendant states that this Paragraph sets forth only legal
4  conclusions and questions of law to which no response is required or provided.
5      62.   Answering Paragraph 62, the language of California Labor Code section 510
6  speaks for itself.  Defendant does not respond to the conclusions and/or alleged statements of law
7  contained therein, for which no response is required.
8      63.   Answering Paragraph 63, Defendant states that this Paragraph sets forth only legal
9  conclusions and questions of law to which no response is required or provided.
10     64.   Answering Paragraph 64, Defendant denies each of the allegations contained in this
11 Paragraph.
12     65.   Answering Paragraph 65, Defendant denies each of the allegations contained in this
13 Paragraph.
14     66.   Answering Paragraph 66, Defendant does not respond to the conclusions and/or
15 alleged statements of law contained therein, for which no response is required.  Defendant
16 currently does not have sufficient information to either admit or deny the remaining allegations in
17 this Paragraph, and on that basis denies each of the remaining factual allegations.
18     67.   Answering Paragraph 67, Defendant states that this Paragraph sets forth only legal
19 conclusions and questions of law to which no response is required or provided.
20     68.   Answering Paragraph 68, Defendant denies each of the allegations contained in this
21 Paragraph.

## THIRD CAUSE OF ACTION

**Violation of California Labor Code §§ 201, 202, & 203**

**Failure to Pay Wages Due and "Waiting Time" Penalties**

25     69.   Answering Paragraph 69, Defendant admits that Plaintiffs purport to re-allege and
26 incorporate by reference paragraphs 1 through 52 of the Complaint.  Defendant repeats and re-
27 alleges its responses to paragraphs 1 through 68 of the Complaint as though set forth in full herein,
28 and incorporates its responses herein by reference.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

70. Answering Paragraph 70, Defendant denies each of the allegations contained in this Paragraph.

71. Answering Paragraph 71, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.

72. Answering Paragraph 72, Defendant denies each of the allegations contained in this Paragraph.

73. Answering Paragraph 73, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

74. Answering Paragraph 74, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 226

### Failure to Provide Accurate Wage Statements

75. Answering Paragraph 75, Defendant admits that Plaintiffs purport to re-allege and incorporate by reference paragraphs 1 through 52 of the Complaint. Defendant repeats and re-alleges its responses to paragraphs 1 through 74 of the Complaint as though set forth in full herein, and incorporates its responses herein by reference.

76. Answering Paragraph 76, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

77. Answering Paragraph 77, Defendant denies each of the allegations contained in this Paragraph.

78. Answering Paragraph 78, Defendant denies each of the allegations contained in this Paragraph.

79. Answering Paragraph 79, Defendant denies each of the allegations contained in this Paragraph.

## FIFTH CAUSE OF ACTION

### Failure to Provide Meal Periods and Rest Periods or Compensation in Lieu Thereof

### Labor Code §§ 203, 226, 226.7, 512, 1194

80. Answering Paragraph 80, Defendant admits that Plaintiffs purport to re-allege and incorporate by reference paragraphs 1 through 52 of the Complaint. Defendant repeats and re-alleges its responses to paragraphs 1 through 79 of the Complaint as though set forth in full herein, and incorporates its responses herein by reference.

81. Answering Paragraph 81, Defendant denies each of the allegations contained in this Paragraph.

82. Answering Paragraph 82, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.

83. Answering Paragraph 83, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.

84. Answering Paragraph 84, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.

85. Answering Paragraph 85, Defendant denies each of the allegations contained in this Paragraph.

86. Answering Paragraph 86, Defendant denies each of the allegations contained in this Paragraph.

## SIXTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200**

**Restitution for Unfair Business Practices**

87. Answering Paragraph 87, Defendant admits that Plaintiffs purport to re-allege and incorporate by reference paragraphs 1 through 52 of the Complaint. Defendant repeats and re-alleges its responses to paragraphs 1 through 86 of the Complaint as though set forth in full herein, and incorporates its responses herein by reference.

88. Answering Paragraph 88, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

89. Answering Paragraph 89, Defendant states that this Paragraph sets forth only legal conclusions and questions of law to which no response is required or provided.

90. Answering Paragraph 90, Defendant does not respond to the conclusions and/or

alleged statements of law contained therein, for which no response is required.  Defendant denies each of the remaining factual allegations in this Paragraph.

