1  Allison C. Eckstrom, California Bar No. 217255
   allison.eckstrom@bcpllaw.com
2  Christopher J. Archibald, California Bar No. 253075
   christopher.archibald@bclplaw.com
3  Michael E. Olsen, California Bar No. 307358
   michael.olsen@bclplaw.com
4  **BRYAN CAVE LEIGHTON PAISNER LLP**
   3161 Michelson Drive, Suite 1500
5  Irvine, California 92612-4414
   Telephone:     (949) 223-7000
6  Facsimile:     (949) 223-7100

7  Attorneys for Defendants
   CHARTWELL STAFFING SERVICES, INC.,
8  erroneously sued as Chartwell Staffing Solutions, Inc. and
   MANAGED FACILITIES SOLUTIONS, LLC

9

10                **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13

14  ROBERT GARZA, an individual            Case No. 17-CV-04015 LHK
    ALBERT ARELLANO, an individual,
15  JOSE DON CORONADO, an individual,      **DECLARATION OF CHRISTOPHER J.**
                                           **ARCHIBALD REGARDING**
16  PLAINTIFFS AND PUTATIVE                **DEFENDANTS CHARTWELL STAFFING**
    PLAINTIFFS                             **SERVICES, INC. AND MANAGED**
17                                         **FACILITIES SOLUTIONS, LLC'S**
                         Plaintiffs,       **NOTICE TO UNITED STATES**
18                                         **ATTORNEY GENERAL AND TO STATE**
              v.                           **ATTORNEY GENERALS OF PROPOSED**
19                                         **CLASS ACTION SETTLEMENT**
    MOVING SOLUTIONS, a California         **PURSUANT TO 28 U.S.C. § 1715(b)**
20  Corporation MANAGED FACILITIES
    SOLUTIONS, LLC a California Limited    **(28 U.S.C. § 1715(b))**
21  Liability Company and CHARTWELL
    STAFFING SOLUTIONS, INC a new York     Hon. Lucy H. Koh
22  Corporation licensed to do business in
    California
23
                         Defendants.
24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**DECLARATION OF CHRISTOPHER J. ARCHIBALD**

I, Christopher J. Archibald, declare as follows:

1.      I am an attorney licensed to practice law before all the courts of the State of California. I am an associate with Bryan Cave Leighton Paisner LLP ("Firm"), counsel of record for Defendants CHARTWELL STAFFING SERVICES, INC. and MANAGED FACILITIES SOLUTIONS, LLC ("Defendants") in this action. I have personal knowledge of the facts set forth herein. If called upon as a witness, I could testify competently thereto.

2.      On March 14, 2019, pursuant to 28 U.S.C § 1715(b), Defendants served by United States First Class mail Notice of the Proposed Class Action Settlement of this class action to the Attorney General of each of the following states: California, Illinois, North Carolina, Washington, Pennsylvania, and Nevada.

3.      Also on March 14, 2019, pursuant to 28 U.S.C § 1715(b), Defendants served by United States First Class mail Notice of the Proposed Class Action Settlement of this class action to the United States Attorney General.

4.      As required by 28 U.S.C. § 1715, the Notices referred to above included: (1) copies of all complaints filed in the action; (2) the proposed notice to settlement class members; (3) a copy of the Joint Stipulation of PAGA and Class Action Settlement and exhibits thereto, which sets forth the full settlement agreement entered into between Plaintiffs, Moving Solutions, Inc., and Defendants; (4) an estimate of the number of Class Members; and (5) a copy of the docket in this action.

5.      Attached hereto as **Exhibit 1** is a true and correct copy of the Notice mailed to the Attorney General of California (with exhibits).

6.      Attached hereto as **Exhibit 2** is a true and correct copy of the Notice mailed to the Attorney General of Illinois (without exhibits). The exhibits are identical to those included in the Notice mailed to the Attorney General of California.

7.      Attached hereto as **Exhibit 3** is a true and correct copy of the Notice mailed to the Attorney General of North Carolina (without exhibits). The exhibits are identical to those included in the Notice mailed to the Attorney General of California.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

8.      Attached hereto as **Exhibit 4** is a true and correct copy of the Notice mailed to the Attorney General of Washington (without exhibits).  The exhibits are identical to those included in the Notice mailed to the Attorney General of California.

9.      Attached hereto as **Exhibit 5** is a true and correct copy of the Notice mailed to the Attorney General of Pennsylvania (without exhibits).  The exhibits are identical to those included in the Notice mailed to the Attorney General of California.

10.      Attached hereto as **Exhibit 6** is a true and correct copy of the Notice mailed to the Attorney General of Nevada (without exhibits).  The exhibits are identical to those included in the Notice mailed to the Attorney General of California.

11.      Attached hereto as **Exhibit 7** is a true and correct copy of the Notice mailed to the United States Attorney General (without exhibits).  The exhibits are identical to those included in the Notice mailed to the Attorney General of California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration was executed on March 14, 2019 in Irvine, California.

/s/  Christopher J. Archibald
Christopher J. Archibald

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

EXHIBIT 1

Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bcpllaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100

Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC. and
MANAGED FACILITIES SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual,<br><br>PLAINTIFFS AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**DEFENDANTS CHARTWELL STAFFING SERVICES, INC. AND MANAGED FACILITIES SOLUTIONS, LLC'S NOTICE TO ATTORNEY GENERAL OF THE STATE OF CALIFORNIA OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>**(28 U.S.C. § 1715(b))**<br><br>Hon. Lucy H. Koh |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

12554412.1

1    **TO THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA:**

2    **PLEASE TAKE NOTICE** that Plaintiffs GARY MIDDLE RIDER, BARBARA

3    MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO, and DAN

4    CORONADO, on behalf of themselves and on behalf of a class of all other persons

5    similarly situated (collectively, "Plaintiffs") and Defendants CHARTWELL

6    STAFFING SERVICES, INC., MANAGED FACILITIES SOLUTIONS, LLC, and

7    MOVING SOLUTIONS, INC. ("Defendants") (Plaintiffs and Defendants are

8    collectively herein referred to as "the Parties") have reached a proposed settlement

9    of the claims at issue in this litigation. Pursuant to the Class Action Fairness Act of

10   2005 ("CAFA") 28 U.S.C. § 1715, Defendants provide this notice to the Attorney

11   General of the United States of America, the Attorney General of the State of

12   California and the appropriate state official in each state in which at least one class

13   member resides. Defendants enclose the following documents in accordance with

14   their notice obligations under 28 U.S.C. § 1715(b):

15       (1)    <u>Copies of All Complaints Filed in the Action</u>. True and correct copies

16   of the following complaints, together with all materials filed with the complaints,

17   are attached hereto: the original Complaint (attached hereto as **Exhibit A**); the First

18   Amended Complaint (attached hereto as **Exhibit B**); the Second Amended

19   Complaint (attached hereto as **Exhibit C**); and the Third Amended Complaint

20   (attached hereto as **Exhibit D**).

21       (2)    <u>Notice of Scheduled Hearing in This Action</u>. This matter is set for a

22   hearing for preliminary approval of the proposed settlement on May 23, 2019 at

23   1:30 p.m. at the United States District Court for the Northern District of California –

24   San Jose Division, Courtroom 8, located at 280 South 1st Street, San Jose, CA

25   95113.

26       (3)    <u>Proposed Notice to the Class</u>. Attached hereto as **Exhibit E** is the

27   proposed Notice to the Class. Pursuant to the Joint Stipulation of Class Action

28   Settlement ("Joint Stipulation"), no later than ten (10) business days following

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  preliminary approval of the Settlement by the Court, Defendants shall provide the
2  Settlement Administrator with the Class Data. Also pursuant to the Joint Stipulation,
3  the Claims Administrator shall mail the Notice Packet to the Class, on or before the
4  seventh (7) calendar day after receiving the Class Data. The Notice Packet contains
5  information regarding the nature of the settlement, Class Members' rights to request
6  exclusion from the Class, the ability to challenge the records upon which individual
7  settlement awards will be based, Class Members' rights to object to the settlement
8  and the date of the Final Approval Hearing.

9  　　　　(4)　　Proposed Class Action Settlement. The proposed class action
10 settlement is described in full in the Joint Stipulation.

11 　　　　(5)　　Copy of Settlement Agreement. The Joint Stipulation, which is attached
12 hereto as **Exhibit F**, sets forth the full settlement agreement entered into between
13 Plaintiffs and Defendants. There are no additional side agreements between
14 Plaintiffs and Defendants.

15 　　　　(6)　　Final Judgment or Notice of Dismissal. No final judgment or notice of
16 dismissal has been entered. The parties anticipate that a final judgment or notice of
17 dismissal will be entered no earlier than the date set for the Final Approval Hearing,
18 which has not been set yet.

19 　　　　(7)　　Estimate of Class Members Residing in Each State and Estimate of
20 Proportionate Share of Such Class Members to the Entire Settlement. Based on the
21 records maintained by Defendants in the normal course of business, there are 1,021
22 class members, 1,016 of whom are believed to reside in the State of California.
23 Additionally, based on the records maintained by Defendant in the normal course of
24 business, Class Members reside in the following states other than California: Illinois
25 (one Class Member), North Carolina (one Class Member), Washington (one Class
26 Member), Pennsylvania (one Class Member), and Nevada (one Class Member). The
27 parties estimate that the class members residing in California shall receive more than
28 99% of the net settlement amount pursuant to the Joint Stipulation.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

12554412.1

1    (8)   <u>Relevant Judicial Opinions</u>. There are not any written judicial opinions

2  relating to the materials described herein. Additionally, for the convenience of the

3  Attorney General, a true and correct copy of the docket in this action is attached

4  hereto as **Exhibit G**.

5

6  Dated: March 13, 2019            Allison C. Eckstrom

7                               Christopher J. Archibald

                                 Michael E. Olsen

8                               **BRYAN CAVE  LEIGHTON PAISNER**
                               **LLP**

9

10                         By:    */s/ Christopher J. Archibald*

                              Christopher J. Archibald

11                         Attorneys for Defendants

                         CHARTWELL STAFFING SERVICES,

12                         INC. and

                         MANAGED FACILITIES SOLUTIONS,

13                         LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

NOTICE TO ATTORNEY GENERAL OF CALIFORNIA OF PROPOSED CLASS ACTION SETTLEMENT – 17-
CV-04015-LHK

# EXHIBIT A

1   JAMES DAL BON, Bar No. 157942
    LAW OFFICE OF JAMES DAL BON
2   606 N. 1ST St.
3   SAN JOSE, CA 95112
    Telephone:     (408) 466-5845
4   Facsimile:     (408) 286-7111

5   VICTORIA L.H. BOOKE     SB# 142518
    BOOKE & AJLOUNY
6   606 North First Street
7   San Jose, California 95112
    Telephone:     (408) 286-7000
8   Facsimile:      (408) 286-7111
    Email: Vbooke@bookelaw.com
9

10  Attorneys for Plaintiffs

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN CALIFORNIA

13                                        Case No.

14  GARY MIDDLE RIDER

15  PLAINITFF AND PUTATIVE PLAINTIFFS        CLASS ACTION COMPLAINT

16
                 Plaintiffs,
17                                           CLAIMS FOR DAMAGES FOR
                                             INDIVIDUAL PLAINTIFFS AND CLASS
18      vs.                                  ACTION PLAINTIFFS

19
                                             1)Failure to Pay all Wages Under the Fair Labor
20                                           Standards Act
                                             2) Failure to Pay all Wages Including California
21  MOVING SOLUTIONS, INC., a California     Overtime Wages
    Corporation                              3)Failure to Pay all Wages at the End of
22                                           Employment
                 Defendant.                  4)Failure to Provide Accurate California
23                                           Itemized Employee Wage Statements
                                             5)Failure to Provide Breaks
24                                           6)Violation of California Unfair Competition
                                             Law for unlawful and/or unfair act in violation
25                                           of California Law

26
                                             DEMAND FOR JURY TRIAL
27

28

                                    1
                                 Complaint

**NATURE OF CLAIM**

This is a class action on behalf of office moving workers employed by Defendant for wage and hour violations of federal and state law.  Defendant failed to pay its nonexempt office moving employees at the correct overtime rate when they worked more than eight hours in one day or forty hours in one week.  Plaintiff files an opt in class action under the Fair Employment and Standards Act for wages under federal law.  The Plaintiff also files a Rule 23 opt-out class action for wages and penalties owed under California state law.   Finally, the Plaintiff seeks restitution of wages for the past four years due to Defendant's unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

**SUBJECT MATTER JURISDICTION AND VENUE**

1.      This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2.      Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court. Defendant' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and his business involves products that move through interstate commerce.

**PARTIES**

3.      At all times relevant herein, Plaintiff Gary Middle Rider, hereinafter "Plaintiff" is a resident of Santa Clara County in California.

4.      At all times mentioned Defendant Moving Solutions, Inc., hereinafter "Defendant" is a California Corporation with its headquarters in Milpitas, Santa Clara County California.

5.      At all times relevant herein, Defendant Moving Solutions, Inc. employed Plaintiff Gary Middle Rider, as a nonexempt office moving worker.

6.      At all times mentioned "Putative Plaintiffs" are the individual Plaintiff's co-workers employed by Defendant as non-exempt office moving workers during the last four years from the day they filed this complaint.

7.      Plaintiff Gary Middle Rider and Putative Plaintiffs shall be collectively known as "Plaintiffs".

### STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

8.      At all times relevant herein, Defendant employed the Plaintiffs in the office moving industry as non-exempt laborers.

9.      Plaintiffs' job duties included moving office equipment, wiring computers and phones, installing office partitions, desks, chairs and other office furniture.

10.     In preforming the aforementioned job duties, the Plaintiffs regularly worked more than eight hours in one day.

11.     In performing the aforementioned job duties, the Plaintiffs regularly worked more than forty hours in one week.

12.     Defendant paid the Plaintiffs per hour to perform the aforementioned job duties.

13.     Defendant failed to pay for all the time the Plaintiff's spent one the job.

14.     Defendant had Plaintiffs load and unload office furniture and other equipment to defendant's yard.

15.     Plaintiffs would then drive to the job site.

16.     Defendant did not pay the Plaintiffs for the time spent loading or unloading office equipment from the trucks or for the commute to the job site.

17.     Plaintiffs moved office equipment into and out of offices after normal business hours starting at approximately 4:30 pm.

18.     Defendant ordered Plaintiffs to arrive at the offices of their clients at approximately 4:30 pm then wait for the office workers to leave at between 5:00 and 6:00 pm to begin moving and installing office furniture and equipment.

19.     At times, the Defendant had the Plaintiffs report to a job site then sends the Plaintiffs home without Paying them for reporting to the job.

20.     At times, the Defendant would not pay the Plaintiffs for half of their normal work day when they sent the Plaintiffs home early from a job site.

21.    At times, the Plaintiffs worked through their 30-minute lunch break and the Defendant automatically deducted thirty minutes from their pay regardless of whether they worked through the lunch period or not.

22.    Defendant regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendant did not pay the Plaintiffs for all the regular hours they actually worked for the Defendant.

23.    Defendant regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendant did not pay the Plaintiffs for all the overtime hours they actually worked for the Defendant.

24.    Defendant did not pay the Plaintiffs at the rate of one and a half times their regular rate of pay for every hour they worked more than eight in one day.

25.    Defendant did not pay the Plaintiffs at the rate of one and half times their regular rate of pay when they worked more than forty hours in one week.

26.    Defendant did not pay the Plaintiffs minimum wages when they shaved time their work hours.

27.    The Defendant intentionally failed to provide the Plaintiffs with a thirty-minute uninterrupted meal period when they worked six hours or more in one day.

28.    Defendant provided the Plaintiffs with paystubs that did reflect the hours they worked in accurate manner, the paystubs did not include the hours the Defendant shaved from the time cards of the Plaintiffs.

CLASS ALLEGATIONS

29.    A collective action under 29 U.S.C. § 216(b) for the violations of federal wage law is appropriate because (1) a similar set of facts apply to all Plaintiffs, (2) the Plaintiffs worked in the same or similar employment setting (2) the Defendant can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to both parties and serves the interests of judicial economy.

30.    A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the

1  litigation in that (1) common questions of law and fact predominate the action (2) the class

2  representative has claims or defenses typical of the class; (3) the class representative can adequately

3  represent the class; (4) and the proposed class is easily ascertainable.

4  31.    Plaintiffs seeks to represent the following class: All non-exempt hourly employees who

5  are employed or have been employed by Defendant as office movers in California within four

6  (4) years of the filing of this Complaint engaged in intrastate commerce for the Defendant as

7  office movers through the date of final disposition of this action and who suffered the

8  following:

9

10         a.      Were not paid overtime wages;

11         b.      Were not paid for all hours worked;

12         c.      Were not paid minimum wages for all hours worked;

13         d.      Were not provided meal periods or if they were provided late meal

14                 periods;

15         e.      Were not provided with proper paystubs

16  32.    Plaintiffs seeks to represent the following sub-class:

17         All non-exempt hourly employees whose employment ended in California within for

18  (3) years of the filing of this Complaint engaged in intrastate commerce for the Defendant as

19  nonexempt office movers workers through the date of final disposition of this action and who

20  were not fully paid their wages within seventy-two hours of the end of their employment;

21

22  33.    On information and belief, the legal and factual issues are common to the class and affected

23  all putative members of the class.  Plaintiffs reserve the right to amend or modify the class

24  description with greater specificity or further division into subclasses or limitation to particular

25  issues.

26

27         A.      Numerosity

28

34.     The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable.  While the precise number of class members has not been determined now, Plaintiffs are informed and believes that Defendant during the relevant time periods likely employed over 50 workers in California who are, or have been, affected by Defendant' unlawful practices as alleged herein.

35.     Joinder of all members of the proposed Class is not practical.

B.     Commonality

36.     There are questions of law and fact common to the class predominating over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

a.     Whether Defendant violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

b.     Whether Defendant violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

c.     Whether Defendant violated the California Labor Code and Wage Orders by failing to permit and authorize meal periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

d.     Whether Defendant violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

e.     Whether Defendant violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including Plaintiffs ended;

f.     Whether Defendant violated §§ 17200 et seq. of the Business and Professions Code by the violation of California Law;

g.      Whether Plaintiffs and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.

37.    There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

C.    Typicality

38.    The claims of the named Plaintiffs are typical of the claims of the class.  Plaintiffs and all members of the class sustained injuries and damages arising out of and caused by Defendant' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

D.    Adequacy of Representation

39.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the class.  Plaintiffs have no interests which are averse to the class.  Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

E.    Superiority of Class Action

40.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the Class.  Each member of the class has been damaged and is entitled to recovery due to Defendant' unlawful policy and/or practices described herein.

41.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

1   42.    For the same reasons, the Class Action should be certified the Plaintiffs should be allowed to

2   proceed under against Defendant in a collective action under Cal. Bus. & Prof. Code § 17200.

3                         COUNT ONE

4                         FEDERAL CLAIM

5              Violation of the Fair Labor Standards Act

6             29 U.S.C. §§ 207, 216(b), and 255(a)

7         Failure to Pay Overtime Wages and Minimum Wages

8   43.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 as if fully stated

9   herein.

10   44.    At all relevant times herein, Defendant employment was subject to the provisions of the

11   Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

12   45.    The Defendant operate a business enterprise engaged in commerce or in the production of

13   goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor

14   regulations.

15   46.    Defendant routinely required or permitted Plaintiffs and their similar class members to work

16   more than 40 hours per week without paying all their wages for overtime work.  In Plaintiffs' cases,

17   this occurred because the correct number of hours was sometimes not listed on their wage stubs.

18   47.    Defendant willfully violated the FLSA, in failing to pay Plaintiffs overtime wages at one-

19   and-one-half times his regular rate of pay,

20   48.    As a direct and proximate result of Defendant' failure to pay the Plaintiff's proper wages

21   under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an

22   amount to be proved at trial.

23   49.    Defendant intentionally, with reckless disregard for their responsibilities under the FLSA,

24   and without good cause, failed to pay Plaintiffs and other similar class members all their wages, and

25   are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a

26   three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

27   50.    Plaintiffs were required to retain legal assistance to bring this action and, as such, are

28   entitled to an award of reasonable attorney's fees pursuant to the FLSA.

COUNT TWO

PENDENT STATE CLAIM

Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

Failure to Properly Pay Minimum and Overtime Wages

51.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

52.    At all times mentioned herein, California Labor Code §510 governed the Defendant employment of Plaintiffs.

53.    Pursuant to Labor Code §510, Defendant had a duty to pay its employees, including Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked more than 8 hours a day or 40 hours a week.

54.    Pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

55.    Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein.

56.    As a result of Defendant violations of statutory duties, as more fully set forth above, Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

57.    Plaintiffs seek all unpaid wages the difference between the amount actually paid and the amount in overtime wages or regular wages owed.  Plaintiffs continue to conduct audits and investigations, however, based upon our initial calculations, the amounts claimed are above the jurisdictional minimum requirements of this court.  Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.

58.    Plaintiffs also seek liquidated damages under to California Labor Code § 1194.2 for all unpaid minimum wages.

59.    Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to California Labor Code § 1194.

COUNT THREE

1      Violation of California Labor Code Sections 201, 202 & 203

2      Failure to Pay Wages Due and "Waiting Time" Penalties

3      60.      Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 as though fully set

4      forth herein.

5      61.      At the time Plaintiffs' employment ended with Defendant, Plaintiffs were terminated and

6      Defendant owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages

7      owed to Plaintiffs were ascertainable at the time of termination.

8      62.      Failure to pay wages owed at the time an employee is terminated as required by Labor Code

9      §201 or 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as

10     provided for in Labor Code § 203.

11     63.      As of this date, Defendant have failed and refused, and continue to fail and refuse, to pay the

12     amount due, thus making Defendant liable to Plaintiffs for penalties equal to thirty (30) days wages,

13     in an amount to be determined at trial.

14     64.      Pursuant to Labor Code Section 1194, Plaintiffs requests that the court award Plaintiffs

15     reasonable attorney's fees and costs incurred in this action.

16     65.      Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all

17     due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the

18     date the wages were due and payable.

19                                        COUNT FOUR

20                        Violation of California Labor Code § 226

21                        Failure to Provide Accurate Wage Stubs

22     66.      Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 as if fully stated

23     herein.

24     67.      At all times relevant hereto, Defendant were subject to the provisions of California   Labor

25     Code §§ 226, which requires an employer to provide each employee with written periodic wage

26     payment setting forth, among other things, the dates of labor for which payment of wages are made,

27     the total hours of work for the pay period, the gross and net wages paid, all deductions from those

28     wages, and the name and address of the employer.

1  68.    Defendant knowingly and intentionally failed to provide Plaintiffs with accurate, itemized

2  wage statements in compliance with Labor Code §226.  Such failures of Defendant to provide

3  Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours

4  worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a

5  report of gross wages earned.

6  69.    As a direct result, Defendant did not separate Plaintiff's regular hours from their overtime

7  hours because Defendant did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to

8  recover an amount to be proved at trial for actual damages, including that measured by the unpaid

9  wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation

10  up to $4,000.00.

11  70.    Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this

12  action.

13                                COUNT FIVE

14              Failure To Provide Meal Periods Or Compensation In Lieu Thereof

15                     (Labor Code §§ 203, 226, 226.7, 512, 1194)

16  71.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 of the preceding

17  paragraphs as though fully set forth herein.

18  72.    Defendant failed to comply with the requirement under California law regarding meal

19  periods. Plaintiffs were not afforded meal periods as required by California law, since meal periods

20  were not scheduled, Plaintiffs were routinely required to work without thirty-minute uninterrupted

21  meal periods, and Plaintiffs and co-workers were not compensated for missed meal periods.

22  73.    California Labor Code §226.7 states:

23  74.    (a) No employer shall require any employee to work during any meal or rest period mandated

24  by an applicable order of the Industrial Welfare Commission.

25  75.    (b) If an employer fails to provide an employee a meal period or rest period in accordance

26  with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee

27  one additional hour of pay at the employee's regular rate of compensation for each work day that the

28  meal or rest period is not provided.

1   76.     Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied

2   waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were

3   a condition of employment or part of an unlawful contract of adhesion.

4   77.     Plaintiffs were scheduled and required to work for periods of six or more hours without an

5   off-duty meal period of at least 30 minutes, and Defendant violated California law by failing to

6   comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage

7   Orders. As such, Defendant are liable for one hour of pay at the employee's regular rate of

8   compensation for each workday that meal periods were not provided.

9                                     COUNT SIX

10              Violation of California Business & Professions Code §17200

11                      Restitution for Unfair Business Practices

12  78.     Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-38 as though

13  fully set forth herein.

14  79.     At all times relevant herein, Plaintiffs' employment with Defendant was subject to the

15  California Labor Code and applicable Wage Orders promulgated by the California Industrial

16  Welfare Commission, which required all employees to be paid certain wages, overtime for work

17  performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

18  80.     At all times mentioned the Defendant were subject to Fair Labor Standards Act

19  29 U.S.C. §§ 207, 216(b), and 255(a) requiring they pay the Plaintiffs overtime at one point five

20  times their regular rate of pay for every hour they work more than forty in one week.

21  81.     At all times relevant herein, the employers of Plaintiffs, Defendant, were subject to the

22  California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.),

23  but failed to pay the Plaintiff, including similarly situated workers who are members of the public,

24  certain overtime pay as required by applicable state and federal laws, to all of which Plaintiffs, were

25  legally entitled, with Defendant keeping the amount which should have been paid to Plaintiff.

26  82.     In doing so, Defendant violated California Unfair Trade Practices Act, Business and

27  Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code

28  provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers

1   and businesses with whom Defendant were in competition and who were in compliance with the

2   law.

3   83.     As a direct and proximate result of Defendant' violations and failure to pay the required

4   wages and overtime pay, the Plaintiff's rights under the law were violated and the Plaintiffs, incurred

5   losses in the form of unpaid wages in amounts to be proved at trial.

6   84.     Defendant had been aware of the existence and requirements of the Unfair Trade Practices

7   Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and

8   intentionally failed to pay Plaintiff, certain wages and overtime pay due.

9   85.     Plaintiffs, having been illegally deprived overtime pay to which they were legally entitled,

10  herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code

11  §17203.

12  WHEREFORE ALL PLAINTIFFS PRAY

13       1.     For compensatory damages per Cal. Labor Code §§ 510. 1194 for unpaid overtime

14       wages in an amount to be determined;

15       2.     For liquidated damages for all overtime owed under the Fair Labor Standards Act 29

16       U.S.C. §§ 207, 216(b), and 255(a);

17       3.     For liquidated damages for all minimum wages owed under Cal. Labor Code §

18       1194.2;

19       4.     For restitution of unpaid overtime pay pursuant to California Business and

20       Professions Code §17203 in an amount to be determined at trial;

21       5.     For equitable and injunctive relief under California Business and Professions Code

22       §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work hours

23       and overtime wages owed;

24       6.     For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to

25       California Labor Code § 203 in an amount to be determined at trial;

26       7.     Damages and penalties for not providing pay statements pursuant to California Labor

27       Code Section 226 in an amount to be determined at trial;

28

8.      For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

9.      Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a);

10.     For costs of suit herein; and

11.     For such other and further relief as the Court may deem appropriate.

July 17, 2017

Respectfully submitted,

By:

*James Dal Bon*

JAMES DAL BON

Attorneys for Plaintiff

1   JAMES DAL BON, Bar No. 157942
    LAW OFFICE OF JAMES DAL BON
2   606 N. 1ST St.
    SAN JOSE, CA 95112
3   (408) 466-5845

4

5   ATTORNEYS FOR PLAINTIFFS

6

7                        UNITED STATES DISTRICT COURT

8                          NORTHERN CALIFORNIA

9

10  **GARY MIDDLE RIDER**

11  **PLAINITFF AND PUTATIVE**
    **PLAINTIFFS**
12

13           **Plaintiffs,**              DEMAND FOR JURYTRIAL

14       **vs.**

15

16

17  **MOVING SOLUTIONS, INC., a California**
    **Corporation**
18

19           **Defendant.**

20

21

22       Plaintiffs demand a jury trial.

23

24  July 17, 2017

25                                Respectfully submitted,

26
                                  *James Dal Bon*
27  By:                           _____

28                                JAMES DAL BON

                          15
                        Complaint

1

Attorneys for Plaintiff

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1   JAMES DAL BON, Bar No. 157942
    LAW OFFICE OF JAMES DAL BON
2   606 N. 1ST St.
3   SAN JOSE, CA 95112
    Telephone:    (408) 466-5845
4   Facsimile:    (408) 286-7111

5   VICTORIA L.H. BOOKE    SB# 142518
    BOOKE & AJLOUNY
6   606 North First Street
7   San Jose, California 95112
    Telephone:    (408) 286-7000
8   Facsimile:    (408) 286-7111
    Email: Vbooke@bookelaw.com
9
10  Attorneys for Plaintiffs

11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN CALIFORNIA
13
                                        Case No.  17-CV-04015 LHK
14
    GARY MIDDLE RIDER
15                                      FIRST AMENDED COMPLAINT
    PLAINTIFF AND PUTATIVE PLAINTIFFS
16
            Plaintiffs,                  CLAIMS FOR DAMAGES FOR
17                                       INDIVIDUAL PLAINTIFFS AND CLASS
18      vs.                              ACTION PLAINTIFFS

19                                       1)Failure to Pay all Wages Under the Fair Labor
20                                       Standards Act
                                         2) Failure to Pay all Wages Including California
21  MOVING SOLUTIONS, INC., A            Overtime Wages
    CALIFORNIA CORPORATION               3)Failure to Pay all Wages at the End of
22  CHARTWELL STAFFING SOLUTIONS,        Employment
    INC. AND MANAGED FACILITIES          4)Failure to Provide Accurate California
23  SOLUTIONS, LLC                       Itemized Employee Wage Statements
                                         5)Failure to Provide Breaks
24          Defendants.                  6)Violation of California Unfair Competition
25                                       Law for unlawful and/or unfair act in violation
                                         of California Law
26
27                                       DEMAND FOR JURY TRIAL
28

                                    1
                            Amended Complaint

## NATURE OF CLAIM

This is a class action on behalf of office moving workers employed by Defendants for wage and hour violations of federal and state law. Defendants failed to pay its nonexempt office moving employees at the correct overtime rate when they worked more than eight hours in one day or forty hours in one week. Plaintiff files an opt in class action under the Fair Employment and Standards Act for wages under federal law. The Plaintiff also files a Rule 23 opt-out class action for wages and penalties owed under California state law. Finally, the Plaintiff seeks restitution of wages for the past four years due to Defendants' unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and his business involves products that move through interstate commerce.

