Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bcpllaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC. and
MANAGED FACILITIES SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual,<br><br>PLAINTIFFS AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MANAGED FACILITIES SOLUTIONS, LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Lucy H. Koh<br><br>Date: June 27, 2019<br>Time: 1:30 p.m.<br>Courtroom: 8 |

**TO DEFENDANT MANAGED FACILITIES SOLUTIONS, LLC, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 27, 2019, at 1:30 p.m., in Courtroom 8 of the above-entitled Court located at 280 South 1st Street, San Jose, CA 95113, Bryan Cave Leighton Paisner LLP will, and does, move the Court for an order granting it leave to withdraw as counsel for Defendant Managed Facilities Solutions, LLC ("MFS") in this matter.

Bryan Cave Leighton Paisner LLP seeks leave of Court to withdraw as counsel of record for Defendant MFS in accordance with Rule 1.16 of the California Rules of Professional Conduct and Civil Local Rule 11-5. It does not seek to withdraw as counsel for Defendant Chartwell Staffing Services, Inc.

This motion is based on this notice, the attached memorandum of points and authorities, the concurrently-filed declaration of Christopher J. Archibald, the records on file, and such evidence as may be presented at the hearing.

Dated: April 9, 2019

Allison C. Eckstrom
Christopher J. Archibald
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Christopher J. Archibald*
      Christopher J. Archibald
Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC.
and MANAGED FACILITIES SOLUTIONS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Bryan Cave Leighton Paisner LLP ("BCLP") seeks leave of Court to withdraw as counsel of record for Defendant Managed Facilities Solutions, LLC ("MFS") in accordance with Rule 1.16(b)(10) of the California Rules of Professional Conduct and Civil Local Rule 11-5.

Withdrawal is warranted because the professional relationship of trust and confidence between BCLP and its client MFS has irretrievably broken down, and MFS is no longer cooperating or meaningfully communicating with BCLP. This has resulted from a personal and professional rift between the principals of BCLP's two clients, defendants Chartwell Staffing Services, Inc. ("Chartwell") and MFS, which has resulted in separate litigation. Although their new litigation is completely unrelated to the present case, it has led to a breakdown in the attorney-client relationship with MFS.

Adam Kidan, the alleged sole member of Defendant MFS and the former President and Chief Executive Officer of Chartwell, has intentionally and wrongfully acted adversely to Chartwell. He did so by misappropriating Chartwell's funds for personal use while he was its President and CEO, and by misappropriating Chartwell's trade secrets in violation of the law to compete with Chartwell, among other things. Mr. Kidan is a convicted felon, and BCLP recently learned that the United States Government has a $21 million restitution judgment against him stemming from his fraud conviction. His recent conduct is the subject of a separate lawsuit that Chartwell initiated against Mr. Kidan in the U.S. District Court for the Central District of California on April 4, 2019. Mr. Kidan also filed a lawsuit against Chartwell on the same day, and his adverse conduct to Chartwell is ongoing.

Pursuant to California Rule of Professional Conduct Rule 1.16(b)(10), BCLP seeks leave to withdraw as counsel for MFS on the ground that Mr. Kidan's continuing misconduct directed against BCLP's client Chartwell "renders it

unreasonably difficult for the member to carry out the employment effectively[.]" Accordingly, both good cause and the ends of justice warrant relief. BCLP's withdrawal will not prejudice Chartwell, MFS, or plaintiffs, nor unreasonably delay the resolution of this case.

## II. LEGAL ARGUMENT

### A. Legal Standard

The decision to grant or deny a motion to withdraw is committed to the sound discretion of the district court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When considering a motion to withdraw as counsel, the Court will weigh four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case." *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

An attorney may not withdraw unless he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of counsel," releasing to the client all the client papers and property, refunding any part of a fee paid in advance that has not been earned, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d); *see McClintic v. U.S. Postal Serv.*, No. 1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014).

