1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10   SAN JOSE DIVISION

11

12   ROBERT GARZA, et al.,                    Case No. 17-CV-04015-LHK

13              Plaintiffs,                   **ORDER GRANTING MOTION TO
                                              WITHDRAW; DENYING AS MOOT
14          v.                                MOTION TO ADVANCE HEARING
                                              DATE; AND ORDERING MFS TO
15   MOVING SOLUTIONS, INC, et al.,           RETAIN NEW COUNSEL BY MAY 22,
                                              2019**
16              Defendants.
                                             Re: Dkt. Nos. 86, 87
17

18          On April 9, 2019, Bryan Cave Leighton Paisner LLP ("BCLP"), counsel for Defendants

19   Chartwell Staffing Solutions, Inc. ("Chartwell") and Managed Facilities Solutions, LLC ("MFS"),

20   filed a motion to withdraw as counsel for Defendant MFS. ECF No. 86 ("Mot."). BCLP argues

21   that withdrawal is warranted because "the professional relationship of trust and confidence

22   between BCLP and its client MFS has irretrievably broken down, and MFS is no longer

23   cooperating or meaningfully communicating with BCLP." *Id.* at 1. Specifically, BCLP explains

24   that BCLP's other client, Defendant Chartwell, and the sole member of Defendant MFS, Adam

25   Kidan, have experienced a "personal and professional rift" resulting in two new lawsuits between

26   Chartwell and Kidan (that are unrelated to the instant case) that were filed on April 4, 2019. *See*

27                                          1

28   Case No. 17-CV-04015-LHK
     ORDER GRANTING MOTION TO WITHDRAW; DENYING AS MOOT MOTION TO ADVANCE HEARING
     DATE; AND ORDERING MFS TO RETAIN NEW COUNSEL BY MAY 22, 2019

*United States District Court*
*Northern District of California*

*id.*; *see also Atlantic Solutions Grp., Inc., et al. v. Chartwell Staffing Services, Inc.*, Case No. 8:19-CV-00639 (C.D. Cal.) (Kidan and other plaintiffs' suit filed against Chartwell); *Chartwell Staffing Services Inc. v. Atlantic Solutions Grp., Inc., et al.*, Case No. 8:19-CV-00642 (C.D. Cal.) (Chartwell's suit filed against Kidan and others). Although BCLP has never represented Kidan individually, BCLP argues that pursuant to the California Rules of Professional Conduct "BCLP seeks leave to withdraw as counsel for MFS on the ground that Mr. Kidan's continuing misconduct directed against BCLP's client Chartwell 'renders it unreasonably difficult for the member to carry out the [representation] effectively.'" *Id.* at 1–2.[1] No opposition to BCLP's motion was filed. For the reasons given below, the Court GRANTS BCLP's motion to withdraw as counsel for MFS.

Pursuant to Civil Local Rule 11-5(b), counsel may not withdraw from an action until relieved by order of the Court. Civil Local Rule 11-5(b); *see also Jariwala v. Napolitano*, 2011 WL 703730, at *1 (N.D. Cal. Feb. 21, 2011) ("An attorney may not withdraw as counsel except by leave of court."). The decision to permit counsel to withdraw is within the sound discretion of the Court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, "the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 3565188, at *1 (N.D. Cal. Sept. 13, 2010). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with

---

[1] BCLP's motion cites to California Rules of Professional Conduct Rule 1.16(b)(10). However, the Court believes that BCLP may have intended to cite to Rule 1.16(b)(4). According to the Rules that were approved by the California Supreme Court, effective November 1, 2018, Rule 1.16(b)(10) provides "a lawyer may withdraw from representing a client if . . . (10) the lawyer believes* in good faith, in a proceeding pending before a tribunal,* that the tribunal* will find the existence of other good cause for withdrawal." BCLP's argument appears to instead track the language of Rule 1.16(b)(4), which provides that "a lawyer may withdraw from representing a client if . . .(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."

2

United States District Court
Northern District of California

1  the standards of professional conduct required of members of the State Bar of California." Rule 3-

2  700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's

3  withdrawal as counsel. Under that rule, before withdrawing for any reason, an attorney must take

4  "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including

5  giving due notice to the client, allowing time for employment of other counsel, complying with

6  rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A)(2).

7      The Court finds that the factors described above weigh in favor of granting BCLP's motion

8  to withdraw. First, BCLP has given a legitimate reason for withdrawing. The relationship between

9  BCLP's client Chartwell and Kidan (the sole member of MFS) has broken down, resulting in two

10  new lawsuits between Chartwell and Kidan, in which BCLP is continuing to represent Chartwell.

