1  David W. Affeld, Cal. Bar. No. 123922
   Damion Robinson, State Bar No. 262573
2  Affeld Grivakes LLP
   2049 Century Park East, Suite 2460
3  Los Angeles, California 90067
   Tel. (310) 979-8700
4  Fax (310) 979-8701
   dr@agzlaw.com
5
   Attorneys for Defendant Managed Facilities Solutions, LLC
6

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12  GARY MIDDLE RIDER, an individual, *et*   | **Case No.:  17-CV-04015 LHK**
    *al.*, *etc.*                            |
13                                            | *Assigned for All Purposes to:*
                   Plaintiffs,                | The Hon. Lucy H. Koh
14
           vs.                                | **DECLARATION OF DAVID W. AFFELD
15                                            | IN SUPPORT OF MOTION FOR
    MOVING SOLUTIONS, a California            | LEAVE TO FILE MOTION FOR
16  corporation, *et al.*                     | RECONSIDERATION**

17                 Defendants.                | [Filed concurrently:
                                              | (1) Notice of Motion and Motion;
18                                            | (2) Declaration of Adam Kidan;
                                              | (3) Declaration of Haynes Dallas;
19                                            | (4) Proposed Order]

20                                            | Date:      September 26, 2019
                                              | Time:      1:30 p.m.
21                                            | Courtroom: 8

22

23

24

25

26

27

28

I, David W. Affeld, declare

1. I and my law firm are counsel of record to defendant Managed Facilities Solutions, LLC ("MFS") in this matter. I have personal knowledge of the facts below, except those stated on information and belief, which I am informed and believe to be true for the reasons stated. I could and would testify competently to these facts if called upon to do so.

2. I was contacted by Adam Kidan ("Kidan") to represent him and his company Atlantic Workforce Solutions Group, Inc. doing business as Empire Workforce Solutions ("Empire"), in March of 2019. I initially undertook representation to respond to certain cease and desist letters sent to Mr. Kidan and others at Empire by Aileen M. Hunter of Bryan Cave, counsel for Chartwell Staffing Services, Inc. ("Chartwell"), as well as other anti-competitive behavior by Chartwell.

3. I wrote an email to Ms. Hunter on March 21, 2019 and advised her of the conflict of interest she and her law firm Bryan Cave Leighton Paisner, LLP ("Bryan Cave") have in acting adversely to Mr. Kidan while also representing MFS.

4. On March 25, 2019, I received a response from Christopher Archibald of Bryan Cave stating, without any analysis or support, that they "do not find any conflict of interest." I replied on April 2, 2019, with an email to Ms. Hunter, Mr. Archibald, and Traci G. Choi of Bryan Cave, reiterating identification of the conflict. We had a further exchange of email on April 2 in which Mr. Archibald deflected and failed to address the points I raised.

5. A true copy of this email exchange is attached as **Exhibit 1**.

6. On April 3, 2019, I learned that Bryan Cave was seeking to withdraw from representing MFS in this action.

7. By email on April 3, 2019, I again reiterated to Mr. Archibald, Ms. Hunter, and Ms. Choi that Bryan Cave was acting adversely to its current client, MFS, and improperly taking sides in an intra-corporate dispute among the owners of Chartwell. I specifically noted that Bryan Cave did not have a basis to withdraw from representation in this action, and could not do so for purposes of suing Kidan on behalf of Chartwell, and was required to remain loyal to its current client, MFS.

8. A true copy of my email of April 3, 2019, to Mr. Archibald is attached hereto as **Exhibit 2**.

9. Bryan Cave filed suit against Mr. Kidan, on behalf of Chartwell, on April 4, 2019. That case is pending in the Central District of California and is styled *Chartwell Staffing Services, Inc. v. Atlantic Solutions Group, Inc., et al.*, Case No. 8:19-cv-0642-JLS (the "*Chartwell* Litigation").

