JAMES DAL BON, SBN #157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
(408) 466-5845

VICTORIA L. BOOKE, SBN #142518
BOOKE & AJLOUNY
606 N. 1ST St.
SAN JOSE, CA 95112
(408)286-7000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARBARA MIDDLE RIDER FOR GARY MIDDLE RIDER**, an individual, **ROBERT GARZA**, an individual **ALBERT ARELLANO**, an individual, **JOSE DON CORONADO**, an individual, <br><br>**PLAINITFFS AND PUTATIVE PLAINTIFFS** <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>　　　　　Defendants. <br><br>**MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a New York Corporation licensed to do business in California** | Case No. l7-CV-04015 LHK <br><br>**SUPPLEMENTAL BRIEFING ON DAMAGES AND REVISED NOTICE AND CLAIM FORM IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION** |

This supplemental briefing is filed in response to the court's order from the hearing held on May 23, 2019. See Middle Rider vs Moving Solutions 5:17-cv-04015-LHK at Doc # 102. Plaintiffs' have confirmed CPT Group will include per-paid postage envelopes for the class members to return claim forms in the package. See Ex A. Plaintiffs have included a revised claim form See Ex B and a revised Notice of Claim See Ex C. Finally Plaintiffs have provided below their calculations concerning the amounts they might win at trial and the average probable recoveries for the class members. See below and Ex D Excel Spreadsheet.

EXPLANATION OF DAMAGES:

Plaintiffs used Defendants information to calculate damages. We calculated the average wage $17.50 an hour and the overtime rate as (1.5 * $17.50 an hour) $26.50 per hour. The Defendants assert there are 17,250 work weeks during the class period. Plaintiffs made three assumptions 1) 1.5 hours of overtime shaved from their time cards a day equaling 7.5 hours of a week, 2) 1 hour of overtime shaved from their time cards a day equaling 5 hours of a week 3) .5 hours of overtime shaved from their time cards a day equaling 2.5 hours of a week.

The Plaintiffs performed the following calculation:

Overtime Hours Lost Per Week x Total Number of Work Weeks x the Overtime Rate = Lost Overtime.

7.5 Overtime Hours per Week x 17250 work weeks x $26.50 = $3,396,093.75;

5   Overtime Hours per Week x 17250 work weeks x $26.50 = $2,264,062.50;

   2.5  Overtime Hours per Week x 17250 work weeks x $26.50 = $1,132,031.25;

FSLA Damages

1

For the FSLA damages we used essentially the same calculation using the overtime differential to determine liquidated damages. For FSLA liquidated damages we use the Overtime Differential of one half the regular rate of pay. In the case $17.50 / 2 = $8.75.

Overtime Hours Lost Per Week x Total Number of Work Weeks x the FSLA Differential= Lost FSLA:

7.5 Overtime Hours per Week x 17250 work weeks x $8.75 = $1,132,031.25 ;

5. Overtime Hours per Week x 17250 work weeks x $8.75 = $ $754,687.50;

Overtime Hours per Week x 17250 work weeks x $8.75 = $377,343.75;

Minimum Wage Calculation:

Plaintiffs calculated the minimum wage calculation differently to reflect the changes in the minimum wage during this period. The minimum wage changed from $8 per hour, to $9 per hour to $10 per hour, to $10.50 per hour, to $11.00 per hour during the class period. The Plaintiff divided the work weeks by the percentage of time each different wage rate was in effect.

17% of the 17,250 work weeks the minimum wage rate of $8 per hour was in effect;

28% of the 17,250 work weeks the minimum wage rate of $9 per hour was in effect;

19% of the 17,250 work weeks the minimum wage rate of $10 per hour was in effect;

19% of the 17,250 work weeks the minimum wage rate of $10.50 per hour was in effect;

17% of the 17,250 work weeks the minimum wage rate of $11 per hour was in effect;

Minimum Wage Rate* Workweeks* Percentage* Missed Hours= Minimum Wage Total at that Rate:

_(assuming 7.5 hours of unpaid overtime a week)

