Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bclplaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual,<br><br>PLAINTIFFS AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a New York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**RESPONSE TO MOTION OF MANAGED FACILITIES SOLUTIONS, LLC FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER ALLOWING BRYAN CAVE LEIGHTON PAISNER LLP TO WITHDRAW**<br><br>Hon. Lucy H. Koh<br><br>Date: September 26, 2019<br>Time: 1:30 p.m.<br>Courtroom: 8 |

## I. INTRODUCTION

Managed Facilities Solutions, LLC ("MFS"), now represented by new legal counsel, seeks leave to file a motion for reconsideration of the Court's May 1, 2019 Order (Doc. 89) which granted the motion of Bryan Cave Leighton Paisner LLP ("BCLP") to withdraw as counsel of record for MFS ("Withdrawal Motion").

MFS's motion is unclear and nonsensical – it seeks "reconsideration" of the Withdrawal Motion, but does not seek to have BCLP continue to represent it in this litigation. Now that MFS is represented by new counsel, there is no need for reconsideration of the Court's Order. Moreover, as set forth in Section II, *infra*, MFS cannot meet any of the requirements for reconsideration of the Court's Order.

Rather, MFS's real purpose appears to be that reconsideration of the Order may help Adam Kidan, its sole owner, in unrelated litigation currently pending in the United States District Court for the Central District of California, Southern Division, *Chartwell Staffing Services, Inc. v. Atlantic Solutions Group, Inc., et al.*, pending in the United States District Court, Central District of California, Case No. 8:19-cv-00642 JLS (JDEx) ("Trade Secret Litigation"). Mr. Kidan evidently views the Court's Order as disadvantageous to him in the Trade Secret Litigation and filed this motion to obtain a tactical advantage for a different case. The motion is without merit and should be denied.

## II. MFS FAILS TO DEMONSTRATE GROUNDS FOR RECONSIDERATION

Local Rule 7-9 requires the moving party to demonstrate: "reasonable diligence in bringing the motion, and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the

interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order."

MFS concedes there are no new material facts or change of law that occurred *after* the Court granted the Withdrawal Motion. MFS further concedes it cannot establish a manifest failure by the Court to consider material facts or dispositive legal arguments it presented at the time of the Court's order.

Rather, MFS's only contention is that "new evidence" supports its present motion. MFS's motion fails because it cannot demonstrate it exercised reasonable diligence in bringing this motion, or that it could not have presented the alleged "new evidence" with reasonable diligence *before* the Court granted the Withdrawal Motion.

### A. **MFS Fails to Demonstrate Reasonable Diligence in Bringing This Motion.**

BCLP gave notice of its intent to file the Withdrawal Motion on April 3, 2019. (Dallas Decl. ¶ 9, Ex. 5.) BCLP filed the Withdrawal Motion on April 9, 2019. (Doc No. 86.) The Court granted the Withdrawal Motion on May 1, 2019, and ordered MFS to retain new counsel by May 22, 2019. (Doc No. 89.) On May 2, 2019, BCLP served a copy of the Court's order granting the Withdrawal Motion. (Archibald Decl. ¶ 2, Ex 1.)

MFS waited until the last possible day to file a Notice of Appearance of counsel, substituting Affeld & Grivakes LLP as counsel of record. (Doc No. 98.) But Mr. Affeld attests he knew about the Withdrawal Motion since April 3, 2019, *before* BCLP even filed its Withdrawal Motion, and immediately corresponded with BCLP regarding the motion. (Affeld Decl. ¶ 6.) Yet, MFS failed to oppose the

Withdrawal Motion.

MFS then waited almost a month after the Court's Order granting the Withdrawal Motion to file the present motion. In light of MFS's failure to oppose, and its delay in bringing the present motion, MFS cannot demonstrate any reasonable diligence.

### B.  MFS Failed to Exercise Reasonable Diligence by Failing to Present the Alleged "New Evidence" in Opposition to the Withdrawal Motion.

MFS does not contend any material different in fact or law exists. Rather, it contends reconsideration is appropriate based on "new evidence" – namely, BCLP's emails with MFS and BCLP's alleged representation of Mr. Kidan in his individual capacity. Even if the "new evidence" constituted a "material difference in fact," MFS's motion fails because it fails to show it did not know of the evidence at the time of the Court granted the Withdrawal Motion. Further, none of the "new evidence" it presents has any relevance to the Withdrawal Motion.

