UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA MIDDLE RIDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No. 17-CV-04015-LHK<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 102, 107 |

On March 8, 2019, Plaintiffs filed their motion for preliminary approval and their proposed Class Notice and Claim Form. ECF No. 77. At the May 23, 2019, preliminary approval hearing, the Court found the proposed Class Notice and Claim Form inadequate and instructed the parties to amend the proposed Class Notice and Claim Form by May 30, 2019. ECF No. 102. The Court warned that if the parties failed to file an adequate amended Class Notice or an adequate amended Claim Form, the Court would deny the motion for preliminary approval without prejudice. On May 30, 2019, the parties filed their amended Class Notice and amended Claim Form. ECF No. 107.

The Court finds the amended Class Notice inadequate. As an initial matter, the amended Class Notice does not clearly identify the causes of action and the relief available for each cause of

1
Case No. 17-CV-04015-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL WITHOUT PREJUDICE

action. Moreover, some of the information in the amended Class Notice is incomplete, inaccurate or contradictory. A few examples follow.

1. The "Return the Enclosed Claim Form" row of the "Summary of Your Legal Rights and Options in this Settlement" chart ("Chart") on page 2 of the amended Class Notice does not state that any class member who returns the enclosed Claim Form will receive the PAGA Payment.

2. Similarly, the "Submit a Claim Form To Receive Your Individual Settlement Payment" section on page 4 of the amended Class Notice does not state that any class member who returns the enclosed Claim Form will receive the PAGA Payment.

3. The "Exclude Yourself" row in the Chart does not state that individuals who exclude themselves will still receive the PAGA Payment.

4. Similarly, the "Exclude Yourself from the Settlement" section on page 4 of the amended Class Notice does not state that individuals who exclude themselves will still receive the PAGA Payment.

5. The "Object" row in the Chart does not state that no one can object to the PAGA settlement.

6. Although the "Do Nothing" row in the Chart describes the "PAGA penalty," which should be PAGA Payment, the "Do Nothing But You Will Not Receive Your Individual Settlement Payment" section on page 4 includes no information about the PAGA Payment.

7. The "Do Nothing" row in the Chart on page 2 mentions FLSA claims without defining FLSA until page 3.

8. Moreover, Plaintiffs do not explain that submitting the Claim Form constitutes opting in to the FLSA collective action until page 5, and the explanation is not clear.

9. Similarly, the "Return the Enclosed Claim Form" row in the Chart never explains that submitting the Claim Form constitutes opting in to the FLSA collective action.

10. The "Summary of Settlement's Main Terms" on page 3 does not explain the causes of action and never mentions FLSA.

The Court notes that the above described deficiencies are not exhaustive. Moreover, the first page of the amended Class Notice that consists of nearly all bold, all capitalized, and all underlined text of different font sizes is confusing and distracting.

Due process requires adequate notice before the claims of absent class members are released. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015). Notice must be written in "plain, easily understood language" and "generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Fed. R. Civ. P. 23(c)(2)(B); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citation omitted). Because the Class Notice and the amended Class Notice are inadequate, the Court DENIES Plaintiffs' motion for preliminary approval without prejudice.

If attorneys' fees are ultimately awarded in this case, the Court will not award attorneys' fees for repeated motions for preliminary approval and multiple attempts at drafting an adequate Notice to the class.

The Court sets a further case management conference for July 3, 2019 at 2:00 p.m., at which time the Court will set a new case schedule through trial.

**IT IS SO ORDERED.**

Dated: June 3, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge