# Exhibit A

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT**

*This is a Court-ordered Notice. You are not being sued. This notice affects your rights. Please read it carefully.*

To:   All current and former hourly, non-exempt employees who have worked for Chartwell Staffing Services, Inc., Moving Solutions, Inc., or Managed Facilities Solutions, LLC ("Defendants"), other than administrative office staff, in the State of California at any time from July 17, 2013 to [PRELIMINARY   APPROVAL DATE].

On [PRELIMINARY APPROVAL DATE], the Honorable Lucy H. Koh of the United States District Court, Northern District of California, granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members about the settlement. A final determination will be made by the Court at a Final Approval/Settlement Fairness Hearing. You have received this notice because Defendants' records indicate that you are a Class Member and, therefore, entitled to a payment from the settlement.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www. _____ .com, by contacting class counsel at (408) 466-5845, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO **NOT** TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **RETURN THE ENCLOSED CLAIM FORM** | You will receive your Individual Settlement Payment and PAGA Payment, and you will release the Released Claims against Defendants. By submitting a claim form, you also will be opting into a collective action settlement under the Fair Labor Standards Act ("FLSA"). |
| **DISPUTE THE NUMBER OF TOTAL WEEKS WORKED** | If you dispute the listed number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and [PRELIMINARY APPROVAL DATE] ("Class Period"), you may contact the Settlement Administrator to provide additional information and resolve the dispute. You will be paid your Individual Settlement Payment and PAGA Payment, or an adjusted amount. |
| **DO NOTHING** | You will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment. You will release the Released Claims against Defendants, but you will **not** release your claims under the FLSA. |
| **EXCLUDE YOURSELF** | You will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment. You will retain any rights to sue for the Released Claims against Defendants. You will **not** be able to object to the Settlement. |

1

| | |
|---|---|
| **OBJECT** | Following the procedures described below, you will tell the Court why you don't agree with the Settlement, except you cannot object to the portion of the settlement relating to the PAGA Payment. The Court may or may not agree with your objection. However, if the Court does not agree with your objection, you may still be paid your Individual Settlement Payment and PAGA Payment. |
| **HOW MUCH CAN I GET?** | The number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and [PRELIMINARY APPROVAL DATE] ("Compensable Workweeks") is _____. Your estimated Individual Settlement Payment is $ _____, and your estimated PAGA Payment is $ _____.<br><br>*You will only receive a PAGA Payment if you worked for Defendants between December 13, 2017 and [PRELIMINARY APPROVAL DATE] (the "PAGA Settlement Period.") If you did not work for Defendants during the PAGA Settlement Period, you are not eligible to receive a PAGA Payment, so your PAGA Payment amount indicated above will be $0.* |

## SUMMARY OF THE LITIGATION

The Lawsuit was filed on July 17, 2017 by Plaintiff Gary Middle Rider, and subsequently amended to add Robert Garza, Albert Arellano, and Jose Don Coronado as plaintiffs ("Plaintiffs"). Plaintiffs' operative Complaint alleges the following claims and requested relief on behalf of all current and former hourly, non-exempt employees, other than administrative office staff, who worked for Defendants in California during the Class Period: (1) unpaid overtime wages for time spent by employees working "off the clock" in violation of California Labor Code §§ 510 and 1198 and the FLSA; (2) unpaid regular and minimum wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of California Labor Code §§ 1194, 1197, and 1197.1 and the FLSA; (3) unpaid meal period premiums for failure to provide compliant meal periods in violation of California Labor Code §§ 226.7 & 512(a); (4) unpaid rest period premiums for failure to authorize and permit compliant rest periods in violation of California Labor Code § 226.7; (5) waiting-time penalties for failure to pay all wages due upon termination of employment in violation of California Labor Code §§ 201, 202, and 203; (6) wage statement penalties for failure to provide accurate, itemized wage statements in violation of California Labor Code § 226; (7) restitution for violations of California Business & Professions Code §§ 17200, *et seq.*; and (8) civil penalties for violations of the California Labor Code pursuant to the California Private Attorneys General Act ("PAGA").

The Court has not made any rulings regarding the merits of the case. After engaging in extensive investigation and an all-day mediation before an experienced mediator, Plaintiffs and Defendants agreed to a class settlement that was preliminarily approved by the Court on [PRELIMINARY APPROVAL DATE]. Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the class, James Dal Bon of the Law Office of James Dal Bon and Victoria Booke of Booke & Ajlouny ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. Although Class Counsel believes that the claims alleged in this lawsuit have merit, Class Counsel also recognizes that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believes that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Defendants have denied and continue to deny the factual and legal allegations in the case and believe that they have valid defenses to Plaintiffs' claims. By agreeing to settle, Defendants are not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendants have agreed to settle the case as part of a compromise with Plaintiffs.

