James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone: (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**
606 North First Street
San Jose, CA 95112
Telephone: (408) 286-7000

Attorneys for Plaintiffs and the Settlement Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO, <br><br> PLAINTIFFS AND PUTATIVE PLAINTIFFS <br><br> Plaintiffs, <br><br> v. <br><br> MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California <br><br> Defendants. | Case No. 17-CV-04015 LHK <br><br> **[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING CLASS SETTLEMENT** <br><br> Hon. Lucy H. Koh <br><br> Date: <br> Time: <br> Courtroom: 8 <br> Location: San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113 |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Plaintiff's unopposed motion to certify a settlement class and to approve a PAGA settlement and preliminarily approve a class settlement came on for hearing before this Court on [INSERT DATE], the Honorable Lucy H. Koh presiding. Having fully considered the papers submitted in support of the motion and having carefully analyzed the Joint Stipulation of PAGA and Class Action Settlement, the Notice of PAGA and Class Action Settlement, and the Claim Form and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of a proposed class action settlement, the Court hereby GRANTS Plaintiff's motion as follows:

## BACKGROUND OF THE LAWSUIT

1. This class action lawsuit alleges that Defendants Moving Solutions, Inc., Managed Facilities Solutions, LLC, and Chartwell Staffing Services, Inc. ("Defendants") violated applicable provisions of the Fair Labor Standards Act, California Labor Code, the California Business and Professions Code and the California Industrial Welfare Commission's (the "IWC") Wage Orders with respect to California non-exempt employees who engaged in office moving duties with respect to the following: (1) Failure to Pay all Wages Under the Fair Labor Standards Act; (2) Failure to Pay All Wages Including California Overtime Wages; (3) Failure to Pay All Wages at the End of Employment; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Provide Meal and Rest Breaks; (6) Violation of California Unfair Competition Law; and (7) violation of the Private Attorneys General Act of 2004 ("PAGA").

2. Through substantial formal and informal discovery, Defendants provided Plaintiffs' counsel with thousands of pages of time and payroll records, the written policies relevant to Plaintiffs' claims, aggregate class member data during the relevant time period, and extensive documents indicating the financial condition of Defendants Chartwell and Managed Facilities Solutions, LLC.

3. On November 30, 2018, the Parties attended private mediation with

Hon. Jacobs-May (Ret.), where the Parties reached a settlement, as provided herein, to resolve Plaintiffs' claims on a class and representative action basis.

4. Following execution of the Memorandum of Understanding, the Parties negotiated and executed a Joint Stipulation of PAGA and Class Action Settlement (the "Settlement Agreement"), filed with the Court on [INSERT DATE]. A true and correct copy of the fully-executed Settlement Agreement is attached as Exhibit 1 to the Declaration of [NAME] ("[NAME] Declaration") The Settlement Agreement provides for the full settlement and release of all PAGA, class and representative claims encompassed by the Complaint, the First Amended Complaint, the Second Amended Complaint, the Third Amended Complaint, and otherwise sets forth the terms of the proposed Settlement which is before the Court for approval. Defendants continue to deny all allegations of wrongdoing, and do not admit or concede that they have, in any manner, violated the Fair Labor Standards Act, California Labor Code, the California Unfair Competition Law, any Wage Orders or any other law. Defendants also deny that this case is appropriate for class action treatment other than for purposes of settlement.

## CERTIFICATION OF SETTLEMENT CLASS

5. Based on the findings and conclusions set forth below in Subparagraphs (a)-(e) of Paragraph 6, the Court determines that this case meets the requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement, and hereby orders that this case is certified as a class action, for purposes of settlement only, on behalf of the following class: "All current and former hourly, non-exempt employees, except for administrative office staff, who are employed or have been employed by Defendants in the State of California from July 17, 2013 through the date the Preliminary Approval Order is entered by the Court." The class does not include Chartwell's employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

