United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA MIDDLE RIDER, ALBERT ARELLANO, ROBERT GARZA, JOSE DON CORONADO,<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, INC, et al.,<br><br>Defendants. | Case No. 17-CV-04015-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 121 |

Plaintiffs' first motion for preliminary approval ("First Motion for Preliminary Approval"), filed on March 8, 2019, came on for hearing before this Court on May 23, 2019. *See* ECF Nos. 77 & 104. On May 23, 2019, at the preliminary approval hearing, the Court ordered the parties to file supplemental information and an amended Class Notice and Claim Form because the proposed Class Notice and Claim Form were inadequate. ECF No. 102. The Court stated that if the parties failed to file an adequate amended Class Notice or an adequate amended Claim Form, the Court would deny the motion for preliminary approval without prejudice. On May 30, 2019, the parties filed a supplemental brief, an Amended Class Notice, and an Amended Claim Form. ECF No. 107. On June 3, 2019, the Court denied Plaintiffs' First Motion for Preliminary Approval without

Case No. 17-CV-04015-LHK
ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR PRELIMINARY APPROVAL

1   prejudice. ECF No. 110. Specifically, the Court found the Amended Class Notice inadequate

2   because, among other reasons, the Amended Class Notice did not clearly identify the causes of

3   action and the relief available for each cause of action. *Id.* Moreover, some of the information in

4   the amended Class Notice was incomplete, inaccurate, or contradictory. *See id.*

5       On June 29, 2019, Plaintiffs filed the instant second motion for preliminary approval

6   ("Second Motion for Preliminary Approval"). ECF No. 121. Included with Plaintiffs' Second

7   Motion for Preliminary Approval is a Second Amended Claim Form, ECF No. 121-2, and a

8   Second Amended Class Notice, ECF No. 123-1. The Court held a hearing on the Second Motion

9   for Preliminary Approval on July 18, 2019.

10      On July 18, 2019, Defendant Moving Solutions, Inc. filed a Third Amended Class Notice

11  and a Third Amended Claim Form. ECF No. 129.

12      Having fully considered the papers submitted in support of the Second Motion for

13  Preliminary Approval, the Court hereby DENIES without prejudice Plaintiffs' Second Motion for

14  Preliminary Approval.

15      In reviewing the record in this case, the Court finds a flaw in the Settlement Agreement

16  itself. The Settlement Agreement defines "Released Claims" as all the claims that "are alleged,

17  related to or that reasonably could have arisen out of the same facts alleged in the Action,"

18  including claims under the Fair Labor Standards Act ("FLSA"). ECF No. 77-8. The problem is

19  that any class member who does not return the Claim Form will release the "Released Claims,"

20  but will not release the FLSA claims. This is inherently contradictory because "Released Claims"

21  by definition includes the FLSA claims. The parties try to side step this issue in the Class Notice

22  by discussing the release of the Released Claims separately from release of the FLSA claims, but

23  that is simply not possible.

24      Moreover, this release is overly broad because it releases claims that are "related to" the

25  facts alleged in the instant action. This release conflicts with Ninth Circuit precedent, which only

26  allows release of claims "where the released claim[s] [are] based on the identical factual predicate

27  as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590

*United States District Court*
*Northern District of California*

28

2

Case No. 17-CV-04015-LHK
ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR PRELIMINARY APPROVAL

United States District Court
Northern District of California

1    (9th Cir. 2010) (internal quotation marks omitted); *see also Chavez v. PVH Corp.*, 2015 WL

2    581382, at *6 (N.D. Cal. Feb. 11, 2015) (where "the release in a settlement agreement does not

3    limit released claims to those arising out of the facts alleged in the complaint, denial of . . .

4    approval [to] the settlement is appropriate."). "Related to" is broader than "based on."

5         The parties must correct the definition of "Released Claims" in their Settlement

6    Agreement. In a Third Motion for Preliminary Approval, the parties should define "Released

7    Parties" in the Class Notice. The parties should also use consistent language. For example, the

8    current Settlement Agreement uses the term "Class Representative Enhancements," but the

9    parties' Class Notice uses both the terms "Class Representative Service Awards" and "Class

10   Representative Enhancements." As previously discussed, the parties should be wary of using

11   defined terms before actually defining those terms.

12        If attorneys' fees are ultimately awarded in this case, the Court will not award attorneys'

13   fees for repeated motions for preliminary approval and multiple attempts at drafting an adequate

14   Class Notice.

15        The Court sets a further case management conference for October 2, 2019 at 2:00 p.m.

16   **IT IS SO ORDERED.**

17

18   Dated: July 20, 2019

19   _Lucy H. Koh_
     _____
20   LUCY H. KOH
     United States District Judge

21

22

23

24

25

26

27

28

Case No. 17-CV-04015-LHK
ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR PRELIMINARY APPROVAL