*EXHIBIT B*

James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone: (408) 466-5845

Attorneys for Plaintiffs and the Class

*(Additional Counsel on Next Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO dba JOSE DON CORONADO, BARARA.MIDDLE RIDER<br><br>PLAINTIFFS AND CLASS ACTION<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC. a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**JOINT STIPULATION OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT**<br><br>Hon. Lucy H. Koh |

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY**
606 North First Street
San Jose, CA 95112
Telephone: (408) 286-7000

Attorneys for Plaintiffs and the Class

Richard D. Schramm, California Bar No. 151696
**EMPLOYMENT RIGHTS ATTORNEYS**
1500 E. Hamilton Avenue, Suite 118
Campbell, CA 95008
Telephone: (408) 796-7551

Attorneys for Defendant
MOVING SOLUTIONS, INC

Alexander Lawrence Conti #155945
**Conti Law**
23 Corporate Plz Ste 150
Newport Beach, CA 92660
Telephone (949) 791-8555
Fax (949) 791-8556

Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.

David W. Affeld, California Bar No. 123922
Damion Robinson, California Bar No. 262573
**AFFELD GRIVAKES LLP**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (310) 979-8700
Fax (310) 979-8701

Attorneys for Defendant
MANAGED FACILITIES SOLUTIONS, LLC

This Joint Stipulation of Class/Collective Action and PAGA Settlement and

Release of Claims is entered into by and between Plaintiffs Barbara Middle Rider,

Robert Garza, Albert Arellano, and Dan Coronado, individually and on behalf of

the Class Members, and Defendants Moving Solutions, Inc., Managed Facilities Solutions, LLC, and Chartwell Staffing Services, Inc.

**I. DEFINITIONS**

A. "Agreement" or "Settlement Agreement" means this Joint Stipulation of Class/Collective Action and PAGA Settlement and Release of Claims.

B. "Action" means the lawsuit, entitled *Gary Middle Rider et al. v. Moving Solutions et al.* filed on July 17, 2017 in the United States District Court for the Northern District of California (Case No. 5:17-cv-04015-LHK).

C. "CAFA Notice" shall mean the notice of this Agreement required to be served by Defendants on the appropriate federal and state agencies as required by 28 U.S.C. § 1715(b).

D. "Claim Form" means the Claim Form, as set forth in **Exhibit 2** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members and include English and Spanish translations.

E. "Claimant" means a Class Member who timely submits a valid and complete Claim Form to the Settlement Administrator.

F. "Class Counsel" means Law Office of James Dal Bon and Booke & Ajlouny.

G. "Class Counsel Award" means attorneys' fees for Class Counsel's litigation and resolution of this Action and their expenses and costs incurred in connection with the Action, paid from the Maximum Settlement Fund.

H. "Class Data" means information regarding Class Members that Defendants will, in good faith, compile from their records and provide to the Settlement Administrator. It shall be formatted as a Microsoft Excel spreadsheet and shall include the following information for each Class Member: (1) full name; (2) last known address; (3) last known home telephone number; (4) Social Security number; and (5) number of weeks worked during the Class Period.

I. "Class Members" or "Class" means all current and former hourly, non-exempt employees who are employed or have been employed by Defendants in the

1   State of California during the Class Period, except for administrative office staff.

2   Class Members do not include Defendant Chartwell's employees who were not

3   placed to work for Defendant Moving Solutions, Inc. or Defendant Managed

4   Facilities Solutions, LLC.

5   J.    "Class Period" means the period from July 17, 2013 through the Preliminary

6   Approval Date.

7   K.    "Class Representative Enhancements" means the amounts that the Court

8   authorizes to be paid to Plaintiffs, in addition to their Individual Settlement

9   Payments, in recognition of their efforts and risks in assisting with the prosecution

10  of the Action and in exchange for executing the General Release provided herein.

11  L.    "Class Representatives" means Plaintiffs in their capacities as the

12  representatives of the Class Members.

13  M.    "Compensable Workweeks" means the total number of workweeks (full or

14  partial) during which Class Members worked for Defendants during the Class

15  Period based on Defendants' Records.

16  N.    "Court" means the United States District Court for the Northern District of

17  California.

18  O.    "Defendant Chartwell" means Chartwell Staffing Services, Inc.

19  P.    "Defendant Managed Facilities Solutions, LLC" means Managed Facilities

20  Solutions, LLC.

21  Q.    "Defendant Moving Solutions, Inc." means Moving Solutions, Inc.

22  R.    "Defendants" means Moving Solutions, Inc., Managed Facilities Solutions,

23  LLC, and Chartwell Staffing Services, Inc.

24  S.    "Effective Date" means:  (a) the date upon which the Court signs the Final

25  Approval Order and Final Judgment; (b) if there is an objector(s), the time for

26  appeal of the Final Approval Order and Final Judgment expires; or (c) if an appeal

27  is timely filed, the date of a final resolution of any appeal from the Final Approval

28  Order and Final Judgment.

T.    "Employee's Taxes and Required Withholdings" means the employee's share of any and all applicable federal, state, or local payroll taxes, including income taxes under the Internal Revenue Code and state law, and those collected under authority of the Federal Insurance Contributions Act ("FICA"), the Federal Unemployment Tax Act ("FUTA"), and/or the State Unemployment Tax Act ("SUTA") on the portion of any Claimant's Individual Settlement Payment that constitutes wages.  The Employee's Taxes and Required Withholdings will be withheld from and paid out of the Net Settlement Fund.

U.    "Employers' Taxes" means and refers to the employer's share of corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that is owed on the portion of any Claimant's Individual Settlement Payment that constitutes wages.  The Employers' Taxes shall be paid from the Maximum Settlement Fund.

V.    "Final Approval Hearing" means the hearing at which the Court will make a final decision regarding whether or not to approve the Settlement and the amount of attorneys' fees, costs, and Class Representative Enhancements to award.

W.    "Final Approval Order" means an order from the Court finally approving the Class Settlement.  A copy of a proposed Final Approval Order subject to Court approval is attached hereto as **Exhibit 4**.

X.    "Final Judgment" means the Court's entry of a Final Judgment dismissing the Action.  A copy of a proposed Final Judgment is attached hereto as **Exhibit 5**.

Y.    "FLSA Claims" means claims for failure to pay minimum or overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

Z.    "FLSA Settlement Period" means the period from July 17, 2014 through the Preliminary Approval Date.

AA.  "Individual Settlement Payment" means the amount payable from the Net

1   Settlement Amount to each Claimant, net of any Employee's Taxes and Required

2   Withholdings.

3   BB.  "Maximum Settlement Fund" means the sum of the Individual Settlement, the

4   Class Representative Enhancements, the Class Counsel Award, PAGA Payment,

5   PAGA Payment Checks, Employer's Taxes, and the Settlement Administration

6   Costs, up to a maximum settlement amount of Four Hundred Seventy Thousand

7   Dollars ($470,000).  Defendants shall issue payment to the Settlement

8   Administrator for one-half of the Maximum Settlement Fund (i.e., $235,000) within

9   30 days of the Effective Date.  Defendants shall issue payment to the Settlement

10  Administrator for the second half of the Maximum Settlement Fund (i.e., $235,000)

11  within 210 days of the Effective Date.   Defendant Chartwell is responsible for

12  paying $250,000 of the Maximum Settlement Fund.  Defendant Managed Facilities

13  Solutions, LLC is responsible for paying $200,000 of the Maximum Settlement

14  Fund.  Defendant Moving Solutions, Inc. is responsible for paying $20,000 of the

15  Maximum Settlement Fund.  Defendants shall each pay half of their portions of the

16  Maximum Settlement Fund in each installment.

17  CC.  "Net Settlement Amount" or "NSA" means the Maximum Settlement Fund,

18  less the Class Representative Enhancements, the Class Counsel Award, PAGA

19  Payment, PAGA Payment Checks, Employers' Taxes, and the Settlement

20  Administration Costs.

21  DD.  "Notice Packet" means a packet containing the Notice of Class/Collective

22  Action and PAGA Settlement in a form substantially similar to the form attached

23  hereto as **Exhibit 1** and the Claim Form in a form substantially similar to the form

24  attached hereto as **Exhibit 2**.  The Notice Packet will include both English and

25  Spanish translations.

26  EE.  "PAGA" means the California Labor Code Private Attorneys General Act of

27  2004, Cal. Lab. Code §§ 2699, *et seq.*

28  FF.  "PAGA Claims" means any and all claims for penalties, attorney's fees, costs,

1    and other amounts recoverable pursuant to PAGA during the PAGA Settlement

2    Period that are premised on any of the following claims: (a) failure to pay overtime

3    wages in violation of California Labor Code §§ 510 and 1198; (b) failure to pay

4    minimum wages in violation of California Labor Code §§ 1194, 1197, and 1197.1;

5    (c) failure to provide meal periods in violation of California Labor Code §§ 226.7

6    & 512(a); (d) failure to authorize and permit rest periods in violation of California

7    Labor Code § 226.7; (e) failure to timely pay wages at the termination of

8    employment in violation of California Labor Code §§ 201, 202, and 203; (f) failure

9    to provide accurate, itemized wage statements in violation of California Labor

10   Code § 226.

11   GG. "PAGA Payment" means the payment made hereunder to the California

12   Labor and Workforce Development Agency pursuant to PAGA.

13   HH. "PAGA Payment Check" means the check issued to each PAGA Releasee for

14   his/her share of the PAGA Payment.

15   II.    "PAGA Releasee" means non-exempt employees who are employed or have

16   been employed by Defendants in the State of California from December 13, 2017

17   through the Preliminary Approval Date, except for administrative office staff.

18   PAGA Releasees do not include Chartwell's employees who were not placed to

19   work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities

20   Solutions, LLC.

21   JJ.    "PAGA Settlement" means the PAGA portion of the settlement embodied in

22   this Agreement, which is subject to the Court's approval.

23   KK. "PAGA Settlement Period" means the period from December 13, 2017

24   through the Preliminary Approval Date.

25   LL.   "Parties" means Plaintiffs and Defendants, collectively, and "Party" shall

26   mean either Plaintiffs or Defendants, individually.

27   MM. "Plaintiff Arellano" means Albert Arellano.

28   NN. "Plaintiff Coronado" means Dan Coronado.

1  OO.  "Plaintiff Garza" means Robert Garza.

2  PP.  "Plaintiff Middle Rider" means Barbara Middle Rider.

3  QQ.  "Preliminary Approval Date" means the date on which the Court enters an

4  order granting preliminary approval of the Settlement.

5  RR.  "Preliminary Approval Order" means an order from the Court: (1)

6  preliminarily approving the Class Settlement; and (2) approving the PAGA

7  Settlement.  A copy of a proposed Preliminary Approval Order subject to Court

8  approval is attached hereto as **Exhibit 3**.

9  SS.  "Released Claims" means any and all claims, debts, liabilities, demands,

10  obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action

11  or causes of action of whatever kind or nature under California law, whether known

12  or unknown, contingent or accrued, that are based on the same facts alleged in the

13  Action, including claims for:  (a) failure to pay overtime wages in violation of

14  California Labor Code §§ 510 and 1198; (b) failure to pay minimum wages or to

15  timely pay such wages in violation of California Labor Code §§ 204, 1194, 1197,

16  and 1197.1; (c) failure to provide meal periods in violation of California Labor

17  Code §§ 226.7 & 512(a); (d) failure to authorize and permit rest periods in violation

18  of California Labor Code § 226.7; (e) failure to timely pay wages at the termination

19  of employment in violation of California Labor Code §§ 201, 202, and 203; (f)

20  failure to provide accurate, itemized wage statements in violation of California

21  Labor Code §§ 226 and 226.6; (g) unfair business practices under California

22  Business & Professions Code Section 17200 *et seq*.; and (h) all damages, including,

23  but not limited to, liquidated damages, civil and statutory penalties, interest and

24  other amounts recoverable under said claims identified above in (a)-(g) during the

25  Class Period (the "Released Claims").  To the extent that Class Members opt in to

26  the settlement, as provided in Part III.D, below, the Released Claims shall also

27  include all claims, debts, liabilities, demands, obligations, penalties, guarantees,

28  costs, expenses, attorneys' fees, damages, action or causes of action of whatever

kind or nature, whether known or unknown, contingent or accrued, arising under the federal Fair Labor Standards Act based on the facts alleged in this case, including, without limitation, claims under 29 U.S.C. § 206, 207, 216, and 255, referred to herein as the "FLSA Claims". The Parties agree that the judgment, and release of claims provided herein, shall have *res judicata* effect. The Parties agree that the judgment, and release of claims provided herein, shall apply to any and all claims under PAGA.

TT. "Released Parties" means Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them.

UU. "Request for Exclusion" means a written statement requesting exclusion containing the Class Member's name, address, and telephone number to be mailed by Class Members who wish to opt out of the Class. To be effective, the Request for Exclusion must be post-marked by the Response Deadline and received by the Settlement Administrator.

VV. "Response Deadline" means the date forty-five (45) days after the Settlement Administrator mails Notice Packets to Class Members and the last date on which Class Members may submit Claim Forms, Requests for Exclusion, or Objections to the Settlement.

WW. "Settlement" means the disposition of the Actions pursuant to this Agreement.

XX. "Settlement Administrator" means CPT Group, Inc.

YY. "Settlement Class Members" or "Settlement Class" means all current and former hourly, non-exempt employees who are employed or have been employed by Defendants in the State of California during the Class Period, except for administrative office staff. Settlement Class Members do not include Chartwell's

employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.  The "Settlement Class Members" shall not include any person who submits a timely and valid Request for Exclusion as provided in this Agreement, or any person who previously released the Released Claims under a separate agreement.

## II.    RECITALS

A.    On July 17, 2017, Plaintiff Gary Middle Rider filed a Class Action Complaint for Damages.  The Complaint alleged causes of action for: (1) Failure to Pay all Wages Under the Fair Labor Standards Act; (2) Failure to Pay All Wages Including California Overtime Wages; (3) Failure to Pay All Wages at the End of Employment; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Provide Breaks; and (6) Violation of California Unfair Competition Law. Plaintiff sought to represent a class of current and former non-exempt employees in California who worked as office movers.

B.    Plaintiffs subsequently filed First and Second Amended Complaints to change the Class Representatives.

C.    Plaintiffs' Third Amended Complaint was deemed filed by the Court on February 26, 2019.  The Third Amended Complaint asserts the same initial six causes of action, clarifying that when the Complaint alleged a claim for Failure to Provide Breaks, Plaintiffs intended to assert claims for Failure to Provide Meal and Rest Breaks, and to add a claim for penalties pursuant to PAGA.

D.    Through substantial formal and informal discovery, Defendants provided Plaintiffs' counsel with thousands of pages of time and payroll records, the written policies relevant to Plaintiffs' claims, aggregate class member data during the relevant time period, and extensive documents indicating the financial condition of Defendants Chartwell and Managed Facilities Solutions, LLC.

