*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT**

*This is a Court-ordered Notice. You are not being sued. This notice affects your rights. Please read it carefully.*

To: All current and former hourly, non-exempt employees who have worked for Chartwell Staffing Services, Inc., Moving Solutions, Inc., or Managed Facilities Solutions, LLC ("Defendants"), other than administrative office staff, in the State of California at any time from July 17, 2013 to [PRELIMINARY APPROVAL DATE] ("Class Members"). Class Members do not include Defendant Chartwell Staffing Services, Inc.'s employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

On [PRELIMINARY APPROVAL DATE], the Honorable Lucy H. Koh of the United States District Court for the~~,~~ Northern District of California, granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members about the settlement. The Court will make a final determination regarding this settlement at a Final Approval Hearing on April 30, 2020. You have received this notice because Defendants' records indicate that you are a Class Member and, therefore, are entitled to a payment from the settlement in a case that involves~~-~~ class action claims under the California Labor Code ~~("Labor Code")~~, a collective action claim under the federal Fair Labor Standards Act ("FLSA"), and claims under California's Private Attorneys General Act ("PAGA").

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, you may either review the Joint Stipulation of Class/Collective Action and PAGA Settlement ~~settlement agreement~~ available at www.*******.com, contact class counsel at (408) 466-5845, access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO **NOT** TELEPHONE THE COURT OR THE CLERK OF THE COURT ~~CLERK~~'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **YOU MAY DO ANY OF THE FOLLOWING IN RESPONSE TO THIS NOTICE:** ||
| **RETURN THE ENCLOSED CLAIM FORM** | If you complete and return the enclosed Claim Form to the Settlement Administrator, you will:<br>1. receive your Individual Settlement Payment (as defined in ~~section~~ Part II, below), and waive and release the Released Claims (as defined in Part IV, below) against the Released Parties;<br>2. opt into a collective action settlement under the Fair Labor Standards Act ("FLSA"), and waive and release the FLSA Claims (as defined in Part IV, below) against the Released Parties; and<br>3. receive~~-~~ your California's Private Attorneys General Act ("PAGA") ~~PAGA~~ Payment Check (as defined in ~~section~~ Part II, below), and waive and release the PAGA Claims (as defined in Part IV, below) against the Released Parties. ~~you will have waived and released both the PAGA Claims (as defined in section IV., below) and Released Claims (as defined in section IV., below) against the Released Parties (as defined in IV., below). By submitting a claim form, you also will be opting into a collective action settlement under the Fair Labor Standards Act ("FLSA") and will~~ |

2

| | |
|---|---|
| **DISPUTE THE NUMBER OF TOTAL WEEKS WORKED** | If you dispute the listed number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and [PRELIMINARY APPROVAL DATE] ("Class Period"), you may contact the Settlement Administrator to provide additional information and resolve the dispute. You will be paid your Individual Settlement Payment and PAGA Payment Check, or an adjusted amount. |
| **DO NOTHING** | If you do nothing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check. You will have released the Released Claims and PAGA Claims against the Released Parties, but you will **not** have released your FLSA Claims. |
| **EXCLUDE YOURSELFOPT OUT** | If you exclude opt out of this settlement yourself in writing from this settlement, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check. You will retain any rights to sue for the Released Claims and FLSA Claims against the Released Parties. You will **not** be able to sue under PAGA and will be deemed to have released your PAGA Claims. You will **not** be able to object to the settlement. |
| **OBJECT** | If you object to the settlement following the procedures described below, you will tell the Court why you do not don't agree with the settlement, except you cannot object to the portion of the settlement relating to the PAGA Claims. The Court may or may not agree with your objection. However, if the Court does not agree with your objection, you may still be paid (1) your Individual Settlement Payment if you complete and return the enclosed Claim Form; and (2) your PAGA Payment Check. |
| **HOW MUCH CAN I GET?** | |

If you choose to return theis enclosed Celaim Fform, you will receive payments for the number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and [PRELIMINARY APPROVAL DATE] ("Compensable Workweeks"). The parties have determined that you worked a total of _____ Compensable Workweeks during this Class Period.

