# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,<br><br>Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a new York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015 LHK<br><br>**ORDER GRANTING THIRD MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No: 142 |

On October 31, 2019, Plaintiffs Barbara Middle Rider, Robert Garza, Albert Arellano, and Jose Don Coronado ("Plaintiffs") filed the instant third motion for preliminary approval ("Third Motion for Preliminary Approval"). ECF No. 142. Included with the Third Motion for Preliminary Approval is a Joint Stipulation of Class/Collective Action and PAGA Settlement. ECF Nos. 142-3.

On January 9, 2020, the Court held a hearing on the instant Third Motion for Preliminary Approval. At the hearing (ECF No. 147) and subsequently in writing, the Court suggested further amendments to the Joint Stipulation of Class/Collective Action and PAGA Settlement at ECF No. 148, the Class Notice at ECF No. 148-4, and the Claim Form at ECF No. 148-2. On January 16, 2020, the parties adopted the Court's suggested amendments to the Joint Stipulation of Class/Collective Action and PAGA Settlement ("Amended Settlement Agreement"). ECF No. 149. The parties also adopted the Court's suggested amendments to the Class Notice and the Claim Form. ECF Nos. 149, 149-1.

Having fully considered the papers submitted in support of the Third Motion for Preliminary Approval, the Court hereby GRANTS Plaintiffs' motion as follows:

1.  This class action lawsuit alleges that Defendants Moving Solutions, Inc., Managed Facilities Solutions, LLC, and Chartwell Staffing Services, Inc. ("Defendants") violated applicable provisions of the Fair Labor Standards Act ("FLSA"), California Labor Code, the California Business and Professions Code and the California Industrial Welfare Commission's (the "IWC") Wage Orders with respect to California non-exempt employees who engaged in office moving duties with respect to the following: (1) Failure to Pay all Wages Under the FLSA; (2) Failure to Pay All Wages Including California Overtime Wages; (3) Failure to Pay All Wages at the End of Employment; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Provide Meal and Rest Breaks; (6) Violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et

seq.; and (7) violation of the Private Attorneys General Act of 2004 ("PAGA").

2. The Court determines that this case meets the requirements for certification of a class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement, and hereby orders that this case is preliminarily certified as a class action, for purposes of settlement only, on behalf of the following class: "All current and former hourly, non-exempt employees, except for administrative office staff, who are employed or have been employed by Defendants in the State of California from July 17, 2013 through the date the Preliminary Approval Order is entered by the Court." The class does not include Chartwell's employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

a. <u>Numerosity</u>. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are more than 1,000 class members. Settlement Class Members' identities can be ascertained from Defendants' records.

b. <u>Common Questions of Law or Fact</u>. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to: whether Defendants have violated the FLSA; whether Defendants violated California Labor Code §§ 226.2, 510, and 1194 by failing to pay employees for all hours worked; whether Defendants violated California Labor Code §§ 226.2, 1194, 1194.2, 1194.3, 1197 and 1197.1 by failing to pay minimum wage for all hours worked; whether Defendants violated California Labor Code §§ 226, 226.2 and 226.3 by failing to provide accurate wage statements; whether Defendants violated California Labor Code §§ 510 and 1194 and IWC Wage Order 4 by failing to pay overtime compensation; whether Defendants violated California Labor Code §§ 226.7 and 512 and IWC Wage Order 4 by failing to provide rest and meal periods; whether Defendants are liable for waiting time

1  penalties pursuant to California Labor Code §§ 201, 202, 203; whether Defendants
2  violated California Labor Code § 558; and whether Defendants violated the UCL by
3  failing to pay minimum wages and overtime wages and failing to provide meal and
4  rest breaks.

5        c. <u>Typicality of the Plaintiffs' Claims</u>. The Court finds that, for
6  purposes of this settlement only, the claims of Plaintiffs are typical of the claims of
7  the Class, in that their claims arise from the same alleged events and course of
8  conduct as the claims of the Class, and are based on the same legal theories.

9        d. <u>Fair and Adequate Representation of the Class's Interests</u>. The
10 Court finds that, for purposes of this settlement only, the Plaintiffs will fairly and
11 adequately represent the Class's interests, in that the Plaintiffs for purposes of this
12 settlement have the same interests as all members of the Class, have diligently and
13 zealously prosecuted this action to date, and are represented by experienced and
14 competent attorneys who have the resources necessary to represent the Class. The
15 Court hereby appoints Plaintiffs Barbara Middle Rider, Robert Garza, Albert
16 Arellano, and Jose Don Coronado as the Class Representatives, for settlement
17 purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

18       e. <u>Predominance and Superiority of the Class Action Procedure</u>.
19 The Court concludes that, for purposes of this settlement only, the requirements of
20 Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and
21 fact common to Settlement Class Members predominate over any questions
22 affecting only individual members and that a settlement class is superior to other
23 available methods for the fair and efficient adjudication of the controversy.