91. Answering Paragraph 91, Defendant denies each of the allegations contained in this Paragraph.

92. Answering Paragraph 92, Defendant denies each of the allegations contained in this Paragraph.

93. Answering Paragraph 93, Defendant denies each of the allegations contained in this Paragraph.

94. Answering Paragraph 94, Defendant denies each of the allegations contained in this Paragraph.

## SEVENTH CAUSE OF ACTION

**Penalties Under the Private Attorneys General Act**

**Labor Code §§ 2698 et seq.**

95. Answering Paragraph 95, Defendant admits that Plaintiffs purport to re-allege and incorporate by reference paragraphs 1 through 94 of the Complaint.  Defendant repeats and re-alleges its responses to paragraphs 1 through 94 of the Complaint as though set forth in full herein, and incorporates its responses herein by reference.

96. Answering Paragraph 96, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 96, and on that basis Defendant denies those allegations.

97. Answering Paragraph 97, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.

98. Answering Paragraph 98, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.

99. Answering Paragraph 99, Defendant denies each of the allegations contained in this Paragraph.

100. Answering Paragraph 100, Defendant denies each of the allegations contained in this Paragraph.

1    101.    Answering Paragraph 101, Defendant denies each of the allegations contained in this Paragraph.

2    102.    Answering Paragraph 102, Defendant does not respond to the conclusions and/or alleged statements of law contained therein, for which no response is required.  Defendant denies each of the remaining factual allegations in this Paragraph.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief Plaintiffs claims against Defendant after the word "WHEREFORE" in the Complaint.  In particular, Defendant denies that Plaintiffs are entitled to the relief sought against Defendant in the following paragraphs, as stated below.

1.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 1 of the Prayer for Relief;

2.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 2 of the Prayer for Relief;

3.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 3 of the Prayer for Relief;

4.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 4 of the Prayer for Relief;

5.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 5 of the Prayer for Relief;

6.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 6 of the Prayer for Relief.

7.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 7 of the Prayer for Relief;

8.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 8 of the Prayer for Relief;

9.   Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 9 of the Prayer for Relief;

1.  10. Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 10 of the Prayer for Relief;

2.  11. Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 11 of the Prayer for Relief;

3.  12. Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 12 of the Prayer for Relief;

4.  13. Defendant denies that Plaintiffs are entitled to any of the relief sought against Defendant in Paragraph 13 of the Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs request a jury trial.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers and defenses, Defendant asserts the following affirmative defenses to the Complaint. For purposes of these affirmative defenses, the term "Plaintiffs" incorporates and includes the named Plaintiffs and any and all members of any putative class that the named Plaintiffs purport to represent:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each purported cause of action alleged therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' purported claims set forth in the Complaint are barred because Defendant did not employ Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs are barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' purported claims set forth in the Complaint are barred by the applicable statute(s) of limitation, including, without limitation, California Code of Civil Procedure Sections

337, 338, 339, 340, and 343, California Labor Code Section 200 et. seq., and California Business and Professions Code Section 17208.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' purported claims set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs are barred by the doctrines of collateral estoppel and/or res judicata to the extent the purported claims and issues raised in the Complaint have already been litigated and adjudicated.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs have waived any right to assert each of the purported claims set forth in the Complaint because, inter alia, they have unreasonably delayed asserting these claims after having knowledge of the injuries alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs, by reason of their acts, conduct and omissions, are estopped from obtaining the relief sought in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions by Defendant was in good faith, and Defendant had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable law.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' purported claims set forth in the Complaint are barred by virtue of Plaintiffs' own negligence, misconduct, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' purported claims set forth in the Complaint are barred, in whole or in part, because certain or all Plaintiffs waived and/or released Defendant from liability to them as alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs' purported claims set forth in the Complaint are or may be barred on the grounds that any such violations were de minimis.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' alleged damages, injuries, and/or losses were proximately caused by or contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions, without fault on the part of Defendant, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of the Plaintiffs' alleged damages, injuries and/or losses, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' purported claims set forth in the Complaint are or may be barred by the doctrine of avoidable consequences because they unreasonably failed to take action to avoid their alleged damages, and some or all of their alleged damages would have been avoided by such action.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Should Plaintiffs prevail on one or more of their purported claims set forth in the Complaint against Defendant, their award is barred, in whole or in part, because Defendant is entitled to a set-off against any amounts awarded to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' claims are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs are not entitled to relief because they have suffered no legally cognizable damages as a result of the matters alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs are not entitled to any penalty award under any provision of California law because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs are not entitled to recover any award of penalties pursuant to California law to the extent that such award would be unjust, arbitrary, oppressive, or confiscatory.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs are not entitled to any penalty award under Cal. Labor Code § 226 or any other provision of the California Labor Code or the United States Code because Plaintiffs did not suffer any injury due to the alleged conduct of Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Certain of Plaintiffs' interests are or may be in conflict with the interests of those they purport to represent.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiffs lack standing to assert some or all of the purported claims asserted in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiffs lack standing to bring a cause of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. because they have not suffered any injury in fact and have not lost money or property as a result of unfair competition by Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiffs lack standing to bring a cause of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. because their claims are individual in nature and no alleged act or omission of Defendant harmed or threatened to harm the public or the public interest.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiffs' cause of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. is barred because Plaintiffs have an adequate remedy at law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiffs' cause of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. is not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process Clauses of the United States and California Constitutions.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