## PARTIES

3. At all times relevant herein, Plaintiff Gary Middle Rider, hereinafter "Plaintiff" is a resident of Santa Clara County in California.

4. At all times mentioned Defendant Moving Solutions, Inc., is a California Corporation with its headquartered in Santa Clara County California.

5. At all times mentioned Defendant Chartwell Staffing Solutions, Inc is a New York Corporation registered to do business in the State of California with the Secretary of State.

6. At all times mentioned Defendant Managed Facilities Solutions, LLC is a limited liability company registered in California and doing business in the County of Santa Clara.

1    7.    Hereinafter, Defendants Moving Solutions, Inc., Chartwell Staffing Solutions, Inc. and

2    Managed Facilities Solutions, LLC shall be collectively known as "Defendants"

3    8.    At all times relevant herein, Defendants employed Plaintiff Gary Middle Rider, as a

4    nonexempt office moving worker.

5    9.    At all times mentioned "Putative Plaintiffs" are the individual Plaintiff's co-workers

6    employed by Defendants as non-exempt office moving workers during the last four years from the

7    day they filed this complaint.

8    10.    Plaintiff Gary Middle Rider and Putative Plaintiffs shall be collectively known as

9    "Plaintiffs".

10    STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

11    11.    At all times relevant herein, Defendants employed the Plaintiffs in the office moving industry

12    as non-exempt laborers.

13    12.    Plaintiffs' job duties included moving office equipment, wiring computers and phones,

14    installing office partitions, desks, chairs and other office furniture.

15    13.    In preforming the aforementioned job duties, the Plaintiffs regularly worked more than eight

16    hours in one day.

17    14.    In performing the aforementioned job duties, the Plaintiffs regularly worked more than forty

18    hours in one week.

19    15.    Defendants paid the Plaintiffs per hour to perform the aforementioned job duties.

20    16.    Defendants failed to pay for all the time the Plaintiff's spent one the job.

21    17.    Defendants had Plaintiffs load and unload office furniture and other equipment to

22    Defendants's yard.

23    18.    Plaintiffs would then drive to the job site.

24    19.    Defendants did not pay the Plaintiffs for the time spent loading or unloading office

25    equipment from the trucks or for the commute to the job site.

26    20.    Plaintiffs moved office equipment into and out of offices after normal business hours starting

27    at approximately 4:30 pm.

28

3
Amended Complaint

1    21.    Defendants ordered Plaintiffs to arrive at the offices of their clients at approximately 4:30 pm

2    then wait for the office workers to leave at between 5:00 and 6:00 pm to begin moving and installing

3    office furniture and equipment.

4    22.    At times, the Defendants had the Plaintiffs report to a job site then sends the Plaintiffs home

5    without Paying them for reporting to the job.

6    23.    At times, the Defendants would not pay the Plaintiffs for half of their normal work day when

7    they sent the Plaintiffs home early from a job site.

8    24.    At times, the Plaintiffs worked through their 30-minute lunch break and the Defendants

9    automatically deducted thirty minutes from their pay regardless of whether they worked through the

10    lunch period or not.

11    25.    Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that

12    the Defendants did not pay the Plaintiffs for all the regular hours they actually worked for the

13    Defendants.

14    26.    Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that

15    the Defendants did not pay the Plaintiffs for all the overtime hours they actually worked for the

16    Defendants.

17    27.    Defendants did not pay the Plaintiffs at the rate of one and a half times their regular rate of

18    pay for every hour they worked more than eight in one day.

19    28.    Defendants did not pay the Plaintiffs at the rate of one and half times their regular rate of pay

20    when they worked more than forty hours in one week.

21    29.    Defendants did not pay the Plaintiffs minimum wages when they shaved time their work

22    hours.

23    30.    The Defendants intentionally failed to provide the Plaintiffs with a thirty-minute

24    uninterrupted meal period when they worked six hours or more in one day.

25    31.    Defendants provided the Plaintiffs with paystubs that did reflect the hours they worked in

26    accurate manner, the paystubs did not include the hours the Defendants shaved from the time cards

27    of the Plaintiffs.

28                                    CLASS ALLEGATIONS

                                              4
                                      Amended Complaint

32.    A collective action under 29 U.S.C. § 216(b) for the violations of federal wage law is appropriate because (1) a similar set of facts apply to all Plaintiffs, (2) the Plaintiffs worked in the same or similar employment setting (2) the Defendants can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to both parties and serves the interests of judicial economy.

33.    A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class; (3) the class representative can adequately represent the class; (4) and the proposed class is easily ascertainable.

34.    Plaintiffs seeks to represent the following class: All non-exempt hourly employees who are employed or have been employed by Defendants as office movers in California within four (4) years of the filing of this Complaint engaged in intrastate commerce for the Defendants as office movers through the date of final disposition of this action and who suffered the following:

      a.    Were not paid overtime wages;

      b.    Were not paid for all hours worked;

      c.    Were not paid minimum wages for all hours worked;

      d.    Were not provided meal periods or if they were provided late meal periods;

      e.    Were not provided with proper paystubs

35.    Plaintiffs seeks to represent the following sub-class:

All non-exempt hourly employees whose employment ended in California within for (3) years of the filing of this Complaint engaged in intrastate commerce for the Defendants as nonexempt office movers workers through the date of final disposition of this action and who were not fully paid their wages within seventy-two hours of the end of their employment;

36.     On information and belief, the legal and factual issues are common to the class and affected all putative members of the class. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

A.    Numerosity

37.     The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined now, Plaintiffs are informed and believes that Defendants during the relevant time periods likely employed over 50 workers in California who are, or have been, affected by Defendants' unlawful practices as alleged herein.

38.     Joinder of all members of the proposed Class is not practical.

B.    Commonality

39.     There are questions of law and fact common to the class predominating over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

a.     Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

b.     Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

c.     Whether Defendants violated the California Labor Code and Wage Orders by failing to permit and authorize meal periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

d.     Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other

6
Amended Complaint

1   putative class members' earned wages and itemize all wages earned, and accurately

2   maintain other records;

3        e.     Whether Defendants violated the California Labor Code and Wage Orders by

4   failing to pay all earned wages due and/or premium wages due and owing at the time

5   that the employment of any putative class members, including Plaintiffs ended;

6        f.     Whether Defendants violated §§ 17200 et seq. of the Business and Professions

7   Code by the violation of California Law;

8        g.     Whether Plaintiffs and other putative class members are entitled to damages,

9   restitution, wages, statutory penalties, premium wages, declaratory, injunctive and

10  declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to

11  California Labor Code and Wage Orders, Business and Professions Code section

12       17200 et seq.

13

14  40.     There are no individualized factual or legal issues for the court to resolve that would prevent

15  this case from proceeding as a class action.

16  **C.     Typicality**

17  41.     The claims of the named Plaintiffs are typical of the claims of the class.  Plaintiffs and all

18  members of the class sustained injuries and damages arising out of and caused by Defendants'

19  common course of conduct in violation of California laws, regulations, and statutes as alleged

20  herein.

21  **D.     Adequacy of Representation**

22  42.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the

23  class.  Plaintiffs have no interests which are averse to the class.  Counsel who represent Plaintiffs are

24  competent and experienced in litigating large employment class actions.

25  **E.     Superiority of Class Action**

26  43.     A class action is superior to other available means for the fair and efficient adjudication of

27  this controversy.  Individual joinder of all class members is not practicable, and questions of law and

28  fact common to the class predominate over any questions affecting only individual members of the

1    Class. Each member of the class has been damaged and is entitled to recovery due to Defendants'

2    unlawful policy and/or practices described herein.

3    44.     Class action treatment will allow those similarly situated persons to litigate their claims in the

4    manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are

5    unaware of any difficulties that are likely to be encountered in the management of this action that

6    would preclude its maintenance as a class action.

7    45.     For the same reasons, the Class Action should be certified the Plaintiffs should be allowed to

8    proceed under against Defendants in a collective action under Cal. Bus. & Prof. Code § 17200.

9                                COUNT ONE

10                              FEDERAL CLAIM

11                    Violation of the Fair Labor Standards Act

12                      29 U.S.C. §§ 207, 216(b), and 255(a)

13               Failure to Pay Overtime Wages and Minimum Wages

14    46.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated

15    herein.

16    47.     At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair

17    Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

18    48.     The Defendants operate a business enterprise engaged in commerce or in the production of

19    goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor

20    regulations.

21    49.     Defendants routinely required or permitted Plaintiffs and their similar class members to

22    work more than 40 hours per week without paying all their wages for overtime work. In Plaintiffs'

23    cases, this occurred because the correct number of hours was sometimes not listed on their wage

24    stubs.

25    50.     Defendants willfully violated the FLSA, in failing to pay Plaintiffs overtime wages at one-

26    and-one-half times his regular rate of pay.

27

28

                                      8

1    51.    As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages

2    under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an

3    amount to be proved at trial.

4    52.    Defendants intentionally, with reckless disregard for their responsibilities under the FLSA,

5    and without good cause, failed to pay Plaintiffs and other similar class members all their wages, and

6    are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a

7    three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

8    53.    Plaintiffs were required to retain legal assistance to bring this action and, as such, are

9    entitled to an award of reasonable attorney's fees pursuant to the FLSA.

10                                            COUNT TWO

11                                      PENDENT STATE CLAIM

12                 Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

13                        Failure to Properly Pay Minimum and Overtime Wages

14

15    54.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

16    55.    At all times mentioned herein, California Labor Code §510 governed the Defendants

17    employment of Plaintiffs.

18    56.    Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including

19    Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked more

20    than 8 hours a day or 40 hours a week.

21    57.    Pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid

22    overtime wages and unpaid regular wages.

23    58.    Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein.

24    59.    As a result of Defendants violations of statutory duties, as more fully set forth above,

25    Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

26    60.    Plaintiffs seek all unpaid wages the difference between the amount actually paid and the

27    amount in overtime wages or regular wages owed.  Plaintiffs continue to conduct audits and

28    investigations, however, based upon our initial calculations, the amounts claimed are above the

                                                    9
                                        Amended Complaint

1    jurisdictional minimum requirements of this court.  Plaintiff will seek leave of court to amend this

2    Complaint according to proof at the time of trial.

3    61.    Plaintiffs also seek liquidated damages under to California Labor Code § 1194.2 for all

4    unpaid minimum wages.

5    62.    Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this

6    action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to

7    California Labor Code § 1194.

8

9                                      COUNT THREE

10                    Violation of California Labor Code Sections 201, 202 & 203

11                       Failure to Pay Wages Due and "Waiting Time" Penalties

12    63.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as though fully set

13    forth herein.

14    64.    At the time Plaintiffs' employment ended with Defendants, Plaintiffs were terminated and

15    Defendants owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages

16    owed to Plaintiffs were ascertainable at the time of termination.

17    65.    Failure to pay wages owed at the time an employee is terminated as required by Labor Code

18    §201 or 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as

19    provided for in Labor Code § 203.

20    66.    As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the

21    amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages,

22    in an amount to be determined at trial.

23    67.    Pursuant to Labor Code Section 1194, Plaintiffs requests that the court award Plaintiffs

24    reasonable attorney's fees and costs incurred in this action.

25    68.    Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all

26    due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the

27    date the wages were due and payable.

28

                                            10
                                   Amended Complaint

## COUNT FOUR

### Violation of California Labor Code § 226

### Failure to Provide Accurate Wage Stubs

69.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein.

70.    At all times relevant hereto, Defendants were subject to the provisions of California  Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

71.    Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226.  Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

72.    As a direct result, Defendants did not separate Plaintiffs regular hours from their overtime hours because Defendants did not want to pay Plaintiffs overtime pay, The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

73.    Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action.

## COUNT FIVE

### Failure To Provide Meal Periods Or Compensation In Lieu Thereof

### (Labor Code §§ 203, 226, 226.7, 512, 1194)

74.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 of the preceding paragraphs as though fully set forth herein.

75. Defendants failed to comply with the requirement under California law regarding meal periods. Plaintiffs were not afforded meal periods as required by California law, since meal periods were not scheduled, Plaintiffs were routinely required to work without thirty-minute uninterrupted meal periods, and Plaintiffs and co-workers were not compensated for missed meal periods.

76. California Labor Code §226.7 states:

77. (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

78. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

79. Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

80. Plaintiffs were scheduled and required to work for periods of six or more hours without an off-duty meal period of at least 30 minutes, and Defendants violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

COUNT SIX

Violation of California Business & Professions Code §17200

Restitution for Unfair Business Practices

81. Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-38 as though fully set forth herein.

82. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

1   83.    At all times mentioned the Defendants were subject to Fair Labor Standards Act

2   29 U.S.C. §§ 207, 216(b), and 255(a) requiring they pay the Plaintiffs overtime at one point five

3   times their regular rate of pay for every hour they work more than forty in one week.

4   84.    At all times relevant herein, the employers of Plaintiffs, Defendants, were subject to the

5   California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.),

6   but failed to pay the Plaintiff, including similarly situated workers who are members of the public,

7   certain overtime pay as required by applicable state and federal laws, to all of which Plaintiffs, were

8   legally entitled, with Defendants keeping the amount which should have been paid to Plaintiff.

9   85.    In doing so, Defendants violated California Unfair Trade Practices Act, Business and

10   Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code

11   provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers

12   and businesses with whom Defendants were in competition and who were in compliance with the

13   law.

14   86.    As a direct and proximate result of Defendants' violations and failure to pay the required

15   wages and overtime pay, the Plaintiffs rights under the law were violated and the Plaintiffs, incurred

16   losses in the form of unpaid wages in amounts to be proved at trial.

17   87.    Defendants had been aware of the existence and requirements of the Unfair Trade Practices

18   Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and

19   intentionally failed to pay Plaintiff, certain wages and overtime pay due.

20   88.    Plaintiffs, having been illegally deprived overtime pay to which they were legally entitled,

21   herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code

22   §17203.

23   WHEREFORE ALL PLAINTIFFS PRAY

24      1.    For compensatory damages per Cal. Labor Code §§ 510. 1194 for unpaid overtime

25           wages in an amount to be determined;

26      2.    For liquidated damages for all overtime owed under the Fair Labor Standards Act 29

27           U.S.C. §§ 207, 216(b), and 255(a);

28

3.    For liquidated damages for all minimum wages owed under Cal. Labor Code § 1194.2;

4.    For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

5.    For equitable and injunctive relief under California Business and Professions Code §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work hours and overtime wages owed;

6.    For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

7.    Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

8.    For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

9.    Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a);

10.    For costs of suit herein; and

11.    For such other and further relief as the Court may deem appropriate.

December 14, 2017

Respectfully submitted,

By:

JAMES DAL BON

Attorneys for Plaintiff

1  JAMES DAL BON, Bar No. 157942
2  LAW OFFICE OF JAMES DAL BON
   606 N. 1ST St.
3  SAN JOSE, CA 95112
   (408) 466-5845
4
5  ATTORNEYS FOR PLAINTIFFS
6
7                 UNITED STATES DISTRICT COURT
8                    NORTHERN CALIFORNIA
9                                      17-CV-04015 LHK
10
   GARY MIDDLE RIDER
11
   PLAINTIFF AND PUTATIVE
12 PLAINTIFFS
13        Plaintiffs,
14   vs.                              DEMAND FOR JURYTRIAL
15
16
17 MOVING SOLUTIONS, INC., A
18 CALIFORNIA CORPORATION
   CHARTWELL STAFFING SOLUTIONS,
19 INC. AND MANAGED FACILITIES
   SOLUTIONS, LLC
20
21        Defendants.
22
23
       Plaintiffs demand a jury trial.
24
25
   \\\\
26
27
28
                          15
                 Amended Complaint

1

2  December 14, 2017

3                                    Respectfully submitted,

4

5  By:

6                                    JAMES DAL BON

7                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Complaint

# EXHIBIT C

1    JAMES DAL BON
     LAW OFFICE OF JAMES DAL BON
2    606 N. 1ST St.
3    SAN JOSE, CA 95112
     Telephone:    (408) 466-5845
4    Facsimile:    (408) 286-7111

5    VICTORIA L.H. BOOKE    SB# 142518
     BOOKE & AJLOUNY
6    606 North First Street
7    San Jose, California 95112
     Telephone:    (408) 286-7000
8    Facsimile:    (408) 286-7111
     Email: vbooke@bookelaw.com
9

10   Attorneys for Plaintiffs

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN CALIFORNIA**

13                                              Case No. l7-CV-04015 LHK

14   GARY MIDDLE RIDER, an individual,
     ROBERT GARZA, an individual
15   ALBERT ARELLANO, an individual,          **SECOND AMENDED CLASS ACTION**
     JOSE DON CORONADO, an individual,         **COMPLAINT**

16

17   **PLAINITFFS AND PUTATIVE**
     **PLAINTIFFS**

18                                              **CLAIMS FOR DAMAGES FOR**
                                                **INDIVIDUAL PLAINTIFFS AND CLASS**
19           **Plaintiffs,**                    **ACTION PLAINTIFFS**

20       **vs.**                                1)Failure to Pay all Wages Under the Fair Labor
                                                Standards Act
21                                              2) Failure to Pay all Wages Including California
             **Defendants.**                    Overtime Wages
22                                              3)Failure to Pay all Wages at the End of
     MOVING SOLUTIONS, a California             Employment
23   Corporation MANAGED FACILITIES            4)Failure to Provide Accurate California
     SOLUTIONS, LLC a California Limited        Itemized Employee Wage Statements
24   Liability Company and CHARTWELL           5)Failure to Provide Breaks
     STAFFING SOLUTIONS, INC a New York        6)Violation of California Unfair Competition
25   Corporation licensed to do business in    Law for unlawful and/or unfair act in violation
     California                                 of California Law
26

27                                              **DEMAND FOR JURY TRIAL**

28

1

2

## NATURE OF THE CASE

3

4

This is a class action on behalf of office moving workers employed by Defendants for wage

5

and hour violations of federal and state law. Defendants failed to pay its nonexempt office

6

moving employees at the correct overtime rate when they worked more than eight hours in

7

one day or forty hours in one week. Plaintiff files an opt in class action under the Fair

8

Employment and Standards Act for wages under federal law. The Plaintiff also files a Rule 23

9

opt-out class action for wages and penalties owed under California state law. Finally, the

10

Plaintiff seeks restitution of wages for the past four years due to Defendants' unfair business

11

practices in failing to pay wages to their employees in adherence to state and federal law.

12

13

## SUBJECT MATTER JURISDICTION

14

1.   This Court is a proper venue, since all events giving rise to this lawsuit have occurred

15

in this district.

16

17

2.   Subject matter jurisdiction of this action of this Court is based upon Fair Labor

18

Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court.

19

Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards

20

Act and his business involves products that move through interstate commerce.

21

22

## PARTIES

23

3.   At all times relevant herein, Plaintiff Gary Middle Rider, hereinafter "Plaintiff Middle

24

Rider" is a resident of Santa Clara County in California.

25

4.   At all times relevant herein, Plaintiff Robert Garza, hereinafter "Plaintiff Garza" is a

26

resident of Santa Clara County in California.

27

28

5.   At all times relevant herein, Plaintiff Albert Arellano, hereinafter "Plaintiff Arellano" is

2

1    a resident of Santa Clara County in California.

2    6.  At all times relevant herein, Plaintiff Daniel Coronado, hereinafter "Plaintiff Coronado"

3        is a resident of Santa Clara County in California.

4

5    7.  At all times mentioned Defendant Moving Solutions, Inc., is a California Corporation

6        with its headquartered in Santa Clara County California.

7    8.  At all times mentioned Defendant Chartwell Staffing Solutions, Inc is a New York

8        Corporation registered to do business in the State of California with the Secretary of

9
        State.
10

11   9.  At all times mentioned Defendant Managed Facilities Solutions, LLC is a limited

12       liability company registered in California and doing business in the County of Santa

13       Clara.

14
     10. Hereinafter, Defendants Moving Solutions, Inc., Chartwell Staffing Solutions, Inc. and
15
         Managed Facilities Solutions, LLC shall be collectively known as "Defendants"
16

17   11. At all times relevant herein, Defendants employed Plaintiff Middle Rider, as a

18       nonexempt office moving worker.

19
     12. At all times relevant herein, Defendants employed Plaintiff Garza, as a nonexempt
20
         office moving worker.
21

22   13. At all times relevant herein, Defendants employed Plaintiff Arellano, as a nonexempt

23       office moving worker.

24
     14. At all times relevant herein, Defendants employed Plaintiff Coronado, as a nonexempt
25
         office moving worker.
26

27   15. At all times mentioned "Putative Plaintiffs" are the individual Plaintiffs co-workers

28       employed by Defendants as non-exempt office moving workers during the last four

                                            3

years from the day they filed this complaint.

16. Plaintiff Middle Rider, Plaintiff Garza, Plaintiff Arellano, Plaintiff Coronado and

Putative Plaintiffs shall be collectively known as "Plaintiffs".

### STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

17. At all times relevant herein, Defendants employed the Plaintiffs in the office moving

industry as non-exempt laborers.

18. Plaintiffs' job duties included moving office equipment, wiring computers and phones,

installing office partitions, desks, chairs and other office furniture.

19. In preforming the aforementioned job duties, the Plaintiffs regularly worked more than

eight hours in one day.

20. In performing the aforementioned job duties, the Plaintiffs regularly worked more than

forty hours in one week.

21. Defendants paid the Plaintiffs per hour to perform the aforementioned job duties.

22. Defendants failed to pay for all the time the Plaintiffs spent one the job.

23. Defendants had Plaintiffs load and unload office furniture and other equipment to

Defendants' yard.

24. Plaintiffs would then drive to the job site.

25. Defendants did not pay the Plaintiffs for the time spent loading or unloading office

equipment from the trucks or for the commute to the job site.

26.  Plaintiffs moved office equipment into and out of offices after normal business hours

starting at approximately 4:30 pm.

27. Defendants ordered Plaintiffs to arrive at the offices of their clients at approximately

4:30 pm then wait for the office workers to leave at between 5 :00 and 6:00 pm to begin

4

moving and installing office furniture and equipment.

28. At times, the Defendants had the Plaintiffs report to a job site then sends the Plaintiffs home without Paying them for reporting to the job.

29. At times, the Defendants would not pay the Plaintiffs for half of their normal work day when they sent the Plaintiffs home early from a job site.

30. At times, the Plaintiffs worked through their 30-minute lunch break and the Defendants automatically deducted thirty minutes from their pay regardless of whether they worked through the lunch period or not.

31. Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the regular hours they actually worked for the Defendants.

32. Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the overtime hours they actually worked for the Defendants.

33. Defendants did not pay the Plaintiffs at the rate of one and a half times their regular rate of pay for every hour they worked more than eight in one day.

34. Defendants did not pay the Plaintiffs at the rate of one and half times their regular rate of pay when they worked more than forty hours in one week.

35. Defendants did not pay the Plaintiffs minimum wages when they shaved time their work hours.

36. The Defendants intentionally failed to provide the Plaintiffs with a thirty-minute uninterrupted meal period when they worked six hours or more in one day.

37. Defendants provided the Plaintiffs with paystubs that did reflect the hours they worked

5

1    in accurate manner, the paystubs did not include the hours the Defendants shaved

2    from the time cards of the Plaintiffs.

3                                     CLASS ALLEGATIONS

4

5    38. A collective action under 29 U.S.C. § 2l6(b) for the violations of federal wage law is

6        appropriate because (1) a similar set off acts apply to all Plaintiffs, (2) the Plaintiffs

7        worked in the same or similar employment setting (2) the Defendants can assert

8        defenses collectively against all Plaintiffs, and (4) a collective action is fair to both

9        parties and serves the interests of judicial economy.

10

11   39. A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of

12       action is superior to an individual action because a well-defined community of interest

13       exists in the litigation in that (1) common questions of law and fact predominate the

14       action (2) the class representative has claims or defenses typical of the class; (3) the

15       class representative can adequately represent the class; (4) and the proposed class is

16       easily ascertainable.

17

18   40. Plaintiffs seeks to represent the following class: All non-exempt hourly employees who

19       are employed or have been employed by Defendants as office movers in California

20       within four (4) years of the filing of this Complaint engaged in intrastate commerce for

21       the Defendants as office movers through the date of final disposition of this action and

22       who suffered the following:

23

24           a.  Were not paid overtime wages;

25           b.  Were not paid for all hours worked;

26

27           c.  Were not paid minimum wages for all hours worked;

28           d.  Were not provided meal periods or they were provided late meal periods;

6

e.  Were not provided with proper paystubs.

41. Plaintiffs seeks to represent the following sub-class:

"All non-exempt hourly employees whose employment ended in California within (3) years of the filing of this Complaint employed by Defendants as nonexempt office movers worked through the date of final disposition of this action and who were not fully paid their wages within seventy-two hours of the end of their employment;

42. On information and belief, the legal and factual issues are common to the class and affected all putative members of the class. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

A.  Numerosity

43. The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined now, Plaintiffs are informed and believes that Defendants during the relevant time he periods likely employed over 50 workers in California who are, or have been, affected by Defendants' unlawful practices as alleged herein.

44. Joinder of all members of the proposed Class is not practical.

B.      Commonality

45. There are questions of law and fact common to the class predominating over any questions affecting only individual class members.

46. These common questions of law and fact include, without limitation:

a.  Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

b.  Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

c.  Whether Defendants violated the California Labor Code and Wage Orders by failing to permit and authorize meal periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

d.  Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

e.  Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including Plaintiffs ended;

f.  Whether Defendants violated §§ 17200 et seq. of the Business and Professions Code by the violation of California Law;

g.  Whether Plaintiffs and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.

h.  There are no individualized factual or legal issues for the court to resolve that

1    would prevent this case from proceeding as a class action.

2    C. Typicality

3
4    47. The claims of the named Plaintiffs are typical of the claims of the class. Plaintiffs and

5        all members of the class sustained injuries and damages arising out of and caused by

6        Defendants' common course of conduct in violation of California laws, regulations, and

7        statutes as alleged herein.

8    D. Adequacy of Representation
9
10   48. Plaintiffs will fairly and adequately represent and protect the interests of the members

11       of the class. Plaintiffs have no interests which are averse to the class. Counsel who

12       represent Plaintiffs are competent and experienced in litigating large employment class

13       actions.

14
15   E.  Superiority of Class Action

16   49. A class action is superior to other available means for the fair and efficient

17       adjudication of this controversy. Individual joinder of all class members is not

18       practicable, and questions of law and fact common to the class predominate over any

19       questions affecting only individual members of the Class. Each member of the class has
20
21       been damaged and is entitled to recovery due to Defendants' unlawful policy and/or

22       practices described herein.

23   50. Class action treatment will allow those similarly situated persons to litigate their claims

24       in the manner that is most efficient and economical for the parties and the judicial

25       system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the
26
27       management of this action that would preclude its maintenance as a class action.

28   51.  For the same reasons, the Class Action should be certified the Plaintiffs should be

9

1    allowed to proceed under against Defendants in a collective action under Cal. Bus. &

2    Prof. Code § 17200.

3

4
COUNT ONE

5
FEDERAL CLAIM

6
Violation of the Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a)

7
Failure to Pay Overtime Wages and Minimum Wage

8    52. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated

9

10       herein

11    53. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the

12       Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

13    54. The Defendants operate a business enterprise engaged in commerce or in the

14

15       production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related

16       Department of Labor regulations.

17    55. Defendants routinely required or permitted Plaintiffs and their similar class members

18       to work more than 40 hours per week without paying all their wages for overtime

19       work. In Plaintiffs' cases, this occurred because the correct number of hours was

20

21       sometimes not listed on their wage stubs.

22    56. Defendants willfully violated the FLSA, in failing to pay Plaintiffs overtime wages at

23       one and half times his regular rate of pay,

24    57. As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper

25

26       wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime

27       wages in an amount to be proved at trial.

28    58. Defendants intentionally, with reckless disregard for their responsibilities under the

10

1  FLSA, and without good cause, failed to pay Plaintiffs and other similar class members

2  all their wages, and are thus liable to Plaintiffs for liquidated damages in an amount

3
   equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C.
4
5  §§ 216(b) & 255(a) of the FLSA.

6  59. Plaintiffs were required to retain legal assistance to bring this action and, as such, are

7  entitled to an award of reasonable attorney's fees pursuant to the FLSA.

8
                                    COUNT TWO
9
                               PENDENT STATECLAIM
10
11            Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

12                  Failure to Properly Pay Minimum and Overtime Wages

13 60. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated
14
   herein.
15
16 61. At all times mentioned herein, California Labor Code §510 governed the Defendant

17    employment of Plaintiffs.