#### 1. BCLP Has Legitimate Reasons For Withdrawing

BCLP seeks the Court's permission to withdraw because Mr. Kidan, MFS's alleged sole member, has engaged in extensive unlawful conduct to the detriment of its other client Chartwell. Specifically, Mr. Kidan has misappropriated Chartwell's funds and unfairly competed with Chartwell. BCLP has never represented Mr. Kidan individually, but his actions as the sole member of MFS have rendered it unreasonably difficult for BCLP to continue in a relationship of trust with MFS, and

indeed, the attorney-client relationship between the firm and MFS has irretrievably broken down. *See Gong v. City of Alameda*, No. C 03–05495 TEH, 2008 U.S. Dist. LEXIS 124369, at *5, 2008 WL 160964 (N.D. Cal. Jan. 8, 2008) (holding that when the trust and cooperation necessary for an attorney-client relationship has broken down, it may be unreasonably difficult for counsel to continue representing plaintiffs).

On April 3, 2019, Christopher J. Archibald from BCLP notified Haynes Dallas, MFS's Chief Operating Officer, that BCLP intended to withdraw as counsel of record, and asked MFS to consent to BCLP's withdrawal. (Declaration of Christopher J. Archibald, ¶¶ 5, 6). Mr. Archibald also informed MFS that as a limited liability company, it may not represent itself and that MFS would need to retain new counsel. (*Id.*)

MFS did not respond directly, but Mr. Kidan's personal lawyer, David Affeld of Affeld Grivakes LLP, responded to Mr. Archibald by email less than one hour later, making it clear that MFS would not consent to BCLP's withdrawal. (Archibald Decl., ¶ 7). Mr. Affeld made legally frivolous and unfounded threats regarding a purported conflict of interest between BCLP and Mr. Kidan, apparently to deter the firm from representing Chartwell in the new litigation, although the firm has never represented Mr. Kidan individually, and no attorney-client relationship exists between BCLP and Mr. Kidan by virtue of its representation of MFS (*Id.*) These threats by Mr. Kidan's personal lawyer, responding on behalf of MFS, further make it impossible for BCLP to continue to represent MFS in this lawsuit.

### 2. Withdrawal Will Not Cause Any Prejudice to Other Litigants

Withdrawal will not cause prejudice to plaintiffs or MFS. The parties have agreed to resolve this case. Plaintiffs' *unopposed* motion for preliminary approval of class action settlement is set for hearing on May 23, 2019. Plaintiffs will not be prejudiced because the withdrawal and substitution of counsel should not cause any

delay since the motion set for hearing on May 23, 2019 is unopposed, and the defendants are not called upon to do anything prior to the hearing. MFS will not be prejudiced because BCLP gave MFS notice of its intent to withdraw seven weeks before the hearing on the unopposed motion for preliminary approval of class action settlement, which is ample time for it to obtain new counsel. Permitting withdrawal would be significantly more beneficial to all litigants than forcing BCLP to continue its representation despite the breakdown of the attorney-client relationship.

### 3. Withdrawal Will Not Cause Harm to the Administration of Justice or Significantly Delay The Case

Withdrawal will not cause any harm to the administration of justice or significantly delay the case because there are no contested motions pending and there is no trial date. All that remains is the class action settlement approval process. Moreover, because BCLP provided MFS notice of its intent to withdraw a full seven weeks before the unopposed hearing on the motion for preliminary approval of class action settlement, any failure by MFS to find substitute counsel would be due solely to its own delay and decision not to find substitute counsel so that it can contest BCLP's withdrawal. *See CYBERsitter, LLC v. People's Republic of China*, No. CV 10-00038-JST (SHx), 2011 U.S. Dist. LEXIS 163105, at *5, 2011 WL 13213577 (C.D. Cal. Nov. 9, 2011) (finding no harm to the administration of justice or that any delay would result, where defendant had been on notice for a month that counsel intended to withdraw and it could not represent itself in the proceedings).