11  *See* Mot. at 2–3 ("BCLP has never represented Mr. Kidan individually, but his actions as the sole

12  member of MFS have rendered it unreasonably difficult for BCLP to continue in a relationship of

13  trust with MFS, and indeed, the attorney-client relationship between the firm and MFS has

14  irretrievably broken down"); *see also, e.g.*, *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008

15  WL 60964, at *1 (N.D. Cal. Jan. 8, 2008) ("The trust and cooperation necessary for an attorney-

16  client relationship has obviously broken down, making it unreasonably difficult for Mr. Beauvais

17  to continue representing Plaintiffs."). The Court finds that it would be improper for BCLP to

18  continue its representation of MFS given this inherent conflict.

19      Second, the Court finds that granting the motion to withdraw will not cause prejudice to

20  Plaintiffs and MFS and that granting the motion to withdraw will not significantly delay the case.

21  As an initial matter, Plaintiffs and MFS did not file any opposition to the instant motion to

22  withdraw. Moreover, the parties have already agreed to resolve the instant case. *See* ECF No. 77

23  ("Mot. for Preliminary Approval"). Indeed, the Plaintiffs' motion for preliminary approval, which

24  was filed on March 8, 2019 and is set for hearing on May 23, 2019, is unopposed. Therefore, the

25  Court finds that withdrawal and substitution of counsel should not cause any delay and thus

26  Plaintiffs will not be prejudiced. MFS is not prejudiced because BCLP provided MFS notice of its

27

28  Case No. 17-CV-04015-LHK
ORDER GRANTING MOTION TO WITHDRAW; DENYING AS MOOT MOTION TO ADVANCE HEARING
DATE; AND ORDERING MFS TO RETAIN NEW COUNSEL BY MAY 22, 2019

intent to withdraw on April 3, 2019, more than seven weeks before the May 23, 2019 preliminary

approval hearing and informed MFS that MFS cannot represent itself because it is an LLC. ECF

No. 86-1 ("Archibald Decl.") ¶¶ 4–5. Therefore, BCLP has given MFS ample time for

employment of other counsel. This fact also counts against a finding of delay. *CYBERsitter, LLC

v. People's Republic of China*, No. CV1000038JSTSHX, 2011 WL 13213577, at *2 (C.D. Cal.

Nov. 9, 2011) (finding no harm to the administration of justice or that any delay in the proceedings

will result from permitting withdrawal as counsel where defendant had been on notice for a month

that counsel intended to withdraw as counsel and that defendant could not represent itself in the

proceedings).

Finally, BCLP has complied with Civil Local Rule 11-5. Specifically, Local Rule 11-5(b)

states that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous

appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may

be subject to the condition that papers may continue to be served on counsel for forwarding

purposes, unless and until the client appears by other counsel or pro se." Here, BCLP agrees that

papers may continue to be served on BCLP for forwarding purposes until MFS retains substitute

counsel.

In sum, the Court GRANTS BCLP's motion to withdraw as counsel for MFS. *See* Mot.

The motion to advance the hearing date, ECF No. 87, is therefore DENIED AS MOOT. The Court

hereby ORDERS that papers shall continue to be served on BCLP for forwarding purposes until

MFS retains substitute counsel. BCLP shall serve the instant Order on MFS within two days.

The Court reminds MFS that under Local Rule 3-9(b), "[a] corporation, unincorporated

association, partnership or other such entity may appear only through a member of the bar of this

Court." MFS is an LLC, and thus Local Rule 3-9(b) applies. Therefore, MFS cannot appear

unrepresented before the Court. The May 23, 2019 preliminary approval hearing remains as set.

Thus, MFS must retain substitute counsel, and substitute counsel must enter their appearance by

May 22, 2019.

Case No. 17-CV-04015-LHK
ORDER GRANTING MOTION TO WITHDRAW; DENYING AS MOOT MOTION TO ADVANCE HEARING
DATE; AND ORDERING MFS TO RETAIN NEW COUNSEL BY MAY 22, 2019

**IT IS SO ORDERED.**

Dated: May 1, 2019

LUCY H. KOH
United States District Judge

Case No. 17-CV-04015-LHK
ORDER GRANTING MOTION TO WITHDRAW; DENYING AS MOOT MOTION TO ADVANCE HEARING
DATE; AND ORDERING MFS TO RETAIN NEW COUNSEL BY MAY 22, 2019