10. Mr. Kidan moved to disqualify Bryan Cave in the Chartwell Litigation on May 16, 2019. That motion is set for hearing on August 2, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 29, 2019, at Los Angeles, California.

                                          s/ David W. Affeld
                                          David W. Affeld

AFFELD DECL. ISO MOTION FOR LEAVE TO SEEK RECONSIDERATION

# Exhibit 1

[Attorney-Client]

**From:** David Affeld <Dwa@agzlaw.com>
**Sent:** Tuesday, April 2, 2019 10:07 PM
**To:** Archibald, Christopher <christopher.archibald@bclplaw.com>
**Cc:** Choi, Traci <traci.choi@bclplaw.com>; Hunter, Aileen <aileen.hunter@bclplaw.com>
**Subject:** Re: Cease and Desist Letters

The motion to disqualify will not be frivolous.  You've been notified.

Sent from my iPhone

On Apr 2, 2019, at 5:52 PM, Archibald, Christopher <christopher.archibald@bclplaw.com> wrote:

> Mr. Affeld,
>
> Please be advised that our firm has never represented Mr. Kidan and our joint engagement agreement with MFS and Chartwell explicitly stated that we do not represent any affiliates or individuals associated with the client entities.  All of your threatened courses of action require that there have been an attorney-client relationship between our firm and Mr. Kidan.  One never existed and there is no rational basis for Mr. Kidan to believe otherwise.  The waiver that was obtained from your client was for the limited purpose of representing Chartwell Staffing Services, Inc.'s current CEO, Mr. Holmes Lilley, in the purchase of Chartwell.  Because, as the proposed purchaser of the company, Mr. Lilley could not waive any potential conflict with respect to that transaction on behalf of Chartwell, and because the company is potentially a marital asset at issue in the pending divorce proceedings between your client and Tracy Kidan, our firm had your client and Ms. Kidan both waive potential conflicts with respect to our

1

representation of Mr. Lilley in the purchase of the company. This demonstrates that we take conflicts of interest very seriously. Obtaining that waiver in no way created an attorney-client relationship with your client. Our firm has not requested that your client sign any other waivers.

Moreover, the current dispute between Chartwell and your client, which centers around your client's conduct during and after his time at Chartwell, has no relation to the Rider wage and hour case. While representing MFS in the Rider wage and hour case, our firm never acquired any confidential information about your client. As a matter of fact, we never obtained any information about him whatsoever. We have neither met, nor spoken to him.

In light of the foregoing, your threatened courses of action are unsupported and frivolous.

Chris



**CHRISTOPHER J. ARCHIBALD**
Attorney
BRYAN CAVE LEIGHTON PAISNER LLP - Irvine, CA USA
christopher.archibald@bclplaw.com
T: +1 949 223 7341

---

**From:** David Affeld [mailto:Dwa@agzlaw.com]
**Sent:** Tuesday, April 02, 2019 10:56 AM
**To:** Archibald, Christopher
**Cc:** Choi, Traci; Hunter, Aileen
**Subject:** RE: Cease and Desist Letters

You and your firm represent multiple parties, including Adam Kidan's wholly owned entity Managed Facilities Solutions, LLC, in the matter of *Rider v. Moving Solutions, Inc.*, N.D. Cal. case no. 17-CV-04015 LHK. That case is still pending. In the course of that representation, your firm also received confidential information concerning Mr. Kidan's business interests. Your firm asked Mr. Kidan for a waiver of conflicts, apparently so that you could sue him or one or more of his entities. He refused to consent to the waiver.

If you take on representation adverse to Mr. Kidan's interests, we will move to disqualify you. All other remedies will be considered as well, including without limitation potential causes of action for malpractice and breach of fiduciary duty. – Dave Affeld

* * *

This E-mail, along with any attachments, is confidential and may be privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person.