$8 per hour x 17,250 work weeks x 17% x 7.5 hours= $183,765.31;

$9 per hour x 17,250 work weeks x 28% x 7.5 hours = $326,0250.00;

$10 per hour x 17,250 work weeks x 19% x 7.5 hours= $245,812.50;

$10.50 per hour x 17,250 work weeks x 19% x 7.5 hours= $258,103.13

$11 per hour x 17,250 work weeks x 17% x 7.5 hours= $241,931.25;

The total minimum wage loss assuming 7.5 hours per week of unpaid overtime equals $1,247,821.88;

Using the same percentage break down as above but assuming 5 hours of work the total minimum wage loss equals $830,675.63; and

Using the same percentage breakdown as above but assuming 2.5 hours of work the total minimum wage loss equals $415,337.81.

The Total Wage Loss = Total Lost Wages under California Law + The FSLA damages under Federal Law + the Liquidated Minimum Wage Loss

7.5 hours of unpaid overtime $3,391,171.88 + $1,130,390.63 + $1,246,013.44 = $5,767,575.94;

5 hours of unpaid overtime $2,260,781.25 + $753,593.75 + $830,675.63 = $3,845,050.63;

2.5 hours of unpaid overtime $1,130,390.63 + $376,796.88 + $415,337.81 = $1,922,525.31;

THE PENALTIES:

Missed Rest and Meal Periods:

For the missed meal and lunch period calculation the Plaintiff multiplied the number of work weeks times 5 work days per week times the average wage.

17,225 work weeks x 5 work days per week x $17.50 the average wage =$1,507,187.50

203 Penalty:

For the 203 Penalty the Plaintiffs multiplied the average rate of pay times 8 hours to obtain the average daily rate then multiplied the number of former employees' times 30 days of pay. Average rate of pay $17.50 x 8 hours per day x 913 former employees times 30 days equals $3,834,600.00.

Paystub Penalty:

The Paystub penalty was the most speculative. The Defendants stated there were 8200 wage periods. The Plaintiffs calculated a $100 penalty per pay period as $100 x 8200 =$820,000.

TOTAL POTENTIAL DAMAGES

Wage Loss + Penalties =

With 7.5 hours of lost Overtime = $13,436,550,94;

With 5 hours of lost Overtime = $11,514,025.63;

With 2.5 hours of lost Overtime = $9,591,500.31.

THE AVERAGE SETTLEMENT RECOVERY:

 The Plaintiffs calculated the average settlement recovery by taking the total number of work weeks (17,225) then dividing them by the total number of employees (1021) then multiplying that number by the payment of $16.87 a work week to equal and average of $284.21.

 The Plaintiffs also calculated the average settlement recovery for the employees who worked more than one week, two weeks and four weeks.

4

759 employees worked more than one week divided into the total number of work weeks for those employees (16963) multiplied times the payment of $16.87 = 16,963/759 = average payout of $376.51

623 employees worked more than two weeks divided into the total number of work weeks for those employees (16827) multiplied times the payment of $16.87 = 16,827/623 = average payout of $455.02

479 employees worked more than four weeks divided into the total number of work weeks for those employees (16683) multiplied times the payment of $16.87 = 16,683/479 = average payout of $586.75

THE REASONS FOR THE COMPROMISE:

Defendants' records did not demonstrate rest and meal period violations.  The Defendants actually kept records of punch in and out times making it difficult to prove they had a policy of denying meal and rest periods.

The Plaintiffs faced an uphill though not impossible battle on class certification on the off the clock hours.  The Defendants had punch in and punch out records.  The Plaintiffs would have to demonstrate that each manager at the job site did not record off the clock hours as a matter of policy.  The Defendants would argue that class certification was not appropriate because the case would involve individual scrutiny of each of the foreman's actions at each jobsite.

Finally the Defendants deny all charges on the basis of their records and claim to owe nothing.  The Defendants also demonstrated through their confidential financial documents they did not have the capacity to pay a large judgment.

May 30, 2019

*James Dal Bon*

James Dal Bon

May 30, 2019