**BCLP's Alleged Representation of Mr. Kidan, in His Individual Capacity.**[1] Mr. Kidan's professed belief that BCLP represented him in his individual capacity – which BCLP denies -- is not a "new fact." That "fact" was known to Mr. Kidan and MFS at the time BCLP filed its Withdrawal Motion. The email correspondence between Mr. Kidan and BCLP is dated from November 2018 to February 2019. (Kidan Decl., Exs. 2, 3.) But Mr. Kidan admits that on March 21, 2019, he received a series of emails concerning BCLP's intent to withdraw as counsel of record for MFS. (Kidan Decl. ¶ 28.)

Thus, all of the "new evidence" was available to MFS at the time it was

---

[1] MFS's motion and Kidan's declaration contain serious misrepresentations regarding, among other things, an alleged attorney-client relationship between BCLP and Kidan, and should the Court order further briefing pursuant to Local Rule 7-9(d), BCLP will submit additional evidence and briefing to address those misrepresentations. However, because MFS and Kidan's contentions are irrelevant for purposes of the present motion, BCLP does not address them in this response.

required to oppose the Withdrawal Motion, and *before* the Court granted the motion. Neither Mr. Kidan nor Mr. Dallas presents any facts to support a finding that MFS did not know of the alleged "new evidence" at the time it was required to oppose.

Further, Mr. Kidan's belief that BCLP represented him in corporate matters unrelated to this pending litigation is not relevant to this motion or BCLP's Withdrawal Motion. It has no bearing on the fact that there has been a breakdown in the attorney-client relationship between MFS and BCLP.

**Email Correspondence Between BCLP and Mr. Dallas.** MFS presents a number of emails between BCLP and Haynes Dallas, claiming they are "new evidence." But, the emails attached as Exhibits 3, 4, and 5 are dated March 20 and 21, and April 3, 2019, respectively. Again, MFS fails to present any valid explanation as to why it could not present those emails at the time it was required to oppose the Withdrawal Motion.

MFS also contends BCLP's correspondence with Mr. Dallas on May 1, 2019, constitutes "new evidence." On May 1, 2019, before the Court issued the order granting the Withdrawal Motion, BCLP requested certain information from MFS. (See, Dallas Decl., Ex. 6.) That email was sent before the Court's order granting the Withdrawal Motion, and until the Court granted the Withdrawal Motion, BCLP remained counsel of record for MFS. That email does not warrant reconsideration of the Withdrawal Motion.

Further, as Mr. Dallas admits, BCLP served him with a copy of the Court's order granting the Withdrawal Motion the very next day. (Dallas Decl. ¶ 15.) BCLP's email to Mr. Dallas, attaching the Court's order, states: "we no longer represent MFS. [¶] The Court reminded MFS that it cannot appear unrepresented before the Court because it is an LLC. The Court ordered MFS to appear through substitute counsel by May 22, 2019. . . . Please provide the data that I emailed you about yesterday to MFS' new counsel." (Archibald Decl., Ex. 1.)

None of the email correspondence between BCLP and Mr. Dallas

demonstrates "new facts" warranting a reconsideration of the Withdrawal Motion.

**MFS's Failure to Oppose.** MFS disingenuously claims "Bryan Cave Fail[ed] to Give Proper Notice of Its Motion." (Mot. 8:15.) That statement is directly contradicted by MFS's own evidence. Mr. Dallas admits he received notice of the Withdrawal Motion, as well as BCLP's motion to shorten time on the Withdrawal Motion. (Dallas Decl. ¶¶ 9, 11.)

MFS's actual argument is that BCLP did not notify MFS of its deadline to oppose the motion, and did not serve MFS with its Notice of Non-Opposition (filed after MFS's deadline to oppose had passed). But neither warrants reconsideration.

First, as the Court's Order notes, BCLP complied with Local Rule 11-5: it provided "written notice . . . reasonably in advance to the client and to all other parties who have appeared in the case." (See, Order, Doc 89, 3:26-4:4.) MFS cites to no authority which requires BCLP to inform MFS of its deadline to oppose, or to serve a Notice of Non-Opposition, which was not filed until *after* MFS's deadline to oppose. No such requirement exists.

Further, Mr. Affeld, MFS's counsel, attests he has known of BCLP's intent to withdraw as counsel of record for MFS since April 3, 2019, even before BCLP filed its Withdrawal Motion, and further corresponded with BCLP about the Withdrawal Motion. (Affeld Decl. ¶ 6.) Mr. Affeld's failure to advise MFS of its deadline to oppose the Withdrawal Motion does not excuse MFS of its obligation to demonstrate reasonable diligence, nor is it a new "fact" or grounds for reconsideration.