## SUMMARY OF SETTLEMENT'S MAIN TERMS

As noted above, Plaintiffs' operative Complaint alleges various claims under the California Labor Code and FLSA for failure to pay minimum, regular, and overtime wages, failure to pay meal and rest period premiums, failure to pay all wages due upon termination, and failure to provide accurate, itemized wage statements, as well as claims for statutory and civil penalties. In exchange for the release of claims against them and final judgment on the Lawsuit, Defendants will pay up to

Four Hundred Seventy Thousand Dollars ($470,000) ("Maximum Settlement Fund"). After the Class Counsel Award, Class Representative Enhancements, PAGA Settlement Amount, Employer's Taxes, and settlement administration costs are deducted from the Maximum Settlement Fund, the remaining Net Settlement Amount will be distributed to Settlement Class Members who submit Claim Forms. Subject to Court approval, the Maximum Settlement Fund will be allocated at follows:

- **Individual Settlement Payments**: Settlement Class Members who submit a timely and valid Claim Form are eligible to receive money from the Net Settlement Amount. Each estimated payment is the pro-rata allocation of the Net Settlement Amount based on your Compensable Workweeks, which equals the number of workweeks during which you worked for Defendants as an hourly, non-exempt employee in the State of California during the Class Period. Your estimated minimum payment is listed in the Summary of Your Rights and Options in This Settlement above, but may increase somewhat based on the actual number of Claim Forms received by the settlement administrator. Required withholdings will be withheld from the Individual Settlement Payments. By cashing the Individual Settlement Payment, you will be opting into a collective action settlement under the FLSA. Any checks issued to Settlement Class Members shall remain valid and negotiable for one-hundred and eighty (180) days from the date of their issuance. After that time, all funds represented by uncashed checks shall be submitted to the State of California unclaimed property fund in the payees' names.

- **PAGA Payment**: Plaintiffs and Defendants have agreed to allocate $10,000 of the Maximum Settlement Fund to resolve the Plaintiffs' PAGA claims, with seventy-five percent (75%) being paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the PAGA Releasees. You will receive a PAGA Payment if you worked for Defendants during the PAGA Settlement Period, you are a PAGA Releasee and will receive a PAGA Payment. The PAGA Releasees' PAGA Payment amount will be based on a pro rata allocation of the $2,500 paid to the PAGA Releasees based on their Compensable Workweeks during the PAGA Settlement Period. PAGA Releasees will receive their PAGA Payment Check even if they do not submit a Claim Form. PAGA Releasees may not exclude themselves from or object to the PAGA Settlement. This amount will be paid from the Maximum Settlement Fund.

- **Class Representative Service Awards**: The Named Plaintiffs Gary Middle Rider (who is deceased and has been replaced by his wife, Barbara Middle Rider), Robert Garza, Albert Arellano, and Jose Don Coronado will request from the Court an award of $5,000 each ($20,000 total) in recognition of their efforts and risks in assisting with the prosecution of the Lawsuit and in return for executing General Releases of Defendants. Defendants do not object to this requested award. These amounts will be paid from the Maximum Settlement Fund.

- **Class Counsel Award**: Class Counsel will request from the Court: (1) one-fourth of the Maximum Settlement Fund ($117,500 of $470,000) as attorneys' fees for litigation and resolution of this Lawsuit, and (2) $8,500 for costs and expenses, as supported by declaration. Defendants do not object to the requested fees and costs. This amount will be paid from the Maximum Settlement Fund.

- **Employers' Taxes**: The employers' share of corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that are owed on the Individual Settlement Payments will be paid from the Maximum Settlement Fund ("Employers' Taxes"). The Employers' Taxes are estimated to be $7,816.40.

- **Settlement Administration**: The cost of settlement administration is approximately $16,000, which pays for tasks such as mailing and tracking this Notice and the Claim Form, mailing checks and tax forms, and reporting to the parties and the Court. This amount will be paid from the Maximum Settlement Fund.

**YOUR OPTIONS UNDER THE SETTLEMENT**

*Submit a Claim Form To Receive Your Individual Settlement Payment*

You must take action to receive your Individual Settlement Payment. However, if you dispute the number of Compensable Workweeks, as stated above, you may contact the Settlement Administrator with the details of your dispute, including any supporting information or documentation, no later than [date]. If you submit a Claim Form, you will receive your Individual Settlement Payment, calculated based on the Compensable Workweeks as identified in this Notice, as well as your PAGA Payment. By submitting a claim form, you will be bound by the terms of the Settlement, including a release of the Released Claims, and will be opting into a collective action settlement under the FLSA.