6. The findings and conclusions that follow are based on the Court's consideration of: the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and declaration; the allegations, information, arguments, and authorities provided in connection with the Complaints filed in this case; Defendants' agreement, for settlement purposes only, not to oppose certification of the settlement class specified in the Settlement Agreement; the terms of the Settlement; and the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

   a. <u>Numerosity</u>. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are more than 1,000 class members. Settlement Class Members' identities can be ascertained from Defendants' records.

   b. <u>Common Questions of Law or Fact</u>. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to: whether Defendants have violated the Fair Labor Standards Act; whether Defendants violated California Labor Code §§ 226.2, 510, and 1194 by failing to pay employees for all hours worked; whether Defendants violated California Labor Code §§ 226.2, 1194, 1194.2, 1194.3, 1197 and 1197.1 by failing to pay minimum wage for all hours worked; whether Defendants violated California Labor Code §§ 226, 226.2 and 226.3 by failing to provide accurate wage statements; whether Defendants violated California Labor Code §§ 510 and 1194 and IWC Wage Order 4 by failing to pay overtime compensation; whether Defendants violated California Labor Code §§ 226.7 and 512 and IWC Wage Order 4 by failing to provide rest and meal periods; whether Defendants are liable for waiting time penalties pursuant to California Labor Code §§ 201, 202, 203; whether Defendants violated California Labor Code § 558; whether Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to pay

minimum wages and overtime wages and failing to provide meal and rest breaks.

   c. <u>Typicality of the Representative Plaintiffs' Claims</u>. The Court finds that, for purposes of this settlement only, the claims of Plaintiffs are typical of the claims of the Class, in that their claims arise from the same alleged events and course of conduct as the claims of the Class, and are based on the same legal theories.

   d. <u>Fair and Adequate Representation of the Class's Interests</u>. The Court finds that, for purposes of this settlement only, the Representative Plaintiffs will fairly and adequately represent the Class's interests, in that the Representative Plaintiffs for purposes of this settlement have the same interests as all members of the Class, have diligently and zealously prosecuted this action to date, and are represented by experienced and competent attorneys who have the resources necessary to represent the Class. The Court hereby appoints Plaintiffs as the Class Representatives, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

   e. <u>Predominance and Superiority of the Class Action Procedure</u>. The Court concludes that, for purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of the controversy.

  7. <u>Appointment of Class Counsel</u>. The Court hereby appoints, for purposes of this settlement only James Dal Bon of Law Offices of James Dal Bon and Victoria L.H. Booke of Law Offices of Booke & Ajlouny, LLP as counsel for the settlement class ("Class Counsel"). In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Class Counsel have extensive experience in handling class actions and the types of claims asserted in this action;

that Class Counsel is very knowledgeable of the applicable law; and that Class Counsel have committed and will continue to commit adequate resources to representing the Class.

8. <u>Appointment of Settlement Administrator</u>.  The Court appoints KCC, LLC as the Settlement Administrator.

**PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

9. The Court has reviewed the terms of the Settlement and the description of the Settlement set forth in Plaintiffs' moving papers. Based on that review, the Court concludes that the Class Settlement has no obvious deficiency, appears to be fair, reasonable, and adequate, and is within the range of possible settlement approval such that notice of the proposed class settlement to the Class is appropriate.

10. The Court has read and considered the [NAME] Declaration in support of the Motion for preliminary approval. Based on the Court's review of that Declaration, the Court finds that the Settlement was negotiated at arms-length and is not collusive. The Court further finds that Class Counsel were adequately informed about Defendants' financial condition and the strengths and risks of the Class's case when they entered into the Settlement, and that they entered into the Settlement only after conducting extensive informal and formal discovery and investigation, which included interviewing the plaintiffs and other current and former employees of Defendants in California, reviewing and analyzing extensive work and payroll data for the Class produced by Defendants in the course of discovery, and estimating potential Class recoveries on a per week or pay period basis based thereon.

11. As to the proposed distribution plan for the Net Settlement Fund ("Distribution Plan") set forth in the Agreement, the Court has read and considered the [NAME] Declaration and finds that the proposed Distribution Plan does not improperly grant preferential treatment to any segment of the Class. The Plan is rationally and reasonably related to the relative strengths and weaknesses of the claims asserted and the associated potential recoveries.