E.    On November 30, 2018, the Parties attended private mediation with an experienced mediator, Hon. Jacobs-May (Ret.), where the Parties reached a

1  settlement, as provided herein, to resolve Plaintiffs' claims on a class and
2  representative action basis.

3  F.    Defendants deny any liability or wrongdoing of any kind associated with the
4  claims alleged in the Action, dispute the damages and penalties claimed by
5  Plaintiffs, and further contend that, for any purpose other than settlement,
6  Plaintiffs' claims are not appropriate for class or representative action treatment.
7  Defendants contend, among other things, that, at all times, it has complied with the
8  Fair Labor Standards Act, California Labor Code, and the Industrial Welfare
9  Commission Wage Orders.

10  G.    The Plaintiffs and Class Representatives are represented by Class Counsel.
11  Class Counsel conducted an investigation into the facts relevant to the Action,
12  including reviewing documents and information provided by Defendants.  Based on
13  its own independent investigation and evaluation, Class Counsel is of the opinion
14  that the Settlement with Defendants is fair, reasonable and adequate, and in the best
15  interest of the Class in light of all known facts and circumstances, including the
16  risks of significant delay, defenses asserted by Defendants, uncertainties regarding
17  a class and representative action trial on the merits, and numerous potential
18  appellate issues.  Although Defendants deny any liability, Defendants are agreeing
19  to this Settlement solely to avoid the cost of further litigation.  Accordingly, the
20  Parties and their counsel desire to fully, finally, and forever settle, compromise and
21  discharge all disputes and claims arising from or relating to the Action on the terms
22  set forth herein.

23  **III.   TERMS OF AGREEMENT**

24  A.    Settlement Consideration.  Defendants shall create the Maximum Settlement
25  Fund.  The following will be paid out of the Maximum Settlement Fund:  the sum
26  of the Individual Settlement Payments, the Class Representative Enhancements, the
27  Class Counsel Award, PAGA Payment, PAGA Payment Checks, Employer's
28  Taxes, and the Settlement Administration Costs, as specified in this Agreement.

1  Defendants shall not be required to pay more than the Maximum Settlement Fund.

2  B.    Release By All Settlement Class Members.  As of the Effective Date, in

3  exchange for the consideration set forth in this Agreement, Plaintiffs and the

4  Settlement Class Members release the Released Parties from the Released Claims

5  for the Class Period.

6  C.    Release of PAGA Claims.  Upon the Court's approval of the PAGA Payment

7  and the release of PAGA Claims, Plaintiff and the PAGA Releasees release the

8  Released Parties from the PAGA Claims for the PAGA Settlement Period.  The

9  PAGA Releasees will not be required to submit a Claim Form in order to be issued

10  a check for their share of the PAGA Payment and will not have the opportunity to

11  opt out of, or object to, the PAGA Payment and release of the PAGA Claims.  The

12  PAGA Releasees are bound by the release of the PAGA Claims regardless of

13  whether they cash their PAGA Payment Check.

14  D.    Release of FLSA Claims.  Class Members who submit Claim Forms opt into

15  a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b) and

16  release the Released Parties from the FLSA Claims for the FLSA Settlement

17  Period.

18  E.    General Release By Plaintiffs.  As of the Effective Date, in exchange for the

19  consideration set forth in this Agreement, Plaintiffs, for themselves and their heirs,

20  successors and assigns, do hereby waive, release, acquit and forever discharge the

21  Released Parties, from any and all claims, actions, charges, complaints, grievances

22  and causes of action, of whatever nature, whether known or unknown, which exist

23  or may exist on Plaintiffs' behalf as of the date of this Agreement, including, but

24  not limited to, any and all tort claims, contract claims, wage claims, wrongful

25  termination claims, disability claims, benefit claims, public policy claims,

26  retaliation claims, statutory claims, personal injury claims, emotional distress

27  claims, invasion of privacy claims, defamation claims, fraud claims, *quantum*

28  *meruit* claims, and any and all claims arising under any federal, state or other

governmental statute, law, regulation or ordinance, including, but not limited to,
claims for violation of the FLSA, the California Labor Code, the Wage Orders of
California's Industrial Welfare Commission, other state wage and hour laws, the
Americans with Disabilities Act, the Age Discrimination in Employment Act
(ADEA), the Employee Retirement Income Security Act, Title VII of the Civil
Rights Act of 1964, the California Fair Employment and Housing Act, the
California Family Rights Act, the Family Medical Leave Act, California's
Whistleblower Protection Act, California Business & Professions Code Section
17200 *et seq.*, and any and all claims arising under any federal, state or other
governmental statute, law, regulation or ordinance.  Plaintiffs hereby expressly
waive and relinquish any and all claims, rights or benefits that they may have under
California Civil Code § 1542, which provides as follows:

*A general release does not extend to claims that the creditor or releasing party*
*does not know or suspect to exist in his or her favor at the time of executing the*
*release and that, if known by him or her, would have materially affected his or*
*her settlement with the debtor or released party.*

Plaintiffs may hereafter discover claims or facts in addition to, or different from,
those which they now know or believe to exist, but Plaintiffs expressly intend to
fully, finally and forever settle and release any and all claims against the Released
Parties, known or unknown, suspected or unsuspected, which exist or may exist on
behalf of or against the other at the time of execution of this Agreement, including,
but not limited to, any and all claims relating to or arising from Plaintiffs'
employment with Defendants.  The Parties further acknowledge, understand and
agree that this representation and commitment is essential to the Agreement and
that this Agreement would not have been entered into were it not for this
representation and commitment.

F.    Labor Code Section 206.5.  The Parties agree that California Labor Code
section 206.5 does not invalidate any provision of this Agreement, because among

other things, the Released Claims and PAGA Claims are disputed and contested, and the Settlement was bargained for at arms' length and approved by the Court.

G.    No Future Employment As To Plaintiffs.  Plaintiffs acknowledge that because of circumstances that are unique to Plaintiffs, including but not limited to irreconcilable differences with the Released Parties, the Released Parties have no obligation, contractual or otherwise, to hire or employ Plaintiffs in the future. Further, Plaintiffs agree not to seek employment with the Released Parties in the future.  In the event that Plaintiffs breach their contractual obligations not to re-apply for employment with the Released Parties under this section, the Released Parties may deny Plaintiffs' applications or terminate their employment and Plaintiffs agrees that their breach of their contractual obligations is good and sufficient cause for such denial or termination and that such denial or termination is not retaliatory but rather is a matter of contract.

H.    Conditions Precedent.  The Settlement will become final and effective only upon the occurrence of all of the following events:

1.    Plaintiffs have filed a Third Amended Complaint clarifying that when the Complaint alleged a claim for Failure to Provide Breaks, Plaintiffs intended to assert claims for Failure to Provide Meal and Rest Breaks, and adding claims to recover PAGA penalties to the maximum extent allowable based on the Released Claims.

2.    The Court enters a Preliminary Approval Order in a form substantially similar to the proposed Preliminary Approval Order (Exhibit 3);

3.    The Court enters a Final Approval Order in a form substantially similar to the proposed Final Approval Order (Exhibit 4)

4.    The Court enters a Final Judgment in a form substantially similar to the proposed Final Judgment (Exhibit 5);

5.    If there is an objector or objectors, the time for appeal of the Final Judgment and Final Approval Order expires; or, if an appeal is timely filed, the date of a final

1  resolution of any appeal from the Final Judgment and Final Approval Order; and

2  6.    Defendants do not invoke their right to revoke the Settlement as provided

3  herein.

4  I.    Certification of the Class.  The Parties stipulate to conditional class

5  certification of the Class for the Class Period for purposes of settlement only.  In

6  the event that this stipulation is not approved by the Court, fails to become

7  effective, or is reversed, withdrawn or modified by the Court, or in any way

8  prevents or prohibits Defendants from obtaining a complete resolution of the claims

9  as described herein, the conditional class certification (obtained for any purpose)

10  shall be void *ab initio* and of no force or effect, and shall not be admissible in any

11  judicial, administrative or arbitral proceeding for any purpose or with respect to any

12  issue, substantive or procedural.

13  J.    Nullification of Settlement Agreement.  In the event that this Settlement

14  Agreement is not preliminarily or finally approved by the Court, fails to become

15  effective, or is reversed, withdrawn or modified by the Court, or in any way

16  prevents or prohibits Defendants from obtaining a complete resolution of the claims

17  as described herein:

18  1.    This Settlement Agreement shall be void *ab initio* and of no force or effect,

19  and shall not be admissible in any judicial, administrative or arbitral proceeding for

20  any purpose or with respect to any issue, substantive or procedural;

21  2.    The conditional class certification (obtained for any purpose) shall be void *ab*

22  *initio* and of no force or effect, and shall not be admissible in any judicial,

23  administrative or arbitral proceeding for any purpose or with respect to any issue,

24  substantive or procedural; and

25  3.    None of the Parties to this Settlement will be deemed to have waived any

26  claims, objections, defenses or arguments in the Action, including with respect to

27  the issue of class certification.

28  K.    Tax Liability.  The Parties make no representations as to the tax treatment or

1  legal effect of the payments called for hereunder, and Class Members are not
2  relying on any statement or representation by the Parties in this regard. Class
3  Members understand and agree that they will be responsible for the payment of any
4  employee taxes and penalties assessed on the Individual Settlement Payments
5  described herein and will hold the Parties free and harmless from and against any
6  claims, liabilities, costs and expenses, including attorney's fees, resulting in any
7  way from personal tax treatment of the payments made pursuant to this Agreement,
8  including the treatment of such payments as not subject to withholding or deduction
9  for payroll and employment taxes.

10 L.    Circular 230 Disclaimer. Each Party to this Agreement (for purposes of this
11 section, the "acknowledging party" and each Party to this Agreement other than the
12 acknowledging party, an "other party") acknowledges and agrees that:  (1) no
13 provision of this Agreement, and no written communication or disclosure between
14 or among the Parties or their attorneys and other advisers, is or was intended to be,
15 nor shall any such communication or disclosure constitute or be construed or be
16 relied upon as, tax advice within the meaning of United States Treasury
17 Department circular 230 (31 CFR part 10, as amended); (2) the acknowledging
18 party (a) has relied exclusively upon his, her or its own, independent legal and tax
19 counsel for advice (including tax advice) in connection with this Agreement, (b)
20 has not entered into this Agreement based upon the recommendation of any other
21 Party or any attorney or advisor to any other Party, and (c) is not entitled to rely
22 upon any communication or disclosure by any attorney or adviser to any other party
23 to avoid any tax penalty that may be imposed on the acknowledging party, and (3)
24 no attorney or adviser to any other Party has imposed any limitation that protects
25 the confidentiality of any such attorney's or adviser's tax strategies (regardless of
26 whether such limitation is legally binding) upon disclosure by the acknowledging
27 party of the tax treatment or tax structure of any transaction, including any
28 transaction contemplated by this Agreement.

M.    Preliminary Approval Motion. At the earliest practicable time, Plaintiffs shall file with the Court a Motion for Order Granting Preliminary Approval and supporting papers, which shall include this Settlement Agreement and a request that the Court enter the Preliminary Approval Order (Exhibit 3). Any dispute regarding forms of notices and other documents necessary to implement the Settlement contained in the Stipulation, if not timely resolved among the Parties, shall be referred to the Court. The Parties shall seek a prompt hearing date to obtain preliminary approval of the Settlement.

N.    CAFA Notice. Within ten (10) days of receiving notice of filing of a Motion for Preliminary Approval of this Agreement, Defendants shall serve the CAFA Notice of this Agreement on the appropriate federal and state officials, as required by 28 U.S.C. § 1715(b).

O.    Settlement Administrator. The Settlement Administrator shall be responsible for: (a) calculating, processing and mailing payments to the Class Representatives, Class Counsel, LWDA, PAGA Releasees, and Class Members who submit Claim Forms; (b) printing and mailing the Notice Packets to the Class Members as directed by the Court; (c) receiving and reporting the claims, objections, and requests for exclusion; (d) distributing tax forms to the Class Members who submit Claim Forms; (e) providing declaration(s), as necessary, in support of preliminary and/or final approval of this Settlement; and (f) other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform. The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities and will promptly inform the Parties of the number of Class Members who (a) submit Claim Forms, (b) object to the Settlement, (c) request exclusion from the Settlement, or (d) otherwise express opposition to the Settlement within five (5) days of each such occurrence.

P.    Settlement Administration.

1.    Class Data. No later than ten (10) business days after the Preliminary

1  Approval Date, Defendants shall provide the Settlement Administrator with the

2  Class Data for purposes of preparing and mailing Notice Packets to Class

3  Members. The Class Data shall be confidential. The Settlement Administrator

4  shall not provide the Class Data to Class Counsel or Plaintiffs or any third party, or

5  use the Class Data or any information contained therein for any purpose other than

6  to administer this Settlement.

7  2.    Notice Packets.

8  a)    The Notice Packet shall contain the Claim Form and Notice of

9  Class/Collective Action and PAGA Settlement in forms substantially similar to the

10  forms attached hereto as Exhibits 1 & 2. The Notice of Class/Collective Action

11  and PAGA Settlement shall set forth the material terms of the Settlement, including

12  the release to be given by all members of the Class who do not request to be

13  excluded from the Class, an explanation of the PAGA Payment, how to submit a

14  Claim Form, and that Class Members who submit Claim Forms will be deemed to

15  have released the FLSA Claims for the FLSA Settlement Period. The Notice

16  Packet also shall be individualized by including the Class Member's number of

17  Compensable Workweeks and the estimated amount of their Individual Settlement

18  Payment and PAGA Payment.

19  b)    The Notice Packet's mailing envelope shall include the following language:

20  "IMPORTANT LEGAL DOCUMENT- YOU MAY BE ENTITLED TO MONEY

21  FROM A CLASS ACTION SETTLEMENT; YOUR PROMPT REPLY IS

22  REQUIRED AS EXPLAINED IN THE ENCLOSED NOTICE."

23  3.    Notice By First Class U.S. Mail. Upon receipt of the Class Data, the

24  Settlement Administrator will perform a search based on the National Change of

25  Address Database and/or similar database(s) to update and correct any known or

26  identifiable address changes. No later than seven (7) calendar days after receiving

27  the Class Data from Defendants as provided herein, the Settlement Administrator

28  shall mail copies of the Notice Packet to all Class Members via regular First Class

1   U.S. Mail.  The Settlement Administrator shall exercise its best judgment to

2   determine the current mailing address for each Class Member.  The address

3   identified by the Settlement Administrator as the current mailing address shall be

4   presumed to be the best mailing address for each Class Member.  In the event more

5   than one address is identified, then the Settlement Administrator shall mail to each

6   potentially valid address.