Your total estimated payments are as follows:

**Your estimated Individual** Settlement Payment is $ _____, and your estimated PAGA Payment Check is $ _____.

*You will only receive a PAGA Payment Check if you worked for Defendants between December 13, 2017 and [PRELIMINARY APPROVAL DATE] (the "PAGA Settlement Period.") If you did not work for Defendants during the PAGA Settlement Period, you are not eligible to receive a PAGA Payment Check, so your PAGA Payment Check amount indicated above will be $0.*

## I. SUMMARY OF THE LITIGATION

The lLawsuit was filed on July 17, 2017 by Plaintiff Gary Middle Rider (who is deceased and has been replaced by his wife Barbara Middle Rider), and subsequently amended to add Robert Garza, Albert Arellano, and Jose Don Coronado as plaintiffs ("Plaintiffs"). Plaintiffs' operative Complaint alleges the following claims and requested relief on behalf of the Class Members during the Class Period: (1) unpaid minimum and overtime wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of the FLSA; (2) unpaid minimum and overtime wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of California Labor Code §§ 510, 1198, 1194, 1197, and 1197.1; (3) unpaid meal period premiums for failure to provide compliant meal periods in violation of California Labor Code §§ 226.7 & 512(a); (4) unpaid rest period premiums for failure to authorize and permit compliant rest periods in violation of California Labor Code § 226.7; (5) waiting-time penalties for failure to pay all wages due upon termination of employment in violation of California Labor Code §§ 201, 202, and 203; (6) wage statement penalties for failure to provide accurate, itemized wage statements in violation of California Labor Code § 226; (7) restitution for violations of California Business & Professions Code §§ 17200, *et seq.*; and (8) civil penalties for violations of the California

3

Labor Code pursuant to PAGA. Plaintiffs' operative complaint also alleges claims for violation of the wage and overtime provisions of the FLSA, including 29 U.S.C. §§ 206, 207, 216, and 255.

The Court has not made any rulings regarding the merits of the case. After engaging in extensive investigation and an all-day mediation before an experienced mediator, Plaintiffs and Defendants agreed to a class settlement that was preliminarily approved by the Court on [PRELIMINARY APPROVAL DATE]. Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the class, James Dal Bon of the Law Office of James Dal Bon and Victoria Booke of Booke & Ajlouny ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. Although Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Defendants have denied and continue to deny the factual and legal allegations in the case and believe that they have valid defenses to Plaintiffs' claims. By agreeing to settle, Defendants are not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendants have agreed to settle the case as part of a compromise with Plaintiffs.

## II.   SUMMARY OF SETTLEMENT'S MAIN TERMS

As noted above, Plaintiffs' operative Complaint alleges various claims under the California Labor Code and FLSA for failure to pay minimum, regular, and overtime wages, failure to pay meal and rest period premiums, failure to pay all wages due upon termination, and failure to provide accurate, itemized wage statements, as well as claims for statutory and civil penalties. In exchange for the release of claims against them and final judgment on the lawsuit, Defendants will pay up to Four Hundred Seventy Thousand Dollars ($470,000) ("Maximum Settlement Fund"). After the Class Counsel Award, Class Representative Enhancements, PAGA Settlement, Employers' Taxes, and settlement administration costs are deducted from the Maximum Settlement Fund, the remaining amount (the "Net Settlement Amount") will be distributed to Class Members who submit valid and timely Claim Forms ("Claimants"). Subject to Court approval, the Maximum Settlement Fund will be allocated as at follows:

- **Individual Settlement Payments**: Claimants are eligible to receive money from the Net Settlement Amount ("Individual Settlement Payments"). Each estimated Individual Settlement Payment is the pro-rata allocation of the Net Settlement Amount based on your Compensable Workweeks, which equals the number of workweeks during which you worked for Defendants as an hourly, non-exempt employee in the State of California during the Class Period ("Compensable Workweeks"). Your estimated Individual Settlement Payment is listed in the Summary of Your Legal Rights and Options in This Settlement above, but may increase somewhat based on the actual number of Claim Forms received by the Ssettlement Aadministrator. Required withholdings will be deducted from the Individual Settlement Payments. By submitting a valid and timely Claim Form, you will be opting into a collective action settlement under the FLSA. Any checks issued to Claimants shall remain valid and negotiable for one-hundred and eighty (180) days from the date of their issuance. After that time, all funds represented by uncashed checks shall be submitted to the State of California unclaimed property fund in the payees' names.

- **PAGA Settlement**: Plaintiffs and Defendants have agreed to allocate $10,000 of the Maximum Settlement Fund to resolve the Plaintiffs' PAGA Claims, with seventy-five percent (75%) paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the Class Members who have worked for Defendants from December 13, 2017 through [PRELIMINARY APPROVAL DATE] ("PAGA Releasees"). The payment amount for the PAGA Claims will be based on a pro rata allocation of the $2,500 paid to the PAGA Releasees based on their Compensable Workweeks from December 13, 2017 through [PRELIMINARY APPROVAL DATE] ("PAGA Payment Check"). PAGA Releasees will receive their PAGA Payment Check even if they do not submit a Claim Form. PAGA Releasees may not exclude themselves from or object to the PAGA Settlement. This amount will be paid from the Maximum Settlement Fund.