24     3.    The Court has reviewed the terms of the Settlement and the description
25 of the Settlement set forth in Plaintiffs' moving papers. Based on that review, the
26 Court concludes that the Settlement has no obvious deficiency, appears to be fair,
27 reasonable, and adequate, and is within the range of possible settlement approval
28

such that notice of the proposed class settlement to the Class is appropriate. The Court finds that the Amended Settlement Agreement was negotiated at arms-length and is not collusive. As to the proposed distribution plan for the Net Settlement Fund ("Distribution Plan") set forth in the Amended Settlement Agreement, the Court has read and considered the materials in support of Plaintiffs' Third Motion for Preliminary Approval and finds that the proposed Distribution Plan does not improperly grant preferential treatment to any segment of the Class. The Distribution Plan is rationally and reasonably related to the relative strengths and weaknesses of the claims asserted and the associated potential recoveries.

4.   The Class Notice and Claim Form have undergone extensive revisions over the last year.  The Court hereby approves the Class Notice at ECF No. 148-4 ("Class Notice") and the Claim Form at ECF No. 148-2 ("Claim Form"). The Class Notice and the Claim Form are sufficient to inform Settlement Class members of the terms of the Amended Settlement Agreement, their rights under the Amended Settlement Agreement, their rights to object to or comment on the Amended Settlement Agreement, their right to receive payment or opt out of the Amended Settlement Agreement, the processes for doing so, and the date and location of the final approval hearing, and are therefore approved.

5.   The Parties' proposed plan for distributing the Class Notice and the Claim Form as set forth in the Amended Settlement Agreement likewise appears to be a method that is reasonably calculated to reach all members of the Class who would be bound by the Amended Settlement Agreement. Therefore, the Distribution Plan is approved.

6.   The Court hereby GRANTS approval of the PAGA Settlement, including the settlement and release of the PAGA Claims, as defined in the Amended Settlement Agreement, and the payment of Ten Thousand Dollars ($10,000) from the Maximum Settlement Fund to resolve the PAGA Claims

4

Case No. 17-CV-04015 LHK
ORDER GRANTING THIRD MOTION FOR PRELIMINARY APPROVAL

("PAGA Payment"). The Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Payment, or $7,500, to the California Labor and Workforce Development Agency no later than ten (10) calendar days after the Funding Date. Twenty-five percent (25%), or $2,500, shall be distributed pro rata to all PAGA Releasees, based on the number of weeks worked by a PAGA Releasee, as a fraction of the total weeks worked by all PAGA Releasees. PAGA Releasees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims. The payment to each PAGA Releasee shall be made in the form of a check to be mailed to each of them no later than ten (10) calendar days after the Funding Date.

7. Any PAGA Payment Checks that are not cashed within 180 days shall escheat to the State of California and be submitted to the State of California unclaimed property fund in the name of the PAGA Releasee who is the payee of the check pursuant to California Code of Civil Procedure § 1510, et. seq.

8. All PAGA Claims are hereby dismissed with prejudice as to the Plaintiffs and all PAGA Releasees. The claims in this Action and the PAGA Claims of each PAGA Releasee against Defendants, and against any and all of the Released Parties as defined in the Amended Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Amended Settlement Agreement. All PAGA Releasees are permanently enjoined from pursuing or seeking to reopen, any of the PAGA Claims, as defined in the Amended Settlement Agreement to the maximum extent permitted by law.

9. The Court hereby appoints, for purposes of this settlement only, James Dal Bon of Law Offices of James Dal Bon and Victoria L.H. Booke of Law Offices of Booke & Ajlouny, LLP as counsel for the Settlement Class.

10. The Court appoints CPT Group as the Settlement Administrator.

11. The Court preliminarily approves the Amended Settlement Agreement

5

and GRANTS the instant Third Motion for Preliminary Approval.

12. A Final Approval Hearing is scheduled for 1:30 p.m. on April 30, 2020, in the Courtroom of the Honorable Lucy H. Koh. A summary of the deadlines set by the Court is included in the chart below:

| Event | Date |
| --- | --- |
| Submission by Defendants of Class Members' Information (Class List) to Settlement Administrator | 10 days after Preliminary Approval |
| Notice Mailed to Class Members | Within 7 days of Settlement Administrator's receipt of the Class List |
| Class Counsel Motion for Attorneys' Fees, Costs, and Class Representative Enhancements and Motion for Final Approval | 38 days before the Deadline for Claim Forms, Requests for Exclusion, or Objections to the Settlement |
| Deadline for Claim Forms, Requests for Exclusion, or Objections to the Settlement | 45 days after Notice mailed by Settlement Administrator |
| Reply in Support of Motion for Final Approval and Attorneys' Fees and Costs (and Response to Objections) | 14 days before the Final Approval Hearing |
| Final Approval Hearing | April 30, 2020 at 1:30 p.m. |

13. This Court reserves the right to continue the Final Approval Hearing without further notice to Settlement Class members.

14. The Court vacates the case schedule set forth in ECF No. 141.

IT IS SO ORDERED.

Dated: January 17, 2020

_Lucy H. Koh_
HONORABLE LUCY H. KOH, UNITED STATES DISTRICT COURT JUDGE

6
Case No. 17-CV-04015 LHK
ORDER GRANTING THIRD MOTION FOR PRELIMINARY APPROVAL