1   27.   Plaintiffs are required to arbitrate the claims raised in the Complaint pursuant to
2   enforceable arbitration agreements that they entered into with their employer.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.   Plaintiffs' meal and rest period claims are barred because Defendant provided meal and rest periods to Plaintiffs in the manner permitted by applicable law and did not denies or prevent the opportunity to take meal and rest periods.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.   Plaintiffs are not entitled to rely on a three-year statute of limitations or to recover any liquidated damages as prayed for in the Complaint under the Fair Labor Standards Act because Defendant acted in good faith and did not willfully fail to comply with the federal wage-and-hour laws alleged in the Complaint. Moreover, Defendant had reasonable grounds for believing that its actions and/or omissions, if any, did not violate the provisions of the Fair Labor Standards Act.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.   Plaintiffs are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant, or any of them.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.   Defendant alleges that although Plaintiff is not similarly situated to other putative members of the purported collective action alleged in the Complaint, should other individuals opt into this case, Defendant, and each of them, assert the separate defenses set forth herein as to those persons.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.   Defendant alleges that Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.   Plaintiffs' cause of action under PAGA is barred, in whole or in part, to the extent

Plaintiffs failed to provide notification of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. The Complaint is barred to the extent it violates Defendant's rights to due process and equal protection under the Fifth and Seventh Amendments to the United States Constitution, the California Constitution, and other applicable law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Plaintiffs have failed to exhaust remedies available under statutes, regulations, rules and procedures relating to the matters alleged in the Complaint and are barred by reason of their failure to do so.

### RESERVATION OF RIGHTS

Because Plaintiffs' Complaint is couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiffs, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays as follows:

1. That the Court denies Plaintiffs' request to certify this action as a class action;

2. That Plaintiffs take nothing by way of the Complaint;

3. That the Complaint be dismissed with prejudice;

4. That the Court enter judgment for Defendant and against Plaintiffs on all of their alleged causes of action;

5. That the Court award Defendant its costs and attorney fees incurred, including but not limited to costs and attorney fees pursuant to Cal. Labor Code § 218.5; and

/ / /

/ / /

6. That the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated: March 12, 2019

Allison C. Eckstrom
Christopher J. Archibald
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Christopher J. Archibald*
　　　Christopher J. Archibald
Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC. and
MANAGED FACILITIES SOLUTIONS, LLC

# PROOF OF SERVICE
## CCP 1013a(3)
*(Gary Middle Rider v. Moving Solutions, Inc., et al.)*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On **March 12, 2019**, I caused the following document(s) described as:

**DEFENDANT MANAGED FACILITIES SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | ***Attorneys for Plaintiff***<br><br>Phone: 650.630.2447<br>Email: jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | ***Attorneys for Plaintiff***<br><br>Phone: 408.286.7000<br>Email: vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | ***Attorneys for Defendant/Cross-Complainant, Moving Solutions, Inc.***<br><br>Phone: 408.796.7551<br>Email: rschramm@eralawyers.com<br>gcallan@eralawyers.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 12, 2019**, at Irvine, California.

*/s/ Ginny Hamel*
Ginny Hamel