18 62. Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including

19    Plaintiffs, no less than one and one-half times their regular rate of pay for all hours
20
      worked more than 8 hours a day or 40 hours a week. pursuant to Labor Code § 1194,
21
22    Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid

23    regular wages.

24 63. Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth
25
      herein. As a result of Defendants violations of statutory duties, as more fully set forth
26
27    above,

28 64. Plaintiffs earned were not paid wages in an amount above the
                                        11

1    jurisdictional limits of this court.

2    65. Plaintiffs seek all unpaid wages the difference between the amount actually paid and

3    the amount in overtime wages or regular wages owed. Plaintiffs continue to conduct

4    audits and investigations, however, based upon our initial calculations, the amounts

5    claimed are above the jurisdictional minimum requirements of this court.

6

7    66.  Plaintiff will seek leave of court to amend this Complaint according to proof at the

8    time of trial.

9

10   67. Plaintiffs also seek liquidated damages under to California Labor Code§ 1194.2 for all

11   unpaid minimum wages.

12   68. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of

13   this action and therefore demands such reasonable attorney's fees and costs as set by

14   the court pursuant to California Labor Code§ 1194.

15

16                              COUNT THREE

17          Violation of California Labor Code Sections 201, 202 & 203

18          Failure to Pay Wages Due and "Waiting Time" Penalties

19   69. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as though fully

20   set forth herein.

21

22   70. At the time Plaintiffs' employment ended with Defendants, Defendants owed Plaintiffs

23   certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiffs

24   were ascertainable at the time of termination.

25

26   71.  Failure to pay wages owed at the time an employee is terminated as required by Labor

27   Code § 201 or 202 subjects the employer the payment of a penalty equaling up to 30

28   days wages, as provided for in Labor Code § 203.

12

72. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

73. Pursuant to Labor Code Section 1194, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

74. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable herein.

## COUNT FOUR

Violation of California Labor Code§ 226 Failure to Provide Accurate Wage Stubs

75. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated

76. At all times relevant hereto, Defendants were subject to the provisions of California Labor Code§§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages are made by the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

77. Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code§ 226. Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

78. As a direct result, Defendants did not separate Plaintiffs regular hours from their

13

overtime hours because Defendants did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

79. Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action

### COUNT FIVE

Failure to Provide Meal Periods or Compensation in Lieu Thereof

Cal. Labor Code§§ 203, 226, 226.7, 512, 1194)

80. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 of the preceding paragraphs as though fully set forth herein.

81. Defendants failed to comply with the requirement under California law regarding meal periods. Plaintiffs were not afforded meal periods as required by California law, since meal periods were not scheduled, Plaintiffs were routinely required to work without thirty-minute uninterrupted meal periods, and Plaintiffs and co-workers were not compensated for missed meal periods.

82. California Labor Code §226.7 states:

83. (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

84. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee ne additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

14

85. Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

86. Plaintiffs were scheduled and required to work for periods of six or more hours without an off-duty meal period of at least 30 minutes, and Defendants violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

### COUNT SIX

Violation of California Business & Professions Code §17200

Restitution for Unfair Business Practices

87. Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-38 as though fully set forth herein.

88. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

89. At all times mentioned the Defendants were subject to Fair Labor Standards Act 29 U.S.C.§§ 207, 216(b), and 255(a) requiring they pay the Plaintiffs overtime at one point five times their regular rate of pay for every hour they work more than forty in one week.

90. At all times relevant herein, the employers of Plaintiffs, Defendants, were subject to the California Unfair Trade Practices Act (California Business and Professions Code§ § 17000 et seq.), but failed to pay the Plaintiff, including similarly situated workers who are members of the public, certain overtime pay as required by applicable state and federal laws, to all of which Plaintiffs, were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiff.

91. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

92. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, the Plaintiff's rights under the law were violated and the Plaintiffs, incurred losses in the form of unpaid wages in amounts to be proved at trial.

93. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, certain wages and overtime pay due.

94. Plaintiffs, having been illegally deprived overtime pay to which they were legally entitled, herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code 22 § 17203.

16

WHEREFORE ALL PLAINTIFFS PRAY

1. For compensatory damages per Cal. Labor Code§§ 510. 1194 for unpaid overtime wages in an amount to be determined;

2. For liquidated damages for all overtime owed under the Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255;

3. For liquidated damages for all minimum wages owed under Cal. Labor Code§ 2 1194.2;

4. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

5. For equitable and injunctive relief under California Business and Professions Code §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work hours and overtime wages owed;

6. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code§ 203 in an amount to be determined at trial;

7. Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

8. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code§ 1194(a);

9. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code § 1194(a);

10. For costs of suit herein and;

11. For such other and further relief as the Court may deem appropriate.

17

August 8, 2018

Respectfully submitted,

JAMES DAL BON

Attorneys for Plaintiff

18

1    JAMES DAL BON
     LAW OFFICE OF JAMES DAL BON
2    606 N. 1ST St.
3    SAN JOSE, CA 95112
     Telephone:    (408) 466-5845
4    Facsimile:    (408) 286-7111

5    VICTORIA L.H. BOOKE    SB# 142518
     BOOKE & AJLOUNY
6    606 North First Street
7    San Jose, California 95112
     Telephone:    (408) 286-7000
8    Facsimile:    (408) 286-7111
     Email: vbooke@bookelaw.com
9
10   Attorneys for Plaintiffs

11                        UNITED STATES DISTRICT COURT
12                          NORTHERN CALIFORNIA

13                                          Case No. l7-CV-04015 LHK
14   GARY MIDDLE RIDER, an individual,
     ROBERT GARZA, an individual
15   ALBERT ARELLANO, an individual,      PROPOSED SECOND AMENDED CLASS
     JOSE DON CORONADO, an individual,    ACTION COMPLAINT
16
     PLAINITFFS AND PUTATIVE
17   PLAINTIFFS
                                          DEMAND FOR JURY TRIAL
18           Plaintiffs,
19
         vs.
20
21           Defendants.
22   MOVING SOLUTIONS, a California
23   Corporation MANAGED FACILITIES
     SOLUTIONS, LLC a California Limited
24   Liability Company and CHARTWELL
     STAFFING SOLUTIONS, INC a New York
25   Corporation licensed to do business in
26   California
27
28                                        19

1    Plaintiff demands a jury trial.

2    August 8,  2018

3

4

5

6    _____

7    James Dal Bon

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    20

EXHIBIT D

1    JAMES DAL BON
     LAW OFFICE OF JAMES DAL BON
2    606 N. 1ST St.
3    SAN JOSE, CA 95112
     Telephone:    (408) 466-5845
4    Facsimile:    (408) 286-7111

5    VICTORIA L.H. BOOKE    SB# 142518
6    BOOKE & AJLOUNY
     606 North First Street
7    San Jose, California 95112
     Telephone:    (408) 286-7000
8    Facsimile:    (408) 286-7111
     Email: vbooke@bookelaw.com
9
10   Attorneys for Plaintiffs

11                **UNITED STATES DISTRICT COURT**
12                **NORTHERN CALIFORNIA**

13                                    Case No. l7-CV-04015 LHK

14
     **ROBERT GARZA, an individual**
15   **ALBERT ARELLANO, an individual,**    **PROPOSED THIRD AMENDED CLASS**
     **JOSE DON CORONADO, an individual,**  **ACTION COMPLAINT**
16
17   **PLAINITFFS AND PUTATIVE**
     **PLAINTIFFS**
18                                    **CLAIMS FOR DAMAGES FOR**
               **Plaintiffs,**        **INDIVIDUAL PLAINTIFFS AND CLASS**
19                                    **ACTION PLAINTIFFS**
20         **vs.**                    1)Failure to Pay all Wages Under the Fair Labor
                                      Standards Act
21                                    2) Failure to Pay all Wages Including California
               **Defendants.**        Overtime Wages
22                                    3)Failure to Pay all Wages at the End of
     **MOVING SOLUTIONS, a California** Employment
23   **Corporation MANAGED FACILITIES** 4)Failure to Provide Accurate California
     **SOLUTIONS, LLC a California Limited** Itemized Employee Wage Statements
24   **Liability Company and CHARTWELL** 5)Failure to Provide Meal and Rest Breaks
     **STAFFING SOLUTIONS, INC a New York** 6)Violation of California Unfair Competition
25   **Corporation licensed to do business in** Law for unlawful and/or unfair act in violation
     **California**                   of California Law
26                                    7) Penalties Under the Private Attorneys
27                                    General Act of 2004

28

1

**DEMAND FOR JURY TRIAL**

2

3

4

5

6

7

8

9

NATURE OF THE CASE

10

This is a class action and representative action under Labor Code section 2698 et seq. on

11

behalf of office moving workers employed by Defendants for wage and hour violations of

12

13

federal and state law. Defendants failed to pay its nonexempt office moving employees at the

14

correct overtime rate when they worked more than eight hours in one day or forty hours in

15

one week. Plaintiff files an opt in class action under the Fair Labor and Standards Act for

16

wages under federal law. The Plaintiff also files a Rule 23 opt-out class action for wages and

17

18

penalties owed under California state law. Finally, the Plaintiff seeks restitution of wages for

19

the past four years due to Defendants' unfair business practices in failing to pay wages to

20

their employees in adherence to state and federal law.

21

SUBJECT MATTER JURISDICTION

22

23

1.  This Court is a proper venue, since all events giving rise to this lawsuit have occurred

24

in this district.

25

2.  Subject matter jurisdiction of this action of this Court is based upon Fair Labor

26

Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court.

27

28

Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards

1    Act and his business involves products that move through interstate commerce.

2                                    PARTIES

3    3. At all times relevant herein, Plaintiff Gary Middle Rider, hereinafter "Plaintiff Middle

4        Rider" is a resident of Santa Clara County in California.

5

6    4. At all times relevant herein, Plaintiff Robert Garza, hereinafter "Plaintiff Garza" is a

7        resident of Santa Clara County in California.

8    5. At all times relevant herein, Plaintiff Albert Arellano, hereinafter "Plaintiff Arellano" is

9        a resident of Santa Clara County in California.
10

11   6. At all times relevant herein, Plaintiff Daniel Coronado, hereinafter "Plaintiff Coronado"

12       is a resident of Santa Clara County in California.

13   7. At all times mentioned Defendant Moving Solutions, Inc., is a California Corporation

14       with its headquartered in Santa Clara County California.
15

16   8. At all times mentioned Defendant Chartwell Staffing Solutions, Inc is a New York

17       Corporation registered to do business in the State of California with the Secretary of

18       State.

19   9. At all times mentioned Defendant Managed Facilities Solutions, LLC is a limited

20       liability company registered in California and doing business in the County of Santa
21
         Clara.
22

23   10. Hereinafter, Defendants Moving Solutions, Inc., Chartwell Staffing Solutions, Inc. and

24       Managed Facilities Solutions, LLC shall be collectively known as "Defendants"

25
     11. At all times relevant herein, Defendants employed Plaintiff Middle Rider, as a
26
         nonexempt office moving worker.
27

28   12. At all times relevant herein, Defendants employed Plaintiff Garza, as a nonexempt

office moving worker.

13. At all times relevant herein, Defendants employed Plaintiff Arellano, as a nonexempt office moving worker.

14. At all times relevant herein, Defendants employed Plaintiff Coronado, as a nonexempt office moving worker.

15. At all times mentioned "Putative Plaintiffs" are the individual Plaintiffs co-workers employed by Defendants as non-exempt office moving workers during the last four years from the day they filed this complaint.

16. Plaintiff Middle Rider, Plaintiff Garza, Plaintiff Arellano, Plaintiff Coronado and Putative Plaintiffs shall be collectively known as "Plaintiffs".

## STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

17. At all times relevant herein, Defendants employed the Plaintiffs in the office moving industry as non-exempt laborers.

18. Plaintiffs' job duties included moving office equipment, wiring computers and phones, installing office partitions, desks, chairs and other office furniture.

19. In preforming the aforementioned job duties, the Plaintiffs regularly worked more than eight hours in one day.

20. In performing the aforementioned job duties, the Plaintiffs regularly worked more than forty hours in one week.

21. Defendants paid the Plaintiffs per hour to perform the aforementioned job duties.

22. Defendants failed to pay for all the time the Plaintiffs spent one the job.

23. Defendants had Plaintiffs load and unload office furniture and other equipment to Defendants' yard.

24. Plaintiffs would then drive to the job site.

25. Defendants did not pay the Plaintiffs for the time spent loading or unloading office equipment from the trucks or for the commute to the job site.

26. Plaintiffs moved office equipment into and out of offices after normal business hours starting at approximately 4:30 pm.

27. Defendants ordered Plaintiffs to arrive at the offices of their clients at approximately 4:30 pm then wait for the office workers to leave at between 5 :oo and 6:oo pm to begin moving and installing office furniture and equipment.

28. At times, the Defendants had the Plaintiffs report to a job site then sends the Plaintiffs home without Paying them for reporting to the job.

29. At times, the Defendants would not pay the Plaintiffs for half of their normal work day when they sent the Plaintiffs home early from a job site.

30. At times, the Plaintiffs worked through their 10-minute rest breaks and 30-minute lunch break.  Defendants automatically deducted thirty minutes from their pay regardless of whether they worked through the lunch period or not.

31. Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the regular hours they actually worked for the Defendants.

32. Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the overtime hours they actually worked for the Defendants.

33. Defendants did not pay the Plaintiffs at the rate of one and a half times their regular rate of pay for every hour they worked more than eight in one day.

34. Defendants did not pay the Plaintiffs at the rate of one and half times their regular rate of pay when they worked more than forty hours in one week.

35. Defendants did not pay the Plaintiffs minimum wages when they shaved time their work hours.

36. The Defendants intentionally failed to provide the Plaintiffs with 10-minute rest breaks for every four hours worked or major fraction thereof and failed to provide a thirty-minute uninterrupted meal period when they worked six hours or more in one day.

37. Defendants provided the Plaintiffs with paystubs that did reflect the hours they worked in accurate manner, the paystubs did not include the hours the Defendants shaved from the time cards of the Plaintiffs.

CLASS ALLEGATIONS

38. A collective action under 29 U.S.C. § 2l6(b) for the violations of federal wage law is appropriate because (1) a similar set off acts apply to all Plaintiffs, (2) the Plaintiffs worked in the same or similar employment setting (2) the Defendants can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to both parties and serves the interests of judicial economy.

39. A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class; (3) the class representative can adequately represent the class; (4) and the proposed class is easily ascertainable.

40. Plaintiffs seeks to represent the following class: All non-exempt hourly employees who

1    are employed or have been employed by Defendants as office movers in California

2    within four (4) years of the filing of this Complaint engaged in intrastate commerce for

3
     the Defendants as office movers through the date of final disposition of this action and
4
5    who suffered the following:

6        a.  Were not paid overtime wages;

7        b.  Were not paid for all hours worked;

8
         c.  Were not paid minimum wages for all hours worked;
9
10       d.  Were not provided meal and rest periods or they were provided late meal

11           periods;

12       e.  Were not provided with proper paystubs.

13   41. Plaintiffs seeks to represent the following sub-class:

14
15   "All non-exempt hourly employees whose employment ended in California within (3) years of

16   the filing of this Complaint employed by Defendants as nonexempt office movers worked

17   through the date of final disposition of this action and who were not fully paid their wages

18   within seventy-two hours of the end of their employment;

19
     42. On information and belief, the legal and factual issues are common to the class and
20
21       affected all putative members of the class. Plaintiffs reserve the right to amend or

22       modify the class description with greater specificity or further division into subclasses

23       or limitation to particular issues.

24
     A.  Numerosity
25
26   43. The potential members of the Class as defined are so numerous that joinder of all the

27       members of the class is impracticable. While the precise number of class members has

28       not been determined now, Plaintiffs are informed and believes that Defendants during

the relevant time he periods likely employed over 50 workers in California who are, or have been, affected by Defendants' unlawful practices as alleged herein.

44. Joinder of all members of the proposed Class is not practical.

B.      Commonality

45. There are questions of law and fact common to the class predominating over any questions affecting only individual class members.

46. These common questions of law and fact include, without limitation:

a.   Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

b.   Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

c.   Whether Defendants violated the California Labor Code and Wage Orders by failing to permit and authorize meal and rest periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

d.   Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

e.   Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including

Plaintiffs ended;

f.  Whether Defendants violated§§ 17200 et seq. of the Business and Professions Code by the violation of California Law;

g.  Whether Plaintiffs and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.

h.  There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

C. Typicality

47. The claims of the named Plaintiffs are typical of the claims of the class. Plaintiffs and all members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

D. Adequacy of Representation

48. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have no interests which are averse to the class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

E.  Superiority of Class Action

49. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not

practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the Class. Each member of the class has been damaged and is entitled to recovery due to Defendants' unlawful policy and/or practices described herein.

50. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

51.  For the same reasons, the Class Action should be certified the Plaintiffs should be allowed to proceed under against Defendants in a collective action under Cal. Bus. & Prof. Code § 17200.

COUNT ONE

FEDERAL CLAIM

Violation of the Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a)

Failure to Pay Overtime Wages and Minimum Wage

52. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein

53. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

54. The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

55. Defendants routinely required or permitted Plaintiffs and their similar class members

to work more than 40 hours per week without paying all their wages for overtime work. In Plaintiffs' cases, this occurred because the correct number of hours was sometimes not listed on their wage stubs.

56. Defendants willfully violated the FLSA, in failing to pay Plaintiffs overtime wages at one and half times his regular rate of pay,

57. As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

58. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other similar class members all their wages, and are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

59. Plaintiffs were required to retain legal assistance to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

COUNT TWO

PENDENT STATE CLAIM

Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

Failure to Properly Pay Minimum and Overtime Wages

60. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-52 as if fully stated herein.

61. At all times mentioned herein, California Labor Code §510 governed the Defendant employment of Plaintiffs.

62. Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked more than 8 hours a day or 40 hours a week. pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

63. Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein. As a result of Defendants violations of statutory duties, as more fully set forth above,

64. Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

65. Plaintiffs seek all unpaid wages the difference between the amount actually paid and the amount in overtime wages or regular wages owed. Plaintiffs continue to conduct audits and investigations, however, based upon our initial calculations, the amounts claimed are above the jurisdictional minimum requirements of this court.

66. Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.

67. Plaintiffs also seek liquidated damages under to California Labor Code§ 1194.2 for all unpaid minimum wages.

68. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to California Labor Code§ 1194.

COUNT THREE

Violation of California Labor Code Sections 201, 202 & 203

Failure to Pay Wages Due and "Waiting Time" Penalties

69. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-52 as though fully set forth herein.

70. At the time Plaintiffs' employment ended with Defendants, Defendants owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

71. Failure to pay wages owed at the time an employee is terminated as required by Labor Code § 201 or 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

72. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

73. Pursuant to Labor Code Section 1194, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

74. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable herein.

COUNT FOUR

Violation of California Labor Code§ 226 Failure to Provide Accurate Wage Stubs

75. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-52 as if fully stated

76. At all times relevant hereto, Defendants were subject to the provisions of California Labor Code§§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which

payment of wages are made by the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

77. Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code§ 226. Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

78. As a direct result, Defendants did not separate Plaintiffs regular hours from their overtime hours because Defendants did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

79. Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action

COUNT FIVE

Failure to Provide Meal and Rest Periods or Compensation in Lieu Thereof

Cal. Labor Code§§ 203, 226, 226.7, 512, 1194)

80. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-52 of the preceding paragraphs as though fully set forth herein.

81. Defendants failed to comply with the requirement under California law regarding meal and rest periods. Plaintiffs were not afforded meal and rest periods as required by California law, since meal and rest periods were not scheduled, Plaintiffs were

1    routinely required to work without thirty-minute uninterrupted meal periods and

2    without uninterrupted rest periods, and Plaintiffs and co-workers were not

3    compensated for missed meal and rest periods.

4

5    82. California Labor Code §226.7 states:

6    83. (a) No employer shall require any employee to work during any meal or rest period

7        mandated by an applicable order of the Industrial Welfare Commission.

8    84. (b) If an employer fails to provide an employee a meal period or rest period in

9        accordance with an applicable order of the Industrial Welfare Commission, the

10       employer shall pay the employee ne additional hour of pay at the employee's regular

11

12       rate of compensation for each work day that the meal or rest period is not provided.

13   85. Plaintiffs did not voluntarily or willfully waive meal or rest periods. Any express or

14       implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily

15       agreed to, but rather were a condition of employment or part of an unlawful contract

16

17       of adhesion.

18   86. Plaintiffs were scheduled and required to work for periods of six or more hours without

19       an off-duty meal period of at least 30 minutes, and for periods of three and one-half

20       hours or more without off-duty rest breaks of at least 10 minutes, and Defendants

21       violated California law by failing to comply with the meal and rest period requirements

22

23       mandated by Labor Code §226.7 and the applicable Wage Orders.  As such, Defendants

24       are liable for one hour of pay at the employee's regular rate of compensation for each

25       workday that meal and rest periods were not provided.

26

27                               COUNT SIX

28              Violation of California Business & Professions Code §17200

Restitution for Unfair Business Practices

87. Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-52 as though fully set forth herein.

88. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

89. At all times mentioned the Defendants were subject to Fair Labor Standards Act 29 U.S.C.§§ 207, 216(b), and 255(a) requiring they pay the Plaintiffs overtime at one point five times their regular rate of pay for every hour they work more than forty in one week.

90. At all times relevant herein, the employers of Plaintiffs, Defendants, were subject to the California Unfair Trade Practices Act (California Business and Professions Code§ § 17000 et seq.), but failed to pay the Plaintiff, including similarly situated workers who are members of the public, certain overtime pay, meal breaks, and rest breaks, as required by applicable state and federal laws, to all of which Plaintiffs, were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiff.

91. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in

1    competition and who were in compliance with the law.

2    92. As a direct and proximate result of Defendants' violations and failure to pay the

3    required wages and overtime pay and failure to provide meal and rest breaks, the

4

5    Plaintiff's rights under the law were violated and the Plaintiffs, incurred losses in the

6    form of unpaid wages in amounts to be proved at trial.

7    93. Defendants had been aware of the existence and requirements of the Unfair Trade

8    Practices Act and the requirements of state and federal wage and hour laws, but

9

10   willfully, knowingly, and intentionally failed to pay Plaintiff, certain wages and

11   overtime pay due and intentionally failed to provide Plaintiffs and the putative class

12   members with meal and rest breaks.

13   94. Plaintiffs, having been illegally deprived overtime pay to which they were legally

14   entitled and meal and rest break premium pay, herein seeks restitution of such unpaid

15

16   wages pursuant to the Business and Professions Code    § 17203.

17                                    COUNT SEVEN

18                    Penalties Under the Private Attorneys General Act

19                           (Labor Code §§ 2698 et seq.)

20

21   Against Defendants Managed Facilities Solutions, LLC and Chartwell Staffing Services,

22                                         Inc.

23   95. Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-94 as

24   though fully set forth herein.  Plaintiffs allege as follows a representative cause of

25   action on behalf of themselves and all other aggrieved employees.

26

27   96. Pursuant to Labor Code section 2699.3, on December 13 and 22, 2018, Plaintiffs gave

28   notice by electronic filing and by certified mail to Defendants Managed Facilities

1    Solutions, LLC and Chartwell Staffing Services, Inc. and the Labor and Workforce

2    Development Agency ("LWDA") of the factual and legal basis for the labor law

3    violations alleged in this complaint.  The LWDA has not provided notice pursuant to

4    Labor Code section 2699.3(a)(2)(A), and 65 calendar days have passed since the

5    postmark dates of Plaintiffs' LWDA notices.  Therefore, Plaintiffs are entitled to

6

7    commence a civil action pursuant to Labor Code section 2699.

8    97. Labor Code section 2699(f) provides, in pertinent part: "For all provisions of this code

9        except those for which a civil penalty is specifically provided, there is established a civil

10       penalty for a violation of these provisions, as follows: ... If, at the time of the alleged

11       violation, the person employs one or more employees, the civil penalty is one hundred

12

13       dollars ($100) for each aggrieved employee per pay period for the initial violation and

14       two hundred dollars ($200) for each aggrieved employee per pay period for each

15       subsequent violation."

16

17   98. Labor Code section 2699(g)(1) provides, in pertinent part: "[A]n aggrieved employee

18       may recover the civil penalty described in subdivision (f) in a civil action ... filed on

19       behalf of himself or herself and other current or former employees against whom one

20       or more of the alleged violations was committed.  Any employee who prevails in any

21       action shall be entitled to an award of reasonable attorney's fees and costs."

22

23   99. Plaintiffs are aggrieved employees as defined in Labor Code section 2699(a).

24   100. Plaintiffs' cause of action under Labor Code section 2698 et seq. is based on the each

25        of the allegations in this complaint regarding the Labor Code violations by Managed

26

27        Facilities Solutions, LLC and Chartwell Staffing Services, Inc.

28   101. As a direct and proximate result of Defendants Managed Facilities Solutions, LLC and

1    Chartwell Staffing Services, Inc.'s unlawful practices and policies, Plaintiffs and other

2    aggrieved employees have suffered and continue to suffer monetary losses.

3
4    102. Plaintiffs, on behalf of themselves and all other aggrieved employees, request civil

5    penalties against Defendants Managed Facilities Solutions, LLC and Chartwell Staffing

6    Services, Inc. for violations of the Labor Code, as provided under Labor Code section

7    2699(f), plus reasonable attorneys' fees and costs, as provided under Labor Code

8    section 2699(g)(1), in amounts to be proven at trial.

9
10
11   WHEREFORE ALL PLAINTIFFS PRAY

12   1.  For compensatory damages per Cal. Labor Code§§ 510. 1194 for unpaid overtime wages

13       in an amount to be determined;

14   2.  For liquidated damages for all overtime owed under the Fair Labor Standards Act 29

15       U.S.C. §§ 207, 216(b), and 255;

16
17   3.  For liquidated damages for all minimum wages owed under Cal. Labor Code§ 2

18       1194.2;

19   4.  For restitution of unpaid overtime pay pursuant to California Business and Professions

20       Code §17203 in an amount to be determined at trial;

21
22   5.  For meal and rest break premium pay;

23   6.  For equitable and injunctive relief under California Business and Professions Code

24       §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work

25       hours and overtime wages owed;

26
27   7.  For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to

28       California Labor Code§ 203 in an amount to be determined at trial;

8. Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

9. For pre-judgment interest of 10% on the unpaid overtime compensation, unpaid meal and rest break premium pay, and unpaid salaries pursuant to California Labor Code§ l194(a);

10. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code § 1194(a);

11. For civil penalties pursuant to the Private Attorneys General Act;

12. For costs of suit herein and;

13. For such other and further relief as the Court may deem appropriate.

February 25, 2019

Respectfully submitted,

_____

JAMES DAL BON

Attorneys for Plaintiff

1   JAMES DAL BON
    LAW OFFICE OF JAMES DAL BON
2   606 N. 1ST St.
3   SAN JOSE, CA 95112
    Telephone:   (408) 466-5845
4   Facsimile:   (408) 286-7111

5   VICTORIA L.H. BOOKE    SB# 142518
    BOOKE & AJLOUNY
6   606 North First Street
7   San Jose, California 95112
    Telephone:   (408) 286-7000
8   Facsimile:   (408) 286-7111
    Email: vbooke@bookelaw.com
9
10  Attorneys for Plaintiffs

11                  UNITED STATES DISTRICT COURT
12                  NORTHERN CALIFORNIA

13                                    Case No. 17-CV-04015 LHK
14  GARY MIDDLE RIDER, an individual,
    ROBERT GARZA, an individual
15  ALBERT ARELLANO, an individual,    PROPOSED THIRD AMENDED CLASS
    JOSE DON CORONADO, an individual,  ACTION COMPLAINT
16
17  PLAINITFFS AND PUTATIVE
    PLAINTIFFS
18                                     DEMAND FOR JURY TRIAL
          Plaintiffs,
19
              vs.
20
21          Defendants.
22
    MOVING SOLUTIONS, a California
23  Corporation MANAGED FACILITIES
    SOLUTIONS, LLC a California Limited
24  Liability Company and CHARTWELL
    STAFFING SOLUTIONS, INC a New York
25  Corporation licensed to do business in
    California
26
27
28

1 | Plaintiff demands a jury trial.

2 | May 20, 2018

3

4

5

6 | _____

7 | James Dal Bon

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

**Gary Middle Rider et al. v. Moving Solutions, Inc. et al.**

**United States District Court, Northern District of California**
**Case No.: 17-cv-04015LHK**

**NOTICE OF PAGA AND CLASS ACTION SETTLEMENT**
*A court authorized this notice. This is not a solicitation from a lawyer.*

**TO ALL CURRENT AND FORMER HOURLY, NON-EXEMPT EMPLOYEES WHO ARE EMPLOYED OR HAVE BEEN EMPLOYED BY CHARTWELL STAFFING SERVICES, INC., MOVING SOLUTIONS, INC., OR MANAGED FACILITIES SOLUTIONS, LLC IN THE STATE OF CALIFORNIA DURING THE CLASS PERIOD FROM JULY 17, 2013 TO [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED BY THE COURT], EXCEPT FOR ADMINISTRATIVE OFFICE STAFF.**

**THIS LEGAL NOTICE MAY AFFECT YOUR RIGHTS, PLEASE READ IT CAREFULLY**

**IMPORTANT:** *Enclosed please find a*
*Claim Form. If you worked for Defendants after December 13, 2017, you will also receive a check because a court has approved the release of your claims that you had on a representative and individual basis under the Private Attorneys General Act of 2004 ("PAGA") and therefore you been deemed a PAGA Releasee under the terms of an agreement between Defendants (as defined below) and Plaintiffs approved by the Court on ]INSERT DATE]. You will have the opportunity to receive additional sums pursuant to this settlement if you elect to release your additional claims. To receive additional settlement funds you will need to complete, sign and submit the enclosed Claim Form. By making a claim you will also, to the extent required by law, be opting into a lawsuit under the Fair Labor Standards Act ("FLSA") and releasing your claims under the FLSA. You may elect to opt out of this case and release all but your PAGA claims that have already been released. To opt out you must do so following the instructions below. If you do nothing. i.e. do not opt out and you do not make a claim, you will be releasing your claims. but you will be waiving your right to receive further funds.*

| History and Summary of Lawsuit |
| --- |

This Notice is to inform you about the settlement of a pending class action lawsuit and your rights under the terms of the settlement.