### 4. BCLP Has Taken Reasonable Steps to Avoid Reasonably Foreseeable Prejudice to the Rights of the Client

There are no contested matters pending. BCLP took reasonable steps to avoid any reasonably foreseeable prejudice to the rights of MFS by giving MFS seven

weeks' notice before the only pending motion, which is an uncontested motion for preliminary approval of class action settlement, and has given MFS more than sufficient time for employment of counsel.

Indeed, as set forth above, on April 3, 2019, Christopher J. Archibald from BCLP notified Haynes Dallas, MFS's Chief Operating Officer, that BCLP intended to withdraw as counsel of record, requested that MFS find substitute counsel, and stated that if this motion is granted, BCLP will no longer be representing MFS in this action. (Declaration of Christopher J. Archibald, ¶¶ 4, 5). Mr. Archibald also informed MFS that it may not represent itself because it is a limited liability company and it MFS would need to retain new counsel. (*Id.*)

MFS did not respond directly, but Mr. Kidan's personal lawyer, Mr. Affeld, responded by making it clear that MFS would not consent to BCLP's withdrawal, and then underscored the irretrievable breakdown in the attorney-client relationship by making improper and legally frivolous threats regarding purported conflicts of interest by the firm, apparently in an attempt to bully BCLP and deter it from continuing to represent Chartwell.

### B. BCLP Complied With Local Rule 11-5

Local Rule 11-5(a) provides that, "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." As set forth above, BCLP provided notice to MFS of its intent to withdraw on April 3, 2019. Mr. Kidan's personal lawyer responded by threatening BCLP and attempting to dissuade it from representing Chartwell. As such, BCLP provided MFS with adequate notice. BCLP will also serve this motion on MFS.

Local Rule 11-5(b) states that if "withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and

until the client appears by other counsel or pro se." BCLP agrees that papers may continue to be served on BCLP for forwarding purposes until MFS retains substitute counsel.

## III. CONCLUSION

BCLP is entitled to withdraw from representing defendant MFS because its purported sole member, Mr. Kidan, has taken egregious and wrongful action against BCLP's other client, defendant Chartwell, which have led to a breakdown in the attorney-client relationship between BCLP and MFS. Mr. Kidan's wrongful actions constitute good cause to withdraw under Rule 1.16(b)(10) of the California Rules of Professional Conduct. BCLP has provided proper notice to MFS, and its withdrawal will not prejudice the parties or unreasonably delay the resolution of this case.

Therefore, BCLP respectfully requests the Court to exercise its discretion to grant BCLP's motion to withdraw as counsel for MFS.

Dated: April 9, 2019

Allison C. Eckstrom
Christopher J. Archibald
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Christopher J. Archibald*
     Christopher J. Archibald
Attorneys for Defendants
CHARTWELL STAFFING SERVICES, INC. and MANAGED FACILITIES SOLUTIONS, LLC

# PROOF OF SERVICE
## CCP 1013a(3)
### *(Gary Middle Rider v. Moving Solutions, Inc., et al.)*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On **April 9, 2019,** I caused the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MANAGED FACILITIES SOLUTIONS, LLC; MEMORANDUM OF POINTS AND AUTHORITIES**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | *Attorneys for Plaintiff*<br><br>Phone: 650.630.2447<br>Email: jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | *Attorneys for Plaintiff*<br><br>Phone: 408.286.7000<br>Email: vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | *Attorneys for Defendant/Cross-Complainant, Moving Solutions, Inc.*<br><br>Phone: 408.796.7551<br>Email: rschramm@eralawyers.com<br>gcallan@eralawyers.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

| | |
|---|---|
| Managed Facilities Solutions, LLC<br>c/o Haynes Dallas, Chief Executive Officer<br>128 Component Drive<br>San Jose, CA 95131 | *Defendant* |

[☒] BY OVERNIGHT DELIVERY - Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

USA01\12088658.1\1761483.000005

PROOF OF SERVICE

1      [☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **April 9, 2019**, at Irvine, California.

Ginny Hamel

Bryan Cave Leighton Paisner LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414