* * *

David W. Affeld
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles CA 90067
Tel.: (310) 979-8700
Fax: (310) 979-8701

**From:** Archibald, Christopher <christopher.archibald@bclplaw.com>
**Sent:** Monday, March 25, 2019 12:25 PM
**To:** David Affeld <Dwa@agzlaw.com>
**Cc:** Choi, Traci <traci.choi@bclplaw.com>; Hunter, Aileen <aileen.hunter@bclplaw.com>
**Subject:** RE: Cease and Desist Letters


Mr. Affeld,

We have evaluated this representation with our internal ethics counsel and do not find any conflict of interest.  Please advise as to why you believe there is a conflict and which rule(s) you are relying upon.

Chris



CHRISTOPHER J. ARCHIBALD
Attorney
BRYAN CAVE LEIGHTON PAISNER LLP - Irvine, CA USA
christopher.archibald@bclplaw.com
T: +1 949 223 7341


**From:** David Affeld <Dwa@agzlaw.com>
**Date:** March 21, 2019 at 9:53:35 AM PDT
**To:** "aileen.hunter@bclplaw.com" <aileen.hunter@bryancave.com>
**Subject: Cease and Desist Letters**

Ms. Hunter, I have been forwarded additional cease and desist letters from you of March 15, 2019, to Adam Kidan and Jaime Diaz and of March 18, 2019, to Yadira Rodriguez.  These additional letters are similarly meritless.  Please direct any future communications regarding them to me.  Of course, there should not be any such communications; it has come to my attention that your firm is acting with a conflict of interest in trying to undermine Mr. Kidan's business.  Demand is made that you and your firm immediately cease and desist from any further activity adversarial to Mr. Kidan or anyone affiliated with him.  – Dave Affeld


\* \* \*

This E-mail, along with any attachments, is confidential and may be privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person.

\* \* \*

David W. Affeld
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles CA 90067

3

Tel.: (310) 979-8700
Fax: (310) 979-8701

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

**Exhibit 2**

[Attorney-Client]

**From:** David Affeld
**Sent:** Wednesday, April 3, 2019 12:53 PM
**To:** 'christopher.archibald@bclplaw.com' <christopher.archibald@bclplaw.com>
**Cc:** 'aileen.hunter@bclplaw.com' <aileen.hunter@bclplaw.com>; 'traci.choi@bclplaw.com' <traci.choi@bclplaw.com>
**Subject:** Bryan Cave conflicts

Mr. Archibald, it has come to my attention that Bryan Cave is purporting to withdraw from its representation of Managed Facilities Solutions, LLC ("MFS") in the Rider class action at a critical juncture when preliminary approval of a class settlement is pending.  The justification you offered for doing so is that you now prefer to represent Chartwell Staffing Services, Inc., against the manager and member of MFS, Adam Kidan.  You misunderstand your ethical obligations.  The conflict of interest obligates you to remain loyal to your existing client and not take on adverse representation inconsistent with that loyalty.

Another ethical lapse you might be overlooking is that a lawyer (or law firm) that represents an entity cannot take sides between disputing ownership factions.  See, for example, *M'Guinness v. Johnson*, 243 Cal. App. 4th 602 (2015).  The nature of the dispute threatened in the cease and desist letters your office improperly sent to employees of Mr. Kidan's new venture is to take sides with Tracy Schneider-Kidan against Mr. Kidan regarding their disputed marital asset.

The foregoing is not intended to be a complete identification of all the ethical lapses you are committing.  It is merely sufficient to alert you not to continue down the mistaken path you are taking.  Mr. Kidan and his entities reserve all rights and remedies.  – Dave Affeld


* * *

This E-mail, along with any attachments, is confidential and may be privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person.

* * *

David W. Affeld
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles CA 90067
Tel.: (310) 979-8700
Fax: (310) 979-8701

## **CERTIFICATE OF SERVICE**

I, Damion Robinson, certify that I filed the foregoing document using the Court's electronic filing (CM/ECF) system on May 29, 2019. I am informed and believe that electronic filing will result in service by email to all interested parties.

                                                Damion D. D. Robinson