Because MFS has failed to demonstrate any of the elements it was required to establish in bringing a motion for leave, its motion must be denied.

### III. MFS'S MOTION IS NOTHING MORE THAN A LITIGATION TACTIC FOR AN UNRELATED ACTION.

MFS's present motion is frivolous, given the current status of the proceedings, and the fact that MFS is now represented by new counsel. The parties

to this lawsuit have reached a settlement – all that remains is the Court's approval of the settlement.

In fact, MFS's motion demonstrates it does not seek a different result on the Withdrawal Motion – namely that BCLP continue to represent MFS – but seeks "reconsideration of those aspects of the Court's Order finding (a) that [BCLP] has never represented [Kidan] individually; (b) that [BCLP] had legitimate reasons to withdraw . . ., and (c) that [BCLP] complied with its obligations under the California Rules of Professional Conduct and Local Civil Rule 11-4 in seeking to withdraw." (Mot. 1:9-13.) MFS also seeks to disqualify BCLP as counsel for Chartwell in this action. (Mot. 14:13-23.)

MFS cannot seek BCLP's disqualification on a motion for leave to file a motion for reconsideration. Any such request is not properly before this court on a motion for leave to file a motion for reconsideration of the Withdrawal Motion.

In reality, MFS's motion is nothing more than a litigation tactic Kidan and his attorneys intend to use in the Trade Secret Litigation. MFS's attorneys represent Kidan, among other defendants, in the Trade Secret Litigation. Neither MFS nor this action has anything to do with the dispute in the Trade Secret Litigation. But, as Kidan and his lawyer admit, Kidan has filed a motion to disqualify BCLP as counsel for Chartwell in the Trade Secret Litigation, which is largely based on the same factual and legal contentions as the present motion.

Mr. Kidan apparently views the Court's ruling on the Withdrawal Motion as disadvantageous to the disqualification motion in the Trade Secret Litigation, which is why MFS's motion for leave seeks reconsideration of *only* those aspects of the Court's Order that may affect the disqualification motion. MFS wastes this Court's time and judicial resources in an effort to obtain a tactical advantage for a different case. The motion is frivolous and made in bad faith. The Court should deny leave to file the reconsideration motion.

## IV. CONCLUSION.

For the foregoing reasons, BCLP respectfully requests the Court deny MFS's motion for leave to file a motion for reconsideration.

Dated: June 3, 2019

Allison C. Eckstrom
Christopher J. Archibald
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Christopher J. Archibald*
  Christopher J. Archibald
Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.

**PROOF OF SERVICE**
CCP 1013a(3)
(*Gary Middle Rider v. Moving Solutions, Inc., et al.*)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On **June 3, 2019,** I caused the following document(s) described as:

**RESPONSE TO MOTION OF MANAGED FACILITITES SOLUTIONS, LLC FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER ALLOWING BRYAN CAVE LEIGHTON PAISNER LLP TO WITHDRAW**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| James Dal Bon, Esq.<br>Law Offices of James Dal Bon<br>606 North 1st Street<br>San Jose, CA 95112 | ***Attorneys for Plaintiff***<br><br>Phone:   650.630.2447<br>Email:    jdb@wagedefenders.net |
| Victoria L.H. Booke, Esq.<br>Law Offices of Booke & Ajlouny, LLP<br>606 North 1st Street<br>San Jose, CA 95112 | ***Attorneys for Plaintiff***<br><br>Phone:   408.286.7000<br>Email:    vbrooke@gmail.com |
| Richard D. Schramm, Esq.<br>Grainne M. Callan<br>Employment Rights Attorneys<br>1500 E. Hamilton Avenue, Suite 118<br>Campbell, CA 95008 | ***Attorneys for Defendant/Cross-Complainant, Moving Solutions, Inc.***<br><br>Phone: 408.796.7551<br>Email: rschramm@eralawyers.com<br>           gcallan@eralawyers.com |
| David W. Affeld, Esq.<br>Damion Robinson, Esq.<br>Affeld Grivakes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 90067 | ***Attorneys for Defendant/Cross-Defendant Managed Facilities Solutions, LLC***<br><br>Phone:   310.979.8700<br>Fax:       310.979.8701<br>Email:    dwa@agzlaw.com<br>              dr@agzlaw.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this

1 | Court at whose direction the service was made.

2 | Executed on **June 3, 2019**, at Irvine, California.

*Ginny Hamel* (signature)
Ginny Hamel

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414