### *Do Nothing But You Will Not Receive Your Individual Settlement Payment*

If you do nothing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment. By doing nothing, you will release the Released Claims against Defendants, except you will not release your FLSA claims.

### *Exclude Yourself from the Settlement*

You have the right to request exclusion from the settlement. If you do not wish to participate in the Settlement, you may exclude yourself by submitting a written request for exclusion no later than [date]. The written request for exclusion: (1) must contain your name, address, telephone number and the last four digits of the Social Security number; (2) must be postmarked no later than [date] and returned to the Settlement Administrator at the address of facsimile number listed below; and (3) must describe your intent to request exclusion, opt out, or words to that effect.

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK
c/o Settlement Administrator
Mailing Address
Telephone numbers
E-mail: [e-mail address]

If you submit a valid and timely request for exclusion, you will not receive an Individual Settlement Payment, but you will receive your PAGA Payment. By excluding yourself from the Settlement, you may not object to the Settlement, and you will retain your right to sue Defendants for the Released Claims.

### *Object to the Settlement, Attorneys' Fees and Costs, and/or Class Representative Service Awards*

Any Settlement Class Member may object to the settlement and/or Class Counsel's request for attorneys' fees and costs and Class Representative Enhancements and appear at the hearing where the Court will make a final decision on (1) whether or not to approve the settlement, and (2) what attorneys' fees and costs and Class Representative Enhancements to award (the "Final Approval Hearing"). The Final Approval Hearing is scheduled to take place on [date], at [time] in Courtroom 8 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113. Please note the date and time for this hearing is subject to change without further notice being sent to you. You should check the settlement website above and/or the Court's PACER site to confirm that the date has not been changed.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you wish to object, you must do so in writing. All written objections must (a) contain your name and address; (b) last four digits of your Social Security number; (c) the basis for your objection; (d) state whether you intend to appear at the Final Approval Hearing; (e) clearly identify the case name and number (*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK); and (f) be mailed to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, postmarked on or before [date].

You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

## CLAIMS TO BE RELEASED UNDER THE SETTLEMENT

The settlement, if finally approved by the Court, will bind all Settlement Class Members who do not request to be excluded from the settlement. Final approval of the settlement will bar any Settlement Class Member who does not request to be excluded from the settlement from hereafter initiating a lawsuit regarding a claim originating from July 17, 2013 through [PRELIMINARY APPROVAL DATE], which is based on the facts alleged in the operative Complaint. Specifically, the Released Claims are all causes of action that were alleged or could have been alleged based on the facts in the operative Complaint, including all of the following claims for relief: 1) failure to pay minimum, regular, and overtime wages in violation of California Labor Code §§ 510, 1198, 1194, 1197, and 1197.1; 2) failure to provide, authorize, permit and /or make available meal and rest periods in violation of California Labor Code §§ 226.7 and 512; 3) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; 4) failure to pay all wages upon termination in violation of California Labor Code §§ 201-204; 5) violation of California Business and Professions Code §§ 17200, *et seq.*; 6) claims for civil penalties pursuant to PAGA; 7) any other claims, penalties, premiums, or injunctive relief under the laws pleaded in the operative Complaint; and 8) all damages, penalties, interest and other amounts recoverable under said causes of action under California law.

In addition, Settlement Class Members who submit Claim Forms will opt in to the collective action, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b) and release the FLSA claims that were pleaded in the operative Complaint or that could have been pleaded based on the facts alleged in the operative Complaint, including those for failure to pay minimum, regular, and/or overtime wages, under the FLSA arising at any time between July 17, 2014 through [PRELIMINARY APPROVAL DATE].

## ADDITIONAL INFORMATION

The foregoing is only a summary of the settlement. To see a copy of the Stipulation of Class Action Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the Lawsuit), the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, the operative Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this Settlement, you may view all such files at www. _____ .com or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at [_____] or Class Counsel:

**SETTLEMENT ADMINISTRATOR**
Mailing Address
Telephone numbers
E-mail: [e-mail address]

**CLASS COUNSEL**
James Dal Bon (SBN 157942)
LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 466-5845
Facsimile: (408) 286-7111
jdb@wagedefenders.net

**CLASS COUNSEL**
Victoria L.H. Booke (SBN 142518)
BOOKE & AJLOUNY
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 286-7000
Facsimile: (408) 286-7111
vbooke@bookelaw.com