12. The Court further finds on a preliminary basis that the payment of the Incentive Awards of $5,000 each to the Representative Plaintiffs contemplated by the Settlement is proper, fair, and reasonable in consideration of the facts that the Representative Plaintiffs spent significant amounts of time assisting Class Counsel in investigating and preparing the Class's claims, searching for and producing documents, and that the Representative Plaintiffs provided an extensive individual release to Defendants, in addition to the releases provided by all Settlement Class Members.

13. Accordingly, the Court hereby GRANTS preliminary approval to the Class Settlement.

**APPROVAL OF THE PAGA SETTLEMENT**

14. The Court hereby grants approval of the PAGA Settlement, including the settlement and release of the PAGA Claims, as defined in the Settlement Agreement, and the payment of Ten Thousand Dollars ($10,000) from the Maximum Settlement Fund to resolve the PAGA Claims ("PAGA Payment"). The Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or $7,500, to the California Labor and Workforce Development Agency ("LWDA") no later than ten (10) calendar days after the Funding Date. Twenty-five percent (25%), or $2,500, shall be distributed pro rata to all PAGA Releasees, based on the number of weeks worked by a PAGA Releasee, as a fraction of the total weeks worked by all PAGA Releasees. PAGA Releasees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims. The payment to each PAGA Releasee shall be made in the form of a check to be mailed to each of them no later than ten (10) calendar days after the Funding Date.

15. Any PAGA Payment Checks that are not cashed within 180 days shall escheat to the State of California and be submitted to the State of California unclaimed property fund in the name of the PAGA Releasee who is the payee of the

check pursuant to California Code of Civil Procedure section 1510 et seq.

16. All PAGA Claims are hereby dismissed with prejudice as to the Plaintiff and all PAGA Releasees.  The claims in this Action and the PAGA Claims of each PAGA Releasee against Defendants, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement.  All PAGA Releasees are permanently enjoined from pursuing or seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement to the maximum extent permitted by law.

## APPROVAL OF CLASS NOTICE AND CLAIM FORM

17. Plaintiffs have submitted for the Court's approval a proposed form of Class Notice and Claim Form that have been jointly agreed upon by the Parties (see Settlement Agreement, Exhs. 1 and 2). The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Settlement Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The Parties' proposed plan for distributing the Class Notice and Claim Form set forth in the Settlement Agreement likewise appears to be a method that is reasonably calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, a Settlement Administrator will distribute the Class Notice and Claim Form to Settlement Class Members by U.S. First Class Mail. There appears to be no additional method of distribution that would be reasonably likely to result in the receipt of notice by Settlement Class Members who may otherwise not receive notice pursuant to the proposed distribution plan.

18. Accordingly, the Court HEREBY ORDERS that the Parties' proposed forms and manner of distributing notice to the Class is approved. The Court directs the mailing of the Class Notice and Claim Form by first-class mail to the Settlement Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates and process selected for the mailing and distribution of the

1  Notice and Claim Form, as set forth in the Implementation Schedule and the
2  Settlement Agreement, meet the requirements of due process and provide the best
3  notice practicable under the circumstances and shall constitute due and sufficient
4  notice to all persons entitled thereto.

5       19.   The Court orders the following Implementation Schedule for further
6  proceedings:

7       a.   Within ten (10) business days from the entry of this Preliminary
8  Approval Order, Defendants shall provide to the Settlement Administrator a
9  Microsoft Excel spreadsheet that includes the following information for each
10 Settlement Class Member: (1) full name; (2) last known address; (3) last known
11 home telephone number; (4) Social Security number; and (5) number of weeks
12 worked during the Class Period.