7   4.      Undeliverable Notices.  Any Notice Packets returned to the Settlement

8   Administrator as non-delivered on or before the Response Deadline shall be re-

9   mailed to the forwarding address affixed thereto.  If no forwarding address is

10  provided, the Settlement Administrator shall promptly attempt to determine a

11  correct address by lawful use of skip-tracing, or other search using the name,

12  address and/or Social Security number of the Class Member involved, and shall

13  then perform a re-mailing, if another mailing address is identified by the Settlement

14  Administrator.  Class Members who received a re-mailed Notice Packet shall have

15  their Response Deadline extended ten (10) calendar days from the original

16  Response Deadline.

17  5.      Disputes Regarding Individual Settlement Payments.  Class Members will

18  have the opportunity, should they disagree with Defendants' records regarding the

19  Compensable Workweeks worked by Class Members stated on the Notice of

20  Class/Collective Action and PAGA Settlement, to provide documentation and/or an

21  explanation to show contrary Compensable Workweeks.  If there is a dispute, the

22  Settlement Administrator will consult with the Parties to determine whether an

23  adjustment is warranted.  The Settlement Administrator shall determine the

24  eligibility for, and the amounts of, any Individual Settlement Payments under the

25  terms of this Agreement.  The Settlement Administrator's determination of the

26  eligibility for and amount of any Individual Settlement Payment shall be binding

27  upon the Class Member and the Parties.

28  6.      Disputes Regarding Administration of Settlement.  Any disputes not resolved

1    by the Settlement Administrator concerning the administration of the Settlement

2    will be resolved by the Court under the laws of the State of California. Prior to any

3    such involvement of the Court, counsel for the Parties will confer in good faith to

4    resolve the disputes without the necessity of involving the Court.

5    7.    Claim Form Procedure. Any Class Member who wishes to become a

6    Claimant and receive an Individual Settlement Payment must fully complete a

7    Claim Form, including signing the Claim Form. The Claim Form will not be valid

8    if it is not timely submitted by the Response Deadline and received by the

9    Settlement Administrator. The date of the postmark on the return mailing envelope

10   or fax stamp on the Claim Form shall be the exclusive means used to determine

11   whether the Claim Form was timely submitted. Any Class Member who fails to

12   submit a timely, complete, and valid Claim Form shall be barred from receiving the

13   Individual Settlement Payment. Claimants shall be deemed to have consented to

14   join the Action pursuant to the FLSA and released the FLSA Claims for the FLSA

15   Settlement Period. Class Members who do not timely return a valid Claim Form by

16   the Response Deadline forfeit their Individual Settlement Payment but shall remain

17   subject to the release of the Released Claims and PAGA Claims as defined in this

18   Agreement to the maximum extent permitted by law.

19   8.    Request for Exclusion. The Notice of Class/Collective Action and PAGA

20   Settlement contained in the Notice Packet shall state that Class Members who wish

21   to exclude themselves from the Settlement must submit to the Settlement

22   Administrator a written statement requesting exclusion from the Settlement.

23   However, no Class Member can seek exclusion from the PAGA portion of the

24   Settlement. The written statement must contain the Class Member's name, address,

25   and telephone number. The Request for Exclusion will not be valid if it is not

26   timely submitted by the Response Deadline and received by the Settlement

27   Administrator. The date of the postmark on the return mailing envelope or fax

28   stamp on the Request for Exclusion shall be the exclusive means used to determine

whether the Request for Exclusion was timely submitted. Any Class Member who requests to be excluded from the Class will not be entitled to any recovery under the Settlement, except for the Class Members' PAGA Payment Check, and will not be bound by the terms of the Settlement or have any right to object, appeal or comment thereon. Class Members who fail to submit a valid and timely written Request for Exclusion on or before the Response Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the Settlement is approved by the Court. No later than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with a final list of the Class Members who have timely submitted Requests for Exclusion. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit Requests for Exclusion from the Settlement.

9.     Objections. The Notice of Class Action and PAGA Settlement contained in the Notice Packet shall state that Class Members who wish to object to the Settlement must mail to the Settlement Administrator a written statement of objection ("Notice of Objection") by the Response Deadline. However, Class Members may not object to the PAGA Payment and release of PAGA Claims. The date on the proof of service shall be deemed the exclusive means for determining that a Notice of Objection was served timely. The Notice of Objection must be signed by the Class Member and: (1) state the full name and address of the Class Member; (2) state the basis for the objection; (3) state whether the Class Member intends to appear at the Final Approval Hearing; (4) clearly identify the case name and number (*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK); and (5) be mailed to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, postmarked on or before the Response Deadline. Class Members who fail to make objections in the manner specified above shall be deemed to have waived

1  any objections and shall be foreclosed from making any objections (whether by

2  appeal or otherwise) to the Settlement. Class Members who submit a timely Notice

3  of Objection will have a right to appear at the Final Approval Hearing in order to

4  have their objections heard by the Court. No Class Member may appear at the

5  Final Approval Hearing unless he or she has served a timely objection that

6  complies with the procedures provided in this paragraph. At no time shall any of

7  the Parties or their counsel seek to solicit or otherwise encourage Class Members to

8  file or serve written objections to the Settlement or appeal from the Final Approval

9  Order and Final Judgment. Class Members who submit a Request for Exclusion

10  are not entitled to object to the Settlement.

11  Q.    Funding and Allocation of the Maximum Settlement Fund. Defendants shall

12  issue payment to the Settlement Administrator for one-half of the Maximum

13  Settlement Fund (i.e., $235,000) within 30 days of the Effective Date. Defendants

14  shall issue payment to the Settlement Administrator for the second half of the

15  Maximum Settlement Fund (i.e., $235,000) within 210 days of the Effective Date.

16  The date on which the Settlement is fully funded is the "Funding Date." No

17  distributions from the Maximum Settlement Fund are to be made until the Funding

18  Date. Defendant Chartwell is responsible for paying $250,000 of the Maximum

19  Settlement Fund. Defendant Managed Facilities Solutions, LLC is responsible for

20  paying $200,000 of the Maximum Settlement Fund. Defendant Moving Solutions,

21  Inc. is responsible for paying $20,000 of the Maximum Settlement Fund.

22  Defendants shall each pay half of their portions of the Maximum Settlement Fund

23  in each installment. If this Settlement is not finally approved by the Court in full,

24  or is terminated, rescinded, canceled or fails to become effective for any reason, or

25  if the Effective Date does not occur, then no portion of the Maximum Settlement

26  Fund shall be paid and all amounts shall be returned to Defendants immediately.

27  1.    Individual Settlement Payments. Individual Settlement Payments shall be

28  paid from the Net Settlement Amount and shall be paid pursuant to the formula set

1    forth herein.

2    a)    Calculation of Individual Settlement Payments.  Using the Class Data, the

3    Settlement Administrator will calculate the total Compensable Workweeks for all

4    Claimants by adding the number of Compensable Workweeks worked by each

5    Claimant during the Class Period.  The respective Compensable Workweeks for

6    each Claimant will be divided by the total Compensable Workweeks for all

7    Claimants, resulting in the Payment Ratio for Claimant.  Each Claimant's Payment

8    Ratio will then be multiplied by the Net Settlement Amount to calculate each

9    Claimant's Individual Settlement Payments.

10    b)    Allocation.  For tax purposes, Individual Settlement Payments shall be

11    allocated and treated as follows: twenty percent (20%) as wages; forty percent

12    (40%) as penalties; and forty percent (40%) as interest. The Settlement

13    Administrator will issue each wage payment with deductions for each employees'

14    taxes and required withholdings. The Settlement Administrator will issue each

15    payment for penalties and interest without such deductions. The Settlement

16    Administrator shall issue an IRS Form 1099 -MISC for such penalties and interest

17    payments. Each employee shall be solely and legally responsible to pay any and all

18    applicable taxes on the 1099 payments and shall hold harmless Defendants from

19    any claim or liability for taxes, penalties, or interest arising as a result of the

20    employee's failure to pay taxes.

21    c)    Mailing.  Individual Settlement Payments shall be mailed by regular First

22    Class U.S. Mail to Claimants' last known mailing address no later than ten (10)

23    calendar days after the Funding Date.

24    d)    Expiration.  Any checks issued to Claimants shall remain valid and negotiable

25    for one hundred and eighty (180) days from the date of their issuance.  If a

26    Claimant does not cash his or her settlement check within 180 days, the uncashed

27    funds, subject to Court approval, shall escheat to the State of California and be

28    submitted to the State of California unclaimed property fund in the name of the

1  Claimant or PAGA Releasee who is the payee of the check pursuant to California

2  Code of Civil Procedure section 1510 et seq.

3  2.    Class Representative Enhancements. Defendants agree not to oppose or

4  object to any application or motion by Plaintiffs for Class Representative

5  Enhancements of up to Five Thousand Dollars ($5,000) each. The Class

6  Representative Enhancements are in exchange for the Released Claims, a General

7  Release, and for Plaintiffs' time, effort and risk in bringing and prosecuting the

8  Action. The Settlement Administrator shall pay the Class Representative

9  Enhancements to Plaintiffs from the Maximum Settlement Fund no later than ten

10  (10) calendar days after the Funding Date. Any portion of the requested Class

11  Representative Enhancements that is not awarded to the Class Representatives shall

12  be part of the Net Settlement Amount and shall be distributed to Claimants as

13  provided in this Agreement. The Settlement Administrator shall issue an IRS Form

14  1099 — MISC to Plaintiffs for their Class Representative Enhancements. Plaintiffs

15  shall be solely and legally responsible to pay any and all applicable taxes on their

16  respective Class Representative Enhancements and shall hold harmless Defendants

17  from any claim or liability for taxes, penalties, or interest arising as a result of the

18  Class Representative Enhancements. The Class Representative Enhancements shall

19  be in addition to the Plaintiffs' Individual Settlement Payments as Class Members.

20  In the event that the Court reduces or does not approve the requested Class

21  Representative Enhancements, Plaintiffs shall not have the right to revoke the

22  Settlement, and it will remain binding.

23  3.    Class Counsel Award. Defendants agree not to oppose or object to any

24  application or motion by Class Counsel for attorneys' fees not to exceed twenty-

25  five percent (25%) of the Maximum Settlement Fund ($117,500). Additionally,

26  Defendants shall not oppose an application by Class Counsel for, and Class

27  Counsel shall not seek or receive an amount in excess of $8,500 from the

28  Maximum Settlement Fund for, all past and future litigation costs and expenses

1  necessary to prosecute, settle and administer the Action as supported by a

2  declaration from Class Counsel. The Parties agree that any and all claims for

3  reasonable attorneys' fees and costs have been settled by this Agreement and that

4  neither Plaintiffs, Class Members, nor Class Counsel shall seek payment of

5  attorneys' fees or reimbursement of costs/expenses from Defendants except as set

6  forth in this Agreement. Any portion of the requested Class Counsel Award that is

7  not awarded to Class Counsel shall be part of the Net Settlement Amount and shall

8  be distributed to Claimants as provided in this Agreement. The Settlement

9  Administrator shall pay the Class Counsel Award to Class Counsel from the

10  Maximum Settlement Fund no later than ten (10) calendar days after the Funding

11  Date. Class Counsel shall be solely and legally responsible to pay all applicable

12  taxes on the payment made pursuant to this paragraph. The Settlement

13  Administrator shall issue an IRS Form 1099 — MISC to Class Counsel for the

14  payments made pursuant to this paragraph. In the event that the Court reduces or

15  does not approve the requested Class Counsel Award, Plaintiffs and Class Counsel

16  shall not have the right to revoke the Settlement, and it will remain binding.

17  4.    PAGA Payment. Ten Thousand Dollars ($10,000) shall be allocated from the

18  Maximum Settlement Fund for settlement of claims for civil penalties under the

19  PAGA. The Settlement Administrator shall pay seventy-five percent (75%) of the

20  PAGA Payment, or $7,500, to the California Labor and Workforce Development

21  Agency ("LWDA") no later than ten (10) calendar days after the Funding Date.

22  Twenty-five percent (25%), or $2,500, shall be distributed pro rata to all PAGA

23  Releasees, based on the number of weeks worked by a PAGA Releasee, as a

24  fraction of the total weeks worked by all PAGA Releasees. The portion of the

25  PAGA Payment to the PAGA Releasees shall be treated entirely as penalties.

26  PAGA Releasees will not have the opportunity to opt out of or object to the PAGA

27  Payment and/or release of PAGA Claims set forth in this Agreement, although the

28  PAGA Settlement will be subject to Court approval. Any PAGA Releasee who is

not a Claimant shall not receive an Individual Settlement Payment, but will receive the PAGA Releasee's pro rata share of the PAGA Payment to the PAGA Releasees. PAGA Releasees who are Claimants shall receive their pro rata share of the PAGA Payment to the PAGA Releasees in addition to their Individual Settlement Payments.  In the event the LWDA rejects this allocation, the Parties will meet and confer with the Court and the LWDA to reach a penalty allocation acceptable to all parties that does not materially alter the terms of the Settlement, nor require Defendants to pay more than the Maximum Settlement Fund.  Any PAGA Payment Checks that are not cashed within 180 days shall escheat to the State of California and be submitted to the State of California unclaimed property fund in the name of the PAGA Releasee who is the payee of the check pursuant to California Code of Civil Procedure section 1510 et seq.  At the same time that Plaintiffs file their Motion for Preliminary Approval, Plaintiffs shall send a copy of the Agreement to the LWDA pursuant to the 2016 amendments to PAGA.  Class Counsel will take all action required by California Labor Code section 2699(l).

R.    Employers' Taxes.  An appropriate amount will be set aside from the Maximum Settlement Fund used to pay all Employers' Taxes.  The Settlement Administrator shall calculate the Employers' Taxes and inform Defendants of the amount of Employers' Taxes to be paid from the Maximum Settlement Fund.

S.    Settlement Administration Costs.  The Settlement Administrator shall be paid for the costs of administration of the Settlement from the Maximum Settlement Fund.  The estimate of the Settlement Administration Costs is not to exceed Sixteen Thousand Dollars ($16,000).  The Settlement Administrator shall be paid the Settlement Administration Costs no later than ten (10) calendar days after the Funding Date.

1.    Net Settlement Amount.  The Parties estimate the amount of the Net Settlement Amount as follows:

Maximum Settlement Fund                    $        470,000.00

| | | |
|---|---|---|
| Class Representative Enhancements: | $ | 20,000.00 |
| Class Counsel's Fees: | $ | 117,500.00 |
| Class Counsel's Costs: | $ | 8,500.00 |
| Employers' Taxes | $ | 7,816.40 |
| PAGA Payment: | $ | 10,000.00 |
| ($7,500 to the LWDA and $2,500 to be paid to PAGA Releasees) | | |
| Settlement Administration Costs: | $ | 16,000.00 |
| **Net Settlement Amount** | $ | 290,183.60 |

Government Actions Affecting Settlement.  If any administrative proceeding or action is commenced on or before a date that is one (1) year from the Preliminary Approval Date by any federal, state or local government authority, including, without limitation, the U.S. Department of Labor or the California Division of Labor Standards Enforcement, in a *parens patriae* or other function asserting the Released Claims, Plaintiffs and Class Counsel will sign an appropriate declaration at the request of Defendants supporting the Settlement and asserting that, in the Parties' opinion, the governmental action is within the scope of this Agreement, the Actions and the Final Judgment.