- **Class Representative Enhancements**: The Named Plaintiffs Gary Middle Rider (who is deceased and has been replaced by his wife, Barbara Middle Rider), Robert Garza, Albert Arellano, and Jose Don Coronado will request from the Court a specific and separate award of $5,000 each ($20,000 total) in recognition of their efforts and risks in assisting with the prosecution of the lawsuit and in return for executing General Releases of Defendants for any claims that exist as of the date of the Agreement [(parties shall clarify this date in the settlement amendment]t). Defendants do not object to this requested award. These amounts will be paid from the Maximum Settlement Fund.

4

- **Class Counsel Award**: Class Counsel will request from the Court: (1) one-fourth (25%) of the Maximum Settlement Fund ($117,500 of $470,000) as attorneys' fees for litigation and resolution of this lawsuit, and (2) $8,500 for costs and expenses, as supported by declaration. You may object to the attorneys' fees and costs, as explained below. Defendants do not object to the requested attorneys' fees and costs. This amount will be paid from the Maximum Settlement Fund. ~~You may object to the attorneys' fees and costs, as explained below.~~

- **Employers' Taxes**: The employers' share of corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that are owed on the Individual Settlement Payments will be paid from the Maximum Settlement Fund ("Employers' Taxes"). The Employers' Taxes are estimated to be $7,816.40. (Class Members' tax withholdings will be deducted from the portion of the Individual Settlement Payments representing wages. Class Members will be responsible for their own taxes on the non-wage portion of the Individual Settlement Payments. Tax matters are discussed in more detail in the Joint Stipulation of Class/Collective Action and PAGA Settlement~~settlement agreement~~).

- **Settlement Administration**: The cost of settlement administration is approximately $16,000, which pays for tasks such as mailing and tracking this Notice and the Claim Form, mailing checks and tax forms, and reporting to the parties and the Court. This amount will be paid from the Maximum Settlement Fund.

### III. YOUR OPTIONS UNDER THE SETTLEMENT

#### A. *Submit a Claim Form To Receive Your Individual Settlement Payment*

You must complete and ~~submit~~mail the enclosed Claim Form to the Settlement Administrator at the below address by [date] ~~take action~~ to receive your Individual Settlement Payment. However, if you dispute the number of Compensable Workweeks, as stated above, you may contact the Settlement Administrator with the details of your dispute, including any supporting information or documentation, no later than [date]. If you timely submit a Claim Form, you will receive your Individual Settlement Payment, calculated based on the Compensable Workweeks as identified in this Notice, as well as your PAGA Payment Check. By submitting a Claim Form, you will be bound by the terms of the settlement, including a release of the Released Claims, and will be opting into a collective action settlement under the FLSA and release your FLSA Claims. ~~You must submit your Claim Form by [date].~~

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK
c/o Settlement Administrator
Mailing Address
Telephone numbers
~~Fax Number~~

#### B. *Do Nothing But You Will Not Receive Your Individual Settlement Payment*

If you do nothing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check. By doing nothing, you will release the Released Claims against the Released Parties, but you will not release your FLSA Claims.

#### C. *~~Exclude Yourself from~~Opt Out of the Settlement*

~~You have the right to request exclusion from opt out of the settlement.~~ If you do not wish to participate in the settlement, you have the right to opt out of the settlement. To opt out, you must ~~you may exclude yourself~~opt out by submitting mail~~ing~~ to the Settlement Administrator at the address below by [date], a written ~~request for exclusion~~ statement that you wish to opt out~~opt out to the Settlement Administrator no later than [date]~~. ~~and the The~~ The written statement ~~request for exclusion~~opt out: (1) must contain your name, address, and telephone number; (2) must be postmarked no later than [date] and returned to the Settlement Administrator at the address ~~or facsimile number~~ listed below; and (3) must describe your intent to ~~request exclusion,~~ opt out~~,~~ or words to that effect.

5

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK
c/o Settlement Administrator
Mailing Address
Telephone numbers
~~Fax Number~~

If you submit a valid and timely ~~request for exclusion~~opt out, you will **not** receive an Individual Settlement Payment, but you will receive your PAGA Payment Check.  By ~~excluding yourself from~~opting out of the settlement, you may not object to the settlement, and you will retain your right to sue the Released Parties for the Released Claims and FLSA Claims.

**D.     Object to the Settlement, Attorneys' Fees and Costs, and/or Class Representative Enhancements**

Any Class Members who do not ~~exclude themselves from~~opt out of the settlement may object to the settlement and/or Class Counsel's request for attorneys' fees and costs and Class Representative Enhancements ~~and appear at the hearing where the Court will make a final decision on (1) whether or not to approve the settlement, and (2) what attorneys' fees and costs and Class Representative Enhancements to award (the "Final Approval Hearing"). The Final Approval Hearing is scheduled to take place on [date], at [time] in Courtroom 8 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113.  Please note the date and time for this hearing is subject to change without further notice being sent to you. You should check the settlement website above and/or the Court's PACER site to confirm that the date has not been changed~~.