This class action lawsuit, entitled *Gary Middle Rider et al. v. Moving Solutions et al.,* Case No. 17-cv-04015LHK, was filed alleging that Moving Solutions, Inc. ("Moving Solutions"), Chartwell Staffing Services, Inc. ("Chartwell") and Managed Facilities Solutions, LLC ("MFS") (collectively, "Defendants") violated applicable provisions of the Labor Code, the Business and Professions Code and the Industrial Welfare Commission's (the "IWC") Wage Orders with respect to non-exempt employees that engaged in office moving duties by doing all of the following; 1) failing to pay all wages under the Fair Labor Standards Act; 2) failing to all wages including California Overtime Wages; 3) failing to provide accurate itemized wage statements; and 4) failing to provide meal and rest breaks.  The lawsuit further sought penalties against Defendants for: 5) waiting time penalties; 6) unfair competition; and 7) violations of the Private Attorneys General Act of 2004 ("PAGA"). The Plaintiffs who filed the lawsuit sought to pursue the case as a class and/or representative action on behalf of other non-exempt employees that engaged in office moving duties, including you.

Defendants deny all allegations of wrongdoing and maintain that they complied at all times with applicable laws, rules, and regulations at issue in this litigation.

The Parties engaged in contested litigation, including discovery of thousands of pages of documents and payroll records for Settlement Class Members over the entire Class Period, reviewed and analyzed

timekeeper data for Settlement Class Members over the entire Class Period, reviewed documents relating to the financial condition of Defendants and their ability to satisfy any judgment, and mediation. Those negotiations led to an agreement to settle the case, which was memorialized in a formal Joint Stipulation of Class Action Settlement, which the Court has preliminarily approved. The Court has not ruled on the merits of the lawsuit.

## Who is Affected by this Settlement?

The Settlement affects all current and former hourly, non-exempt employees who are employed or have been employed by Defendants in the State of California at any time between July 17, 2013 and [INSERT DATE THE PRELIMINARY APPROVAL ORDER IS ENTERED WITH THE COURT], except for administrative office staff (the "Class"). It does not affect Chartwell's employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC. The identities of the members of the Settlement Class have been ascertained from records of Defendants. You are receiving this Notice because such records show that you are a member of the Settlement Class.

## What are the Benefits of Settlement to the Class?

Plaintiffs, on one hand, and Defendants, on the other hand, disagree as to whether there is any liability, including but not limited to: 1) whether the case is appropriate for treatment as a class or representative action; 2) whether the Settlement Class is owed any unpaid wages or penalties; and 3) the amount of wages or penalties owed, if any. Defendants raised numerous defenses to Plaintiffs' claims and those defenses could significantly reduce or even eliminate any liability or damages owed to the Settlement Class. Accordingly, there were significant risks to the Settlement Class associated with continuing the lawsuit and significant benefits to settling the lawsuit short of trial. The Settlement was negotiated by the Parties after thorough examination of time and payroll records. Having considered the benefits and risks associated with further litigation, counsel for the Plaintiffs ("Class Counsel") determined that settlement of the case under the terms described in this Notice is a fair and reasonable compromise that is in the best interests of the Settlement Class. Finally, the terms of the Settlement were reviewed by the Court and the Court has approved the PAGA portion of the Settlement and preliminarily approved the remaining portion of the Settlement as being fair and reasonable to the members of the Settlement Class.

## What is the PAGA Settlement?

In bringing this lawsuit, Plaintiffs are seeking among other things civil penalties pursuant to Private Attorneys General Act of 2004 ("PAGA"), a law which allows Plaintiffs to stand in the shoes of the government and try and recover penalties on the government's behalf and on behalf of those employees Plaintiffs claim were "aggrieved" by Defendants' alleged violation of California Labor laws, including claims for unpaid wages and overtime, off-the-clock work, meal and rest breaks, and record-keeping violations, in connection with work performed by the Settlement Class Members during the period from December 13, 2017 through [INSERT THE DATE THE PRELIMINARY APPROVAL ORDER IS FILED] (the "PAGA Settlement Period").

It is important to note that Defendants deny these claims and they further deny that they owe any penalties to the government or to you, and assert that they have fully complied with all applicable wage and hour laws. Nevertheless, to avoid further costs and time in defending the lawsuit, Defendants have settled the case, and the Court has approved the settlement and release of PAGA Claims described below.

Defendants have agreed to pay a total of $470,000 ("Maximum Settlement Fund") to settle all claims arising out of the lawsuit. The Court has approved the PAGA portion of the settlement, so $10,000 of the Maximum Settlement Fund is being paid to resolve the PAGA Claims described below ("PAGA Payment"), with seventy-five percent (75%) being paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the PAGA Releasees. You will receive a check in the amount of _____ because a court has approved the release of your claims that you had on a representative and individual basis under PAGA and therefore you have been deemed a PAGA Releasee under the terms of the settlement agreement approved by the Court on

_____ . One hundred percent (100%) of this PAGA payment to you is considered penalties. Your portion of the PAGA Payment is calculated based on the number of weeks you performed work in California for Defendant(s) during the PAGA Settlement Period. It is agreed by the Parties that to the extent that Defendants' timekeeping records reflect a PAGA Releasee had no Weeks Worked, Defendants will provide a good faith estimate, based on existing data available, the number of Weeks Worked. If, however, it is not curable by a good faith estimate, such individual is deemed to have one (1) Week Worked for the purposes of this settlement. You may be issued an IRS Form 1099 for your share of this PAGA Payment.

Any questions regarding the amount of your PAGA Payment Check should be directed to the Settlement Administrator at the address listed below. You will not be retaliated against for cashing the check. It is entirely up to you if you cash your check or not. Checks that are not cashed or negotiated within 180 days of mailing shall be transmitted to the State of California and be submitted to the State of California unclaimed property fund in the payees's name. Regardless of what you do with this check, by law and Court order, your PAGA Claims as described below have been released.

This PAGA portion of the settlement resolves any and all PAGA claims and recoverable remedies under PAGA, arising during the PAGA Settlement Period, by any PAGA Releasee, including you. All PAGA Releasees, including you, and all persons purporting to act on the PAGA Releasees' behalf or purporting to assert a claim under or through them, shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all PAGA claims premised in whole or in part on any of the following claims: (a) all disputes, claims, and/or causes of action pleaded or which could have been pleaded in and arising from the facts, claims and/or allegations in the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint concerning Defendants, and all claims (including penalties arising from such claims) under Cal. Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, Cal. Civil Proc. Code § 1021.5, Cal. Bus. & Prof. Code §§ 17200 et seq., California IWC Wage Orders, the Minimum Wage Orders, the Fair Labor Standards Act, damages, penalties, interest, attorney's fees, costs, and other amounts recoverable under the causes of action under California law and/or federal law, and interest, attorney's fees and costs based in whole or in part on the allegations and/or claims in the Action during the PAGA Settlement Period; and (b) all claims of any and every nature based on off-the-clock work, minimum wage, overtime, meal and rest break claims, paycheck-related claims, payroll records maintenance, wage statement claims, waiting time penalties, California IWC Wage Order claims and Unfair Competition Law claims that arose during the PAGA Settlement Period (collectively, the "PAGA Claims"). "Released Parties" mean Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them. (You may read a fuller description of the types of claims being released by viewing the Parties' "Joint Stipulation of Class Action Settlement," the Complaints and Plaintiffs' December 13, 2018 and December 22, 2018 letters to the LWDA as noted below.)

## What are the Terms of the Remaining Portions of the Settlement?

As stated above, Defendants have agreed to pay a total of $470,000 ("Maximum Settlement Fund") to settle all claims arising out of the lawsuit and the Court has already approved the PAGA portion of the settlement. The remaining portion of the settlement is described below.

The remainder of the Maximum Settlement Fund will be used to pay all Settlement Class Members' settlement and release of the Released Claims described below, claims administration costs estimated to be no greater than $_____, litigation costs and attorneys' fees for Class Counsel estimated not to exceed $117,500, "incentive awards" to Plaintiffs as the Class Representative (up to $5,000 each, for a maximum total of $20,000), and employer's share of corporate federal, state and/or local taxes that is owed on the portion of the payments to Plaintiffs and Settlement Class Members that constitutes wages. The balance of the settlement — the Net Settlement Fund — will be distributed to Settlement Class Members who timely submit a completed Claim Form to the Settlement Administrator and do not opt out ("Claimant") in accordance with the Plan of Distribution described below.

In exchange for payment of the remaining portion of the Maximum Settlement Fund, Plaintiffs have agreed to dismiss and release all claims of the members of the Settlement Class with prejudice, in connection with only all claims which were or could have been asserted in the lawsuit based on the facts alleged in the Complaints described more fully below. This means that all Settlement Class Members who do not opt out will be barred from seeking, among other things, any other relief on any and all claims for unpaid wages and overtime arising out of federal and state law, off-the-clock work, meal and rest breaks, record-keeping violations, penalties, interest and attorneys' fees (including administrative proceedings) in connection with work performed for Defendants in California during the Class Period, and will be bound by the terms of the settlement, even if they take no action in response to this Notice. However, you cannot opt out of the PAGA Payment and release of PAGA Claims.

The Net Settlement Fund will be distributed according to the Plan of Distribution described below to members of the Class who timely submit a completed Claim Form and do not exclude themselves from this settlement ("Claimant").

Class Counsel have not yet received any payment for the services that they provided in the litigation on behalf of the named Plaintiffs and the Settlement Class Members, nor have they been reimbursed for their out-of-pocket expenses incurred on behalf of the Settlement Class Members, which are expected not to exceed $_____. Class Counsel will file a motion with the Court to approve a payment of attorneys' fees to Class Counsel in an amount not to exceed $117,500, which is equal to 25% of the Maximum Settlement Fund, plus reimbursement of the litigation costs they advanced in an amount not to exceed $_____, all of which would be paid to Class Counsel from the $470,000 Maximum Settlement Fund. The attorneys' fees must be approved by the Court and will not exceed 25% of the Maximum Settlement Fund. These fees will serve to compensate Class Counsel for their efforts in achieving the settlement for the benefit of the Settlement Class Members and for their risk in undertaking this representation on a contingency basis. Class Counsel have already spent many hours investigating this case, reviewing payroll and time records information provided by Defendants, researching Settlement Class Members' claims, and negotiating this settlement for the Settlement Class Members. They will incur additional hours overseeing the final approval and implementing the plan of distribution. You have the right to review Class Counsel's motion for attorneys' fees and costs, which will be filed with the Court.

---

**Plan of Distribution of the Net Settlement Amount.**

---

The Net Settlement Amount (the Maximum Settlement Fund less proposed Class Representative Enhancements, the Class Counsel Award, PAGA Payment, PAGA Payment Checks, Employers' Taxes, and the Settlement Administration Costs) will be distributed to all Claimants. Claimants consist of those Settlement Class Members who: (1) timely submit a completed Claim Form to the Settlement Administrator as described below; and (2) do not opt out of the Class Settlement.

The Net Settlement Amount — which is estimated to be $_____, less employer's share of taxes — will be disbursed to the Claimants based on the Plan of Distribution described below and approved by the Court.
Each Claimant shall be entitled to a pro rata portion of the Net Settlement Amount. Individual Settlement Payments will be awarded to Claimants from the Net Settlement Amount based on the number of weeks worked in California as an employee for Defendants during the Class Period by an individual Claimant divided by the total number of weeks worked in California for Defendant during the Class Period by all Claimants, as regularly recorded on Defendants' timekeeping systems then in effect. It is agreed by the Parties that to the extent that Defendants' timekeeping records reflect a Claimant had no Week Worked, Defendants will provide a good faith estimate, based on existing data available, the number of Weeks Worked. If, however, it is not curable by a good faith estimate, such individual is deemed to have one (1) Week Worked for the purposes of this settlement. This formula used to determine Individual Settlement Payments is expressed as follows:

$$\frac{\text{\# Weeks Worked by Claimant}}{\text{\# Weeks Worked by All Claimants}} = \text{\% of Net Settlement Amount Payable to the Claimant}$$

The total Individual Settlement Payment made to each Claimant shall be comprised of three amounts: 1) 20% designated as wages subject to appropriate withholdings for which an IRS Form W-2 will be issued; 2) 40% designated as penalties for which an IRS Form 1099 Misc. may be issued; and 3) 40% designated as interest for which an IRS Form 1099 Misc. may be issued. Applicable income taxes and applicable payroll taxes will be withheld for the 20% portion of the Individual Settlement Payment designated as wages to each Claimant.

Your enclosed Claim Form sets forth the number of weeks you performed work for Defendants between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] based on Defendants' records and your estimated share of the Net Settlement Amount. Please note that to the extent Defendants' timekeeping systems reflect that you had worked zero weeks in California as an employee for Defendants during the Class Period and Defendants are unable to provide a good faith estimate, you would be deemed to have worked one such week for purposes of this settlement and this would be reflected in your Claim Form. If you disagree with the number of weeks you worked, please complete the Claim Form and state the number of weeks between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] that you worked and attach any and all documents that support your claim (such as paystubs, cancelled checks, etc.). All such Claim Form and challenges must be mailed to the Settlement Administrator with a postmark date on or before [INSERT DATE]. Please be advised that the number of weeks stated in the Claim Form is presumed to be correct unless the documents you submit prove otherwise.

**Designated Class Settlement Administrator.**

The Settlement Administrator, as agreed upon by the Parties and approved by the Court, is KCC, LLC and its mailing address and contact information is:

[INSERT NAME, ADDRESS AND TELEPHONE NUMBER]

ALL CLAIM FORMS AND REQUESTS TO OPT OUT MUST BE MAILED TO KCC'S ADDRESS LISTED ABOVE. ALSO, ALL QUESTIONS AND INQUIRIES REGARDING ADMINISTRATION OF THE SETTLEMENT MAY BE DIRECTED TO KCC.

**How to Receive Your Portion of the Net Settlement Fund.**

In order to receive your portion of the Net Settlement Amount, you must fully complete the enclosed Claim Form in its entirety, sign the Claim Form and mail the enclosed Claim Form to the Settlement Administrator, KCC, LLC at its address listed above. **The Claim Form must be postmarked no later than [INSERT DATE].** By signing the Claim Form, you are consenting to the terms of the Settlement and agreeing, to the extent required by law, to opt into the action pursuant to the FLSA and to release your claims, including those under the FLSA.

If you lost, misplaced, or need another Claim Form, you may contact the Settlement Administrator or any of the Class Counsel listed below.

Under the schedule contemplated by the Parties, the earliest possible date that settlement checks for the Individual Settlement Payments and PAGA Payment Checks could possibly be mailed is_____ _____, 2019, and the date could very well be later than that. If you have any questions regarding the settlement or the payment process, please call the Settlement Administrator or the attorneys listed below. Please do not call the Court. It is expected that you will be mailed a check by about _____, 2019 if the settlement is finally approved, and that the Settlement Administrator will calculate the amount of your settlement check pursuant to the Plan of Distribution after the case has been finally approved by the Court and become effective.

Upon receipt of your settlement check, it will be your responsibility to cash the check before the expiration date of the check (180 days from the check's issuance). Checks that are not cashed or negotiated within 180

days of mailing shall be transmitted to the State of California and be submitted to the State of California unclaimed property fund in the payees' name.

## Right to Opt Out of the Settlement.

Settlement Class Members will not have the opportunity to opt out of the PAGA Payment and/or release of PAGA Claims. However, if you do not want to be bound by the remaining terms of the settlement, including the additional release below, you may exclude yourself ("opt out") by sending written notice of your intention to opt out to the Settlement Administrator, KCC, LLC at its address listed above. The Opt-Out Request must be in writing and include (1) the full name of the person seeking exclusion; (2) a statement that the person seeking exclusion requests exclusion from the Settlement Class and does not wish to participate in the settlement; and (3) signed by the person seeking exclusion. Any person who opts out will not be affected by the terms of the Settlement, except that they will be bound by the release of PAGA Claims. *Any Opt-Out Request must be postmarked no later than_____, 2019.*

If you submit a timely and valid written opt out, you will no longer be a member of the Settlement Class, and you will not be eligible to receive any additional money under the Settlement or object to the terms of the Settlement. However, you will not be bound by the additional release described below, and may pursue any claims you may have, except for PAGA Claims, at your own expense, against Defendants.

## Right to Object to the Settlement.

Any member of the Settlement Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, then no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, except you may not object to the PAGA Payment and release of PAGA Claims. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *(Gary Middle Rider et al. v. Moving Solutions et al.,* Case No.: 17-CV-04015 LHK), (b) be filed with the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, and (c) be filed or postmarked on or before_____, 2019. Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement.

If you first request exclusion from, and opt out of, the settlement and then object, the objections will not be considered valid. If you object and then request exclusion from, and opt out of the settlement, you will be deemed to have waived your objection. If you submit both a Claim Form and a request for exclusion, only the Claim Form will be valid.

## Right to Do Nothing.

If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement, including all of the releases, but you will not receive any money from the Net Settlement Fund.

## Final Settlement Approval Hearing.

The Court has already approved the PAGA portion of the Settlement and has preliminarily approved the remaining portions of the Settlement. To decide whether to give final approval to the remaining portion of the Settlement, and whether to approve Class Counsel's application for attorneys' fees and costs, the Court will hold a Final Approval and Fairness Hearing on_____, 2019, at_____ a.m./p.m. in the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 8. If you wish to

appear at the hearing, you must file your objection pursuant to the procedure described above, no later than
_____ , 2019. It is possible that the
hearing date or time will be changed, so you should check the Court's calendar before attending if you plan
to attend. You do not need to appear at the hearing in order to receive your share of the Net Settlement
Amount.

## Effect of the Settlement — What is the additional release?

The settlement is intended to settle and fully release and discharge any and all claims against Defendants and all
of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors,
assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered
representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in
concert with any of them (the "Released Parties") from any and all PAGA Claims and Released Claims (deemed
below) to the maximum extent permitted by law.

As of the Effective Date and to the maximum extent permitted by law, all Settlement Class Members who do
not timely and validly opt out and all persons purporting to act on their behalf or purporting to assert a claim
under or through them, shall be deemed to have fully, finally, and forever released, settled, compromised,
relinquished and discharged any and all of the Released Parties of and from any and all of the following claims
to the maximum extent permitted by law: any and all claims, debts, liabilities, demands, obligations, penalties,
guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature,
whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have
arisen out of the same facts alleged in the Action, including, but not limited to claims for:  (a) failure to pay
overtime wages; (b) failure to pay regular wages; (c) failure to pay minimum wages; (d) failure to provide meal
periods; (e) failure to authorize and permit rest periods; (f) failure to timely pay wages at the termination of
employment; (g) failure to provide accurate, itemized wage statements; (h) all claims under PAGA that could
have been premised on the claims, causes of action or legal theories described above in (a)-(g) (the PAGA
Claims); (i) all claims for unfair business practices under California Business &Professions Code Section
17200 et seq. that could have been premised on the claims, causes of action or legal theories of relief described
above in (a)-(g); and (j) all damages, including, but not limited to, liquidated damages, civil and statutory
penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief
identified above in (a)-(g).  This Release shall include, without limitation, claims that were raised, or that
reasonably could have been raised, under the Fair Labor Standard Act or applicable Wage Orders and
California Labor Code provisions, including Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512,
551, 552, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2698 et seq., and Code Civ. Proc., § 1021.5,
based on alleged violations of these Labor Code provisions (collectively, the "Released Claims").  The period
of the Released Claims shall extend from July 17, 2013 through the Preliminary Approval Date.

If you are a Settlement Class Member and do not elect to properly opt out from the Settlement, you will be
deemed to have entered into this release and to have released the above-described Released Claims. However,
you will still be bound by the release of the PAGA Claims regardless of whether or not you opt out of the
Settlement Class or cash the PAGA Payment Check. If the settlement is approved by the Court and becomes
final, the entire settlement will be consummated. If the settlement is not approved by the Court or does not
become final for some other reason, the litigation will continue.

## Update to Your Contact Information.

It is your responsibility to keep a current address and telephone number on file with the Settlement
Administrator, to ensure receipt of your Individual Settlement Payment, PAGA Payment Check, and
applicable tax forms if the settlement is given final approval by the Court. If you change your mailing
address, you should promptly contact the Settlement Administrator and provide the Settlement
Administrator your new address and contact information.

## How to Obtain More Information About the Lawsuit or Settlement.

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Joint Stipulation of Class Action Settlement, the Complaints in this Action, and Plaintiffs' letters to the LWDA by contacting Class Counsel at the address or telephone number set forth below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

This Notice has been reviewed and approved by the United States District Court for the Northern District of California. If you have any questions regarding the lawsuit, how it affects your rights, or how to file a claim, please contact the Settlement Administrator or Class Counsel listed below. Please do not contact the Court.

**CLASS COUNSEL**

James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone:      (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**
606 North First Street
San Jose, CA 95112
Telephone:      (408) 286-7000

**16. How can I receive more information?**

For further information, you may also telephone the Claims Administrator, KCC, LLC (listed above), or Class Counsel (listed above). Please do not telephone the Court, the Office of the Clerk, or Defendants' counsel for information regarding this settlement.

EXHIBIT F

James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone: (408) 466-5845

Attorneys for Plaintiffs and the Settlement Class

*(Additional Counsel on Next Page)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,<br><br>PLAINTIFFS AND CLASS ACTION<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC. a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**JOINT STIPULATION OF PAGA AND CLASS ACTION SETTLEMENT**<br><br>Hon. Lucy H. Koh |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

USA01\12383501

1    Victoria L. H. Booke, California Bar No. 142518
2    **LAW OFFICES OF BOOKE & AJLOUNY**
     606 North First Street
3    San Jose, CA  95112
     Telephone:   (408) 286-7000
4
5    Attorneys for Plaintiffs and the Settlement Class

6
     Richard D. Schramm, California Bar No. 151696
7    **EMPLOYMENT RIGHTS ATTORNEYS**
     1500 E. Hamilton Avenue, Suite 118
8    Campbell, CA  95008
     Telephone:  (408) 796-7551
9
10   Attorneys for Defendant
     MOVING SOLUTIONS, INC.
11
     Allison C. Eckstrom, California Bar No. 217255
12   allison.eckstrom@bcpllaw.com
     Christopher J. Archibald, California Bar No. 253075
13   christopher.archibald@bclplaw.com
     Michael E. Olsen, California Bar No. 307358
14   michael.olsen@bclplaw.com
     **BRYAN CAVE LEIGHTON PAISNER LLP**
15   3161 Michelson Drive, Suite 1500
     Irvine, California  92612-4414
16   Telephone:  (949) 223-7000
17
18   Attorneys for Defendants
     CHARTWELL STAFFING SERVICES, INC. and
19   MANAGED FACILITIES SOLUTIONS, LLC
20

21

22

23

24

25

26

27

28

1      This Stipulation of PAGA and Class Action Settlement and Release of Claims

2  is entered into by and between Plaintiffs Barbara Middle Rider, Robert Garza,

3  Albert Arellano, and Dan Coronado, individually and on behalf of the Settlement

4  Class, and Defendants Moving Solutions, Inc., Managed Facilities Solutions, LLC,

5  and Chartwell Staffing Services, Inc.

6  **I.     DEFINITIONS**

7      A.     "Agreement" or "Settlement Agreement" means this Stipulation of

8  Class Action Settlement and Release of Claims.

9      B.     "Action" means the lawsuit, entitled *Gary Middle Rider et al. v.*

10  *Moving Solutions et al.* filed on July 17, 2017 in the United States District Court for

11  the Northern District of California (Case No. 5:17-cv-04015-LHK).

12      C.     "CAFA Notice" shall mean the notice of this Agreement required to be

13  served by Defendants on the appropriate federal and state agencies as required by 28

14  U.S.C. § 1715(b).

15      D.     "Claim Form" means the Claim Form, as set forth in **Exhibit 2**

16  attached hereto, or as otherwise approved by the Court, which is to be mailed to

17  Class Members and include English and Spanish translations.

18      E.     "Claimant" means a Settlement Class Member who timely submits a

19  valid and complete Claim Form to the Settlement Administrator.

20      F.     "Class Counsel" means Law Office of James Dal Bon and Booke &

21  Ajlouny.

22      G.     "Class Counsel Award" means attorneys' fees for Class Counsel's

23  litigation and resolution of this Action and their expenses and costs incurred in

24  connection with the Action, paid from the Maximum Settlement Fund.

25      H.     "Class Data" means information regarding Settlement Class Members

26  that Defendants will, in good faith, compile from their records and provide to the

27  Settlement Administrator.  It shall be formatted as a Microsoft Excel spreadsheet

28  and shall include the following information for each Settlement Class Member: (1)

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1   full name; (2) last known address; (3) last known home telephone number; (4)

2   Social Security number; and (5) number of weeks worked during the Class Period.

3       I.     "Class Period" means the period from July 17, 2013 through the

4   Preliminary Approval Date.

5       J.     "Class Representative Enhancements" means the amounts that the

6   Court authorizes to be paid to Plaintiffs, in addition to their Individual Settlement

7   Payments, in recognition of their efforts and risks in assisting with the prosecution

8   of the Action and in exchange for executing the General Release provided herein.

9       K.    "Class Representatives" means Plaintiffs in their capacities as the

10   representatives of the Settlement Class Members.

11       L.     "Compensable Workweeks" means the total number of workweeks

12   (full or partial) during which Settlement Class Members worked for Defendants

13   during the Class Period based on Defendants' Records.

14       M.   "Court" means the United States District Court for the Northern

15   District of California.

16       N.    "Defendant Chartwell" means Chartwell Staffing Services, Inc.

17       O.    "Defendant Managed Facilities Solutions, LLC" means Managed

18   Facilities Solutions, LLC.

19       P.     "Defendant Moving Solutions, Inc." means Moving Solutions, Inc.

20       Q.    "Defendants" means Moving Solutions, Inc., Managed Facilities

21   Solutions, LLC, and Chartwell Staffing Services, Inc.

22       R.     "Effective Date" means:  (a) the date upon which the Court signs the

23   Final Approval Order and Final Judgment; (b) if there is an objector(s), the time for

24   appeal of the Final Approval Order and Final Judgment expires; or (c) if an appeal is

25   timely filed, the date of a final resolution of any appeal from the Final Approval

26   Order and Final Judgment.

27       S.     "Employee's Taxes and Required Withholdings" means the employee's

28   share of any and all applicable federal, state, or local payroll taxes, including those

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   collected under authority of the Federal Insurance Contributions Act ("FICA"),

2   FUTA and/or SUTA on the portion of any Claimant's Individual Settlement

3   Payment that constitutes wages. The Employee's Taxes and Required Withholdings

4   will be withheld from and paid out of the Net Settlement Fund.

5       T.    "Employers' Taxes" means and refers to the employer's share of

6   corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social

7   Security taxes, federal unemployment taxes, state unemployment insurance taxes,

8   and employment training taxes, that is owed on the portion of any Claimant's

9   Individual Settlement Payment that constitutes wages. The Employers' Taxes shall

10   be paid from the Maximum Settlement Fund.

11       U.    "Final Approval Order" means an order from the Court finally

12   approving the Class Settlement. A copy of a proposed Final Approval Order subject

13   to Court approval is attached hereto as **Exhibit 4.**

14       V.    "Final Judgment" means the Court's entry of a Final Judgment

15   dismissing the Action. A copy of a proposed Final Judgment is attached hereto as

16   **Exhibit 5**.

17       W.    "Individual Settlement Payment" means the amount payable from the

18   Net Settlement Amount to each Claimant, net of any Employee's Taxes and

19   Required Withholdings.

20       X.    "Maximum Settlement Fund" means the sum of the Individual

21   Settlement Payments (less Employee's Taxes and Required Withholdings), the Class

22   Representative Enhancements, the Class Counsel Award, PAGA Payment, PAGA

23   Payment Checks, Employer's Taxes, and the Settlement Administration Costs, up to

24   a maximum settlement amount of Four Hundred Seventy Thousand Dollars

25   ($470,000). Defendants shall issue payment to the Settlement Administrator for

26   one-half of the Maximum Settlement Fund (i.e., $235,000) within 30 days of the

27   Effective Date. Defendants shall issue payment to the Settlement Administrator for

28   the second half of the Maximum Settlement Fund (i.e., $235,000) within 210 days

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    of the Effective Date.   Defendant Chartwell is responsible for paying $250,000 of

2    the Maximum Settlement Fund.   Defendant Managed Facilities Solutions, LLC is

3    responsible for paying $200,000 of the Maximum Settlement Fund.   Defendant

4    Moving Solutions, Inc. is responsible for paying $20,000 of the Maximum

5    Settlement Fund.   Defendants shall each pay half of their portions of the Maximum

6    Settlement Fund in each installment.

7         Y.    "Net Settlement Amount" or "NSA" means the Maximum Settlement

8    Fund, less the Class Representative Enhancements, the Class Counsel Award,

9    PAGA Payment, PAGA Payment Checks, Employers' Taxes, and the Settlement

10   Administration Costs.

11        Z.    "Notice Packet" means a packet containing the Notice of Class Action

12   and PAGA Settlement in a form substantially similar to the form attached hereto as

13   **Exhibit 1** and the Claim Form in a form substantially similar to the form attached

14   hereto as **Exhibit 2**.   The Notice Packet will include both English and Spanish

15   translations.