13      b.   Upon receipt of the Class Data, the Settlement Administrator will
14 perform a search based on the National Change of Address Database and/or similar
15 database(s) to update and correct any known or identifiable address changes.  No
16 later than seven (7) calendar days after receiving the Class Data from Defendants as
17 provided herein, the Settlement Administrator shall mail copies of the Notice Packet
18 to all Settlement Class Members via regular First Class U.S. Mail.  The Settlement
19 Administrator shall exercise its best judgment to determine the current mailing
20 address for each Settlement Class Member.  The address identified by the
21 Settlement Administrator as the current mailing address shall be presumed to be the
22 best mailing address for each Settlement Class Member.  In the event more than one
23 address is identified, then the Settlement Administrator shall mail to each potentially
24 valid address.

25      c.   Any Notice Packets returned to the Settlement Administrator as
26 non-delivered on or before the Response Deadline shall be re-mailed to the
27 forwarding address affixed thereto.  If no forwarding address is provided, the
28 Settlement Administrator shall promptly attempt to determine a correct address by

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

lawful use of skip-tracing, or other search using the name, address and/or Social Security number of the Settlement Class Member involved, and shall then perform a re-mailing, if another mailing address is identified by the Settlement Administrator. Settlement Class Members who received a re-mailed Notice Packet shall have their Response Deadline extended ten (10) calendar days from the original Response Deadline.

      d.    Claim Forms must be completed and postmarked on or before the expiration of the Response Deadline and returned to the Settlement Administrator, in compliance with the terms of the Settlement Agreement and Class Notice. Settlement Class Members who submit a Claim Form shall be deemed to have consented to join the Action pursuant to the FLSA and released their claims under the FLSA as described in this Agreement to the extent required by law. Settlement Class Members who do not return a valid Claim Form with a postmark date on or before the expiration of the Notice Period are not entitled to an Individual Settlement Payment but shall remain subject to the release of the Released Claims as defined in this Agreement to the maximum extent permitted by law.

      e.    Requests for exclusion from the Settlement must be postmarked on or before the expiration of the Response Deadline and returned to the Settlement Administrator, in compliance with the terms of the Settlement Agreement and Class Notice. Any Settlement Class Member may seek exclusion from the Settlement, except the PAGA portion of the settlement as provided in the Settlement Agreement. Requests for exclusion that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

      f.    Objections to the Class Settlement must be filed with the Court by the close of the Response Deadline in compliance with the terms of the Settlement Agreement and Class Notice. Objections must state the specific grounds on which they are being made and include all supporting facts. If an objector intends

USA01\12381833

9

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING CLASS SETTLEMENT – 17-CV-04015-LHK

to appear at the Final Approval Hearing, either in person or through an attorney, the objector must file and serve with the objection a notice of intention to appear at the Final Approval Hearing. Objections that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be considered.

## **FINAL APPROVAL HEARING REGARDING CLASS SETTLEMENT**

20.  A Final Approval and Fairness Hearing on the separate questions of whether (i) the proposed Class Settlement, (ii) the proposed award of Class Counsel's Fees and Expenses to Class Counsel, and (iii) the proposed Class Representatives' Incentive Awards should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled for ___ a.m./p.m. on _____ 2019, in the Courtroom of the Honorable Lucy H. Koh. All briefs and materials in support of an Order Granting Final Approval of the Class Settlement, an Order Granting Class Counsel's Attorneys' Fees and Costs, and an Order granting the Class Representatives' Incentive Awards shall be filed and served by _____, 2019.

21.  If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date of the Settlement does not occur for any reason, the Settlement Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in conjunction therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement Agreement.

22.  This Order, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing or the appropriateness of class certification in the non-settlement context in this Action or in any other proceeding. The Settlement and this Agreement shall have no impact on the validity or enforceability

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

of the Arbitration Agreements entered into by some of the Settlement Class Members, and the settlement shall not prejudice Defendants or the Released Parties from seeking to enforce such Arbitration Agreements.

23. Pending further order of this Court, all proceedings in this matter other than those contemplated herein and in the Settlement Agreement are stayed.

24. This Court reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated: _____, 2019

THE HONORABLE LUCY H. KOH,
UNITED STATES DISTRICT COURT JUDGE

USA01\12381833

11

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING CLASS SETTLEMENT – 17-CV-04015-LHK