T.    Final Approval Motion. At the earliest practicable time following the expiration of the Response Deadline, Plaintiffs shall file with the Court a Motion for Order Granting Final Approval and Entering Judgment, which motion shall request final approval of the Settlement and the amounts payable for the Individual Settlement Payments, Class Representative Enhancements, the Class Counsel Award, the PAGA Payment, PAGA Payment Checks, and the Settlement Administration Costs.

1.    Final Approval Order and Judgment.  The Parties shall present a Final Approval Order and Final Judgment, substantially similar to Exhibits 4 and 5, to

1    the Court for its approval. The Final Judgment shall, among other things:

2    (a)    Find that the Court has personal jurisdiction over all Class Members and that

3    the Court has subject matter jurisdiction to approve this Stipulation and all exhibits

4    thereto;

5    (b)    Approve this Stipulation and the proposed Settlement as fair, reasonable and

6    adequate, consistent and in compliance with all applicable requirements of the

7    Federal Rules of Civil Procedure, the California and United States Constitutions

8    (including the due process clauses), and any other applicable law, and in the best

9    interests of each of the Parties and the Class Members; direct the Parties and their

10   counsel to implement this Agreement according to its terms and provisions; and

11   declare this Agreement to be binding on Plaintiffs and all other Class Members,

12   except those who timely and properly filed Request for Exclusions, as well as their

13   heirs, executors and administrators, successors and assigns;

14   (c)    Certify the Class, for settlement purposes only, and find that an ascertainable

15   class exists and a well-defined community of interest exists in the questions of law

16   and fact involved because in the context of the Settlement: (i) there are questions of

17   law and fact common to the Class Members which, as to the Settlement and all

18   related matters, predominate over any individual questions; (ii) the Claims of

19   Plaintiff are typical of the Claims of the Class Members; and (iii) in negotiating,

20   entering into and implementing the Settlement, Plaintiffs and Plaintiffs' Attorneys

21   have fairly and adequately represented and protected the interests of the Class

22   Members;

23   (d)    Find that the Notice and notice methodology implemented pursuant to this

24   Stipulation (i) constituted the best practicable notice; (ii) constituted notice that was

25   reasonably calculated, under the circumstances, to apprise Class Members of the

26   pendency of the Action, their right to object to or exclude themselves from the

27   proposed Settlement and their right to appear at the Final Settlement Hearing; (iii)

28   were reasonable and constituted due, adequate and sufficient notice to all persons

entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clause), and any other applicable law;

(e)    Find that Plaintiffs and Class Counsel adequately represented the Class for purposes of entering into and implementing the settlement;

(f)    Dismiss the Action (including all individual claims and Released Claims presented thereby) with prejudice, without fees or costs to any party except as provided in this Agreement;

(g)    Incorporate the Released Claims set forth in this Agreement, make the Released Claims effective as of the date of the Preliminary Approval Date, and forever discharge the Released Parties from any claims or liabilities arising from the Released Claims;

(h)    Permanently bar and enjoin Plaintiffs and all Settlement Class Members and any person acting on their behalf, from (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the Released Claims; and (ii) organizing such excluded Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the Released Claims;

(i)    Authorize the Parties, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of this Agreement and all exhibits attached hereto as (i) are consistent with the Final Judgment; and (ii) do not limit the rights of Class Members under the Agreement;

(j)    Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the Class, as well as the

1   administration and enforcement of the Settlement.  Any disputes or controversies

2   arising with respect to the interpretation, consummation, enforcement, or

3   implementation of the Settlement shall be presented by motion to the Court.

4   U.    Option to Terminate Settlement.  If, after the Response Deadline, the total

5   number of Class Members who submitted timely and valid Requests for Exclusion

6   from the Settlement is at least five percent (5%) of all Class Members, Defendants

7   shall have, in their sole discretion, the option to terminate this Settlement.  If

8   Defendants exercise the option to terminate this Settlement, Defendants shall:  (a)

9   provide written notice to Class Counsel within seven (7) calendar days after the

10   Response Deadline and (b) pay all Settlement Administration Costs incurred up to

11   the date or as a result of the termination; and the Parties shall proceed in all respects

12   as if this Agreement had not been executed.  In the event of a termination by

13   Defendant pursuant to this paragraph, this Agreement and any conditional class

14   approval shall be deemed void *ab initio* and of no effect.

15   V.    Motions for Preliminary and Final Approval.  Class Counsel will provide an

16   opportunity for Counsel for Defendants to review the Motions for Preliminary and

17   Final Approval prior to filing with the Court.  The Parties and their counsel will

18   cooperate with each other and use their best efforts to effect the Court's approval of

19   the Motions for Preliminary and Final Approval of the Settlement.

20   W.    No Impact on Benefit Plans.  Neither this Settlement nor any amounts paid

21   under the Settlement will modify any previously credited hours or service under

22   any employee benefit plan, policy, or bonus program sponsored by Defendants.

23   Such amounts will not form the basis for additional contributions to, benefits under,

24   or any other monetary entitlement under Defendants-sponsored benefit plans,

25   policies, or bonus programs.  The payments made under the terms of this

26   Stipulation shall not be applied retroactively, currently, or on a going forward basis,

27   as salary, earnings, wages, or any other form of compensation for the purposes of

28   Defendants' benefit plan, policy, or bonus program.  Defendants retain the right to

1   modify the language of its benefit plans, policies and bonus programs to effect this

2   intent, and to make clear that any amounts paid pursuant to this Settlement are not

3   for "hours worked," "hours paid," "hours of service," or any similar measuring

4   term as defined by applicable plans, policies and bonus programs for purposes of

5   eligibility, vesting, benefit accrual, or any other purpose, and that additional

6   contributions or benefits are not required by this Settlement.

7   X.   Notices.  Unless otherwise specifically provided herein, all notices, demands,

8   or other communications given hereunder shall be in writing and shall be deemed

9   to have been duly given as of the third (3rd) business day after mailing by United

10   States certified mail, return receipt requested, addressed as follows:

11

12   To Plaintiffs and the Class:

13

14   James Dal Bon, California Bar No. 157942
     **LAW OFFICES OF JAMES DAL BON**

15   606 North First Street
     San Jose, CA  95112

16   Telephone:  (408) 466-5845

17   Victoria L. H. Booke, California Bar No. 142518
     **LAW OFFICES OF BOOKE & AJLOUNY, LLP**

18   606 North First Street
     San Jose, CA  95112

19   Telephone:  (408) 286-7000

20

21   To Defendant Moving Solutions, Inc.

22

23   Richard D. Schramm, California Bar No. 151696
     **EMPLOYMENT RIGHTS ATTORNEYS**

24   1500 E. Hamilton Avenue, Suite 118
     Campbell, CA  95008

25   Telephone: (408) 796-7551

26

27   To Defendant Chartwell Staffing Services, Inc.

28

**Conti Law**
Alexander Lawrence Conti #155945
23 Corporate Plz Ste 150
Newport Beach, CA 92660
Telephone (949) 791-8555
Fax (949) 791-8556

To Defendant Managed Facilities Solutions, LLC

     David W. Affeld, California Bar No. 123922
     Damion Robinson, California Bar No. 262573
     **AFFELD GRIVAKES LLP**
     2049 Century Park East, Suite 2460
     Los Angeles, California  90067
     Tel. (310) 979-8700

Fax (310) 979-8701

Y.    Cooperation.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

Z.    Interim Stay of Proceedings.  The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

AA.  Admissibility of Agreement.  This Agreement shall not be admissible in any proceeding for any purpose, except to enforce it according to its terms.

BB.  Amendment or Modification.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

CC.  Entire Agreement.  This Agreement and any attached Exhibits constitute the entire Agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in the Agreement and its Exhibits.

DD.  Authorization to Enter Into Settlement Agreement.  Counsel for all Parties

1  warrant and represent they are expressly authorized by the Parties whom they

2  represent to negotiate this Agreement and to take all appropriate actions required or

3  permitted to be taken by such Parties pursuant to this Agreement to effectuate its

4  terms, and to execute any other documents required to effectuate the terms of this

5  Agreement. The persons signing this Agreement on behalf of Defendants represent

6  and warrant that they are authorized to sign this Agreement on behalf of

7  Defendants. Plaintiffs represent and warrant that they are authorized to sign this

8  Agreement and that they have not assigned any claim, or part of a claim, covered

9  by this Settlement to a third-party.

10  EE.  Binding on Successors and Assigns. This Agreement shall be binding upon,

11  and inure to the benefit of, the successors or assigns of the Parties hereto, as

12  previously defined.

13  FF.  California Law Governs. All terms of this Agreement and the Exhibits hereto

14  and any disputes arising hereunder shall be governed by and interpreted according

15  to the laws of the State of California.

16  GG.  Counterparts. This Agreement may be executed in one or more counterparts.

17  All executed counterparts and each of them shall be deemed to be one and the same

18  instrument provided that counsel for the Parties to this Agreement shall exchange

19  among themselves copies or originals of the signed counterparts.

20  HH.  This Settlement Is Fair, Adequate and Reasonable. The Parties believe this

21  Settlement is a fair, adequate and reasonable settlement of this Action and have

22  arrived at this Settlement after extensive arms-length negotiations, taking into

23  account all relevant factors, present and potential.

24  II.  Jurisdiction of the Court. The Parties agree that the Court shall retain

25  jurisdiction with respect to the interpretation, implementation and enforcement of

26  the terms of this Agreement and all orders and judgments entered in connection

27  therewith, and the Parties and their counsel hereto submit to the jurisdiction of the

28  Court for purposes of interpreting, implementing and enforcing the settlement

1    embodied in this Agreement and all orders and judgments entered in connection

2    therewith.

3    JJ.    Invalidity of Any Provision.  Before declaring any provision of this

4    Agreement invalid, the Court shall first attempt to construe the provisions valid to

5    the fullest extent possible consistent with applicable precedents so as to define all

6    provisions of this Agreement valid and enforceable.

7    KK.  Publicity.   Defendants may disclose the terms and contents of the Settlement,

8    as required under its contractual and legal obligations.  Plaintiffs and Class Counsel

9    agree not to issue press releases, communicate with, or respond to any media or

10   publication entities, publish information in manner or form, whether printed or

11   electronic, on any medium or otherwise communicate, whether by print, video,

12   recording or any other medium, with any person or entity concerning the

13   Settlement, including the fact of the Settlement, its terms or contents and the

14   negotiations underlying the Settlement, except as shall be contractually required to

15   effectuate the terms of the Settlement as set forth herein.  Class Counsel shall be

16   permitted to post a neutral statement about the Action and Settlement on their

17   websites, but shall not publish the names of Defendants.

18   LL.   No Unalleged Claims.  Plaintiffs and Class Counsel represent that they do not

19   currently intend to pursue any claims against Defendants.  This includes, but is not

20   limited to, any and all claims relating to or arising from Plaintiffs' employment

21   with Defendants that were not alleged in this Action, and that Class Counsel is not

22   currently aware of any facts or legal theories upon which any claims or causes of

23   action could be brought against Defendants other than those alleged in this case.

24   The Parties further acknowledge, understand, and agree that this representation is

25   essential to the Agreement and that this Agreement would not have been entered

26   into were it not for this representation.

27   MM. Waiver of Certain Appeals.  The Parties agree to waive any and all rights to

28   appeal, this waiver being contingent upon the Court entering the Final Judgment.

1   This waiver includes waiver of all rights to any post-judgment proceeding and

2   appellate proceeding, including, but not limited to, motions for relief from

3   judgment and motions to amend or alter the judgment.

4   NN.  No Admissions.  Plaintiffs have claimed and continue to claim that the

5   Released Claims have merit and give rise to liability on the part of Defendants.

6   Defendants have claimed and continue to claim that the Released Claims have no

7   merit and do not give rise to liability.  This Agreement is a compromise of disputed

8   claims.  Nothing contained in this Agreement and no documents referred to herein

9   and no action taken to carry out this Agreement may be construed or used as an

10   admission by or against the Defendants or Plaintiffs or Class Counsel as to the

11   merits or lack thereof of the claims asserted.

12   OO.  Return of All Documents Produced by Defendant. Class Counsel shall be

13   permitted to retain a copy of all confidential documents and electronic information

14   produced by Defendants in the Action for a period of not more than four (4) years

15   from the date of Preliminary Approval of the Settlement.  Class Counsel shall not

16   be permitted to use any confidential documents or electronic information produced

17   by Defendants in the Action.  Following the expiration of the 4-year period, Class

18   Counsel shall destroy the confidential documents and electronic information

19   produced by Defendants in the Action in their possession, custody or control.

23   Dated: _____, 2019

                                   _____
24                                Barbara Middle Rider
                                Plaintiff/Class Representative

26   Dated: _____, 2019

                                   _____
                                Robert Garza
                                Plaintiff/Class Representative

1    This waiver includes waiver of all rights to any post-judgment proceeding and

2    appellate proceeding, including, but not limited to, motions for relief from

3    judgment and motions to amend or alter the judgment.

4    NN.  No Admissions.  Plaintiffs have claimed and continue to claim that the

5    Released Claims have merit and give rise to liability on the part of Defendants.

6    Defendants have claimed and continue to claim that the Released Claims have no

7    merit and do not give rise to liability.  This Agreement is a compromise of disputed

8    claims.  Nothing contained in this Agreement and no documents referred to herein

9    and no action taken to carry out this Agreement may be construed or used as an

10   admission by or against the Defendants or Plaintiffs or Class Counsel as to the

11   merits or lack thereof of the claims asserted.

12   OO.  Return of All Documents Produced by Defendant. Class Counsel shall be

13   permitted to retain a copy of all confidential documents and electronic information

14   produced by Defendants in the Action for a period of not more than four (4) years

15   from the date of Preliminary Approval of the Settlement.  Class Counsel shall not

16   be permitted to use any confidential documents or electronic information produced

17   by Defendants in the Action.  Following the expiration of the 4-year period, Class

18   Counsel shall destroy the confidential documents and electronic information

19   produced by Defendants in the Action in their possession, custody or control.