By filing an objection, y~~Y~~ou can ask the Court to deny approval of the settlement~~by filing an objection~~. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, the lawsuit will continue and no settlement payments will be sent out pursuant to this settlement~~, and the lawsuit will continue~~. ~~If that is what you want to happen, you must object.~~

If you wish to object, you must do so in writing. All written objections must (a) contain your name and address; (b) the basis for your objection; (c) state whether you intend to appear at the Final Approval Hearing; (d) clearly identify the case name and number (*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK); and (e) be mailed to the ~~Class Action Clerk~~Settlement Administrator~~, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113~~, postmarked on or before [date].

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK
c/o Settlement Administrator
Mailing Address
Telephone numbers
~~Fax Number~~

**E.     Attend the Final Approval Hearing**

You may attend the Final Approval Hearing, either in person or through your own attorney, but you are not required to attend the Final Approval Hearing. At the Final Approval Hearing, ~~where~~ the Court will ~~make a final decision on~~consider (1) whether or not to approve the settlement, and (2) what attorneys' fees and costs and Class Representative Enhancements to award. If you attend through your own attorney, you are responsible for paying that attorney.

The Final Approval Hearing is scheduled to take place on April 30, 2020~~[date]~~, at 1:30 p.m.~~[time]~~ in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113. Please note the date and time for this hearing is subject to change without further notice being sent to you. You should check the settlement website above and/or the Court's PACER site to confirm that the date has not been changed.

~~You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.~~

6

~~Error! Unknown document property name.~~12820800.1

### IV. CLAIMS TO BE RELEASED UNDER THE SETTLEMENT

Final approval of the settlement will bar any Class Member who does not ~~request to be excluded from the~~ opt out of the settlement from hereafter initiating a lawsuit regarding the Released Claims.

The Released Claims are any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under California law, whether known or unknown, contingent or accrued, that are based on the same facts alleged by Plaintiffs, including claims for: (a) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (b) failure to pay minimum wages or to timely pay such wages in violation of California Labor Code §§ 204, 1194, 1197, and 1197.1; (c) failure to provide meal periods in violation of California Labor Code §§ 226.7 & 512(a); (d) failure to authorize and permit rest periods in violation of California Labor Code § 226.7; (e) failure to timely pay wages at the termination of employment in violation of California Labor Code §§ 201, 202, and 203; (f) failure to provide accurate, itemized wage statements in violation of California Labor Code §§ 226 and 226.6; (g) unfair business practices under California Business & Professions Code Section 17200 *et seq.*; and (h) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims identified above in (a)-(g) during the Class Period (the "Released Claims"). The period of the Released Claims shall extend from July 17, 2013 through [PRELIMINARY APPROVAL DATE]. The Released Claims are released with respect to Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them ("Released Parties").

In addition, Class Members who submit Claim Forms will opt into the collective action, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b) and release any claims for failure to pay minimum or overtime wages pursuant to the FLSA arising at any time between July 17, 2014 through [PRELIMINARY APPROVAL DATE] ("FLSA Claims"). The FLSA Claims include all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, arising under the federal Fair Labor Standards Act based on the facts alleged in this case, including, without limitation, claims under 29 U.S.C. § 206, 207, 216, and 255.

Final approval of the settlement will bar any Class Member from hereafter initiating a lawsuit regarding the PAGA Claims. The PAGA Claims are any claims for PAGA penalties, attorneys' fees, costs, and other amounts recoverable pursuant to PAGA from December 13, 2017 through [PRELIMINARY APPROVAL DATE] that are premised on any of the Released Claims.

### V. ADDITIONAL INFORMATION

The foregoing is only a summary of the settlement. To see a copy of the Joint Stipulation of Class/Collective Action and PAGA Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the ~~l~~Lawsuit), the Court's Preliminary Approval Order, Class Counsel's ~~application~~ motion for attorneys' fees and costs, the operative Complaint filed in the ~~l~~Lawsuit, and other filed documents related to the ~~l~~Lawsuit and this ~~s~~Settlement, you may view all such files at
www. _____ .com or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the below Settlement Administrator ~~at [_____]~~ or Class Counsel:

**SETTLEMENT ADMINISTRATOR**
Mailing Address
Telephone numbers
E-mail: [e-mail address]
Fax number

**CLASS COUNSEL**
James Dal Bon (SBN 157942)

7

~~Error! Unknown document property name.~~12820800.1

LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 466-5845
Facsimile: (408) 286-7111
jdb@wagedefenders.net

**CLASS COUNSEL**
Victoria L.H. Booke (SBN 142518)
BOOKE & AJLOUNY
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 286-7000
Facsimile: (408) 286-7111
vbooke@bookelaw.com

8

Error! Unknown document property name.12820800.1