16        AA.   "PAGA" means the California Labor Code Private Attorneys General

17   Act of 2004.

18        BB.   "PAGA Claims" means any and all PAGA claims premised in whole or

19   in part on any of the following claims: (a) all disputes, claims, and/or causes of

20   action pleaded or which could have been pleaded in and arising from the facts,

21   claims and/or allegations in the Complaint, First Amended Complaint, Second

22   Amended Complaint, and Third Amended Complaint concerning Defendants, and

23   all claims (including penalties arising from such claims) under Cal. Labor Code §§

24   201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552, 558, 1174, 1194, 1194.2,

25   1197, 1197.1, 1198, 1199, Cal. Civil Proc. Code § 1021.5, Cal. Bus. & Prof. Code

26   §§ 17200 et seq., California IWC Wage Orders, the Minimum Wage Orders, the

27   Fair Labor Standards Act, damages, penalties, interest, attorney's fees, costs, and

28   other amounts recoverable under the causes of action under California law and/or

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    federal law, and interest, attorney's fees and costs based in whole or in part on the

2    allegations and/or claims in the Action during the PAGA Settlement Period; and (b)

3    all claims of any and every nature based on off-the-clock work, minimum wage,

4    overtime, meal and rest break claims, paycheck-related claims, payroll records

5    maintenance, wage statement claims, waiting time penalties, California IWC Wage

6    Order claims and Unfair Competition Law claims that arose during the PAGA

7    Settlement Period.

8        CC.    "PAGA Payment" means the payment made hereunder to the California

9    Labor and Workforce Development Agency pursuant to PAGA.

10        DD.    "PAGA Payment Check" means the check issued to each PAGA

11    Releasee for his/her share of the PAGA Payment.

12        EE.    "PAGA Releasee" means non-exempt employees who are employed or

13    have been employed by Defendants in the State of California from December 13,

14    2017 through the Preliminary Approval Date, except for administrative office staff.

15    PAGA Releasees do not include Chartwell's employees who were not placed to

16    work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities

17    Solutions, LLC.

18        FF.    "PAGA Settlement" means the PAGA portion of the settlement

19    embodied in this Agreement, which is subject to the Court's approval.

20        GG.    "PAGA Settlement Period" means the period from December 13, 2017

21    through the Preliminary Approval Date.

22        HH.    "Parties" means Plaintiffs and Defendants, collectively, and "Party"

23    shall mean either Plaintiffs or Defendants, individually.

24        II.    "Plaintiff Arellano" means Albert Arellano.

25        JJ.    "Plaintiff Coronado" means Dan Coronado.

26        KK.    "Plaintiff Garza" means Robert Garza.

27        LL.    "Plaintiff Middle Rider" means Barbara Middle Rider.

28        MM.    "Preliminary Approval Date" means the date on which the Court enters

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    an order granting preliminary approval of the Settlement.

2         NN.    "Preliminary Approval Order" means an order from the Court: (1)

3    preliminarily approving the Class Settlement; and (2) approving the PAGA

4    Settlement. A copy of a proposed Preliminary Approval Order subject to Court

5    approval is attached hereto as **Exhibit 3**.

6         OO.    "Released Claims" means any and all claims, debts, liabilities,

7    demands, obligations, penalties, guarantees, costs, expenses, attorney's fees,

8    damages, action or causes of action of whatever kind or nature, whether known or

9    unknown, contingent or accrued, that are alleged, related to or that reasonably could

10   have arisen out of the same facts alleged in the Action, including, but not limited to

11   claims for:  (a) failure to pay overtime wages; (b) failure to pay regular wages; (c)

12   failure to pay minimum wages; (d) failure to provide meal periods; (e) failure to

13   authorize and permit rest periods; (f) failure to timely pay wages at the termination

14   of employment; (g) failure to provide accurate, itemized wage statements; (h) all

15   claims under PAGA that could have been premised on the claims, causes of action

16   or legal theories described above in (a)-(g) (the PAGA Claims); (i) all claims for

17   unfair business practices under California Business &Professions Code Section

18   17200 *et seq.* that could have been premised on the claims, causes of action or legal

19   theories of relief described above in (a)-(g); and (j) all damages, including, but not

20   limited to, liquidated damages, civil and statutory penalties, interest and other

21   amounts recoverable under said claims, causes of action or legal theories of relief

22   identified above in (a)-(g).  This Release shall include, without limitation, claims

23   that were raised, or that reasonably could have been raised, under the Fair Labor

24   Standard Act or applicable Wage Orders and California Labor Code provisions,

25   including Labor Code §§ 201, 202, 203, 204, 226, 226.6, 226.7, 510, 512, 551, 552,

26   558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2698 *et seq.*, and Code Civ.

27   Proc., § 1021.5, based on alleged violations of these Labor Code provisions.  This

28   Settlement is conditioned upon the release by all Settling Class Members of any

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   claim under Labor Code § 2698, *et seq.* and upon covenants by all members that

2   they will not participate in any proceeding seeking penalties under Labor Code §

3   2698, *et seq.* (collectively, the "Released Claims"). The period of the Released

4   Claims shall extend from July 17, 2013 through the Preliminary Approval Date.

5   .The Parties agree that the judgment, and release of claims provided herein, shall

6   have *res judicata* effect. The definition of Released Claims shall not be limited in

7   any way by the possibility that Plaintiff or Settlement Class Members may discover

8   new facts or legal theories or legal arguments not alleged in the operative pleadings

9   in the Action but which might serve as an alternative basis for pursuing the same

10  claims, causes of action, or legal theories of relief falling within the definition of

11  Released Claims. Additionally, Settlement Class Members who submit Claim

12  Forms will be deemed to have opted-in to the release of the Released Claims arising

13  under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA").

14        PP.    "Released Parties" means Defendants and all of their present and

15  former parent companies, subsidiaries, affiliates, divisions, predecessors, successors,

16  assigns, joint ventures, and all of their shareholders, officers, directors, employees,

17  agents, servants, registered representatives, attorneys, insurers, successors and

18  assigns, and any other persons acting by through, under or in concert with any of

19  them.

20        QQ.    "Request for Exclusion" means a written statement requesting

21  exclusion containing the Settlement Class Member's name, address, and telephone

22  number to be mailed by Settlement Class Members who wish to opt out of the

23  Settlement Class. To be effective, the Request for Exclusion must be post-marked

24  by the Response Deadline and received by the Settlement Administrator.

25        RR.    "Response Deadline" means the date forty-five (45) days after the

26  Settlement Administrator mails Notice Packets to Settlement Class Members and the

27  last date on which Settlement Class Members may submit Claim Forms, Requests

28  for Exclusion, or Objections to the Settlement.

SS.   "Settlement" means the disposition of the Actions pursuant to this Agreement.

TT.   "Settlement Administrator" means CPT.

UU.   "Settlement Class Members" or "Settlement Class" means all current and former hourly, non-exempt employees who are employed or have been employed by Defendants in the State of California during the Class Period, except for administrative office staff.  Settlement Class Members do not include Chartwell's employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.  The "Settlement Class Members" shall not include any person who submits a timely and valid Request for Exclusion as provided in this Agreement, or any person who previously released the Released Claims under a separate agreement.

## II.   RECITALS

A.   On July 17, 2017, Plaintiff Gary Middle Rider filed a Class Action Complaint for Damages.  The Complaint alleged causes of action for: (1) Failure to Pay all Wages Under the Fair Labor Standards Act; (2) Failure to Pay All Wages Including California Overtime Wages; (3) Failure to Pay All Wages at the End of Employment; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Provide Breaks; and (6) Violation of California Unfair Competition Law.  Plaintiff sought to represent a class of current and former non-exempt employees in California who worked as office movers.

B.   Plaintiffs subsequently filed First and Second Amended Complaints to change the Class Representatives.

C.   Plaintiffs' Third Amended Complaint was deemed filed by the Court on February 26, 2019.  The Third Amended Complaint asserts the same initial six causes of action, clarifying that when the Complaint alleged a claim for Failure to Provide Breaks, Plaintiffs intended to assert claims for Failure to Provide Meal and Rest Breaks, and to add a claim for penalties pursuant to PAGA.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1      D.     Through substantial formal and informal discovery, Defendants

2    provided Plaintiffs' counsel with thousands of pages of time and payroll records, the

3    written policies relevant to Plaintiffs' claims, aggregate class member data during

4    the relevant time period, and extensive documents indicating the financial condition

5    of Defendants Chartwell and Managed Facilities Solutions, LLC.

6      E.     On November 30, 2018, the Parties attended private mediation with an

7    experienced mediator, Hon. Jacobs-May (Ret.), where the Parties reached a

8    settlement, as provided herein, to resolve Plaintiffs' claims on a class and

9    representative action basis.

10      F.     Defendants deny any liability or wrongdoing of any kind associated

11    with the claims alleged in the Action, dispute the damages and penalties claimed by

12    Plaintiffs, and further contend that, for any purpose other than settlement, Plaintiffs'

13    claims are not appropriate for class or representative action treatment.  Defendants

14    contend, among other things, that, at all times, it has complied with the Fair Labor

15    Standards Act, California Labor Code, and the Industrial Welfare Commission

16    Wage Orders.

17      G.     The Plaintiffs and Class Representatives are represented by Class

18    Counsel.  Class Counsel conducted an investigation into the facts relevant to the

19    Action, including reviewing documents and information provided by Defendants.

20    Based on its own independent investigation and evaluation, Class Counsel is of the

21    opinion that the Settlement with Defendants is fair, reasonable and adequate, and in

22    the best interest of the Settlement Class in light of all known facts and

23    circumstances, including the risks of significant delay, defenses asserted by

24    Defendants, uncertainties regarding a class and representative action trial on the

25    merits, and numerous potential appellate issues.  Although Defendants deny any

26    liability, Defendants are agreeing to this Settlement solely to avoid the cost of

27    further litigation.  Accordingly, the Parties and their counsel desire to fully, finally,

28    and forever settle, compromise and discharge all disputes and claims arising from or

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   relating to the Action on the terms set forth herein.

2   **III.   TERMS OF AGREEMENT**

3        A.   Settlement Consideration. Defendants shall create the Maximum

4   Settlement Fund. The following will be paid out of the Maximum Settlement Fund:

5   the sum of the Individual Settlement Payments (less Employee's Taxes and

6   Required Withholdings), the Class Representative Enhancements, the Class Counsel

7   Award, PAGA Payment, PAGA Payment Checks, Employer's Taxes, and the

8   Settlement Administration Costs, as specified in this Agreement. Defendants shall

9   not be required to pay more than the Maximum Settlement Fund.

10        B.   Release By All Settlement Class Members. As of the Effective Date, in

11   exchange for the consideration set forth in this Agreement, Plaintiffs and the

12   Settlement Class Members release the Released Parties from the Released Claims

13   for the Class Period.

14        C.   Release of PAGA Claims. Upon the Court's approval of the PAGA

15   Payment and the release of PAGA Claims, Plaintiff and the PAGA Releasees and all

16   persons purporting to act on the PAGA Releasees' behalf or purporting to assert a

17   claim under or through them, hereby do and shall by deemed to have fully, finally,

18   and forever released, settled, compromised, relinquished, and discharged any of the

19   Released Parties of and from any and all PAGA claims premised in whole or in part

20   on any of the Released Claims (the "PAGA Claims"). The PAGA Releasees will

21   not be required to submit a Claim Form in order to be issued a check for their share

22   of the PAGA Payment and will not have the opportunity to opt out of, or object to,

23   the PAGA Payment and release of the PAGA Claims. The PAGA Releasees are

24   bound by the release of the PAGA Claims regardless of whether they cash their

25   PAGA Payment Check.

26        D.   General Release By Plaintiffs. As of the Effective Date, in exchange

27   for the consideration set forth in this Agreement, Plaintiffs, for themselves and their

28   heirs, successors and assigns, do hereby waive, release, acquit and forever discharge

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   the Released Parties, from any and all claims, actions, charges, complaints,

2   grievances and causes of action, of whatever nature, whether known or unknown,

3   which exist or may exist on Plaintiffs' behalf as of the date of this Agreement,

4   including, but not limited to, any and all tort claims, contract claims, wage claims,

5   wrongful termination claims, disability claims, benefit claims, public policy claims,

6   retaliation claims, statutory claims, personal injury claims, emotional distress

7   claims, invasion of privacy claims, defamation claims, fraud claims, *quantum meruit*

8   claims, and any and all claims arising under any federal, state or other governmental

9   statute, law, regulation or ordinance, including, but not limited to, claims for

10   violation of the FLSA, the California Labor Code, the Wage Orders of California's

11   Industrial Welfare Commission, other state wage and hour laws, the Americans with

12   Disabilities Act, the Age Discrimination in Employment Act (ADEA), the

13   Employee Retirement Income Security Act, Title VII of the Civil Rights Act of

14   1964, the California Fair Employment and Housing Act, the California Family

15   Rights Act, the Family Medical Leave Act, California's Whistleblower Protection

16   Act, California Business & Professions Code Section 17200 *et seq.*, and any and all

17   claims arising under any federal, state or other governmental statute, law, regulation

18   or ordinance.  Plaintiffs hereby expressly waive and relinquish any and all claims,

19   rights or benefits that they may have under California Civil Code § 1542, which

20   provides as follows:

21       *A general release does not extend to claims that the creditor or releasing*

22   *party does not know or suspect to exist in his or her favor at the time of executing*

23   *the release and that, if known by him or her, would have materially affected his or*

24   *her settlement with the debtor or released party.*

25       Plaintiffs may hereafter discover claims or facts in addition to, or different

26   from, those which they now know or believe to exist, but Plaintiffs expressly intend

27   to fully, finally and forever settle and release any and all claims against the Released

28   Parties, known or unknown, suspected or unsuspected, which exist or may exist on

USA01\12383501                         12

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    behalf of or against the other at the time of execution of this Agreement, including,

2    but not limited to, any and all claims relating to or arising from Plaintiffs'

3    employment with Defendants.  The Parties further acknowledge, understand and

4    agree that this representation and commitment is essential to the Agreement and that

5    this Agreement would not have been entered into were it not for this representation

6    and commitment.

7        E.    Labor Code Section 206.5.  The Parties agree that California Labor

8    Code section 206.5 does not invalidate any provision of this Agreement, because

9    among other things, the Released Claims and PAGA Claims are disputed and

10   contested, and the Settlement was bargained for at arms' length and approved by the

11   Court.

12       F.    No Future Employment As To Plaintiffs.  Plaintiffs acknowledge that

13   because of circumstances that are unique to Plaintiffs, including but not limited to

14   irreconcilable differences with the Released Parties, the Released Parties have no

15   obligation, contractual or otherwise, to hire or employ Plaintiffs in the future.

16   Further, Plaintiffs agree not to seek employment with the Released Parties in the

17   future.  In the event that Plaintiffs breach their contractual obligations not to re-

18   apply for employment with the Released Parties under this section, the Released

19   Parties may deny Plaintiffs' applications or terminate their employment and

20   Plaintiffs agrees that their breach of their contractual obligations is good and

21   sufficient cause for such denial or termination and that such denial or termination is

22   not retaliatory but rather is a matter of contract.

23       G.    Conditions Precedent.  The Settlement will become final and effective

24   only upon the occurrence of all of the following events:

25       1.    Plaintiffs have filed a Third Amended Complaint clarifying that

26   when the Complaint alleged a claim for Failure to Provide Breaks, Plaintiffs

27   intended to assert claims for Failure to Provide Meal and Rest Breaks, and adding

28   claims to recover PAGA penalties to the maximum extent allowable based on the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    Released Claims.

2        2.    The Court enters a Preliminary Approval Order in a form

3    substantially similar to the proposed Preliminary Approval Order (Exhibit 3);

4        3.    The Court enters a Final Approval Order in a form substantially

5    similar to the proposed Final Approval Order (Exhibit 4)

6        4.    The Court enters a Final Judgment in a form substantially similar

7    to the proposed Final Judgment (Exhibit 5);

8        5.    If there is an objector or objectors, the time for appeal of the

9    Final Judgment and Final Approval Order expires; or, if an appeal is timely filed,

10   the date of a final resolution of any appeal from the Final Judgment and Final

11   Approval Order; and

12       6.    Defendants do not invoke their right to revoke the Settlement as

13   provided herein.

14       H.    <u>Certification of the Settlement Class</u>. The Parties stipulate to

15   conditional class certification of the Settlement Class for the Class Period for

16   purposes of settlement only. In the event that this stipulation is not approved by the

17   Court, fails to become effective, or is reversed, withdrawn or modified by the Court,

18   or in any way prevents or prohibits Defendants from obtaining a complete resolution

19   of the claims as described herein, the conditional class certification (obtained for

20   any purpose) shall be void *ab initio* and of no force or effect, and shall not be

21   admissible in any judicial, administrative or arbitral proceeding for any purpose or

22   with respect to any issue, substantive or procedural.

23       I.    <u>Nullification of Settlement Agreement</u>. In the event that this

24   Settlement Agreement is not preliminarily or finally approved by the Court, fails to

25   become effective, or is reversed, withdrawn or modified by the Court, or in any way

26   prevents or prohibits Defendants from obtaining a complete resolution of the claims

27   as described herein:

28       1.    This Settlement Agreement shall be void *ab initio* and of no

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1   force or effect, and shall not be admissible in any judicial, administrative or arbitral

2   proceeding for any purpose or with respect to any issue, substantive or procedural;

3        2.       The conditional class certification (obtained for any purpose)

4   shall be void *ab initio* and of no force or effect, and shall not be admissible in any

5   judicial, administrative or arbitral proceeding for any purpose or with respect to any

6   issue, substantive or procedural; and

7        3.       None of the Parties to this Settlement will be deemed to have

8   waived any claims, objections, defenses or arguments in the Action, including with

9   respect to the issue of class certification.

10       J.       Tax Liability.  The Parties make no representations as to the tax

11  treatment or legal effect of the payments called for hereunder, and Settlement Class

12  Members are not relying on any statement or representation by the Parties in this

13  regard.  Settlement Class Members understand and agree that they will be

14  responsible for the payment of any employee taxes and penalties assessed on the

15  Individual Settlement Payments described herein and will hold the Parties free and

16  harmless from and against any claims, liabilities, costs and expenses, including

17  attorney's fees, resulting in any way from personal tax treatment of the payments

18  made pursuant to this Agreement, including the treatment of such payments as not

19  subject to withholding or deduction for payroll and employment taxes.

20       K.       Circular 230 Disclaimer.  Each Party to this Agreement (for purposes

21  of this section, the "acknowledging party" and each Party to this Agreement other

22  than the acknowledging party, an "other party") acknowledges and agrees that:  (1)

23  no provision of this Agreement, and no written communication or disclosure

24  between or among the Parties or their attorneys and other advisers, is or was

25  intended to be, nor shall any such communication or disclosure constitute or be

26  construed or be relied upon as, tax advice within the meaning of United States

27  Treasury Department circular 230 (31 CFR part 10, as amended); (2) the

28  acknowledging party (a) has relied exclusively upon his, her or its own, independent

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  legal and tax counsel for advice (including tax advice) in connection with this

2  Agreement, (b) has not entered into this Agreement based upon the recommendation

3  of any other Party or any attorney or advisor to any other Party, and (c) is not

4  entitled to rely upon any communication or disclosure by any attorney or adviser to

5  any other party to avoid any tax penalty that may be imposed on the acknowledging

6  party, and (3) no attorney or adviser to any other Party has imposed any limitation

7  that protects the confidentiality of any such attorney's or adviser's tax strategies

8  (regardless of whether such limitation is legally binding) upon disclosure by the

9  acknowledging party of the tax treatment or tax structure of any transaction,

10  including any transaction contemplated by this Agreement.

11        L.      Preliminary Approval Motion. At the earliest practicable time,

12  Plaintiffs shall file with the Court a Motion for Order Granting Preliminary

13  Approval and supporting papers, which shall include this Settlement Agreement and

14  a request that the Court enter the Preliminary Approval Order (Exhibit 3).  Any

15  dispute regarding forms of notices and other documents necessary to implement the

16  Settlement contained in the Stipulation, if not timely resolved among the Parties,

17  shall be referred to the Court.  The Parties shall seek a prompt hearing date to obtain

18  preliminary approval of the Settlement.

19        M.      CAFA Notice. Within ten (10) days of receiving notice of filing of a

20  Motion for Preliminary Approval of this Agreement, Defendants shall serve the

21  CAFA Notice of this Agreement on the appropriate federal and state officials, as

22  required by 28 U.S.C. § 1715(b).

23        N.      Settlement Administrator. The Settlement Administrator shall be

24  responsible for:  (a) calculating, processing and mailing payments to the Class

25  Representatives, Class Counsel, LWDA, PAGA Releasees, and Settlement Class

26  Members who submit Claim Forms; (b) printing and mailing the Notice Packets to

27  the Settlement Class Members as directed by the Court; (c) receiving and reporting

28  the claims, objections, and requests for exclusion; (d) distributing tax forms to the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   Settlement Class Members who submit Claim Forms; (e) providing declaration(s),

2   as necessary, in support of preliminary and/or final approval of this Settlement; and

3   (f) other tasks as the Parties mutually agree or the Court orders the Settlement

4   Administrator to perform.  The Settlement Administrator shall keep the Parties

5   timely apprised of the performance of all Settlement Administrator responsibilities

6   and will promptly inform the Parties of the number of Settlement Class Members

7   who (a) submit Claim Forms, (b) object to the Settlement, (c) request exclusion

8   from the Settlement, or (d) otherwise express opposition to the Settlement within

9   five (5) days of each such occurrence.

10       O.   Settlement Administration.

11         1.   Class Data.  No later than ten (10) business days after the

12   Preliminary Approval Date, Defendants shall provide the Settlement Administrator

13   with the Class Data for purposes of preparing and mailing Notice Packets to

14   Settlement Class Members.  The Class Data shall be confidential.  The Settlement

15   Administrator shall not provide the Class Data to Class Counsel or Plaintiffs or any

16   third party, or use the Class Data or any information contained therein for any

17   purpose other than to administer this Settlement.

18         2.   Notice Packets.

19             a)   The Notice Packet shall contain the Claim Form and

20               Notice of Class Action Settlement in forms substantially

21               similar to the forms attached hereto as Exhibits 1 & 2.  The

22               Notice of Class Action Settlement shall set forth the material

23               terms of the Settlement, including the release to be given by

24               all members of the Settlement Class who do not request to be

25               excluded from the Settlement Class, an explanation of the

26               PAGA Payment, how to submit a Claim Form, and that

27               Settlement Class Members who submit Claim Forms will be

28               deemed to have released the Released Claims arising under the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    FLSA. The Notice Packet also shall be individualized by

2    including the Settlement Class Member's number of

3    Compensable Workweeks and the estimated amount of their

4    Individual Settlement Payment.

5    b)    The Notice Packet's mailing envelope shall include the

6    following language: "IMPORTANT LEGAL DOCUMENT-

7    YOU MAY BE ENTITLED TO MONEY FROM A CLASS

8    ACTION SETTLEMENT; YOUR PROMPT REPLY IS

9    REQUIRED AS EXPLAINED IN THE ENCLOSED

10    NOTICE."

11    3.    Notice By First Class U.S. Mail. Upon receipt of the Class Data,

12    the Settlement Administrator will perform a search based on the National Change of

13    Address Database and/or similar database(s) to update and correct any known or

14    identifiable address changes. No later than seven (7) calendar days after receiving

15    the Class Data from Defendants as provided herein, the Settlement Administrator

16    shall mail copies of the Notice Packet to all Settlement Class Members via regular

17    First Class U.S. Mail. The Settlement Administrator shall exercise its best judgment

18    to determine the current mailing address for each Settlement Class Member. The

19    address identified by the Settlement Administrator as the current mailing address

20    shall be presumed to be the best mailing address for each Settlement Class Member.

21    In the event more than one address is identified, then the Settlement Administrator

22    shall mail to each potentially valid address.

23    4.    Undeliverable Notices. Any Notice Packets returned to the

24    Settlement Administrator as non-delivered on or before the Response Deadline shall

25    be re-mailed to the forwarding address affixed thereto. If no forwarding address is

26    provided, the Settlement Administrator shall promptly attempt to determine a

27    correct address by lawful use of skip-tracing, or other search using the name,

28    address and/or Social Security number of the Settlement Class Member involved,

1    and shall then perform a re-mailing, if another mailing address is identified by the

2    Settlement Administrator.  Settlement Class Members who received a re-mailed

3    Notice Packet shall have their Response Deadline extended ten (10) calendar days

4    from the original Response Deadline.

5         5.    Disputes Regarding Individual Settlement Payments.  Settlement

6    Class Members will have the opportunity, should they disagree with Defendants'

7    records regarding the Compensable Workweeks worked by Settlement Class

8    Members stated on the Notice of Class Action Settlement, to provide documentation

9    and/or an explanation to show contrary Compensable Workweeks.  If there is a

10   dispute, the Settlement Administrator will consult with the Parties to determine

11   whether an adjustment is warranted.  The Settlement Administrator shall determine

12   the eligibility for, and the amounts of, any Individual Settlement Payments under the

13   terms of this Agreement.  The Settlement Administrator's determination of the

14   eligibility for and amount of any Individual Settlement Payment shall be binding

15   upon the Settlement Class Member and the Parties.

16        6.    Disputes Regarding Administration of Settlement.  Any disputes

17   not resolved by the Settlement Administrator concerning the administration of the

18   Settlement will be resolved by the Court under the laws of the State of California.

19   Prior to any such involvement of the Court, counsel for the Parties will confer in

20   good faith to resolve the disputes without the necessity of involving the Court.

21        7.    Claim Form Procedure.  Any Settlement Class Member who

22   wishes to become a Claimant and receive an Individual Settlement Payment must

23   fully complete a Claim Form, including signing the Claim Form.  The Claim Form

24   will not be valid if it is not timely submitted by the Response Deadline and received

25   by the Settlement Administrator.  The date of the postmark on the return mailing

26   envelope or fax stamp on the Claim Form shall be the exclusive means used to

27   determine whether the Claim Form was timely submitted.  Any Settlement Class

28   Member who fails to submit a timely, complete, and valid Claim Form shall be

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA. 92612-4414

1   barred from receiving the Individual Settlement Payment.  To the extent required by

2   law, Claimants shall be deemed to have consented to join the Action pursuant to the

3   FLSA and released the Released Claims, including claims under the FLSA, as

4   described in this Agreement.  Settlement Class Members who do not timely return a

5   valid Claim Form by the Response Deadline forfeit their Individual Settlement

6   Payment but shall remain subject to the release of the Released Claims and PAGA

7   Claims as defined in this Agreement to the maximum extent permitted by law.

8           8.    Request for Exclusion.  The Notice of Class Action and PAGA

9   Settlement contained in the Notice Packet shall state that Settlement Class Members

10  who wish to exclude themselves from the Settlement must submit to the Settlement

11  Administrator a written statement requesting exclusion from the Settlement.

12  However, no Settlement Class Member can seek exclusion from the PAGA portion

13  of the Settlement.  The written statement must contain the Settlement Class

14  Member's name, address, and telephone number.  The Request for Exclusion will

15  not be valid if it is not timely submitted by the Response Deadline and received by

16  the Settlement Administrator.  The date of the postmark on the return mailing

17  envelope or fax stamp on the Request for Exclusion shall be the exclusive means

18  used to determine whether the Request for Exclusion was timely submitted.  Any

19  Settlement Class Member who requests to be excluded from the Settlement Class

20  will not be entitled to any recovery under the Settlement, except for the Settlement

21  Class Members' PAGA Payment Check, and will not be bound by the terms of the

22  Settlement or have any right to object, appeal or comment thereon.  Settlement Class

23  Members who fail to submit a valid and timely written Request for Exclusion on or

24  before the Response Deadline shall be bound by all terms of the Settlement and any

25  final judgment entered in this Action if the Settlement is approved by the Court.  No

26  later than fourteen (14) calendar days after the Response Deadline, the Settlement

27  Administrator shall provide counsel for the Parties with a final list of the Settlement

28  Class Members who have timely submitted Requests for Exclusion.  At no time

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    shall any of the Parties or their counsel seek to solicit or otherwise encourage

2    members of the Settlement Class to submit Requests for Exclusion from the

3    Settlement.

4           9.    Objections.  The Notice of Class Action and PAGA Settlement

5    contained in the Notice Packet shall state that Settlement Class Members who wish

6    to object to the Settlement must mail to the Settlement Administrator a written

7    statement of objection ("Notice of Objection") by the Response Deadline.