22

23   Dated: September 26, 2019          _Barbara Middle Rider_____
                                        Barbara Middle Rider
24                                      Plaintiff/Class Representative

25

26   Dated: _____, 2019          _____
                                        Robert Garza
27                                      Plaintiff/Class Representative

28

1   This waiver includes waiver of all rights to any post-judgment proceeding and
2   appellate proceeding, including, but not limited to, motions for relief from
3   judgment and motions to amend or alter the judgment.
4   NN.  No Admissions.  Plaintiffs have claimed and continue to claim that the
5   Released Claims have merit and give rise to liability on the part of Defendants.
6   Defendants have claimed and continue to claim that the Released Claims have no
7   merit and do not give rise to liability.  This Agreement is a compromise of disputed
8   claims.  Nothing contained in this Agreement and no documents referred to herein
9   and no action taken to carry out this Agreement may be construed or used as an
10  admission by or against the Defendants or Plaintiffs or Class Counsel as to the
11  merits or lack thereof of the claims asserted.
12  OO.  Return of All Documents Produced by Defendant. Class Counsel shall be
13  permitted to retain a copy of all confidential documents and electronic information
14  produced by Defendants in the Action for a period of not more than four (4) years
15  from the date of Preliminary Approval of the Settlement.  Class Counsel shall not
16  be permitted to use any confidential documents or electronic information produced
17  by Defendants in the Action.  Following the expiration of the 4-year period, Class
18  Counsel shall destroy the confidential documents and electronic information
19  produced by Defendants in the Action in their possession, custody or control.
20
21
22
23  Dated: _____ , 2019
24                                          Barbara Middle Rider
                                            Plaintiff/Class Representative
25
26  Dated: _9-18-19_ , 2019
                                            Robert Garza
27                                          Plaintiff/Class Representative
28

Dated: _9/19_, 2019

_____
Albert Arellano
Plaintiff/Class Representative

Dated: _____, 2019

_____
Jose Don Coronado
Plaintiff/Class Representative

Dated: _____, 2019

_____
Defendant Moving Solutions, Inc.

By:

Its:

Dated: _____, 2019

_____
Defendant Chartwell Staffing Services, Inc.

By:

Its:

Dated: _____, 2019

_____
Defendant Managed Facilities Solutions
LLC

By:

Its:

Dated: _____, 2019

James Dal Bon
**LAW OFFICES OF JAMES DAL BON**

By: _____
       James Dal Bon
       Attorneys for Plaintiffs

1

Dated: _____, 2019

2                                          _____
                                           Albert Arellano
3                                          Plaintiff/Class Representative

4     Dated: 9/19 , 2019                    *Daniel Coronado*

5                                          _____
                                           Jose Don Coronado
6                                          Plaintiff/Class Representative

7

Dated: _____, 2019

8                                          _____
                                           Defendant Moving Solutions, Inc.
9
                                           By:
10
                                           Its:
11

12

Dated: _____, 2019

13                                         _____
                                           Defendant Chartwell Staffing Services, Inc.
14
                                           By:
15
                                           Its:
16

17

18    Dated: _____, 2019

19                                         _____
                                           Defendant Managed Facilities Solutions
                                           LLC
20
                                           By:
21
                                           Its:
22

23

24    Dated: _____, 2019            James Dal Bon
                                           **LAW OFFICES OF JAMES DAL BON**
25

26                                         By: _____
27                                              James Dal Bon
                                           Attorneys for Plaintiffs
28

1   This waiver includes waiver of all rights to any post-judgment proceeding and
2   appellate proceeding, including, but not limited to, motions for relief from
3   judgment and motions to amend or alter the judgment.
4   NN.  No Admissions.  Plaintiffs have claimed and continue to claim that the
5   Released Claims have merit and give rise to liability on the part of Defendants.
6   Defendants have claimed and continue to claim that the Released Claims have no
7   merit and do not give rise to liability.  This Agreement is a compromise of disputed
8   claims.  Nothing contained in this Agreement and no documents referred to herein
9   and no action taken to carry out this Agreement may be construed or used as an
10  admission by or against the Defendants or Plaintiffs or Class Counsel as to the
11  merits or lack thereof of the claims asserted.
12  OO.  Return of All Documents Produced by Defendant.  Class Counsel shall be
13  permitted to retain a copy of all confidential documents and electronic information
14  produced by Defendants in the Action for a period of not more than four (4) years
15  from the date of Preliminary Approval of the Settlement.  Class Counsel shall not
16  be permitted to use any confidential documents or electronic information produced
17  by Defendants in the Action.  Following the expiration of the 4-year period, Class
18  Counsel shall destroy the confidential documents and electronic information
19  produced by Defendants in the Action in their possession, custody or control.
20
21
22
23  Dated: September 26, 2019          _Barbara Middle Rider_____
                                        Barbara Middle Rider
24                                      Plaintiff/Class Representative
25
26  Dated: _____, 2019            _____
                                        Robert Garza
27                                      Plaintiff/Class Representative
28

1   This waiver includes waiver of all rights to any post-judgment proceeding and
2   appellate proceeding, including, but not limited to, motions for relief from
3   judgment and motions to amend or alter the judgment.
4   NN.  No Admissions.  Plaintiffs have claimed and continue to claim that the
5   Released Claims have merit and give rise to liability on the part of Defendants.
6   Defendants have claimed and continue to claim that the Released Claims have no
7   merit and do not give rise to liability.  This Agreement is a compromise of disputed
8   claims.  Nothing contained in this Agreement and no documents referred to herein
9   and no action taken to carry out this Agreement may be construed or used as an
10  admission by or against the Defendants or Plaintiffs or Class Counsel as to the
11  merits or lack thereof of the claims asserted.
12  OO.  Return of All Documents Produced by Defendant.  Class Counsel shall be
13  permitted to retain a copy of all confidential documents and electronic information
14  produced by Defendants in the Action for a period of not more than four (4) years
15  from the date of Preliminary Approval of the Settlement.  Class Counsel shall not
16  be permitted to use any confidential documents or electronic information produced
17  by Defendants in the Action.  Following the expiration of the 4-year period, Class
18  Counsel shall destroy the confidential documents and electronic information
19  produced by Defendants in the Action in their possession, custody or control.
20
21
22
23  Dated: _____, 2019
24                                          Barbara Middle Rider
                                            Plaintiff/Class Representative
25
26  Dated: _9-16-19_, 2019                  _Robert J. Garza_
                                            Robert Garza
27                                          Plaintiff/Class Representative
28

Dated: 9/19, 2019

_____
Albert Arellano
Plaintiff/Class Representative

Dated: _____, 2019

_____
Jose Don Coronado
Plaintiff/Class Representative

Dated: _____, 2019

_____
Defendant Moving Solutions, Inc.

By:

Its:

Dated: _____, 2019

_____
Defendant Chartwell Staffing Services, Inc.

By:

Its:

Dated: _____, 2019

_____
Defendant Managed Facilities Solutions
LLC

By:

Its:

Dated: _____, 2019

James Dal Bon
**LAW OFFICES OF JAMES DAL BON**

By: _____
     James Dal Bon
Attorneys for Plaintiffs

Dated: _____, 2019

_____
Albert Arellano
Plaintiff/Class Representative

Dated: _9/19_____, 2019

_Daniel Coronado_____
Jose Don Coronado
Plaintiff/Class Representative

Dated: _____, 2019

_____
Defendant Moving Solutions, Inc.

By:

Its:

Dated: _____, 2019

_____
Defendant Chartwell Staffing Services, Inc.

By:

Its:

Dated: _____, 2019

_____
Defendant Managed Facilities Solutions
LLC

By:

Its:

Dated: _____, 2019

James Dal Bon
**LAW OFFICES OF JAMES DAL BON**

By: _____
        James Dal Bon
Attorneys for Plaintiffs

1    Dated: _____, 2019

2                                                    _____
                                                     Albert Arellano
3                                                    Plaintiff/Class Representative

4    Dated: _____, 2019

5                                                    _____
                                                     Jose Don Coronado
6                                                    Plaintiff/Class Representative

7    Dated: _____, 2019

8                                                    _____
                                                     Defendant Moving Solutions, Inc.
9
                                                     By:
10
                                                     Its:
11

12   Dated: 18th September, 2019        _W. Holmes Lilley, III_
13                                                   Defendant Chartwell Staffing Services, Inc.

14                                                   By:   W. Holmes Lilley, III

15                                                   Its:   General Counsel

16

17

18   Dated: _____, 2019

19                                                   _____
                                                     Defendant Managed Facilities Solutions
20                                                   LLC

21                                                   By:

22                                                   Its:

23

24   Dated: _____, 2019        James Dal Bon
                                                     **LAW OFFICES OF JAMES DAL BON**
25

26                                                   By: _____

27                                                          James Dal Bon
                                                     Attorneys for Plaintiffs
28

GARY MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO and JOSE DON CORONADO

Dated: _____, 2019

Victoria L. H. Booke
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**


By: _____
        Victoria L. H. Booke
Attorneys for Plaintiffs
GARY MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO and JOSE DON CORONADO

Dated: _____, 2019

Richard D. Schramm
**EMPLOYMENT RIGHTS ATTORNEYS**


By: _____
        Richard D. Schramm
Attorneys for Defendant
MOVING SOLUTIONS, INC.

Dated: September 18_____, 2019

Alexander Lawrence Conti

Conti Law


By: *Alexander L. Conti*_____
        Alexander Lawrence Conti

Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.

Dated: _____, 2019

David W. Affeld

Dated:                , 2019

Albert Arellano
Plaintiff/Class Representative

Dated:                , 2019

Jose Don Coronado
Plaintiff/Class Representative

Dated:  9-21        , 2019

Defendant Moving Solutions, Inc.

By:

Its:  PRESIDENT

Dated:                , 2019

Defendant Chartwell Staffing Services, Inc.

By:

Its:

Dated: OCTOBER 7 , 2019

Defendant Managed Facilities Solutions
LLC

By:

Its:  CEO

Dated: 10/9        , 2019

James Dal Bon
**LAW OFFICES OF JAMES DAL BON**

By:

James Dal Bon
Attorneys for Plaintiffs

GARY MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO and JOSE DON CORONADO

Dated _Oct. 9_, 2019

Victoria L. H. Booke
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**

By: _____
     Victoria L. H. Booke
Attorneys for Plaintiffs
GARY MIDDLE RIDER, ROBERT GARZA, ALBERT ARELLANO and JOSE DON CORONADO

Dated: _Sept. 19_, 2019

Richard D. Schramm
**EMPLOYMENT RIGHTS ATTORNEYS**

By: _____
     Richard D. Schramm
Attorneys for Defendant
MOVING SOLUTIONS, INC.

Dated: _____, 2019

Alexander Lawrence Conti

Conti Law

By: _____
     Alexander Lawrence Conti

Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.

Dated: _____, 2019

Susan E. Bishop

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERLINER COHEN LLP

By: _____

Susan E. Bishop
Attorneys for Defendant
MANAGED FACILITIES SOLUTIONS, LLC

Error! Unknown document property name.

37

**Exhibit 1**

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al., Case No.: 17-cv-04015LHK*

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

### CLAIM FORM

**THIS IS A LEGAL DOCUMENT, PLEASE READ IT CAREFULLY.**

**INSTRUCTIONS: PLEASE COMPLETE THIS CLAIM FORM AND TIMELY RETURN THE FORM TO THE SETTLEMENT ADMINISTRATOR IF YOU WANT TO CLAIM YOUR INDIVIDUAL SETTLEMENT PAYMENT, IN EXCHANGE FOR YOUR RELEASE OF THE RELEASED CLAIMS AND FLSA CLAIMS, AS DESCRIBED IN THE NOTICE OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT THAT ACCOMPANIES THIS FORM. YOU MUST COMPLETE IN FULL, SIGN, DATE, AND MAIL THIS CLAIM FORM ON OR BEFORE [INSERT DEADLINE] TO THE FOLLOWING ADDRESS:**

<div style="border:1px solid;">

**[INSERT NAME, ADDRESS AND TELEPHONE NUMBER]**

</div>

**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED**

### I.   CLAIMANT IDENTIFICATION:

[ID]
[NAME]
[ADDR1]
[ADDR2]
[CITY] [STATE] [ZIP]
[TELEPHONE NO.]

Name/Contact Information Changes (if any)

_____

_____

_____

_____

### II.   EMPLOYMENT INFORMATION:

Based on e records, you performed work in California as an hourly, non-exempt employee, other than administrative office staff, for Defendants Chartwell Staffing Services, Inc., Moving Solutions, Inc., and/or Managed Facilities Solutions, LLC ("Defendants") for _____ weeks between July 17, 2013 and [INSERT DATE OF PRELIMINARY APPROVAL] ("Class Period"). Your estimated Individual Settlement Payment is $ _____.

If you agree with the information stated above, please complete the last section where indicated below, and return the completed Claim Form to the Settlement Administrator postmarked on or before [INSERT DEADLINE], to receive your monetary recovery.

If you disagree with the number of weeks you worked during the Class Period, please state the total number of weeks that you believe you have performed work in California for Defendants during the Class Period. Complete the last section of this Claim Form where indicated, attach any and all documents that support your claim (such as paystubs, cancelled checks, time records, etc.), and return the completed Claim Form and attachments to the Settlement Administrator with a postmark date on or before [INSERT DATE].

Please be advised that the number of weeks stated above is presumed to be correct unless the documents you submit prove otherwise.

**III.     ACKNOWLEDGMENT OF RELEASE OF SETTLED CLAIMS.**

By completing this Claim Form and accepting the benefits under this Settlement, I hereby agree that I, and all persons purporting to act on my behalf or purporting to assert a claim under or through me, hereby fully, finally, and forever released, settled, compromised, relinquished and discharged Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them ("Released Parties") of and from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under California law, whether known or unknown, contingent or accrued, based on the same facts alleged by Plaintiffs, including claims for:  (a) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (b) failure to pay minimum wages or to timely pay such wages in violation of California Labor Code §§ 204, 1194, 1197, and 1197.1; (c) failure to provide meal periods in violation of California Labor Code §§ 226.7 & 512(a); (d) failure to authorize and permit rest periods in violation of California Labor Code § 226.7; (e) failure to timely pay wages at the termination of employment in violation of California Labor Code §§ 201, 202, and 203; (f) failure to provide accurate, itemized wage statements in violation of California Labor Code §§ 226 and 226.6; (g) unfair business practices under California Business & Professions Code Section 17200 et seq.; and (h) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims identified above in (a)-(g) during the Class Period (the "Released Claims").

By completing this Claim Form and accepting the benefits under this Settlement, I certify that I am the person named above. I acknowledge that I have received and reviewed the Notice of Class/Collective Action and PAGA Settlement. I understand and agree that, by signing this Claim Form, I agree, to the extent required by law, to opt into the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and to release the Released Parties from any claim for failure to pay minimum or overtime wages pursuant to the Fair Labor Standards Act arising at any time between July 17, 2014 through [PRELIMINARY APPROVAL DATE] ("FLSA Claims").  The FLSA Claims include all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, arising under the federal Fair Labor Standards Act based on the facts alleged in this case, including, without limitation, claims under 29 U.S.C. § 206, 207, 216, and 255.

I understand that I can obtain a copy of the Joint Stipulation of Class/Collective Action and PAGA Settlement from the Settlement Administrator, CPT Group, Inc., and that I may contact Class Counsel if I have any questions.

**IV.     SIGNATURE AND ADDITIONAL INFORMATION**

☐     Check here if you believe that the total number of workweeks specified in Part II, above, is inaccurate.
State the total number of workweeks you believe you worked during the class period: _____ weeks
(Enclose any supporting information, such as paystubs, cancelled checks, time records, etc.