8    However, Settlement Class Members may not object to the PAGA Payment and

9    release of PAGA Claims.  The date on the proof of service shall be deemed the

10   exclusive means for determining that a Notice of Objection was served timely.  The

11   Notice of Objection must be signed by the Settlement Class Member and state: (1)

12   the full name of the Settlement Class Member; (2) the dates of employment of the

13   Settlement Class Member; (3) the last four digits of the Settlement Class Member's

14   Social Security number and/or the Employee ID number; (4) the basis for the

15   objection; and (5) whether the Settlement Class Member intends to appear at the

16   Final Approval/Settlement Fairness Hearing.  Settlement Class Members who fail to

17   make objections in the manner specified above shall be deemed to have waived any

18   objections and shall be foreclosed from making any objections (whether by appeal

19   or otherwise) to the Settlement.  Settlement Class Members who submit a timely

20   Notice of Objection will have a right to appear at the Final Approval/Settlement

21   Fairness Hearing in order to have their objections heard by the Court.  No

22   Settlement Class Member may appear at the Final Approval/Settlement Fairness

23   Hearing unless he or she has served a timely objection that complies with the

24   procedures provided in this paragraph.  At no time shall any of the Parties or their

25   counsel seek to solicit or otherwise encourage Settlement Class Members to file or

26   serve written objections to the Settlement or appeal from the Final Approval Order

27   and Final Judgment.  Settlement Class Members who submit a Request for

28   Exclusion are not entitled to object to the Settlement.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1      P.     Funding and Allocation of the Maximum Settlement Fund.  Defendants

2    shall issue payment to the Settlement Administrator for one-half of the Maximum

3    Settlement Fund (i.e., $235,000) within 30 days of the Effective Date.  Defendants

4    shall issue payment to the Settlement Administrator for the second half of the

5    Maximum Settlement Fund (i.e., $235,000) within 210 days of the Effective Date.

6    The date on which the Settlement is fully funded is the "Funding Date."   No

7    distributions from the Maximum Settlement Fund are to be made until the Funding

8    Date.  Defendant Chartwell is responsible for paying $250,000 of the Maximum

9    Settlement Fund.  Defendant Managed Facilities Solutions, LLC is responsible for

10   paying $200,000 of the Maximum Settlement Fund.  Defendant Moving Solutions,

11   Inc. is responsible for paying $20,000 of the Maximum Settlement Fund.

12   Defendants shall each pay half of their portions of the Maximum Settlement Fund in

13   each installment.  If this Settlement is not finally approved by the Court in full, or is

14   terminated, rescinded, canceled or fails to become effective for any reason, or if the

15   Effective Date does not occur, then no portion of the Maximum Settlement Fund

16   shall be paid and all amounts shall be returned to Defendants immediately.

17       1.    Individual Settlement Payments.  Individual Settlement

18   Payments shall be paid from the Net Settlement Amount and shall be paid pursuant

19   to the formula set forth herein.

20                a)   Calculation of Individual Settlement Payments.  Using the

21                   Class Data, the Settlement Administrator will calculate the

22                   total Compensable Workweeks for all Claimants by adding the

23                   number of Compensable Workweeks worked by each

24                   Claimant during the Class Period.  The respective

25                   Compensable Workweeks for each Claimant will be divided

26                   by the total Compensable Workweeks for all Claimants,

27                   resulting in the Payment Ratio for Claimant.  Each Claimant's

28                   Payment Ratio will then be multiplied by the Net Settlement

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    Amount to calculate each Claimant's Individual Settlement
2    Payments.

3    b)   Allocation.  For tax purposes, Individual Settlement
4    Payments shall be allocated and treated as follows: twenty
5    percent (20%) as wages; forty percent (40%) as penalties; and
6    forty percent (40%) as interest.

7    c)   Mailing.  Individual Settlement Payments shall be mailed
8    by regular First Class U.S. Mail to Claimants' last known
9    mailing address no later than ten (10) calendar days after the
10   Funding Date.

11   d)   Expiration.  Any checks issued Claimants shall remain
12   valid and negotiable for one hundred and eighty (180) days
13   from the date of their issuance.  If a Claimant does not cash his
14   or her settlement check within 180 days, the uncashed funds,
15   subject to Court approval, shall escheat to the State of
16   California and be submitted to the State of California
17   unclaimed property fund in the name of the Claimant or
18   PAGA Releasee who is the payee of the check pursuant to
19   California Code of Civil Procedure section 1510 et seq.

20   2.   Class Representative Enhancements.  Defendants agree not to
21   oppose or object to any application or motion by Plaintiffs for Class Representative
22   Enhancements of up to Five Thousand Dollars ($5,000) each.  The Class
23   Representative Enhancements are in exchange for the Released Claims, a General
24   Release, and for Plaintiffs' time, effort and risk in bringing and prosecuting the
25   Action.  The Settlement Administrator shall pay the Class Representative
26   Enhancements to Plaintiffs from the Maximum Settlement Fund no later than ten
27   (10) calendar days after the Funding Date.  Any portion of the requested Class
28   Representative Enhancements that is not awarded to the Class Representatives shall

1    be part of the Net Settlement Amount and shall be distributed to Claimants as

2    provided in this Agreement.  The Settlement Administrator shall issue an IRS Form

3    1099 — MISC to Plaintiffs for their Class Representative Enhancements.  Plaintiffs

4    shall be solely and legally responsible to pay any and all applicable taxes on their

5    respective Class Representative Enhancements and shall hold harmless Defendants

6    from any claim or liability for taxes, penalties, or interest arising as a result of the

7    Class Representative Enhancements.  The Class Representative Enhancements shall

8    be in addition to the Plaintiffs' Individual Settlement Payments as Settlement Class

9    Members.  In the event that the Court reduces or does not approve the requested

10   Class Representative Enhancements, Plaintiffs shall not have the right to revoke the

11   Settlement, and it will remain binding.

12          3.    Class Counsel Award.  Defendants agree not to oppose or object

13   to any application or motion by Class Counsel for attorneys' fees not to exceed

14   twenty-five percent (25%) of the Maximum Settlement Fund ($117,500).

15   Additionally, Defendants shall not oppose an application by Class Counsel for, and

16   Class Counsel shall not seek or receive an amount in excess of $8500 from the

17   Maximum Settlement Fund for, all past and future Litigation costs and expenses

18   necessary to prosecute, settle and administer the Action as supported by a

19   declaration from Class Counsel.  The Parties agree that any and all claims for

20   reasonable attorneys' fees and costs have been settled by this Agreement and that

21   neither Plaintiffs, Settlement Class Members, nor Class Counsel shall seek payment

22   of attorneys' fees or reimbursement of costs/expenses from Defendants except as set

23   forth in this Agreement.  Any portion of the requested Class Counsel Award that is

24   not awarded to Class Counsel shall be part of the Net Settlement Amount and shall

25   be distributed to Claimants as provided in this Agreement.  The Settlement

26   Administrator shall pay the Class Counsel Award to Class Counsel from the

27   Maximum Settlement Fund no later than ten (10) calendar days after the Funding

28   Date.  Class Counsel shall be solely and legally responsible to pay all applicable

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   taxes on the payment made pursuant to this paragraph. The Settlement

2   Administrator shall issue an IRS Form 1099 — MISC to Class Counsel for the

3   payments made pursuant to this paragraph. In the event that the Court reduces or

4   does not approve the requested Class Counsel Award, Plaintiffs and Class Counsel

5   shall not have the right to revoke the Settlement, and it will remain binding.

6          4.   PAGA Payment. Ten Thousand Dollars ($10,000) shall be

7   allocated from the Maximum Settlement Fund for settlement of claims for civil

8   penalties under the PAGA. The Settlement Administrator shall pay seventy-five

9   percent (75%) of the PAGA Payment, or $7,500, to the California Labor and

10   Workforce Development Agency ("LWDA") no later than ten (10) calendar days

11   after the Funding Date. Twenty-five percent (25%), or $2,500, shall be distributed

12   pro rata to all PAGA Releasees, based on the number of weeks worked by a PAGA

13   Releasee, as a fraction of the total weeks worked by all PAGA Releasees. The

14   portion of the PAGA Payment to the PAGA Releasees shall be treated entirely as

15   penalties. PAGA Releasees will not have the opportunity to opt out of object to the

16   PAGA Payment and/or release of PAGA Claims set forth in this Agreement,

17   although the PAGA Settlement will be subject to Court approval. Any PAGA

18   Releasee who is not a Claimant shall not receive an Individual Settlement Payment,

19   but will receive the PAGA Releasee's pro rata share of the PAGA Payment to the

20   PAGA Releasees. PAGA Releasees who are Claimants shall receive their pro rata

21   share of the PAGA Payment to the PAGA Releasees in addition to their Individual

22   Settlement Payments. In the event the LWDA rejects this allocation, the Parties will

23   meet and confer with the Court and the LWDA to reach a penalty allocation

24   acceptable to all parties that does not materially alter the terms of the Settlement,

25   nor require Defendants to pay more than the Maximum Settlement Fund. Any

26   PAGA Payment Checks that are not cashed within 180 days shall escheat to the

27   State of California and be submitted to the State of California unclaimed property

28   fund in the name of the PAGA Releasee who is the payee of the check pursuant to

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  California Code of Civil Procedure section 1510 et seq.  At the same time that

2  Plaintiffs file their Motion for Preliminary Approval, Plaintiffs shall send a copy of

3  the Agreement to the LWDA pursuant to the 2016 amendments to PAGA.  Class

4  Counsel will take all action required by California Labor Code section 2699(l).

5      Q.    Employers' Taxes.  An appropriate amount will be set aside from the

6  Maximum Settlement Fund used to pay all Employers' Taxes.  The Settlement

7  Administrator shall calculate the Employers' Taxes and inform Defendants of the

8  amount of Employers' Taxes to be paid from the Maximum Settlement Fund.

9      R.    Settlement Administration Costs.  The Settlement Administrator shall

10  be paid for the costs of administration of the Settlement from the Maximum

11  Settlement Fund.  The estimate of the Settlement Administration Costs is not to

12  exceed  Sixteen Thousand Dollars ($16,000).  The Settlement Administrator shall be

13  paid the Settlement Administration Costs no later than ten (10) calendar days after

14  the Funding Date.

15      1.    Net Settlement Amount.  The Parties estimate the amount of the

16  Net Settlement Amount as follows:

| | | |
|---|---|---|
| Maximum Settlement Fund | $ | 470,000.00 |
| Class Representative Enhancements: | $ | 20,000.00 |
| Class Counsel's Fees: | $ | 117,500.00 |
| Class Counsel's Costs: | $ | 8,500.00 |
| Employers' Taxes | $ | 7,816.40 |
| PAGA Payment: | $ | 10,000.00 |
| ($7,500 to the LWDA and $2,500 to remain in the Net Settlement) | | |
| Settlement Administration Costs: | $ | 16,000.00 |
| **Net Settlement Amount** | **$** | 290,183.60 |

27  Government Actions Affecting Settlement.  If any administrative proceeding

28  or action is commenced on or before a date that is one (1) year from the Preliminary

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    Approval Date by any federal, state or local government authority, including,

2    without limitation, the U.S. Department of Labor or the California Division of Labor

3    Standards Enforcement, in a *parens patriae* or other function asserting the Released

4    Claims, Plaintiffs and Class Counsel will sign an appropriate declaration at the

5    request of Defendants supporting the Settlement and asserting that, in the Parties'

6    opinion, the governmental action is within the scope of this Stipulation, the Actions

7    and the Final Judgment.

8        S.    Final Approval Motion. At the earliest practicable time following the

9    expiration of the Response Deadline, Plaintiffs shall file with the Court a Motion for

10   Order Granting Final Approval and Entering Judgment, which motion shall request

11   final approval of the Settlement and the amounts payable for the Individual

12   Settlement Payments, Class Representative Enhancements, the Class Counsel

13   Award, the PAGA Payment, PAGA Payment Checks, and the Settlement

14   Administration Costs.

15       1.    Final Approval Order and Judgment. The Parties shall present a

16   Final Approval Order and Final Judgment, substantially similar to Exhibits 4 and 5,

17   to the Court for its approval. The Final Judgment shall, among other things:

18       (a)    Find that the Court has personal jurisdiction over all Settlement Class

19   Members and that the Court has subject matter jurisdiction to approve this

20   Stipulation and all exhibits thereto;

21       (b)    Approve this Stipulation and the proposed Settlement as fair,

22   reasonable and adequate, consistent and in compliance with all applicable

23   requirements of the Federal Rules of Civil Procedure, the California and United

24   States Constitutions (including the due process clauses), and any other applicable

25   law, and in the best interests of each of the Parties and the Class Members; direct the

26   Parties and their counsel to implement this Stipulation according to its terms and

27   provisions; and declare this Stipulation to be binding on Plaintiffs and all other

28   Settlement Class Members, except those who timely and properly filed Request for

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    Exclusions, as well as their heirs, executors and administrators, successors and

2    assigns;

3        (c)    Certify the Class, for settlement purposes only, and find that an

4    ascertainable class exists and a well-defined community of interest exists in the

5    questions of law and fact involved because in the context of the Settlement: (i) there

6    are questions of law and fact common to the Class Members which, as to the

7    Settlement and all related matters, predominate over any individual questions; (ii)

8    the Claims of Plaintiff are typical of the Claims of the Class Members; and (iii) in

9    negotiating, entering into and implementing the Settlement, Plaintiffs and Plaintiffs'

10    Attorneys have fairly and adequately represented and protected the interests of the

11    Class Members;

12        (d)    Find that the Notice and notice methodology implemented pursuant to

13    this Stipulation (i) constituted the best practicable notice; (ii) constituted notice that

14    was reasonably calculated, under the circumstances, to apprise Settlement Class

15    Members of the pendency of the Action, their right to object to or exclude

16    themselves from the proposed Settlement and their right to appear at the Final

17    Settlement Hearing; (iii) were reasonable and constituted due, adequate and

18    sufficient notice to all persons entitled to receive notice; and (iv) met all applicable

19    requirements of the Federal Rules of Civil Procedure, the California and United

20    States Constitutions (including the Due Process Clause), and any other applicable

21    law;

22        (e)    Find that Plaintiffs and Class Counsel adequately represented the

23    Settlement Class for purposes of entering into and implementing the settlement;

24        (f)    Dismiss the Action (including all individual claims and Released

25    Claims presented thereby) with prejudice, without fees or costs to any party except

26    as provided in this Stipulation;

27        (g)    Incorporate the Released Claims set forth in this Agreement, make the

28    Released Claims effective as of the date of the Preliminary Approval Date, and

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    forever discharge the Released Parties from any claims or liabilities arising from or

2    related to the Actions;

3      (h) Permanently bar and enjoin Plaintiffs and all Settlement Class

4    Members who have not been timely and properly excluded from the Settlement

5    Class, and any person acting on their behalf, from (i) filing, commencing,

6    prosecuting, intervening in, participating in (as class members or otherwise), or

7    receiving any benefits or other relief from, any other lawsuit, in any state or federal

8    court, arbitration, or administrative, regulatory or other proceeding or order in any

9    jurisdiction based on the Released Claims; and (ii) organizing such excluded Class

10    Members into a separate class for purposes of pursuing as a purported class action

11    (including by seeking to amend a pending complaint to include class allegations, or

12    by seeking class certification in a pending action) any lawsuit based on or relating to

13    the Released Claims;

14      (i) Authorize the Parties, without further approval from the Court, to agree

15    to and to adopt such amendments, modifications and expansions of this Stipulation

16    and all exhibits attached hereto as (i) are consistent with the Final Judgment; and (ii)

17    do not limit the rights of Settlement Class Members under the Stipulation;

18      (j) Without affecting the finality of the Final Judgment, the Court shall

19    retain continuing jurisdiction over the Actions, the Parties, and the Settlement Class,

20    as well as the administration and enforcement of the Settlement. Any disputes or

21    controversies arising with respect to the interpretation, consummation, enforcement,

22    or implementation of the Settlement shall be presented by motion to the Court.

23      T. Option to Terminate Settlement. If, after the Response Deadline, the

24    total number of Settlement Class Members who submitted timely and valid Requests

25    for Exclusion from the Settlement is at least five percent (5%) of all Settlement

26    Class Members, Defendants shall have, in their sole discretion, the option to

27    terminate this Settlement. If Defendants exercise the option to terminate this

28    Settlement, Defendants shall: (a) provide written notice to Class Counsel within

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1   seven (7) calendar days after the Response Deadline and (b) pay all Settlement

2   Administration Costs incurred up to the date or as a result of the termination; and

3   the Parties shall proceed in all respects as if this Agreement had not been executed.

4       U.    Motions for Preliminary and Final Approval.  Class Counsel will

5   provide an opportunity for Counsel for Defendants to review the Motions for

6   Preliminary and Final Approval prior to filing with the Court.  The Parties and their

7   counsel will cooperate with each other and use their best efforts to effect the Court's

8   approval of the Motions for Preliminary and Final Approval of the Settlement.

9       V.    No Impact on Benefit Plans.  Neither this Settlement nor any amounts

10  paid under the Settlement will modify any previously credited hours or service

11  under any employee benefit plan, policy, or bonus program sponsored by

12  Defendants.  Such amounts will not form the basis for additional contributions to,

13  benefits under, or any other monetary entitlement under Defendants-sponsored

14  benefit plans, policies, or bonus programs.  The payments made under the terms of

15  this Stipulation shall not be applied retroactively, currently, or on a going forward

16  basis, as salary, earnings, wages, or any other form of compensation for the

17  purposes of Defendants' benefit plan, policy, or bonus program.  Defendants retain

18  the right to modify the language of its benefit plans, policies and bonus programs to

19  effect this intent, and to make clear that any amounts paid pursuant to this

20  Settlement are not for "hours worked," "hours paid," "hours of service," or any

21  similar measuring term as defined by applicable plans, policies and bonus programs

22  for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that

23  additional contributions or benefits are not required by this Settlement.

24      W.    Notices.  Unless otherwise specifically provided herein, all notices,

25  demands, or other communications given hereunder shall be in writing and shall be

26  deemed to have been duly given as of the third (3rd) business day after mailing by

27  United States certified mail, return receipt requested, addressed as follows:

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    To Plaintiffs and the Settlement Class:

2

3    James Dal Bon, California Bar No. 157942
     **LAW OFFICES OF JAMES DAL BON**
4    606 North First Street
     San Jose, CA  95112
5    Telephone:   (408) 466-5845

6    Victoria L. H. Booke, California Bar No. 142518
     **LAW OFFICES OF BOOKE & AJLOUNY, LLP**
7    606 North First Street
     San Jose, CA  95112
8    Telephone:   (408) 286-7000

9

10   To Defendant Moving Solutions, Inc.

11

12   Richard D. Schramm, California Bar No. 151696
     **EMPLOYMENT RIGHTS ATTORNEYS**
13   1500 E. Hamilton Avenue, Suite 118
     Campbell, CA  95008
14   Telephone:  (408) 796-7551

15

16   To Defendants Chartwell Staffing Services, Inc. and Managed Facilities

17   Solutions, LLC:

18

19   **BRYAN CAVE LEIGHTON PAISNER LLP**
     Allison C. Eckstrom, Esq.
20   Christopher J. Archibald, Esq.
     Michael E. Olsen, Esq.
21   3161 Michelson Drive, Suite 1500
     Irvine, California  92612-4414
22   Telephone:  (949) 223-7000
     Facsimile:   (949) 223-7100

23

24       X.    Cooperation.  The Parties and their counsel will cooperate with each

25   other and use their best efforts to effect the implementation of the Settlement.

26       Y.    Interim Stay of Proceedings.  The Parties agree to stay all proceedings

27   in the Action, except such proceedings necessary to implement and complete the

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    Settlement, pending the Final Approval/Settlement Fairness Hearing to be

2    conducted by the Court.

3        Z.    Admissibility of Agreement.  This Agreement shall not be admissible

4    in any proceeding for any purpose, except to enforce it according to its terms.

5        AA.    Amendment or Modification.  This Agreement may be amended or

6    modified only by a written instrument signed by counsel for all Parties or their

7    successors-in-interest.

8        BB.    Entire Agreement.  This Agreement and any attached Exhibits

9    constitute the entire Agreement among these Parties, and no oral or written

10    representations, warranties or inducements have been made to any Party concerning

11    this Agreement or its Exhibits other than the representations, warranties and

12    covenants contained and memorialized in the Agreement and its Exhibits.

13        CC.    Authorization to Enter Into Settlement Agreement.  Counsel for all

14    Parties warrant and represent they are expressly authorized by the Parties whom

15    they represent to negotiate this Agreement and to take all appropriate actions

16    required or permitted to be taken by such Parties pursuant to this Agreement to

17    effectuate its terms, and to execute any other documents required to effectuate the

18    terms of this Agreement.  The persons signing this Agreement on behalf of

19    Defendants represent and warrant that they are authorized to sign this Agreement on

20    behalf of Defendants.  Plaintiffs represent and warrant that they are authorized to

21    sign this Agreement and that they have not assigned any claim, or part of a claim,

22    covered by this Settlement to a third-party.

23        DD.    Binding on Successors and Assigns.  This Agreement shall be binding

24    upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as

25    previously defined.

26        EE.    California Law Governs.  All terms of this Agreement and the Exhibits

27    hereto and any disputes arising hereunder shall be governed by and interpreted

28    according to the laws of the State of California.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    FF.    Counterparts. This Agreement may be executed in one or more

2    counterparts. All executed counterparts and each of them shall be deemed to be one

3    and the same instrument provided that counsel for the Parties to this Agreement

4    shall exchange among themselves copies or originals of the signed counterparts.

5    GG.    This Settlement Is Fair, Adequate and Reasonable. The Parties believe

6    this Settlement is a fair, adequate and reasonable settlement of this Action and have

7    arrived at this Settlement after extensive arms-length negotiations, taking into

8    account all relevant factors, present and potential.

9    HH.    Jurisdiction of the Court. The Parties agree that the Court shall retain

10   jurisdiction with respect to the interpretation, implementation and enforcement of

11   the terms of this Agreement and all orders and judgments entered in connection

12   therewith, and the Parties and their counsel hereto submit to the jurisdiction of the

13   Court for purposes of interpreting, implementing and enforcing the settlement

14   embodied in this Agreement and all orders and judgments entered in connection

15   therewith.

16   II.    Invalidity of Any Provision. Before declaring any provision of this

17   Agreement invalid, the Court shall first attempt to construe the provisions valid to

18   the fullest extent possible consistent with applicable precedents so as to define all

19   provisions of this Agreement valid and enforceable.

20   JJ.    Publicity. Defendants may disclose the terms and contents of the

21   Settlement, as required under its contractual and legal obligations. Plaintiffs and

22   Class Counsel agree not to issue press releases, communicate with, or respond to

23   any media or publication entities, publish information in manner or form, whether

24   printed or electronic, on any medium or otherwise communicate, whether by print,

25   video, recording or any other medium, with any person or entity concerning the

26   Settlement, including the fact of the Settlement, its terms or contents and the

27   negotiations underlying the Settlement, except as shall be contractually required to

28   effectuate the terms of the Settlement as set forth herein. Class Counsel shall be

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    permitted to post a neutral statement about the Action and Settlement on his
2    websites, but shall not publish the name of Defendants.

3         KK.   No Unalleged Claims.  Plaintiffs and Class Counsel represent that they
4    do not currently intend to pursue any claims against Defendants.  This includes, but
5    is not limited to, any and all claims relating to or arising from Plaintiffs'
6    employment with Defendants that were not alleged in this Action, and that Class
7    Counsel is not currently aware of any facts or legal theories upon which any claims
8    or causes of action could be brought against Defendants other than those alleged in
9    this case.  The Parties further acknowledge, understand, and agree that this
10   representation is essential to the Agreement and that this Agreement would not have
11   been entered into were it not for this representation.

12        LL.   Waiver of Certain Appeals.  The Parties agree to waive any and all
13   rights to appeal, this waiver being contingent upon the Court entering the Final
14   Judgment.  This waiver includes waiver of all rights to any post-judgment
15   proceeding and appellate proceeding, including, but not limited to, motions for relief
16   from judgment and motions to amend or alter the judgment.

17        MM.  No Admissions.  Plaintiffs have claimed and continue to claim that the
18   Released Claims have merit and give rise to liability on the part of Defendants.
19   Defendants have claimed and continue to claim that the Released Claims have no
20   merit and do not give rise to liability.  This Agreement is a compromise of disputed
21   claims.  Nothing contained in this Agreement and no documents referred to herein
22   and no action taken to carry out this Agreement may be construed or used as an
23   admission by or against the Defendants or Plaintiffs or Class Counsel as to the
24   merits or lack thereof of the claims asserted.

25        NN.   Return of All Documents Produced by Defendant. Class Counsel shall
26   be permitted to retain a copy of all confidential documents and electronic
27   information produced by Defendants in the Action for a period of not more than four
28   (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

1    shall not be permitted to use any confidential documents or electronic information

2    produced by Defendants in the Action.  Following the expiration of the 4-year

3    period, Class Counsel shall destroy the confidential documents and electronic

4    information produced by Defendants in the Action in their possession, custody or

5    control.

6

7

8

9    Dated: March _____, 2019

10   _____
     Barbara Middle Rider
     Plaintiff/Class Representative

11   Dated: March _____, 2019

12   _____
     Robert Garza
     Plaintiff/Class Representative

13   Dated: March _____, 2019

14   _____
     Albert Arellano
     Plaintiff/Class Representative

15

16   Dated: March _____, 2019

17   _____
     Jose Don Coronado
     Plaintiff/Class Representative

18   Dated: March _____, 2019

19   _____
     Defendant Moving Solutions, Inc.
     By:

20   Its:

21   Dated: March __8th__, 2019    _W. Holmes Lilley, III_
                                   _____
22                                 Defendant Chartwell Staffing Services, Inc.
                                   By: W. Holmes Lilley, III
23                                 Its:  CEO

24   Dated: March __8th__, 2019    _D. Haynes Dallas, Jr._
                                   _____
25                                 Defendant  Managed  Facilities  Solutions,
                                   LLC
26                                 By: Haynes Dallas
                                   Its:  COO
27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92512-4414

1

Dated: March _____, 2019    James Dal Bon

2    **LAW OFFICES OF JAMES DAL BON**

3

4    By: _____

5    James Dal Bon
Attorneys for Plaintiffs

6    GARY MIDDLE RIDER, ROBERT GARZA,
ALBERT ARELLANO and JOSE DON

7    CORONADO

8

9    Dated: March _____, 2019    Victoria L. H. Booke
**LAW OFFICES OF BOOKE & AJLOUNY,**

10    **LLP**

11

12    By: _____

13    Victoria L. H. Booke
Attorneys for Plaintiffs

14    GARY MIDDLE RIDER, ROBERT GARZA,
ALBERT ARELLANO and JOSE DON

15    CORONADO

16

17    Dated: March _____, 2019    Richard D. Schramm
**EMPLOYMENT RIGHTS ATTORNEYS**

18

19    By: _____

20    Richard D. Schramm
Attorneys for Defendant

21    MOVING SOLUTIONS, INC.

22

23    Dated: March _____, 2019    Allison C. Eckstrom
Christopher J. Archibald

24    Michael E. Olsen

25    **BRYAN CAVE  LEIGHTON PAISNER LLP**

26    By: _____

27    Christopher J. Archibald
Attorneys for Defendants

28    CHARTWELL STAFFING SERVICES, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    Dated: March _____, 2019    James Dal Bon
2                                 **LAW OFFICES OF JAMES DAL BON**

3

4                                 By: _____
                                      James Dal Bon
5                                 Attorneys for Plaintiffs
                                  GARY MIDDLE RIDER, ROBERT GARZA,
6                                 ALBERT ARELLANO and JOSE DON
7                                 CORONADO

8    Dated: March _____, 2019    Victoria L. H. Booke
9                                 **LAW OFFICES OF BOOKE & AJLOUNY,
10                                LLP**

11

12                                By: _____
                                      Victoria L. H. Booke
13                                Attorneys for Plaintiffs
                                  GARY MIDDLE RIDER, ROBERT GARZA,
14                                ALBERT ARELLANO and JOSE DON
15                                CORONADO

16
     Dated: March _____, 2019    Richard D. Schramm
17                                **EMPLOYMENT RIGHTS ATTORNEYS**

18

19                                By: _____
20                                    Richard D. Schramm
                                  Attorneys for Defendant
21                                MOVING SOLUTIONS, INC.

22

23   Dated: March __8__, 2019     Allison C. Eckstrom
                                  Christopher J. Archibald
24                                Michael E. Olsen
25                                **BRYAN CAVE LEIGHTON PAISNER LLP**

26                                By: _____
27                                    Christopher J. Archibald
                                  Attorneys for Defendants
28                                CHARTWELL STAFFING SERVICES, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and
MANAGED FACILITIES SOLUTIONS, LLC

NN.    <u>Return of All Documents Produced by Defendant.</u> Class Counsel shall
be permitted to retain a copy of all confidential documents and electronic
information produced by Defendants in the Action for a period of not more than four
(4) years from the date of Preliminary Approval of the Settlement.  Class Counsel
shall not be permitted to use any confidential documents or electronic information
produced by Defendants in the Action.  Following the expiration of the 4-year
period, Class Counsel shall destroy the confidential documents and electronic
information produced by Defendants in the Action in their possession, custody or
control.

Dated: February _____, 2019

_____
Barbara Middle Rider
Plaintiff/Class Representative

Dated: February_____, 2019

_____
Robert Garza
Plaintiff/Class Representative

Dated: February_____, 2019

_____
Albert Arellano
Plaintiff/Class Representative

Dated: February_____, 2019

_____
Jose Don Coronado
Plaintiff/Class Representative

Dated: February_____, 2019

_____
Defendant Moving Solutions, Inc.
By:
Its:

Dated: February_____, 2019

_____
Defendant Chartwell Staffing Services, Inc.
By:
Its:

1   (4) years from the date of Preliminary Approval of the Settlement. Class Counsel

2   shall not be permitted to use any confidential documents or electronic information

3   produced by Defendants in the Action. Following the expiration of the 4-year

4   period, Class Counsel shall destroy the confidential documents and electronic

5   information produced by Defendants in the Action in their possession, custody or

6   control.