**I agree to be bound by the Settlement and declare under penalty of perjury that the above information is correct.**

Date: _____                    Signature: _____

                            Printed Name: _____

3

**EXHIBIT 2**

Error! Unknown document property name.

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT**

*This is a Court-ordered Notice. You are not being sued. This notice affects your rights. Please read it carefully.*

To:      All current and former hourly, non-exempt employees who have worked for Chartwell Staffing Services, Inc., Moving Solutions, Inc., or Managed Facilities Solutions, LLC ("Defendants"), other than administrative office staff, in the State of California at any time from July 17, 2013 to [PRELIMINARY APPROVAL DATE] ("Class Members"). Class Members do not include Defendant Chartwell Staffing Services, Inc.'s employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

On [PRELIMINARY APPROVAL DATE], the Honorable Lucy H. Koh of the United States District Court, Northern District of California, granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members about the settlement. The Court will make a final determination regarding this settlement at a Final Approval Hearing. You have received this notice because Defendants' records indicate that you are a Class Member and, therefore, are entitled to a payment from the settlement in a case that involves class action claims under the California Labor Code ("Labor Code"), a collective action claim under the federal Fair Labor Standards Act ("FLSA"), and claims under California's Private Attorneys General Act ("PAGA").

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, you may either review the settlement agreement available at www.*******.com, contact class counsel at (408) 466-5845, access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO **NOT** TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **YOU MAY DO ANY OF THE FOLLOWING IN RESPONSE TO THIS NOTICE:** | |
| **RETURN THE ENCLOSED CLAIM FORM** | If you return the claim form you will receive your Individual Settlement Payment (as defined in section II., below) and your PAGA Payment Check (as defined in section II., below) and you will have waived and released both the PAGA Claims (as defined in section IV., below) and Released Claims (as defined in section IV., below) against the Released Parties (as defined in section IV., below). By submitting a claim form, you also will be opting into a collective action settlement under the Fair Labor Standards Act ("FLSA") and will have released the FLSA Claims (as defined in section IV., below) against the Released Parties. |
| **DISPUTE THE NUMBER OF TOTAL WEEKS WORKED** | If you dispute the listed number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and [PRELIMINARY APPROVAL DATE] ("Class Period"), you may contact the Settlement Administrator to provide additional information and resolve the dispute. You will be paid your Individual Settlement Payment and PAGA Payment Check, or an adjusted amount. |

2

| | | |
|---|---|---|
| **DO NOTHING** | If you do nothing, you will not be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check.  You will have released the Released Claims and PAGA Claims against the Released Parties, but you will **not** have released your FLSA Claims. | |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check.  You will retain any rights to sue for the Released Claims and FLSA Claims against the Released Parties.  You will **not** be able to sue under PAGA and will be deemed to have released your PAGA Claims. You will **not** be able to object to the settlement. | |
| **OBJECT** | If you object to the settlement following the procedures described below, you will tell the Court why you don't agree with the settlement, except you cannot object to the portion of the settlement relating to the PAGA Claims.  The Court may or may not agree with your objection.  However, if the Court does not agree with your objection, you may still be paid your Individual Settlement Payment and PAGA Payment Check. | |

| **HOW MUCH CAN I GET?** |
|---|

If you choose to return this claim form, you will receive payments for the number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and [PRELIMINARY APPROVAL DATE] ("Compensable Workweeks").  The parties have determined that you worked a total of _____ Compensable Workweeks during this Class Period.

Your total estimated payments are as follows:

**Settlement Payment is $ _____, and your estimated PAGA Payment Check is $ _____.**

*\*You will only receive a PAGA Payment Check if you worked for Defendants between December 13, 2017 and [PRELIMINARY APPROVAL DATE] (the "PAGA Settlement Period.")  If you did not work for Defendants during the PAGA Settlement Period, you are not eligible to receive a PAGA Payment Check, so your PAGA Payment Check amount indicated above will be $0.*

## I.   SUMMARY OF THE LITIGATION

The Lawsuit was filed on July 17, 2017 by Plaintiff Gary Middle Rider, and subsequently amended to add Robert Garza, Albert Arellano, and Jose Don Coronado as plaintiffs ("Plaintiffs").  Plaintiffs' operative Complaint alleges the following claims and requested relief on behalf of the Class Members during the Class Period:  (1) unpaid minimum and overtime wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of the FLSA; (2) unpaid minimum and overtime wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of California Labor Code §§ 510, 1198, 1194, 1197, and 1197.1; (3) unpaid meal period premiums for failure to provide compliant meal periods in violation of California Labor Code §§ 226.7 & 512(a); (4) unpaid rest period premiums for failure to authorize and permit compliant rest periods in violation of California Labor Code § 226.7; (5) waiting-time penalties for failure to pay all wages due upon termination of employment in violation of California Labor Code §§ 201, 202, and 203; (6) wage statement penalties for failure to provide accurate, itemized wage statements in violation of California Labor Code § 226; (7) restitution for violations of California Business & Professions Code §§ 17200, *et seq.*; and (8) civil penalties for violations of the California Labor Code pursuant to PAGA.  Plaintiffs' operative complaint also alleges claims for violation of the wage and overtime provisions of the FLSA, including 29 U.S.C. §§ 206, 207, 216, and 255.

The Court has not made any rulings regarding the merits of the case. After engaging in extensive investigation and an all-day mediation before an experienced mediator, Plaintiffs and Defendants agreed to a class settlement that was preliminarily approved by the Court on [PRELIMINARY APPROVAL DATE]. Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the class, James Dal Bon of the Law Office of James Dal Bon and Victoria Booke of Booke & Ajlouny ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law.  Although Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Error! Unknown document property name.

Defendants have denied and continue to deny the factual and legal allegations in the case and believe that they have valid defenses to Plaintiffs' claims. By agreeing to settle, Defendants are not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendants have agreed to settle the case as part of a compromise with Plaintiffs.

## II.  SUMMARY OF SETTLEMENT'S MAIN TERMS

As noted above, Plaintiffs' operative Complaint alleges various claims under the California Labor Code and FLSA for failure to pay minimum, regular, and overtime wages, failure to pay meal and rest period premiums, failure to pay all wages due upon termination, and failure to provide accurate, itemized wage statements, as well as claims for statutory and civil penalties. In exchange for the release of claims against them and final judgment on the lawsuit, Defendants will pay up to Four Hundred Seventy Thousand Dollars ($470,000) ("Maximum Settlement Fund"). After the Class Counsel Award, Class Representative Enhancements, PAGA Settlement, Employers' Taxes, and settlement administration costs are deducted from the Maximum Settlement Fund, the remaining amount (the "Net Settlement Amount") will be distributed to Class Members who submit valid and timely Claim Forms ("Claimants"). Subject to Court approval, the Maximum Settlement Fund will be allocated as follows:

- **Individual Settlement Payments**: Claimants are eligible to receive money from the Net Settlement Amount ("Individual Settlement Payments"). Each estimated Individual Settlement Payment is the pro-rata allocation of the Net Settlement Amount based on your Compensable Workweeks, which equals the number of workweeks during which you worked for Defendants as an hourly, non-exempt employee in the State of California during the Class Period ("Compensable Workweeks"). Your estimated Individual Settlement Payment is listed in the Summary of Your Legal Rights and Options in This Settlement above, but may increase somewhat based on the actual number of Claim Forms received by the settlement administrator. Required withholdings will be deducted from the Individual Settlement Payments. By submitting a valid and timely Claim Form, you will be opting into a collective action settlement under the FLSA. Any checks issued to Claimants shall remain valid and negotiable for one-hundred and eighty (180) days from the date of their issuance. After that time, all funds represented by uncashed checks shall be submitted to the State of California unclaimed property fund in the payees' names.

- **PAGA Settlement**: Plaintiffs and Defendants have agreed to allocate $10,000 of the Maximum Settlement Fund to resolve the Plaintiffs' PAGA Claims, with seventy-five percent (75%) paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the Class Members who have worked for Defendants from December 13, 2017 through [PRELIMINARY APPROVAL DATE] ("PAGA Releasees"). The payment amount for the PAGA Claims will be based on a pro rata allocation of the $2,500 paid to the PAGA Releasees based on their Compensable Workweeks from December 13, 2017 through [PRELIMINARY APPROVAL DATE] ("PAGA Payment Check"). PAGA Releasees will receive their PAGA Payment Check even if they do not submit a Claim Form. PAGA Releasees may not exclude themselves from or object to the PAGA Settlement. This amount will be paid from the Maximum Settlement Fund.

- **Class Representative Enhancements**: The Named Plaintiffs Gary Middle Rider (who is deceased and has been replaced by his wife, Barbara Middle Rider), Robert Garza, Albert Arellano, and Jose Don Coronado will request from the Court a specific and separate award of $5,000 each ($20,000 total) in recognition of their efforts and risks in assisting with the prosecution of the lawsuit and in return for executing General Releases of Defendants. Defendants do not object to this requested award. These amounts will be paid from the Maximum Settlement Fund.

- **Class Counsel Award**: Class Counsel will request from the Court: (1) one-fourth (25%) of the Maximum Settlement Fund ($117,500 of $470,000) as attorneys' fees for litigation and resolution of this lawsuit, and (2) $8,500 for costs and expenses, as supported by declaration. Defendants do not object to the requested fees and costs. This amount will be paid from the Maximum Settlement Fund.

- **Employers' Taxes**: The employers' share of corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that are owed on the Individual Settlement Payments will be paid from the Maximum Settlement Fund ("Employers' Taxes"). The Employers' Taxes are estimated to be $7,816.40. (Class Members' tax withholdings will be deducted from the portion of the Individual Settlement Payments representing wages. Class Members will be responsible for their own taxes on the non-wage portion of the Individual Settlement Payments. Tax matters are discussed in more detail in the settlement agreement).

4

- **Settlement Administration.** The cost of settlement administration is approximately $80,000, which pays for tasks such as mailing and tracking this Notice and the Claim Form, mailing checks and tax forms, and reporting to the parties and the Court. This amount will be paid from the Maximum Settlement Fund.

### III. YOUR OPTIONS UNDER THE SETTLEMENT

#### A. *Submit a Claim Form To Receive Your Individual Settlement Payment*

You must take action to receive your Individual Settlement Payment. However, if you dispute the number of Compensable Workweeks, as stated above, you may contact the Settlement Administrator with the details of your dispute, including any supporting information or documentation, no later than [date]. If you submit a Claim Form, you will receive your Individual Settlement Payment, calculated based on the Compensable Workweeks as identified in this Notice, as well as your PAGA Payment Check. By submitting a Claim Form, you will be bound by the terms of the settlement, including a release of the Released Claims, and will be opting into a collective action settlement under the FLSA and release your FLSA Claims. You must submit your Claim Form by [date].

#### B. *Do Nothing But You Will Not Receive Your Individual Settlement Payment*

If you do nothing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check. By doing nothing, you will release the Released Claims against the Released Parties, but you will not release your FLSA Claim.

#### C. *Exclude Yourself from the Settlement*

You have the right to request exclusion from the settlement. If you do not wish to participate in the settlement, you may exclude yourself by submitting a written request for exclusion no later than [date]. The written request for exclusion: (1) must contain your name, address, and telephone number; (2) must be postmarked no later than [date] and returned to the Settlement Administrator at the address or facsimile number listed below; and (3) must describe your intent to request exclusion, opt out, or words to that effect.

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK
c/o Settlement Administrator
Mailing Address
Telephone numbers
Fax Number

If you submit a valid and timely request for exclusion, you will **not** receive an Individual Settlement Payment, but you will receive your PAGA Payment Check. By excluding yourself from the settlement, you may not object to the settlement, and you will retain your right to sue the Released Parties for the Released Claims and FLSA Claims.

#### D. *Object to the Settlement, Attorneys' Fees and Costs, and/or Class Representative Enhancements*

Any Class Members who do not exclude themselves from the settlement may object to the settlement and/or Class Counsel's request for attorneys' fees and costs and Class Representative Enhancements and appear at the hearing where the Court will make a final decision on (1) whether or not to approve the settlement, and (2) what attorneys' fees and costs and Class Representative Enhancements to award (the "Final Approval Hearing"). The Final Approval Hearing is scheduled to take place on [date], at [time] in Courtroom 8 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113. Please note the date and time for this hearing is subject to change without further notice being sent to you. You should check the settlement website above and/or the Court's PACER site to confirm that the date has not been changed.

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Error! Unknown document property name.

If you wish to object, you must do so in writing. Your written objections must (a) contain your name and address; (b) the basis for your objection; (c) state whether you intend to appear at the Final Approval Hearing; (d) clearly identify the case name and number (*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK); and (e) be mailed to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, postmarked on or before [date].

You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

## IV.  CLAIMS TO BE RELEASED UNDER THE SETTLEMENT

Final approval of the settlement will bar any Class Member who does not request to be excluded from the settlement from hereafter initiating a lawsuit regarding the Released Claims.

The Released Claims are any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under California law, whether known or unknown, contingent or accrued, that are based on the same facts alleged by Plaintiffs, including claims for: (a) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (b) failure to pay minimum wages or to timely pay such wages in violation of California Labor Code §§ 204, 1194, 1197, and 1197.1; (c) failure to provide meal periods in violation of California Labor Code §§ 226.7 & 512(a); (d) failure to authorize and permit rest periods in violation of California Labor Code § 226.7; (e) failure to timely pay wages at the termination of employment in violation of California Labor Code §§ 201, 202, and 203; (f) failure to provide accurate, itemized wage statements in violation of California Labor Code §§ 226 and 226.6; (g) unfair business practices under California Business & Professions Code Section 17200 *et seq.*; and (h) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims identified above in (a)-(g) during the Class Period (the "Released Claims"). The period of the Released Claims shall extend from July 17, 2013 through [PRELIMINARY APPROVAL DATE].  The Released Claims are released with respect to Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them ("Released Parties").

In addition, Class Members who submit Claim Forms will opt into the collective action, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b) and release any claims for failure to pay minimum or overtime wages pursuant to the FLSA arising at any time between July 17, 2014 through [PRELIMINARY APPROVAL DATE] ("FLSA Claims"). The FLSA Claims include all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, arising under the federal Fair Labor Standards Act based on the facts alleged in this case, including, without limitation, claims under 29 U.S.C. § 206, 207, 216, and 255.

Final approval of the settlement will bar any Class Member from hereafter initiating a lawsuit regarding the PAGA Claims.  The PAGA Claims are any claims for PAGA penalties, attorneys' fees, costs, and other amounts recoverable pursuant to PAGA from December 13, 2017 through [PRELIMINARY APPROVAL DATE] that are premised on any of the Released Claims.