7

8

9

10   Dated: February _____, 2019

11                                 Barbara Middle Rider
                                    Plaintiff/Class Representative

12   Dated: March 8, 2019

13                                 Robert Garza
                                  Plaintiff/Class Representative

14   Dated: March 8, 2019

15                                 Albert Arellano
                                  Plaintiff/Class Representative

16

17   Dated: March 8, 2019

18                                 Jose Don Coronado
                                  Plaintiff/Class Representative

19   Dated: February_____, 2019

20                                 Defendant Moving Solutions, Inc.
                                By:

21                                 Its:

22   Dated: February_____, 2019

23                                 Defendant Chartwell Staffing Services, Inc.
                                By:

24                                 Its:

25

26   Dated: February_____, 2019

                                Defendant Managed Facilities Solutions, LLC

27                                 By:

28                                 Its:

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

USA01\12383501                              35

1   (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

2   shall not be permitted to use any confidential documents or electronic information

3   produced by Defendants in the Action.  Following the expiration of the 4-year

4   period, Class Counsel shall destroy the confidential documents and electronic

5   information produced by Defendants in the Action in their possession, custody or

6   control.

7

8

9

10   Dated: February _____, 2019

                     Barbara Middle Rider

11                       Plaintiff/Class Representative

12   Dated: March 8, 2019

13                       Robert Garza

                     Plaintiff/Class Representative

14   Dated: March 8, 2019

15                       Albert Arellano

16                       Plaintiff/Class Representative

17   Dated: March 8, 2019

                     Jose Don Coronado

18                       Plaintiff/Class Representative

19   Dated: February_____, 2019

20                       Defendant Moving Solutions, Inc.

                     By:

21                     Its:

22   Dated: February_____, 2019

23                       Defendant Chartwell Staffing Services, Inc.

                     By:

24                     Its:

25

26   Dated: February_____, 2019

                     Defendant  Managed  Facilities  Solutions,

27                     LLC

                     By:

28                     Its:

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  (4) years from the date of Preliminary Approval of the Settlement.  Class Counsel

2  shall not be permitted to use any confidential documents or electronic information

3  produced by Defendants in the Action.  Following the expiration of the 4-year

4  period, Class Counsel shall destroy the confidential documents and electronic

5  information produced by Defendants in the Action in their possession, custody or

6  control.

7

8

9

10  Dated: February _____, 2019

    Barbara Middle Rider
11  Plaintiff/Class Representative

12  Dated: March 8, 2019

13  Robert Garza
    Plaintiff/Class Representative

14  Dated: March 8, 2019

15  Albert Arellano
    Plaintiff/Class Representative

16

17  Dated: March 8, 2019

    Dan Coronado
18  Plaintiff/Class Representative

19  Dated: February_____, 2019

20  Defendant Moving Solutions, Inc.
    By:
21  Its:

22  Dated: February_____, 2019

    Defendant Chartwell Staffing Services, Inc.
23  By:
    Its:
24

25  Dated: February_____, 2019

26  Defendant Managed Facilities Solutions,
    LLC
27  By:
    Its:
28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

Dated: March _____, 2019

James Dal Bon
**LAW OFFICES OF JAMES DAL BON**

By: _____
      James Dal Bon
Attorneys for Plaintiffs
GARY MIDDLE RIDER, ROBERT GARZA,
ALBERT ARELLANO and JOSE DON
CORONADO

Dated: March _____, 2019

Victoria L. H. Booke
**LAW OFFICES OF BOOKE & AJLOUNY,
LLP**

By: _____
      Victoria L. H. Booke
Attorneys for Plaintiffs
GARY MIDDLE RIDER, ROBERT GARZA,
ALBERT ARELLANO and JOSE DON
CORONADO

Dated: March _8_, 2019

Richard D. Schramm
**EMPLOYMENT RIGHTS ATTORNEYS**

By: _____
      Richard D. Schramm
Attorneys for Defendant
MOVING SOLUTIONS, INC.

Dated: March _____, 2019

Allison C. Eckstrom
Christopher J. Archibald
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _____
      Christopher J. Archibald
Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    shall not be permitted to use any confidential documents or electronic information

2    produced by Defendants in the Action.  Following the expiration of the 4-year

3    period, Class Counsel shall destroy the confidential documents and electronic

4    information produced by Defendants in the Action in their possession, custody or

5    control.

6

7

8

9    Dated: March _____, 2019

10   _____
     Barbara Middle Rider
     Plaintiff/Class Representative

11   Dated: March _____, 2019

12   _____
     Robert Garza
     Plaintiff/Class Representative

13   Dated: March _____, 2019

14   _____
     Albert Arellano
     Plaintiff/Class Representative

15

16   Dated: March _____, 2019

17   _____
     Jose Don Coronado
     Plaintiff/Class Representative

18   Dated: March _____, 2019

19   _____
     Defendant Moving Solutions, Inc.
20   By:
     Its:

21   Dated: March __8th__, 2019

     _W. Holmes Lilley, III_____
     Defendant Chartwell Staffing Services, Inc.
22   By: W. Holmes Lilley, III
     Its:  CEO

23

24   Dated: March __8th__, 2019

     _D. Haynes Dallas, Jr._____
25   Defendant Managed Facilities Solutions,
     LLC
26   By: Haynes Dallas
     Its:  COO

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

EXHIBIT G

3/13/2019

Case 5:17-cv-04015-LHK    Document 83    Filed 03/14/19    Page 143 of 195
Middle Rider v. Moving Solutions, Inc, Docket No. 5:17-cv-04015 (N.D. Cal. Jul 17, 2017), Court Docket

Prepared for: Ginny Hamel

## Middle Rider v. Moving Solutions, Inc, Docket No. 5:17-cv-04015 (N.D. Cal. Jul 17, 2017),... ☆ Favorite

**U.S. District Court**
**California Northern District (San Jose)**
**CIVIL DOCKET FOR CASE #: 5:17-cv-04015-LHK**

**Middle Rider v. Moving Solutions, Inc**

| | |
|---|---|
| Date Filed: | July 17, 2017 |
| Nature of suit: | 710 Labor: Fair Standards |
| Assigned to: | Hon. Lucy H. Koh |
| Cause: | 15:2(a) Fair Labor Standards Act |
| Jurisdiction: | Federal Question |
| Jury demand: | Plaintiff |
| Referred to: | Magistrate Judge Virginia K. DeMarchi |

**Docket Currency**

**Last Updated on Bloomberg Law**
**Mar. 13, 2019** 7:02 PM EDT
Update Docket

**What does this mean?**

**Date Filed**
Jul. 17, 2017

**General Info**

**Docket Number**
5:17-cv-04015

**Court**
United States District Court for the
Northern District of California

### Parties and Attorneys                                    Hide Section    Expand All

▸  **Plaintiff**        **Gary Middle Rider**
                    an individual
                    TERMINATED: 10/12/2018

▸  **Plaintiff**        **Robert Garza**
                    an individual

▸  **Plaintiff**        **Albert Arellano**
                    an individual

▸  **Plaintiff**        **Jose Don Coronado**
                    an individual

▸  **Plaintiff**        **Barbara Middle Rider**

▸  **Defendant**        **Moving Solutions, Inc**

▸  **Defendant**        **Chartwell Staffing Solutions Inc.**

▸  **Defendant**        **Managed Facilities Solutions, LLC.**

▸  **Cross-claimant**   **Moving Solutions, Inc**

▸  **Cross-defendant**  **Chartwell Staffing Solutions Inc.**

▸  **Cross-defendant**  **Managed Facilities Solutions, LLC.**

### Docket Entries                                          Hide Section    Reverse Entries

Numbers shown are court assigned numbers.

| Entry # | Filing Date | PDF | Description |
|---|---|---|---|
| ☐ 1 | July 17, 2017 | View | COMPLAINT against All Defendants ( Filing fee $ 400, receipt number 0971-11552431.). Filed byGary Middle Rider. (Dal Bon, James) (Filed on 7/17/2017) (Entered: 07/17/2017) |
| ☐ 2 | July 17, 2017 | Request | Civil Cover Sheet by Gary Middle Rider . (Dal Bon, James) (Filed on 7/17/2017) (Entered: 07/17/2017) |
| ☐ 3 | July 17, 2017 | Request | Proposed Summons. (Dal Bon, James) (Filed on 7/17/2017) (Entered: 07/17/2017) |

| Entry # | Filing Date | PDF | Description |
|---------|-------------|-----|-------------|
| ☐ 4 | July 17, 2017 | Request | Case assigned to Magistrate Judge Howard R. Lloyd. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit E-Filing A New Civil Case at http://cand.uscourts.gov/ecf/caseopening.Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 7/31/2017. (srnS, COURT STAFF) (Filed on 7/17/2017) (Entered: 07/17/2017) |
| ☐ 5 | July 17, 2017 | Request | Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 10/10/2017. Initial Case Management Conference set for 10/17/2017 01:30 PM in Courtroom 2, 5th Floor, San Jose. (dhmS, COURT STAFF) (Filed on 7/17/2017) (Entered: 07/18/2017) |
| ☐ 6 | July 18, 2017 | Request | Summons Issued as to Moving Solutions, Inc. (dhmS, COURT STAFF) (Filed on 7/18/2017) (Entered: 07/18/2017) |
| ☐ 7 | Aug 4, 2017 | Request | CLERK'S NOTICE Re: Consent or Declination: Plaintiffs/Defendants shall file a consent or declination to proceed before a magistrate judge. Consent/Declination due by 8/18/2017. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. (pmc, COURT STAFF) (Filed on 8/4/2017) (Entered: 08/04/2017) |
| ☐ 8 | Sept 6, 2017 | Request | CLERK'S SECOND NOTICE Re: Consent or Declination: Plaintiffs/Defendants shall file a consent or declination to proceed before a magistrate judge. Consent/Declination due by 9/20/2017. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. (pmc, COURT STAFF) (Filed on 9/6/2017) (Entered: 09/06/2017) |
| ☐ 9 | Sept 13, 2017 | Request | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Gary Middle Rider.. (Dal Bon, James) (Filed on 9/13/2017) (Entered: 09/13/2017) |
| ☐ 10 | Sept 13, 2017 | Request | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. This is a text only docket entry; there is no document associated with this notice. (pmc, COURT STAFF) (Filed on 9/13/2017) (Entered: 09/13/2017) |
| ☐ 11 | Sept 13, 2017 | Request | ORDER REASSIGNING CASE. Case reassigned to Hon. Lucy H. Koh for all further proceedings. This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and http://cand.uscourts.gov/cameras. Magistrate Judge Howard R. Lloyd remains as referral judge assigned to case. Reassignment Order signed by Executive Committe on 9/13/2017. (Attachments: # 1 Notice of Eligibility for Video Recording(bwS, COURT STAFF) (Filed on 9/13/2017) (Entered: 09/13/2017) |
| ☐ 12 | Sept 13, 2017 | Request | **CLERK'S NOTICE FOLLOWING CASE REASSIGNMENT TO THE HONORABLE LUCY H. KOH** Following the case reassignment to Hon. Lucy H. Koh, an Initial Case Management Conference is set for 10/25/2017 at 2:00 PM in Courtroom 8, 4th floor, in San Jose, California. A Joint Case Management Conference Statement is due 7-days before the scheduled conference date. See Civil L.R. 16-9 and Civil L.R. 16-10(a). The parties shall familiarize themselves with the Scheduling Notes and Standing Orders for the Hon. Lucy H. Koh: http://cand.uscourts.gov/lhk. (This is a text only docket entry, there is no document associated with this notice.) (jym, COURT STAFF) (Filed on 9/13/2017) (Entered: 09/13/2017) |
| ☐ 13 | Oct 20, 2017 | Request | CASE MANAGEMENT STATEMENT Plaintiffs filed by Gary Middle Rider. (Dal Bon, James) (Filed on 10/20/2017) (Entered: 10/20/2017) |
| ☐ 14 | Oct 20, 2017 | Request | **CLERK'S NOTICE REGARDING THE INITIAL CASE MANAGEMENT CONFERENCE** Pursuant to this Notice, the 10/25/17 initial CMC is HEREBY CONTINUED to 12/13/2017 at 2:00 PM in Courtroom 8, 4th Floor, San Jose. A Joint Case Management Conference Statement is due 7 days before the scheduled conference date. See Civil L.R. 16-9 and Civil L.R. 16-10(a). (This is a text-only entry generated by the court. There is no document associated with this entry.) (lhklc1, COURT STAFF) (Filed on 10/20/2017) (Entered: 10/20/2017) |

| Entry # | Filing Date | PDF | Description |
|---|---|---|---|
| ☐ 15 | Dec 7, 2017 | Request | ORDER TO SHOW CAUSE Order to Show Cause Hearing set for 12/13/2017 02:00 PM. Show Cause Response due by 12/11/2017.. Signed by Judge Lucy H. Koh on 12/7/17. (lhklc1, COURT STAFF) (Filed on 12/7/2017) (Entered: 12/07/2017) |
| ☐ 16 | Dec 11, 2017 | Request | RESPONSE TO ORDER TO SHOW CAUSE by Gary Middle Rider . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Dal Bon, James) (Filed on 12/11/2017) (Entered: 12/11/2017) |
| ☐ 17 | Dec 13, 2017 | Request | Minute Entry for proceedings held before Hon. Lucy H. Koh: Initial Case Management Conference held on 12/13/17 from 2:04-2:08 PM (4 minutes). An Initial Case Management Conference is set for 3/7/2018 at 2:00 PM in Courtroom 8, 4th Floor, San Jose. 7-days prior to the next CMC date, the parties shall file an updated Joint Case Management Statement, pursuant to Civil Local Rules 16-10(d). Court Reporter: Summer Fisher. Courtroom Deputy: Irene Mason. For Plaintiff(s): James Dal Bon. For Defendant(s): No appearance. (This is a text only Minute Entry; there is no document associated with this entry) (iym, COURT STAFF) (Date Filed: 12/13/2017) (Entered: 12/13/2017) |
| ☐ 18 | Dec 13, 2017 | Request | Case Management Order and Order Vacating 15 Order to Show Cause. Signed by Judge Lucy H. Koh on 12/13/17. (lhklc1, COURT STAFF) (Filed on 12/13/2017) (Entered: 12/13/2017) |
| ☐ 19 | Dec 14, 2017 | View | AMENDED COMPLAINT First against All Defendants. Filed byGary Middle Rider. (Dal Bon, James) (Filed on 12/14/2017) (Entered: 12/14/2017) |
| ☐ 20 | Jan 2, 2018 | Request | Proposed Summons. (Dal Bon, James) (Filed on 1/2/2018) (Entered: 01/02/2018) |
| ☐ 21 | Jan 2, 2018 | Request | Summons Issued as to Moving Solutions, Inc., Chartwell Staffing Solutions Inc. and Managed Facilities Solutions, LLC. (cv, COURT STAFF) (Filed on 1/2/2018) Modified on 1/2/2018 (cv, COURT STAFF). (Entered: 01/02/2018) |
| ☐ 22 | Feb 20, 2018 | Request | Answer to Amended Complaint 19 Amended Complaint byChartwell Staffing Solutions Inc.. (Archibald, Christopher) (Filed on 2/20/2018) (Entered: 02/20/2018) |
| ☐ 23 | Feb 20, 2018 | Request | Certificate of Interested Entities by Chartwell Staffing Solutions Inc. (Archibald, Christopher) (Filed on 2/20/2018) (Entered: 02/20/2018) |
| ☐ 24 | Feb 28, 2018 | Request | First CROSSCLAIM against Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. Filed byMoving Solutions, Inc. (Schramm, Richard) (Filed on 2/28/2018) (Entered: 02/28/2018) |
| ☐ 26 | Mar 2, 2018 | Request | WITHDRAWAL of Claim re 24 Crossclaim for Implied Indemnity, Comparative Indemnity Declaratory Relief, Equitable Indemnity and Contribution byMoving Solutions, Inc. (Carlson, Amy) (Filed on 3/2/2018) (Entered: 03/02/2018) |
| ☐ 27 | Mar 2, 2018 | Request | Corrected ORDER Directing the Parties to File a Joint Case Management Statement. This version of the order corrects a typo in the due date of the joint case management statement. The due date is 3/5/18.. Signed by Judge Lucy H. Koh on 3/2/18. (lhklc1, COURT STAFF) (Filed on 3/2/2018) (Entered: 03/02/2018) |
| ☐ 28 | Mar 2, 2018 | Request | Moving Solutions, Inc's Statement of Affirmative Defenses and ANSWER to Complaint to Plaintiff's First Amended Complaint byManaged Facilities Solutions, LLC.. (Carlson, Amy) (Filed on 3/2/2018) (Entered: 03/02/2018) |
| ☐ 29 | Mar 5, 2018 | Request | CASE MANAGEMENT STATEMENT JOINT filed by Gary Middle Rider. (Dal Bon, James) (Filed on 3/5/2018) (Entered: 03/05/2018) |
| ☐ 30 | Mar 6, 2018 | Request | CASE MANAGEMENT STATEMENT Plaintiff's Addendum filed by Gary Middle Rider. (Dal Bon, James) (Filed on 3/6/2018) (Entered: 03/06/2018) |
| ☐ 31 | Mar 6, 2018 | Request | CERTIFICATE OF SERVICE by Gary Middle Rider re 21 Summons Issued, 19 Amended Complaint (Dal Bon, James) (Filed on 3/6/2018) (Entered: 03/06/2018) |
| ☐ 32 | Mar 7, 2018 | Request | CERTIFICATE OF SERVICE by Gary Middle Rider re 30 Case Management Statement, 21 Summons Issued, 19 Amended Complaint Revised (Dal Bon, James) (Filed on 3/7/2018) (Entered: 03/07/2018) |
| ☐ 33 | Mar 7, 2018 | Request | First MOTION for Entry of Default filed by Gary Middle Rider. (Dal Bon, James) (Filed on 3/7/2018) (Entered: 03/07/2018) |

| Entry # | Filing Date | PDF | Description |
|---------|-------------|-----|-------------|
| ☐ 34 | Mar 7, 2018 | Request | Minute Entry for proceedings held before Hon. Lucy H. Koh: Initial Case Management Conference held on 3/7/2018 from 2:32 - 2:47 PM (15 minutes). A forthcoming Case Management Order will memorialize all relevant information, deadlines, and rulings from the Conference. A further Case Management Conference is set for 8/8/2018 at 2:00 PM in Courtroom 8, 4th Floor, San Jose. 7-days prior to the next CMC date, the parties shall file an updated Joint Case Management Statement, pursuant to Civil Local Rules 16-10(d). Court Reporter: Summer Fisher. Courtroom Deputy: Irene Mason. For Plaintiff(s): James Dal Bon. For Defendant(s): Richard Dean Schramm and Christopher J. Archibald. For transcript requests please see: http://www.cand.uscourts.gov/transcripts#ORDERING (This is a text only Minute Entry; there is no document associated with this entry)(iym, COURT STAFF) (Date Filed: 3/7/2018) (Entered: 03/07/2018) |
| ☐ 35 | Mar 7, 2018 | Request | CASE MANAGEMENT ORDER and Order by Judge Lucy H. Koh Denying 33 Motion for Entry of Default.(lhklc1, COURT STAFF) (Filed on 3/7/2018) (Entered: 03/07/2018) |
|  | Mar 7, 2018 |  | Set/Reset Hearing pursuant to ECF No. 35 . Further Case Management Conference set for 8/8/2018 02:00 PM in San Jose, Courtroom 8, 4th Floor. Class Certification Hearing set for 11/15/2018 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Hearing on Dispositive Motions set for 4/18/2019 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Final Pretrial Conference set for 6/13/2019 01:30 PM in San Jose, Courtroom 8, 4th Floor. Jury Trial (5 day estimate) set for 7/1/2019 09:00 AM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. (iym, COURT STAFF) (Filed on 3/7/2018) (Entered: 03/08/2018) |
|  | Mar 7, 2018 |  | CASE REFERRED to Private Mediation with a deadline of 7/6/2018. (iym, COURT STAFF) (Filed on 3/7/2018) (Entered: 03/08/2018) |
| ☐ 36 | Mar 8, 2018 | Request | NOTICE of Appearance by Alis Marie Rabet filed on behalf of Chartwell Staffing Services, Inc. (Rabet, Alis) (Filed on 3/8/2018) (Entered: 03/08/2018) |
| ☐ 37 | Mar 27, 2018 | Request | Answer to Amended Complaint 19 Amended Complaint byManaged Facilities Solutions, LLC.. (Archibald, Christopher) (Filed on 3/27/2018) (Entered: 03/27/2018) |
| ☐ 38 | May 18, 2018 | Request | Second MOTION to Amend/Correct Complaint filed by Gary Middle Rider. Motion Hearing set for 10/25/2018 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Responses due by 6/1/2018. Replies due by 6/8/2018. (Attachments: # 1 Affidavit, # 2 Proposed Order)(Dal Bon, James) (Filed on 5/18/2018) (Entered: 05/18/2018) |
| ☐ 39 | May 20, 2018 | Request | EXHIBITS re 38 Second MOTION to Amend/Correct Complaint Proposed Second Amended Complaint filed byGary Middle Rider. (Related document(s) 38 ) (Dal Bon, James) (Filed on 5/20/2018) (Entered: 05/20/2018) |
| ☐ 40 | June 1, 2018 | Request | Statement of Non-Opposition re 38 Second MOTION to Amend/Correct Complaint filed byChartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Related document(s) 38 ) (Moon, Alis) (Filed on 6/1/2018) (Entered: 06/01/2018) |
| ☐ 41 | June 1, 2018 | Request | ***CLERK'S NOTICE ADVANCING HEARING DATE*** The previously scheduled Motion to Amend/Correct 38 is hereby ADVANCED to 10/4/2018 at 1:30 P.M. in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. (This is a text-only entry generated by the court. There is no document associated with this entry.) (iym, COURT STAFF) (Filed on 6/1/2018) (Entered: 06/01/2018) |
| ☐ 42 | June 7, 2018 | Request | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Virginia K DeMarchi for all further discovery proceedings. Magistrate Judge Howard R. Lloyd no longer assigned to the case. Signed by Judge Executive Committee on 6/7/2018. (cv, COURT STAFF) (Filed on 6/7/2018) (Entered: 06/08/2018) |
| ☐ 43 | July 26, 2018 | Request | Certificate of Interested Entities by Managed Facilities Solutions, LLC. (Archibald, Christopher) (Filed on 7/26/2018) (Entered: 07/26/2018) |
| ☐ 44 | Aug 2, 2018 | Request | CASE MANAGEMENT STATEMENT filed by Gary Middle Rider. (Booke, Victoria) (Filed on 8/2/2018) (Entered: 08/02/2018) |
| ☐ 45 | Aug 3, 2018 | Request | NOTICE by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC. Notice of Withdrawal of Counsel (Archibald, Christopher) (Filed on 8/3/2018) (Entered: 08/03/2018) |

| Entry # | Filing Date | PDF | Description |
|---------|-------------|-----|-------------|
| ☐ 46 | Aug 8, 2018 | Request | Minute Entry for proceedings held before Hon. Lucy H. Koh: Further Case Management Conference held on 8/8/2018 from 2:26 - 2:53 PM (27 minutes). A forthcoming Case Management Order will memorialize all relevant information, deadlines, and rulings from the Conference. A further Case Management Conference is set for 10/17/2018 at 2:00 PM in Courtroom 8, 4th Floor, San Jose. Seven days prior to the next CMC date, the parties shall file an updated Joint Case Management Statement, pursuant to Civil Local Rules 16-10(d). Court Reporter: Lee-Anne Shortridge. Courtroom Deputy: Irene Mason. For Plaintiff(s): James Dal Bon and Victoria L.H. Booke. For Defendant(s): Richard Dean Schramm and Alis Marie Moon. For transcript requests please see: http://www.cand.uscourts.gov/transcripts#ORDERING (This is a text only Minute Entry; there is no document associated with this entry) (iym, COURT STAFF) (Date Filed: 8/8/2018) (Entered: 08/08/2018) |
| ☐ 47 | Aug 8, 2018 | Request | CASE MANAGEMENT ORDER. Signed by Judge Lucy H. Koh on 8/8/18. (lhklc1, COURT STAFF) (Filed on 8/8/2018) (Entered: 08/08/2018) |
| | Aug 8, 2018 | | Set/Reset Hearing pursuant to ECF No. 47 . Further Case Management Conference set for 10/17/2018 02:00 PM in San Jose, Courtroom 8, 4th Floor. Class Certification Hearing set for 3/21/2019 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Hearing on Dispositive Motions set for 8/22/2019 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Final Pretrial Conference set for 10/17/2019 01:30 PM in San Jose, Courtroom 8, 4th Floor. Jury Trial (5 day estimate) set for 11/12/2019 09:00 AM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. (iym, COURT STAFF) (Filed on 8/8/2018) (Entered: 08/08/2018) |
| ☐ 48 | Aug 8, 2018 | Request | STIPULATION to Amend the Complaint filed by Gary Middle Rider. (Dal Bon, James) (Filed on 8/8/2018) (Entered: 08/08/2018) |
| ☐ 49 | Aug 8, 2018 | View | AMENDED COMPLAINT Second against All Defendants. Filed byGary Middle Rider. (Dal Bon, James) (Filed on 8/8/2018) (Entered: 08/08/2018) |
| ☐ 50 | Aug 9, 2018 | Request | NOTICE by Moving Solutions, Inc Notice of Withdrawal (Attachments: # 1 Certificate/Proof of Service Proof of Service of Notice of Withdrawal) (Schramm, Richard) (Filed on 8/9/2018) (Entered: 08/09/2018) |
| ☐ 51 | Aug 15, 2018 | Request | NOTICE of Appearance by Christopher J. Archibald (Attachments: # 1 Proposed Order, # 2 Proposed Order)(Archibald, Christopher) (Filed on 8/15/2018) (Entered: 08/15/2018) |
| ☐ 52 | Aug 22, 2018 | Request | ANSWER to Amended Complaint (Second) byChartwell Staffing Solutions Inc.. (Archibald, Christopher) (Filed on 8/22/2018) (Entered: 08/22/2018) |
| ☐ 53 | Aug 22, 2018 | Request | ANSWER to Amended Complaint (Second) byManaged Facilities Solutions, LLC.. (Archibald, Christopher) (Filed on 8/22/2018) (Entered: 08/22/2018) |
| ☐ 54 | Sept 6, 2018 | Request | NOTICE by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC. of Unavailability for Christopher J. Archibald, Counsel for Defendants Chartwell Staffing Services, Inc. and Managed Facilities Solutions, LLC (Archibald, Christopher) (Filed on 9/6/2018) (Entered: 09/06/2018) |
| ☐ 55 | Sept 18, 2018 | Request | Joint MOTION to Continue Mediation Completion Deadline filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service) (Archibald, Christopher) (Filed on 9/18/2018) (Entered: 09/18/2018) |
| ☐ 56 | Sept 19, 2018 | Request | Order by Judge Lucy H. Koh Granting 55 Motion to Continue.(lhklc1, COURT STAFF) (Filed on 9/19/2018) (Entered: 09/19/2018) |
| ☐ 57 | Sept 21, 2018 | Request | MOTION to Withdrawal Of Counsel (Moon, Alis) (Filed on 9/21/2018) Modified on 9/21/2018 (cv, COURT STAFF). (Entered: 09/21/2018) |
| ☐ 58 | Sept 24, 2018 | Request | Order by Judge Lucy H. Koh Granting 57 Motion to Withdraw as Attorney..(lhklc1, COURT STAFF) (Filed on 9/24/2018) (Entered: 09/24/2018) |
| ☐ 59 | Oct 8, 2018 | Request | MOTION to Appear by Telephone filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Archibald, Christopher) (Filed on 10/8/2018) (Entered: 10/08/2018) |
| ☐ 60 | Oct 8, 2018 | Request | NOTICE of Appearance by Michael Edward Olsen, Jr (Olsen, Michael) (Filed on 10/8/2018) (Entered: 10/08/2018) |
| ☐ 61 | Oct 9, 2018 | Request | Order by Judge Lucy H. Koh granting 59 Defendants Chartwell Staffing Solutions Inc. & Managed Facilities Solutions, LLC's Motion to Appear by Telephone. Counsel shall contact CourtCall at 866-582-6878 to arrange for telephonic appearance. (iym, COURT STAFF) (Filed on 10/9/2018) (Entered: 10/09/2018) |
| ☐ 62 | Oct 10, 2018 | Request | JOINT CASE MANAGEMENT STATEMENT filed by Gary Middle Rider. (Booke, Victoria) (Filed on 10/10/2018) (Entered: 10/10/2018) |