### ADDITIONAL INFORMATION

The foregoing is only a summary of the settlement. To see a copy of the Stipulation of Class Action Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the Lawsuit), the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, the operative Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this Settlement, you may view all such files at www. _____.com or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at [_____] or Class Counsel:

**Error! Unknown document property name.**

**SETTLEMENT ADMINISTRATOR**
Mailing Address
Telephone numbers
E-mail: [e-mail address]

**CLASS COUNSEL**
James Dal Bon (SBN 157942)
LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 466-5845
Facsimile: (408) 286-7111
jdb@wagedefenders.net

**CLASS COUNSEL**
Victoria L.H. Booke (SBN 142518)
BOOKE & AJLOUNY
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 286-7000
Facsimile: (408) 286-7111
vbooke@bookelaw.com

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 3

[Type here]

James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA  95112
Telephone:   (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY, LLP**
606 North First Street
San Jose, CA  95112
Telephone:   (408) 286-7000

Attorneys for Plaintiffs and the Settlement Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,<br><br>PLAINTIFFS AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PRELIMINARILY APPROVING CLASS SETTLEMENT**<br><br>Hon. Lucy H. Koh<br><br>Date:<br>Time:<br>Courtroom: 8<br>Location: San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113 |

[Type here]

1    Plaintiff's unopposed motion to certify a settlement class and to approve a

2    PAGA settlement and preliminarily approve a class settlement came on for hearing

3    before this Court on [INSERT DATE], the Honorable Lucy H. Koh presiding.

4    Having fully considered the papers submitted in support of the motion and having

5    carefully analyzed the Joint Stipulation of PAGA and Class Action Settlement, the

6    Notice of PAGA and Class Action Settlement, and the Claim Form and in

7    recognition of the Court's duty to make a preliminary determination as to the

8    reasonableness of a proposed class action settlement, the Court hereby GRANTS

9    Plaintiff s motion as follows:

10    **BACKGROUND OF THE LAWSUIT**

11    1.    This class action lawsuit alleges that Defendants Moving Solutions,

12    Inc., Managed Facilities Solutions, LLC, and Chartwell Staffing Services, Inc.

13    ("Defendants") violated applicable provisions of the Fair Labor Standards Act,

14    California Labor Code, the California Business and Professions Code and the

15    California Industrial Welfare Commission's (the "IWC") Wage Orders with respect

16    to California non-exempt employees who engaged in office moving duties with

17    respect to the following: (1) Failure to Pay all Wages Under the Fair Labor

18    Standards Act; (2) Failure to Pay All Wages Including California Overtime Wages;

19    (3) Failure to Pay All Wages at the End of Employment; (4) Failure to Provide

20    Accurate Itemized Wage Statements; (5) Failure to Provide Meal and Rest Breaks;

21    (6) Violation of California Unfair Competition Law; and (7) violation of the Private

22    Attorneys General Act of 2004 ("PAGA").

23    2.    Through substantial formal and informal discovery, Defendants

24    provided Plaintiffs' counsel with thousands of pages of time and payroll records, the

25    written policies relevant to Plaintiffs' claims, aggregate class member data during

26    the relevant time period, and extensive documents indicating the financial condition

27    of Defendants Chartwell and Managed Facilities Solutions, LLC.

28    3.    On November 30, 2018, the Parties attended private mediation with

1

1    Hon. Jacobs-May (Ret.), where the Parties reached a settlement, as provided herein,

2    to resolve Plaintiffs' claims on a class and representative action basis.

3        4.    Following execution of the Memorandum of Understanding, the Parties

4    negotiated and executed a Joint Stipulation of PAGA and Class Action Settlement

5    (the "Settlement Agreement"), filed with the Court on [INSERT DATE].  A true and

6    correct copy of the fully-executed Settlement Agreement is attached as Exhibit 1 to

7    the Declaration of [NAME] ("[NAME] Declaration") The Settlement Agreement

8    provides for the full settlement and release of all PAGA, class and representative

9    claims encompassed by the Complaint, the First Amended Complaint, the Second

10    Amended Complaint, the Third Amended Complaint, and otherwise sets forth the

11    terms of the proposed Settlement which is before the Court for approval. Defendants

12    continue to deny all allegations of wrongdoing, and do not admit or concede that

13    they have, in any manner, violated the Fair Labor Standards Act, California Labor

14    Code, the California Unfair Competition Law, any Wage Orders or any other law.

15    Defendants also deny that this case is appropriate for class action treatment other

16    than for purposes of settlement.

17    **CERTIFICATION OF SETTLEMENT CLASS**

18        5.    Based on the findings and conclusions set forth below in

19    Subparagraphs (a)-(e) of Paragraph 6, the Court determines that this case meets the

20    requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal

21    Rules of Civil Procedure for purposes of settlement, and hereby orders that this case

22    is certified as a class action, for purposes of settlement only, on behalf of the

23    following class: "All current and former hourly, non-exempt employees, except for

24    administrative office staff, who are employed or have been employed by Defendants

25    in the State of California from July 17, 2013 through the date the Preliminary

26    Approval Order is entered by the Court."  The class does not include Chartwell's

27    employees who were not placed to work for Defendant Moving Solutions, Inc. or

28    Defendant Managed Facilities Solutions, LLC.

6.     The findings and conclusions that follow are based on the Court's consideration of: the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and declaration; the allegations, information, arguments, and authorities provided in connection with the Complaints filed in this case; Defendants' agreement, for settlement purposes only, not to oppose certification of the settlement class specified in the Settlement Agreement; the terms of the Settlement; and the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

a.     Numerosity. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are more than 1,000 class members.  Settlement Class Members' identities can be ascertained from Defendants' records.

b.     Common Questions of Law or Fact. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to: whether Defendants have violated the Fair Labor Standards Act; whether Defendants violated California Labor Code §§ 226.2, 510, and 1194 by failing to pay employees for all hours worked; whether Defendants violated California Labor Code §§ 226.2, 1194, 1194.2, 1194.3, 1197 and 1197.1 by failing to pay minimum wage for all hours worked; whether Defendants violated California Labor Code §§ 226, 226.2 and 226.3 by failing to provide accurate wage statements; whether Defendants violated California Labor Code §§ 510 and 1194 and IWC Wage Order 4 by failing to pay overtime compensation; whether Defendants violated California Labor Code §§ 226.7 and 512 and IWC Wage Order 4 by failing to provide rest and meal periods; whether Defendants are liable for waiting time penalties pursuant to California Labor Code §§ 201, 202, 203; whether Defendants violated California Labor Code § 558; whether Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to pay

minimum wages and overtime wages and failing to provide meal and rest breaks.

c.    <u>Typicality of the Representative Plaintiffs' Claims</u>. The Court finds that, for purposes of this settlement only, the claims of Plaintiffs are typical of the claims of the Class, in that their claims arise from the same alleged events and course of conduct as the claims of the Class, and are based on the same legal theories.

d.    <u>Fair and Adequate Representation of the Class's Interests</u>. The Court finds that, for purposes of this settlement only, the Representative Plaintiffs will fairly and adequately represent the Class's interests, in that the Representative Plaintiffs for purposes of this settlement have the same interests as all members of the Class, have diligently and zealously prosecuted this action to date, and are represented by experienced and competent attorneys who have the resources necessary to represent the Class. The Court hereby appoints Plaintiffs as the Class Representatives, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

e.    <u>Predominance and Superiority of the Class Action Procedure</u>. The Court concludes that, for purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of the controversy.

7.    <u>Appointment of Class Counsel</u>. The Court hereby appoints, for purposes of this settlement only James Dal Bon of Law Offices of James Dal Bon and Victoria L.H. Booke of Law Offices of Booke & Ajlouny, LLP as counsel for the settlement class ("Class Counsel"). In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Class Counsel have extensive experience in handling class actions and the types of claims asserted in this action;

1    that Class Counsel is very knowledgeable of the applicable law; and that Class

2    Counsel have committed and will continue to commit adequate resources to

3    representing the Class.

4          8.    Appointment of Settlement Administrator.  The Court appoints CTP

5    Group as the Settlement Administrator.

6    **PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

7          9.    The Court has reviewed the terms of the Settlement and the description

8    of the Settlement set forth in Plaintiffs' moving papers. Based on that review, the

9    Court concludes that the Class Settlement has no obvious deficiency, appears to be

10   fair, reasonable, and adequate, and is within the range of possible settlement

11   approval such that notice of the proposed class settlement to the Class is appropriate.

12         10.   The Court has read and considered the [NAME] Declaration in support

13   of the Motion for preliminary approval. Based on the Court's review of that

14   Declaration, the Court finds that the Settlement was negotiated at arms-length and is

15   not collusive. The Court further finds that Class Counsel were adequately informed

16   about Defendants' financial condition and the strengths and risks of the Class's case

17   when they entered into the Settlement, and that they entered into the Settlement only

18   after conducting extensive informal and formal discovery and investigation, which

19   included interviewing the plaintiffs and other current and former employees of

20   Defendants in California, reviewing and analyzing extensive work and payroll data

21   for the Class produced by Defendants in the course of discovery, and estimating

22   potential Class recoveries on a per week or pay period basis based thereon.

23         11.   As to the proposed distribution plan for the Net Settlement Fund

24   ("Distribution Plan") set forth in the Agreement, the Court has read and considered

25   the [NAME] Declaration and finds that the proposed Distribution Plan does not

26   improperly grant preferential treatment to any segment of the Class. The Plan is

27   rationally and reasonably related to the relative strengths and weaknesses of the

28   claims asserted and the associated potential recoveries.

12.    The Court further finds on a preliminary basis that the payment of the Incentive Awards of $5,000 each to the Representative Plaintiffs contemplated by the Settlement is proper, fair, and reasonable in consideration of the facts that the Representative Plaintiffs spent significant amounts of time assisting Class Counsel in investigating and preparing the Class's claims, searching for and producing documents, and that the Representative Plaintiffs provided an extensive individual release to Defendants, in addition to the releases provided by all Settlement Class Members.

13.    Accordingly, the Court hereby GRANTS preliminary approval to the Class Settlement.

**APPROVAL OF THE PAGA SETTLEMENT**

14.    The Court hereby grants approval of the PAGA Settlement, including the settlement and release of the PAGA Claims, as defined in the Settlement Agreement, and the payment of Ten Thousand Dollars ($10,000) from the Maximum Settlement Fund to resolve the PAGA Claims ("PAGA Payment"). The Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or $7,500, to the California Labor and Workforce Development Agency ("LWDA") no later than ten (10) calendar days after the Funding Date.  Twenty-five percent (25%), or $2,500, shall be distributed pro rata to all PAGA Releasees, based on the number of weeks worked by a PAGA Releasee, as a fraction of the total weeks worked by all PAGA Releasees.  PAGA Releasees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims. The payment to each PAGA Releasee shall be made in the form of a check to be mailed to each of them no later than ten (10) calendar days after the Funding Date.

15.    Any PAGA Payment Checks that are not cashed within 180 days shall escheat to the State of California and be submitted to the State of California unclaimed property fund in the name of the PAGA Releasee who is the payee of the

6

1    check pursuant to California Code of Civil Procedure section 1510 et seq.

2    16.    All PAGA Claims are hereby dismissed with prejudice as to the

3    Plaintiff and all PAGA Releasees.  The claims in this Action and the PAGA Claims

4    of each PAGA Releasee against Defendants, and against any and all of the Released

5    Parties as defined in the Settlement Agreement, are fully, finally, and forever

6    released, relinquished and discharged pursuant to the terms of the Settlement

7    Agreement.  All PAGA Releasees are permanently enjoined from pursuing or

8    seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement

9    to the maximum extent permitted by law.

10    **APPROVAL OF CLASS NOTICE AND CLAIM FORM**

11    17.    Plaintiffs have submitted for the Court's approval a proposed form of

12    Class Notice and Claim Form that have been jointly agreed upon by the Parties (see

13    Settlement Agreement, Exhs. 1 and 2). The proposed Class Notice appears to be the

14    best notice practical under the circumstances and appears to allow Settlement Class

15    Members a full and fair opportunity to consider the proposed Settlement and

16    develop a response. The Parties' proposed plan for distributing the Class Notice and

17    Claim Form set forth in the Settlement Agreement likewise appears to be a method

18    that is reasonably calculated to reach all members of the Class who would be bound

19    by the Settlement. Under this plan, a Settlement Administrator will distribute the

20    Class Notice and Claim Form to Settlement Class Members by U.S. First Class

21    Mail. There appears to be no additional method of distribution that would be

22    reasonably likely to result in the receipt of notice by Settlement Class Members who

23    may otherwise not receive notice pursuant to the proposed distribution plan.

24    18.    Accordingly, the Court HEREBY ORDERS that the Parties' proposed

25    forms and manner of distributing notice to the Class is approved. The Court directs

26    the mailing of the Class Notice and Claim Form by first-class mail to the Settlement

27    Class Members in accordance with the Implementation Schedule set forth below.

28    The Court finds the dates and process selected for the mailing and distribution of the

7

1   Notice and Claim Form, as set forth in the Implementation Schedule and the

2   Settlement Agreement, meet the requirements of due process and provide the best

3   notice practicable under the circumstances and shall constitute due and sufficient

4   notice to all persons entitled thereto.

5       19.    The Court orders the following Implementation Schedule for further

6   proceedings:

7           a.    Within ten (10) business days from the entry of this Preliminary

8   Approval Order, Defendants shall provide to the Settlement Administrator a

9   Microsoft Excel spreadsheet that includes the following information for each

10  Settlement Class Member: (1) full name; (2) last known address; (3) last known

11  home telephone number; (4) Social Security number; and (5) number of weeks

12  worked during the Class Period.

13          b.    Upon receipt of the Class Data, the Settlement Administrator will

14  perform a search based on the National Change of Address Database and/or similar

15  database(s) to update and correct any known or identifiable address changes.  No

16  later than seven (7) calendar days after receiving the Class Data from Defendants as

17  provided herein, the Settlement Administrator shall mail copies of the Notice Packet

18  to all Settlement Class Members via regular First Class U.S. Mail.  The Settlement

19  Administrator shall exercise its best judgment to determine the current mailing

20  address for each Settlement Class Member.  The address identified by the

21  Settlement Administrator as the current mailing address shall be presumed to be the

22  best mailing address for each Settlement Class Member.  In the event more than one

23  address is identified, then the Settlement Administrator shall mail to each potentially

24  valid address.

25          c.    Any Notice Packets returned to the Settlement Administrator as

26  non-delivered on or before the Response Deadline shall be re-mailed to the

27  forwarding address affixed thereto.  If no forwarding address is provided, the

28  Settlement Administrator shall promptly attempt to determine a correct address by

8

1  lawful use of skip-tracing, or other search using the name, address and/or Social

2  Security number of the Settlement Class Member involved, and shall then perform a

3  re-mailing, if another mailing address is identified by the Settlement Administrator.