| Entry # | Filing Date | PDF | Description |
|---|---|---|---|
| ☐ 63 | Oct 10, 2018 | Request | Statement re 62 Joint Case Management Statement Statement of Death by Gary Middle Rider. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Dal Bon, James) (Filed on 10/10/2018) (Entered: 10/10/2018) |
| ☐ 64 | Oct 10, 2018 | Request | MOTION to Substitute Party filed by Albert Arellano. Responses due by 10/24/2018. Replies due by 10/31/2018. (Attachments: # 1 Declaration Barbara Middle Rider, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order) (Dal Bon, James) (Filed on 10/10/2018) (Entered: 10/10/2018) |
|  | Oct 11, 2018 |  | Set/Reset Hearing: 64 Motion to Substitute Party set for 10/17/2018 02:00 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. (jym, COURT STAFF) (Filed on 10/11/2018) (Entered: 10/11/2018) |
| ☐ 65 | Oct 12, 2018 | Request | Order by Judge Lucy H. Koh Granting 64 Motion to Substitute Party.. (lhklc1, COURT STAFF) (Filed on 10/12/2018) (Entered: 10/12/2018) |
| ☐ 66 | Oct 12, 2018 | Request | **CLERK'S NOTICE REGARDING THE NEXT CASE MANAGEMENT CONFERENCE** Pursuant to this notice, the 10/17/2018 Further Case Management Conference is HEREBY CONTINUED to 1/16/2019 at 2:00 PM in Courtroom 8, 4th Floor, San Jose. A Joint Case Management Conference Statement is due 7-days before the scheduled conference date. See Civil L.R. 16-9 and Civil L.R. 16-10(a). (This is a text-only entry generated by the court. There is no document associated with this entry.) (jym, COURT STAFF) (Filed on 10/12/2018) (Entered: 10/12/2018) |
| ☐ 67 | Nov 8, 2018 | Request | STIPULATION WITH PROPOSED ORDER for Protective Order filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Archibald, Christopher) (Filed on 11/8/2018) (Entered: 11/08/2018) |
| ☐ 68 | Nov 13, 2018 | Request | Order by Magistrate Judge Virginia K. DeMarchi granting AS MODIFIED 67 Stipulated Protective Order. (vkdlc1S, COURT STAFF) (Filed on 11/13/2018) (Entered: 11/13/2018) |
| ☐ 69 | Jan 2, 2019 | Request | MOTION to Appear by Telephone at Case Management Conference on January 16, 2019 filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Archibald, Christopher) (Filed on 1/2/2019) (Entered: 01/02/2019) |
| ☐ 70 | Jan 7, 2019 | Request | Order by Judge Lucy H. Koh on 1/7/2019 granting 69 Motion to Appear by Telephone. Counsel for Defendants Chartwell Staffing Services, Inc and Management Facilities Solutions, LLC are permitted to appear telephonically for the 1/16/19 Case Management Conference. Counsel is instructed to contact CourtCall at 866-582-6878 to arrange for telephonic appearance.(ecgS, COURT STAFF) (Filed on 1/7/2019) (Entered: 01/07/2019) |
| ☐ 71 | Jan 8, 2019 | Request | JOINT CASE MANAGEMENT STATEMENT filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Archibald, Christopher) (Filed on 1/8/2019) (Entered: 01/08/2019) |
| ☐ 72 | Jan 10, 2019 | Request | ORDER CONTINUING CASE MANAGEMENT CONFERENCE. Signed by Judge Lucy H. Koh on 1/10/19. (lhklc1, COURT STAFF) (Filed on 1/10/2019) (Entered: 01/10/2019) |
|  | Jan 11, 2019 |  | Set Deadlines/Hearings per ECF No. 72 Order: Further Case Management Conference set for 3/21/2019 01:30 PM in San Jose, Courtroom 7, 4th Floor before Hon. Lucy H. Koh. (ecgS, COURT STAFF) (Filed on 1/11/2019) (Entered: 01/11/2019) |
| ☐ 73 | Jan 16, 2019 | Request | STIPULATION WITH PROPOSED ORDER re 72 Order Regarding Case Deadlines filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Archibald, Christopher) (Filed on 1/16/2019) (Entered: 01/16/2019) |
| ☐ 74 | Jan 17, 2019 | Request | ORDER CONTINUING DEADLINES; VACATING REMAINING CASE SCHEDULE; AND DENYING STIPULATION 73 .(lhklc1, COURT STAFF) (Filed on 1/17/2019) (Entered: 01/17/2019) |
|  | Jan 18, 2019 |  | Set Deadlines/Hearings per ECF No. 74 Order: Stipulation to file third amended complaint due 3/1/2019. Deadline to file motion for class certification due by 3/25/2019. Motion Hearing set for 5/23/2019 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. (ecgS, COURT STAFF) (Filed on 1/18/2019) (Entered: 01/18/2019) |
| ☐ 75 | Feb 25, 2019 | Request | STIPULATION WITH PROPOSED ORDER Joint Stipulation Regarding Filing of and Responding To Third Amended Complaint Pursuant to F.R.C.P. 15(a)(2)-(3) filed by Albert Arellano, Jose Don Coronado, Robert Garza, Gary Middle Rider. (Attachments: # 1 Exhibit Exhibit A Proposed Third Amended Complaint, # 2 Exhibit Exhibit B Proposed Third Amended Complaint redline version, # 3 Proposed Order)(Booke, Victoria) (Filed on 2/25/2019) (Entered: 02/25/2019) |
| ☐ 76 | Feb 26, 2019 | Request | Order by Judge Lucy H. Koh Granting 75 Stipulation.(lhklc1, COURT STAFF) (Filed on 2/26/2019) (Entered: 02/26/2019) |

| Entry # | Filing Date | PDF | Description |
|---------|-------------|-----|-------------|
| ☐ 77 | Mar 8, 2019 | Request | MOTION to Certify Class Preliminary filed by Albert Arellano, Jose Don Coronado, Robert Garza, Gary Middle Rider. Responses due by 3/22/2019. Replies due by 3/29/2019. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D Part 1, # 9 Exhibit D Part 2, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G)(Dal Bon, James) (Filed on 3/8/2019) (Entered: 03/08/2019) |
| ☐ 78 | Mar 12, 2019 | Request | ANSWER to Complaint (Third Amended) byChartwell Staffing Solutions Inc.. (Archibald, Christopher) (Filed on 3/12/2019) (Entered: 03/12/2019) |
| ☐ 79 | Mar 12, 2019 | Request | ANSWER to Complaint (Third Amended) byManaged Facilities Solutions, LLC.. (Archibald, Christopher) (Filed on 3/12/2019) (Entered: 03/12/2019) |
| ☐ 80 | Mar 12, 2019 | Request | **CLERK'S NOTICE** as to 77 Motion: Hearing for Motion for Preliminary Approval is hereby set for 5/23/19 at 1:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. (This is a text-only entry generated by the court. There is no document associated with this entry.)(kedS, COURT STAFF) (Filed on 3/12/2019) (Entered: 03/12/2019) |
| ☐ 81 | Mar 13, 2019 | Request | MOTION to Appear by Telephone at Case Management Conference filed by Chartwell Staffing Solutions Inc., Managed Facilities Solutions, LLC.. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Archibald, Christopher) (Filed on 3/13/2019) (Entered: 03/13/2019) |

BRYAN CAVE LEIGHTON PAISNER LLP<br>3161 MICHELSON DRIVE, SUITE 1500<br>IRVINE, CALIFORNIA 92612-4414

**PROOF OF SERVICE**
CCP 1013a(3)
*(Gary Middle Rider v. Moving Solutions, Inc., et al.)*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On **March 14, 2019**, I caused the following document(s) described as:

**DEFENDANTS CHARTWELL STAFFING SERVICES, INC. AND MANAGED FACILITIES SOLUTIONS, LLC'S NOTICE TO ATTORNEY GENERAL OF THE STATE OF CALIFORNIA OF PROPOSED CLASS ACTION SETTLEMENT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | ***Attorneys for Plaintiff***<br><br>Phone:    650.630.2447<br>Email:    jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | ***Attorneys for Plaintiff***<br><br>Phone:    408.286.7000<br>Email:    vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | ***Attorneys for Defendant/Cross-Complainant,***<br>***Moving Solutions, Inc.***<br><br>Phone: 408.796.7551<br>Email: rschramm@eralawyers.com<br>          gcallan@eralawyers.com |
| CAFA Coordinator<br>Office of the Attorney General<br>Consumer Law Section<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102 | ***Attorney General of California*** |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 14, 2019**, at Irvine, California.

_____
Ginny Hamel

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

PROOF OF SERVICE

EXHIBIT 2

Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bcpllaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC. and
MANAGED FACILITIES SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual, <br><br> PLAINTIFFS AND PUTATIVE PLAINTIFFS <br><br> Plaintiffs, <br><br> v. <br><br> MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California <br><br> Defendants. | Case No. 17-CV-04015 LHK <br><br> **DEFENDANTS CHARTWELL STAFFING SERVICES, INC. AND MANAGED FACILITIES SOLUTIONS, LLC'S NOTICE TO ATTORNEY GENERAL OF THE STATE OF ILLINOIS OF PROPOSED CLASS ACTION SETTLEMENT** <br><br> **(28 U.S.C. § 1715(b))** <br><br> Hon. Lucy H. Koh |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

**TO THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS: PLEASE TAKE NOTICE** that Plaintiffs GARY MIDDLE RIDER, BARBARA MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO, and DAN CORONADO, on behalf of themselves and on behalf of a class of all other persons similarly situated (collectively, "Plaintiffs") and Defendants CHARTWELL STAFFING SERVICES, INC., MANAGED FACILITIES SOLUTIONS, LLC, and MOVING SOLUTIONS, INC. ("Defendants") (Plaintiffs and Defendants are collectively herein referred to as "the Parties") have reached a proposed settlement of the claims at issue in this litigation. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1715, Defendants provide this notice to the Attorney General of the United States of America, the Attorney General of the State of Illinois and the appropriate state official in each state in which at least one class member resides. Defendants enclose the following documents in accordance with their notice obligations under 28 U.S.C. § 1715(b):

(1)    Copies of All Complaints Filed in the Action. True and correct copies of the following complaints, together with all materials filed with the complaints, are attached hereto: the original Complaint (attached hereto as **Exhibit A**); the First Amended Complaint (attached hereto as **Exhibit B**); the Second Amended Complaint (attached hereto as **Exhibit C**); and the Third Amended Complaint (attached hereto as **Exhibit D**).

(2)    Notice of Scheduled Hearing in This Action. This matter is set for a hearing for preliminary approval of the proposed settlement on May 23, 2019 at 1:30 p.m. at the United States District Court for the Northern District of California – San Jose Division, Courtroom 8, located at 280 South 1st Street, San Jose, CA 95113.

(3)    Proposed Notice to the Class. Attached hereto as **Exhibit E** is the proposed Notice to the Class. Pursuant to the Joint Stipulation of Class Action Settlement ("Joint Stipulation"), no later than ten (10) business days following

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  preliminary approval of the Settlement by the Court, Defendants shall provide the
2  Settlement Administrator with the Class Data. Also pursuant to the Joint Stipulation,
3  the Claims Administrator shall mail the Notice Packet to the Class, on or before the
4  seventh (7) calendar day after receiving the Class Data. The Notice Packet contains
5  information regarding the nature of the settlement, Class Members' rights to request
6  exclusion from the Class, the ability to challenge the records upon which individual
7  settlement awards will be based, Class Members' rights to object to the settlement
8  and the date of the Final Approval Hearing.

9      (4)    Proposed Class Action Settlement.   The   proposed   class   action
10 settlement is described in full in the Joint Stipulation.

11     (5)    Copy of Settlement Agreement. The Joint Stipulation, which is attached
12 hereto as **Exhibit F**, sets forth the full settlement agreement entered into between
13 Plaintiffs and Defendants. There are no additional side agreements between
14 Plaintiffs and Defendants.

15     (6)    Final Judgment or Notice of Dismissal. No final judgment or notice of
16 dismissal has been entered. The parties anticipate that a final judgment or notice of
17 dismissal will be entered no earlier than the date set for the Final Approval Hearing,
18 which has not been set yet.

19     (7)    Estimate of Class Members Residing in Each State and Estimate of
20 Proportionate Share of Such Class Members to the Entire Settlement. Based on the
21 records maintained by Defendants in the normal course of business, there are 1,021
22 class members, one of whom is believed to reside in the State of Illinois.  His name
23 is Derrick Caldwell. Additionally, based on the records maintained by Defendant in
24 the normal course of business, Class Members reside in the following states other
25 than Illinois: California (1,016 Class Members), North Carolina (one Class
26 Member), Washington (one Class Member), Pennsylvania (one Class Member), and
27 Nevada (one Class Member). The parties estimate that the class members residing in
28 California shall receive more than 99% of the net settlement amount pursuant to the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    Joint Stipulation.

2        (8)   <u>Relevant Judicial Opinions</u>. There are not any written judicial opinions

3    relating to the materials described herein. Additionally, for the convenience of the

4    Attorney General, a true and correct copy of the docket in this action is attached

5    hereto as **Exhibit G**.

6.

7    Dated:  March 14, 2019               Allison C. Eckstrom

8                                            Christopher J. Archibald

9                                            Michael E. Olsen

                                        **BRYAN CAVE  LEIGHTON PAISNER LLP**

10

11                                         By:    */s/ Christopher J. Archibald*

12                                                 Christopher J. Archibald

                                        Attorneys for Defendants

13                                           CHARTWELL STAFFING SERVICES, INC. and

14                                           MANAGED FACILITIES SOLUTIONS, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

12554519.1                           3

**PROOF OF SERVICE**
CCP 1013a(3)
(*Gary Middle Rider v. Moving Solutions, Inc., et al.*)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414.

On **March 14, 2019**, I caused the following document(s) described as:

**DEFENDANTS CHARTWELL STAFFING SERVICES, INC. AND MANAGED FACILITIES SOLUTIONS, LLC'S NOTICE TO ATTORNEY GENERAL OF THE STATE OF ILLINOIS OF PROPOSED CLASS ACTION SETTLEMENT**
to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | *Attorneys for Plaintiff*<br><br>Phone:      650.630.2447<br>Email:      jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | *Attorneys for Plaintiff*<br><br>Phone:      408.286.7000<br>Email:      vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | *Attorneys for Defendant/Cross-Complainant,*<br>*Moving Solutions, Inc.*<br><br>Phone: 408.796.7551<br>Email: rschramm@eralawyers.com<br>          gcallan@eralawyers.com |
| Kwame Raoul<br>Office of the Attorney General<br>100 W. Randolph St.<br>Chicago, IL 60601 | *Attorney General of Illinois* |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 14, 2019**, at Irvine, California.

Ginny Hamel

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

EXHIBIT 3

1  Allison C. Eckstrom, California Bar No. 217255
   allison.eckstrom@bcpllaw.com
2  Christopher J. Archibald, California Bar No. 253075
   christopher.archibald@bclplaw.com
3  Michael E. Olsen, California Bar No. 307358
   michael.olsen@bclplaw.com
4  **BRYAN CAVE LEIGHTON PAISNER LLP**
   3161 Michelson Drive, Suite 1500
5  Irvine, California 92612-4414
   Telephone:   (949) 223-7000
6  Facsimile:   (949) 223-7100

7  Attorneys for Defendants
   CHARTWELL STAFFING SERVICES, INC. and
8  MANAGED FACILITIES SOLUTIONS, LLC

9

10              **UNITED STATES DISTRICT COURT**

11    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  GARY MIDDLE RIDER, an            Case No. 17-CV-04015 LHK
    individual, ROBERT GARZA, an
14  individual                       **DEFENDANTS CHARTWELL**
    ALBERT ARELLANO, an individual,  **STAFFING SERVICES, INC. AND**
15  JOSE DON CORONADO, an            **MANAGED FACILITIES**
    individual,                      **SOLUTIONS, LLC'S NOTICE TO**
16                                   **ATTORNEY GENERAL OF THE**
    PLAINTIFFS AND PUTATIVE          **STATE OF NORTH CAROLINA OF**
17  PLAINTIFFS                       **PROPOSED CLASS ACTION**
                                     **SETTLEMENT**
18                  Plaintiffs,
                                     **(28 U.S.C. § 1715(b))**
19           v.
                                     Hon. Lucy H. Koh
20  MOVING SOLUTIONS, a California
    Corporation MANAGED FACILITIES
21  SOLUTIONS, LLC a California
    Limited Liability Company and
22  CHARTWELL STAFFING
    SOLUTIONS, INC a new York
23  Corporation licensed to do business in
    California
24
                    Defendants.
25

26

27

28

12554550.1
NOTICE TO ATTORNEY GENERAL OF NORTH CAROLINA OF PROPOSED CLASS ACTION SETTLEMENT
– 17-CV-04015-LHK

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    **TO THE ATTORNEY GENERAL OF THE STATE OF NORTH**

2    **CAROLINA: PLEASE TAKE NOTICE** that Plaintiffs GARY MIDDLE RIDER,

3    BARBARA MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO, and

4    DAN CORONADO, on behalf of themselves and on behalf of a class of all other

5    persons similarly situated (collectively, "Plaintiffs") and Defendants CHARTWELL

6    STAFFING SERVICES, INC., MANAGED FACILITIES SOLUTIONS, LLC, and

7    MOVING SOLUTIONS, INC. ("Defendants") (Plaintiffs and Defendants are

8    collectively herein referred to as "the Parties") have reached a proposed settlement

9    of the claims at issue in this litigation. Pursuant to the Class Action Fairness Act of

10   2005 ("CAFA") 28 U.S.C. § 1715, Defendants provide this notice to the Attorney

11   General of the United States of America, the Attorney General of the State of North

12   Carolina and the appropriate state official in each state in which at least one class

13   member resides. Defendants enclose the following documents in accordance with

14   their notice obligations under 28 U.S.C. § 1715(b):

15   (1)   Copies of All Complaints Filed in the Action. True and correct copies

16   of the following complaints, together with all materials filed with the complaints,

17   are attached hereto: the original Complaint (attached hereto as **Exhibit A**); the First

18   Amended Complaint (attached hereto as **Exhibit B**); the Second Amended

19   Complaint (attached hereto as **Exhibit C**); and the Third Amended Complaint

20   (attached hereto as **Exhibit D**).

21   (2)   Notice of Scheduled Hearing in This Action. This matter is set for a

22   hearing for preliminary approval of the proposed settlement on May 23, 2019 at

23   1:30 p.m. at the United States District Court for the Northern District of California –

24   San Jose Division, Courtroom 8, located at 280 South 1st Street, San Jose, CA

25   95113.

26   (3)   Proposed Notice to the Class. Attached hereto as **Exhibit E** is the

27   proposed Notice to the Class. Pursuant to the Joint Stipulation of Class Action

28   Settlement ("Joint Stipulation"), no later than ten (10) business days following

12554550.1                                     1

1   preliminary approval of the Settlement by the Court, Defendants shall provide the

2   Settlement Administrator with the Class Data. Also pursuant to the Joint Stipulation,

3   the Claims Administrator shall mail the Notice Packet to the Class, on or before the

4   seventh (7) calendar day after receiving the Class Data. The Notice Packet contains

5   information regarding the nature of the settlement, Class Members' rights to request

6   exclusion from the Class, the ability to challenge the records upon which individual

7   settlement awards will be based, Class Members' rights to object to the settlement

8   and the date of the Final Approval Hearing.

9          (4)    Proposed Class Action Settlement. The proposed class action

10  settlement is described in full in the Joint Stipulation.

11         (5)    Copy of Settlement Agreement. The Joint Stipulation, which is attached

12  hereto as **Exhibit F**, sets forth the full settlement agreement entered into between

13  Plaintiffs and Defendants. There are no additional side agreements between

14  Plaintiffs and Defendants.

15         (6)    Final Judgment or Notice of Dismissal. No final judgment or notice of

16  dismissal has been entered. The parties anticipate that a final judgment or notice of

17  dismissal will be entered no earlier than the date set for the Final Approval Hearing,

18  which has not been set yet.

19         (7)    Estimate of Class Members Residing in Each State and Estimate of

20  Proportionate Share of Such Class Members to the Entire Settlement. Based on the

21  records maintained by Defendants in the normal course of business, there are 1,021

22  class members, one of whom is believed to reside in the State of Illinois. His name

23  is Danny Dallas. Additionally, based on the records maintained by Defendant in the

24  normal course of business, Class Members reside in the following states other than

25  North Carolina: California (1,016 Class Members), Illinois (one Class Member),

26  Washington (one Class Member), Pennsylvania (one Class Member), and Nevada

27  (one Class Member). The parties estimate that the class members residing in

28  California shall receive more than 99% of the net settlement amount pursuant to the

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1   Joint Stipulation.

2       (8)    Relevant Judicial Opinions. There are not any written judicial opinions

3   relating to the materials described herein. Additionally, for the convenience of the

4   Attorney General, a true and correct copy of the docket in this action is attached

5   hereto as **Exhibit G**.

6

7   Dated:  March 14, 2019                    Allison C. Eckstrom
                                              Christopher J. Archibald
8                                             Michael E. Olsen
                                              **BRYAN CAVE  LEIGHTON PAISNER**
9                                             **LLP**

10

11                                            By:     */s/ Christopher J. Archibald*
                                                      Christopher J. Archibald
12                                            Attorneys for Defendants
                                              CHARTWELL STAFFING SERVICES,
13                                            INC. and
                                              MANAGED FACILITIES SOLUTIONS,
14                                            LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
CCP 1013a(3)
(*Gary Middle Rider v. Moving Solutions, Inc., et al.*)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On **March 14, 2019**, I caused the following document(s) described as:

**DEFENDANTS CHARTWELL STAFFING SERVICES, INC. AND MANAGED FACILITIES SOLUTIONS, LLC'S NOTICE TO ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA OF PROPOSED CLASS ACTION SETTLEMENT** to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | **Attorneys for Plaintiff**<br><br>Phone:    650.630.2447<br>Email:    jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | **Attorneys for Plaintiff**<br><br>Phone:    408.286.7000<br>Email:    vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | **Attorneys for Defendant/Cross-Complainant, Moving Solutions, Inc.**<br><br>Phone: 408.796.7551<br>Email: rschramm@eralawyers.com<br>        gcallan@eralawyers.com |
| Josh Stein<br>Office of the Attorney General<br>9001 Mail Service Center<br>Raleigh, NC 97699-6400 | **Attorney General of North Carolina** |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

PROOF OF SERVICE

1  [☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

2  Executed on **March 14, 2019**, at Irvine, California.

3

4  Ginny Hamel

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

EXHIBIT 4

1    Allison C. Eckstrom, California Bar No. 217255
     allison.eckstrom@bcpllaw.com
2    Christopher J. Archibald, California Bar No. 253075
     christopher.archibald@bclplaw.com
3    Michael E. Olsen, California Bar No. 307358
     michael.olsen@bclplaw.com
4    **BRYAN CAVE LEIGHTON PAISNER LLP**
     3161 Michelson Drive, Suite 1500
5    Irvine, California 92612-4414
     Telephone:   (949) 223-7000
6    Facsimile:   (949) 223-7100

7    Attorneys for Defendants
     CHARTWELL STAFFING SERVICES, INC. and
8    MANAGED FACILITIES SOLUTIONS, LLC

9

10                  **UNITED STATES DISTRICT COURT**

11       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13   GARY MIDDLE RIDER, an              Case No. 17-CV-04015 LHK
     individual, ROBERT GARZA, an
14   individual                        **DEFENDANTS CHARTWELL**
     ALBERT ARELLANO, an individual,   **STAFFING SERVICES, INC. AND**
15   JOSE DON CORONADO, an             **MANAGED FACILITIES**
     individual,                       **SOLUTIONS, LLC'S NOTICE TO**
16                                      **ATTORNEY GENERAL OF THE**
     PLAINTIFFS AND PUTATIVE           **STATE OF WASHINGTON OF**
17   PLAINTIFFS                         **PROPOSED CLASS ACTION**
                                        **SETTLEMENT**
18                Plaintiffs,
                                        **(28 U.S.C. § 1715(b))**
19            v.
                                        Hon. Lucy H. Koh
20   MOVING SOLUTIONS, a California
     Corporation MANAGED FACILITIES
21   SOLUTIONS, LLC a California
     Limited Liability Company and
22   CHARTWELL STAFFING
     SOLUTIONS, INC a new York
23   Corporation licensed to do business in
     California
24
                  Defendants.
25

26

27

28

12554556.1

NOTICE TO ATTORNEY GENERAL OF WASHINGTON OF PROPOSED CLASS ACTION SETTLEMENT – 17-
CV-04015-LHK

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1    **TO THE ATTORNEY GENERAL OF THE STATE OF**

2    **WASHINGTON: PLEASE TAKE NOTICE** that Plaintiffs GARY MIDDLE

3    RIDER, BARBARA MIDDLE RIDER, ROBERT GARZA, ALBERT

4    ARELLANO, and DAN CORONADO, on behalf of themselves and on behalf of a

5    class of all other persons similarly situated (collectively, "Plaintiffs") and

6    Defendants CHARTWELL STAFFING SERVICES, INC., MANAGED

7    FACILITIES SOLUTIONS, LLC, and MOVING SOLUTIONS, INC.

8    ("Defendants") (Plaintiffs and Defendants are collectively herein referred to as "the

9    Parties") have reached a proposed settlement of the claims at issue in this litigation.

10   Pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1715,

11   Defendants provide this notice to the Attorney General of the United States of

12   America, the Attorney General of the State of Washington and the appropriate state

13   official in each state in which at least one class member resides. Defendants enclose

14   the following documents in accordance with their notice obligations under 28 U.S.C.

15   § 1715(b):

16       (1)   Copies of All Complaints Filed in the Action. True and correct copies

17   of the following complaints, together with all materials filed with the complaints,

18   are attached hereto: the original Complaint (attached hereto as **Exhibit A**); the First

19   Amended Complaint (attached hereto as **Exhibit B**); the Second Amended

20   Complaint (attached hereto as **Exhibit C**); and the Third Amended Complaint

21   (attached hereto as **Exhibit D**).

22       (2)   Notice of Scheduled Hearing in This Action. This matter is set for a

23   hearing for preliminary approval of the proposed settlement on May 23, 2019 at

24   1:30 p.m. at the United States District Court for the Northern District of California –

25   San Jose Division, Courtroom 8, located at 280 South 1st Street, San Jose, CA

26   95113.

27       (3)   Proposed Notice to the Class. Attached hereto as **Exhibit E** is the

28   proposed Notice to the Class. Pursuant to the Joint Stipulation of Class Action

1  Settlement ("Joint Stipulation"), no later than ten (10) business days following

2  preliminary approval of the Settlement by the Court, Defendants shall provide the

3  Settlement Administrator with the Class Data. Also pursuant to the Joint Stipulation,

4  the Claims Administrator shall mail the Notice Packet to the Class, on or before the

5  seventh (7) calendar day after receiving the Class Data. The Notice Packet contains

6  information regarding the nature of the settlement, Class Members' rights to request

7  exclusion from the Class, the ability to challenge the records upon which individual

8  settlement awards will be based, Class Members' rights to object to the settlement

9  and the date of the Final Approval Hearing.

10      (4)    Proposed Class Action Settlement. The proposed class action

11  settlement is described in full in the Joint Stipulation.

12      (5)    Copy of Settlement Agreement. The Joint Stipulation, which is attached

13  hereto as **Exhibit F**, sets forth the full settlement agreement entered into between

14  Plaintiffs and Defendants. There are no additional side agreements between

15  Plaintiffs and Defendants.

16      (6)    Final Judgment or Notice of Dismissal. No final judgment or notice of

17  dismissal has been entered. The parties anticipate that a final judgment or notice of

18  dismissal will be entered no earlier than the date set for the Final Approval Hearing,

19  which has not been set yet.

20      (7)    Estimate of Class Members Residing in Each State and Estimate of

21  Proportionate Share of Such Class Members to the Entire Settlement. Based on the

22  records maintained by Defendants in the normal course of business, there are 1,021

23  class members, one of whom is believed to reside in the State of Washington.

24  His/her name is Miracle Galo. Additionally, based on the records maintained by

25  Defendant in the normal course of business, Class Members reside in the following

26  states other than Washington: California (1,016 Class Members), Illinois (one Class

27  Member), North Carolina (one Class Member), Pennsylvania (one Class Member),

28  and Nevada (one Class Member). The parties estimate that the class members

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1  residing in California shall receive more than 99% of the net settlement amount

2  pursuant to the Joint Stipulation.

3      (8)   <u>Relevant Judicial Opinions</u>. There are not any written judicial opinions

4  relating to the materials described herein. Additionally, for the convenience of the

5  Attorney General, a true and correct copy of the docket in this action is attached

6  hereto as **Exhibit G**.

7

8  Dated: March 14, 2019                  Allison C. Eckstrom

9                                          Christopher J. Archibald

10                                         Michael E. Olsen
                                        **BRYAN CAVE  LEIGHTON PAISNER**

11                                         **LLP**

12                   By:    */s/ Christopher J. Archibald*

13                                 Christopher J. Archibald
                              Attorneys for Defendants

14                               CHARTWELL STAFFING SERVICES,
                              INC. and

15                               MANAGED FACILITIES SOLUTIONS,
                              LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1

**PROOF OF SERVICE**
CCP 1013a(3)
(*Gary Middle Rider v. Moving Solutions, Inc., et al.*)

2

3    STATE OF CALIFORNIA, COUNTY OF ORANGE

4    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414.

5

6    On **March 14, 2019**, I caused the following document(s) described as:

7    **DEFENDANTS CHARTWELL STAFFING SERVICES, INC. AND MANAGED FACILITIES SOLUTIONS, LLC'S NOTICE TO ATTORNEY GENERAL OF THE STATE OF WASHINGTON OF PROPOSED CLASS ACTION SETTLEMENT**

8

9    to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | *Attorneys for Plaintiff*<br><br>Phone:    650.630.2447<br>Email:    jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | *Attorneys for Plaintiff*<br><br>Phone:    408.286.7000<br>Email:    vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | *Attorneys for Defendant/Cross-Complainant, Moving Solutions, Inc.*<br><br>Phone:  408.796.7551<br>Email:  rschramm@eralawyers.com<br>        gcallan@eralawyers.com |
| Bob Ferguson<br>Office of the Attorney General<br>1125 Washington St. SE<br>P.O. Box 40100<br>Olympia, WA 98504-0100 | *Attorney General of Washington* |

23    [☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    [☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

2    Executed on **March 14, 2019**, at Irvine, California.

3

4    Ginny Hamel

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414