4  Settlement Class Members who received a re-mailed Notice Packet shall have their

5  Response Deadline extended ten (10) calendar days from the original Response

6  Deadline.

7          d.    Claim Forms must be completed and postmarked on or before

8  the expiration of the Response Deadline and returned to the Settlement

9  Administrator, in compliance with the terms of the Settlement Agreement and Class

10  Notice. Only Settlement Class Members who submit a Claim Form shall be deemed

11  to have consented to join the Action pursuant to the FLSA and released their claims

12  under the FLSA as described in this Agreement to the extent required by law.

13  Settlement Class Members who do not return a valid Claim Form with a postmark

14  date on or before the expiration of the Notice Period are not entitled to an Individual

15  Settlement Payment but shall remain subject to the release of the Released Claims as

16  defined in this Agreement to the maximum extent permitted by law.

17          e.    Requests for exclusion from the Settlement must be postmarked

18  on or before the expiration of the Response Deadline and returned to the Settlement

19  Administrator, in compliance with the terms of the Settlement Agreement and Class

20  Notice. Any Settlement Class Member may seek exclusion from the Settlement,

21  except the PAGA portion of the settlement as provided in the Settlement

22  Agreement. Requests for exclusion that do not comply with this paragraph and the

23  requirements set forth in the Settlement Agreement and Class Notice shall not be

24  effective.

25          f.    Objections to the Class Settlement must be filed with the Court

26  by the close of the Response Deadline in compliance with the terms of the

27  Settlement Agreement and Class Notice. Objections must state the specific grounds

28  on which they are being made and include all supporting facts. If an objector intends

9

to appear at the Final Approval Hearing, either in person or through an attorney, the objector must file and serve with the objection a notice of intention to appear at the Final Approval Hearing. Objections that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be considered.

**FINAL APPROVAL HEARING REGARDING CLASS SETTLEMENT**

20.     A Final Approval and Fairness Hearing on the separate questions of whether (i) the proposed Class Settlement, (ii) the proposed award of Class Counsel's Fees and Expenses to Class Counsel, and (iii) the proposed Class Representatives' Incentive Awards should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled for    a.m./p.m. on _____ 2020, in the Courtroom of the Honorable Lucy H. Koh. All briefs and materials in support of an Order Granting Final Approval of the Class Settlement, an Order Granting Class Counsel's Attorneys' Fees and Costs, and an Order granting the Class Representatives' Incentive Awards shall be filed and served by _____, 2020.

21.     If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date of the Settlement does not occur for any reason, the Settlement Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in conjunction therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement Agreement.

22.     This Order, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing or the appropriateness of class certification in the non-settlement context in this Action or in any other proceeding. The Settlement and this Agreement shall have no impact on the validity or enforceability

1    of the Arbitration Agreements entered into by some of the Settlement Class

2    Members, and the settlement shall not prejudice Defendants or the Released Parties

3    from seeking to enforce such Arbitration Agreements.

4        23.    Pending further order of this Court, all proceedings in this matter other

5    than those contemplated herein and in the Settlement Agreement are stayed.

6        24.    This Court reserves the right to adjourn or continue the Final Approval

7    Hearing from time to time without further notice to Settlement Class Members.

8        IT IS SO ORDERED.

9

10   Dated: _____, 2020

11                                                 THE HONORABLE LUCY H. KOH,
                                                   UNITED STATES DISTRICT COURT
12                                                 JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND
PRELIMINARILY APPROVING CLASS SETTLEMENT – 17-CV-04015-LHK

1

2

3

4

5

6

7

8

EXHIBIT 4

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  James Dal Bon, California Bar No. 157942
2  **LAW OFFICES OF JAMES DAL BON**
   606 North First Street
3  San Jose, CA  95112
   Telephone:   (408) 466-5845
4
   Victoria L. H. Booke, California Bar No. 142518
5  **LAW OFFICES OF BOOKE & AJLOUNY, LLP**
6  606 North First Street
   San Jose, CA  95112
7  Telephone:   (408) 286-7000

8
9  Attorneys for Plaintiffs and the Settlement Class

10

11                **UNITED STATES DISTRICT COURT**

12      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14  ALBERT ARELLANO, ROBERT            Case No. 17-CV-04015 LHK
15  GARZA, DANIEL CORONADO,
    JOSE DON CORONADO,                 **[PROPOSED] ORDER: (1)**
16                                     **GRANTING FINAL APPROVAL OF**
    PLAINTIFFS AND PUTATIVE            **CLASS ACTION SETTLEMENT**
17  PLAINTIFFS                         **AND PLAN OF DISTRIBUTION; (2)**
                                       **APPROVING CLASS**
18                 Plaintiffs,         **REPRESENTATIVE**
                                       **ENHANCEMENT PAYMENTS TO**
19          v.                         **PLAINTIFFS; (3) APPROVING**
                                       **ATTORNEYS' FEES TO CLASS**
20  MOVING SOLUTIONS, a California     **COUNSEL; AND (4) RETAINING**
    Corporation MANAGED FACILITIES     **JURISDICTION**
21  SOLUTIONS, LLC a California
    Limited Liability Company and
22  CHARTWELL STAFFING                 Hon. Lucy H. Koh
    SOLUTIONS, INC a new York
23  Corporation licensed to do business in
    California
24                                     Date:
                   Defendants.         Time:
25                                     Courtroom: 8
                                       Location: San Jose Courthouse, 280
26                                     South 1st Street, San Jose, CA 95113
27

28
    USA01\12382101
    [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 17-CV-04015-
                                      LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came on for hearing on [DATE], on Plaintiffs Albert Arellano,

2    Robert Garza, Barbara Middle Rider, and Dan Coronado's ("Plaintiffs" or "Class

3    Representatives") Motion for Attorneys' Fees and Costs and unopposed Motion for

4    Final Approval of Class Action Settlement and for Judgment in this action on the

5    terms set forth in the Joint Stipulation of Class Action Settlement (the "Settlement

6    Agreement"), attached hereto as Exhibit 1.₁  Due and adequate Notice having been

7    given to the members of the Class, and the Court having considered the Settlement

8    Agreement, all papers and proceedings held herein, and all oral and written

9    comments received regarding the proposed Class Settlement, and having reviewed

10   the entire record in this action, ALBERT ARELLANO et al., on behalf of

11   themselves and all others similarly situated, v. MOVING SOLUTIONS, INC. et al.,

12   Case No. 17-CV-04015 LHK ("the Action"), and good cause appearing, finds that:

13       WHEREAS, Plaintiffs have alleged claims against Defendants Moving

14   Solutions, Inc., Chartwell Staffing Services, Inc., and Managed Facilities Solutions,

15   LLC on behalf of themselves and all current and former hourly, non-exempt

16   employees, except for administrative office staff, who are employed or have been

17   employed by Defendants in the State of California from July 17, 2013 through

18   [DATE]; and

19       WHEREAS, Plaintiffs assert claims that Defendants failed to pay for all hours

20   worked; failed to pay minimum wage for all hours worked; failed to provide

21   accurate wage statements; failed to maintain accurate payroll records; failed to pay

22   overtime compensation; failed to provide rest and meal periods; failed to pay

23   minimum wages and overtime wages; and violated the Fair Labor Standards Act.

24   Plaintiffs further assert claims that Defendants are liable for waiting time penalties

25   and penalties under the California Private Attorneys General Act of 2004 ("PAGA")

26   (Cal. Labor Code §§ 2698, et seq.); and

27

28

---

₁ All capitalized terms appearing in this Order that are not defined herein shall have the meanings assigned to them in
the Parties Settlement Agreement.

Proposed final order

1     WHEREAS, Defendants expressly deny the allegations of wrongdoing and

2     violations of law alleged in this Action; assert that they always properly

3     compensated their employees; and further deny any liability whatsoever to Plaintiffs

4     or to the Settlement Class Members; and

5     WHEREAS, without admitting any liability, claim or defense the Parties

6     determined that it was mutually advantageous to settle this Action and avoid the

7     costs, delay, uncertainty and business disruption of ongoing litigation; and

8     WHEREAS, this Court granted approval of the PAGA Settlement and

9     preliminary approval of the parties' Class Settlement in this Action on [DATE]

10     ("Preliminary Approval Order"); and

11     WHEREAS, the Class Notice and the Claim Form to the Class Members were

12     sent in accordance with the Preliminary Approval Order; and

13     WHEREAS, a fairness hearing on the proposed Class Settlement having been

14     duly held and a decision reached,

15     NOW, therefore, the Court grants final approval of the Class Settlement, and

16     IT IS HEREBY ORDERED THAT:

17     1.     The Court has jurisdiction over the subject matter of this Action,

18     Defendants, and the Settlement Class Members.

19     2.     The Court has determined that the Class Notice given to the Settlement

20     Class Members fully and accurately informed all Settlement Class Members of all

21     material elements of the proposed Class Settlement — including the plan of

22     distribution of Maximum Settlement Fund, the PAGA Payment, the application for

23     Class Representative Enhancements to Plaintiffs, and the application for Class

24     Counsels' Award — constituted the best notice practicable under the circumstances,

25     constituted valid, due and sufficient notice to all Settlement Class Members, and

26     complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United

27     States Constitution, and any other applicable laws.

28     3.     The Court hereby grants final approval of the Class Settlement as fair,

1    reasonable and adequate in all respects to the Settlement Class Members pursuant to

2    Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties and the

3    Settlement Administrator to implement all remaining terms of the Settlement

4    Agreement pertaining to the distribution of the Maximum Settlement Fund and Net

5    Settlement Fund in accordance with the terms of the Settlement Agreement.

6         4.     The plan of distribution as set forth in the Settlement Agreement

7    providing for the distribution of the Net Settlement Fund to Claimants is hereby

8    finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the

9    Federal Rules of Civil Procedure.

10         5.     As previously held in the Court's Preliminary Approval Order, the

11    Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related

12    case law and is defined as follows:

13         "All current and former hourly, non-exempt employees, except for

14         administrative office staff, who are employed or have been employed by

15         Defendants in the State of California from July 17, 2013 through the date the

16         Preliminary Approval Order is entered by the Court."  The class does not

17         include Chartwell's employees who were not placed to work for Defendant

18         Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

19         6.     As previously held in the Court's Preliminary Approval Order, the

20    Court appoints as Class Counsel, James Dal Bon of Law Offices of James Dal Bon

21    and Victoria L.H. Booke of Law Offices of Booke & Ajlouny, LLP.

22         7.     The Court approves payment of Class Representative Enhancements of

23    $5,000 each to Plaintiffs for their service to the Class, which shall be paid from, and

24    not in addition to, the Maximum Settlement Fund.

25         8.     The Court approves the payment of attorneys' fees in the amount of

26    $117,500 to Class Counsel, which shall be paid from, and not in addition to, the

27    Maximum Settlement Fund.

28         9.     The Court also approves the additional payment of attorneys' costs in

Proposed final order

the amount of $[AMOUNT] to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

10.    The Court approves a payment of up to $[AMOUNT] to the Settlement Administrator out of the Maximum Settlement Fund. Any portion of the payment to the Settlement Administrator that is unused will go to the Net Settlement Fund.

11.    Any checks for PAGA Payment Checks or Individual Settlement Payments that are not cashed within 180 days shall escheat to the State of California and be submitted to the State of California unclaimed property fund in the name of the Claimant who is the payee of the check pursuant to California Code of Civil Procedure section 1510 et seq.

12.    All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiffs and the Settlement Class Members. Further, as set forth in the Preliminary Approval Order, the Private Attorneys General Act claim asserted in this Action, has been DISMISSED with Prejudice as to Plaintiff and all PAGA Releasees. Each party shall bear his, her or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order.

13.    Upon entry of this Order and the accompanying Judgment, the claims in this Action and the Released Claims of each Settlement Class Member against Defendants, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the maximum extent permitted by law.

14.    Upon entry of this Order and the accompanying Judgment, all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Released Parties as defined in the Settlement

Proposed final order

Agreement and as set forth in the Preliminary Approval Order. As set forth in the Preliminary Approval Order, all PAGA Releasees have been forever barred and enjoined from prosecuting the PAGA Claims against any of the Released Parties as defined in the Settlement Agreement.

15.     Each Settlement Class Member is bound by this Order and the Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

16.     This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

17.     Without affecting the finality of this Order and the accompanying Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiffs, the Settlement Class Members, and Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the PAGA Payment Checks and Individual Settlement Payments and award of attorney's fees, costs, and expenses, the Final Judgment, and this Order.


        IT IS SO ORDERED.


Dated: _____, 2020

_____
THE HONORABLE LUCY H. KOH,
UNITED STATES DISTRICT COURT
JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3   EXHIBIT E
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Type here]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,

PLAINTIFFS AND PUTATIVE PLAINTIFFS

                Plaintiffs,

           v.

MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California

                Defendants.

Case No. 17-CV-04015 LHK

**[PROPOSED] JUDGMENT**

Hon. Lucy H. Koh

Date:
Time:
Courtroom: 8
Location: San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113

[Type here]

Pursuant to the Order Granting Preliminary Approval of PAGA and Class Action Settlement ("Preliminary Approval Order") entered on_____ And the Order Granting Final Approval of PAGA and Class Action Settlement (Final Approval Order) on _____., it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1) The Joint stipulation of PAGA and Class action Settlement (the Settlement Agreement) attached hereto as Exhibit 1 shall be incorporated into this judgement as though all terms therein are set forth in full.  The capitalized terms in this Judgment shall have the meanings set forth in the Settlement Agreement.

2) All claims asserted in this action are DISMISSED WITH PREJUDICE as to the Plaintiffs Barbara Middle Rider. Robert Garza, Alberto Arellano, and Dan Coronado and the Settlement Class Members as to the maximum permitted by law.

3) The FSLA claims are only released for only those Settlement Class Members who made a claim pursuant to the Settlement Agreement

4) As stated in the Preliminary Approval Order the PAGA claims asserted in this action shall be dismissed with prejudice as to the Plaintiffs and all PAGA Releasees

5) Except as set forth in the Settlement Agreement and the Final Approval Order, each party is to bear its own attorney's fees and costs.

6) All Settlement Class Members who did not properly and timely opt out from the Settlement Agreement are permanently enjoined from pursuing Released Claims, as defined in the Settlement Agreement (with the exception to the FSLA Claims in paragraph 3 above) to the maximum extent permitted by law.

7) All PAGA Releasees are permanently enjoined from pursuing or seeking

1    to reopen, any of the PAGA Claims, as defined in the Settlement

2    Agreement to the maximum permitted by law.

3    8)  Without effecting the finality of the Judgment the Court shall retain

4    exclusive and continuing jurisdiction over the above captioned action and

5    the parties, including all Settlement Class Members, for the purposes of

6    supervising, administering, implementing, enforcing and interpreting the

7    Settlement Agreement and the Final Approval Order.

8

9    IT IS SO ORDERED.

10

11   Dated: _____, 2020

12   THE HONORABLE LUCY H. KOH,
     UNITED STATES DISTRICT COURT
13   JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER APPROVING PAGA SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND
PRELIMINARILY APPROVING CLASS SETTLEMENT – 17-CV-04015-LHK