JAMES DAL BON, SBN #157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
Telephone:   (408) 466-5845
Facsimile:    (408) 286-7111

VICTORIA L.H. BOOKE     SB# 142518
BOOKE & AJLOUNY
606 North First Street
San Jose, California 95112
Telephone:   (408) 286-7000
Facsimile:    (408) 286-7111
Email: vbooke@bookelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN CALIFORNIA

| | |
|---|---|
| **BARBARA MIDDLE RIDER FOR GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual,**<br><br>**PLAINITFFS AND PUTATIVE PLAINTIFFS**<br><br>        **Plaintiffs,**<br><br>   **vs.**<br><br>        **Defendants.**<br><br>**MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a New York Corporation licensed to do business in California** | **Case No. l7-CV-04015 LHK**<br><br>**MOTION FOR FINAL APPROVAL OF A CLASS ACTION, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br><br>**Hon. Judge Lucy H. Koh**<br>**Place: Court Room 8**<br>**Date: 4/30/2020**<br>**Time: 1:30pm** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS

INTRODUCTION   p. 3

SUMMARY OF THE CASE  p. 4

I      THE CLASS MEETS THE REQUIREMENTS OF RULE 23      p7

II     THE SETTLEMENT IS FAIR UNDER RULE 23 AND THE FSLA p 9

III.    THE NOTICE GIVEN THE CLASS IS ADEQUATE p11

IV     THE SERVICE AWARDS ARE FAIR p12

CONCLUSION   p12

1

<u>TABLE OF AUTHORITIES</u>

2

3   Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003) -pp 7

4   Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) – pp 8 and 9

5   Vasquez v. Coast Valley Roofing, Inc., 670 F.Supp.2d m4, 1125 (E.D.Cal.2009) -p12

6   In re Omnivision Technologies, Inc., 559 F.Supp.2d 1036, 1042 (2007) p 10

7   Reed v. 1-800 Contacts, Inc., 2014 U.S. Dist. LEXIS 255 (S.D. Cal. 2014) p 11

8   Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 459 (9th Cir. 2000) p 11

9   Ansari v. New York Univ. (SD NY 1998) 179 FRD 112, p8

10  Consolidated Rail Corp. v. Town of Hyde Park (2nd Cir. 1995) 47 F3d 473 -p 8

11  Miri v. Dillon (ED MI 2013) 292 FRD 454 p8

12  Wal-Mart Stores. Inc. v. Dukes (2011) 564 US 338. P 8

13  General Tel. Co. of Southwest v. Falcon, supra, 457 US at 156, p 8

14  Wolin v. Jaguar Land Rover North America, LLC (9th Cir. 2010) 617 F3d 116 p9

15  Rodriguez v. W. Pub. Corp., 563 F.3d 948, 962 (9th Cir.2009) p11

16  <u>Monterrubio v. Best Buy Stores, L.P.</u>, 291 F.R.D. 443, 453 (E.D. Cal. 2013). P11

17  Statutes

18  Cal. Lab. Code Section 510.  P3

19  Cal. Lab. Code Section 1194.  P3

20  Cal. Lab. Code Section 203.  P3

21  Cal. Lab. Code Section 226. P3

22  Cal. Lab. Code Section 226.7.  p3

23  Cal. Business and Professions Code Section 17200

24  Fed Rule of Civ. Proc. 23 --pp 7, 9, 13, 18.

25  29 u.s.c. § 216 – p3

26  29 u.s.c. § 207.2.  p3

27

28

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

<u>INTRODUCTION</u>

This is a class action complaint filed on behalf of nonexempt movers against Defendants Moving Solutions, Managed Facilities Solutions LLC (hereinafter Managed Facilities) and Chartwell Staffing Solutions, Inc. (hereinafter Chartwell) . During the class period, July 17, 2013 through January 17, 2020 the date of the preliminary approval, the Defendants employed Gary Middle Rider, Albert Arellano, Robert Garza, Daniel Coronado, and Jose Don Coronado aka Dan Coronado (hereinafter collectively known as "Plaintiffs") as non-exempt corporate movers.  On July 17, 2017  Plaintiffs filed a Rule 23 class action complaint and Fair Labor Standards Act (FLSA) alleging that Defendant Moving failed to pay them for all regular and overtime wages.

Specifically, The Plaintiffs alleged the following California State causes of action for the Rule 23 Class Action:  Failure to Pay Overtime and Regular Wages under Cal. Lab. Code Sections 510 and 1194, Failure to Pay Wages at the End of Employment pursuant to Cal. Labor Code Section 203, Failure to Provide Rest and Meal Period Breaks under Cal Labor Code Section 226.7 and Failure to Provide Accurate Pay Stubs Cal. Lab. Code Section 226. The Plaintiffs also filed a claim for Restitution of overtime wages under Cal. Business and Professions Code Section 17200 that is subsumed unto the Rule 23 Class.  Finally the Plaintiffs filed a collective action for unpaid overtime under The Fair Labor Standards Act 29 USC Sections 207.2, 216(b) and 255(a) See <u>Middle Rider vs Moving Solutions</u> 5:17-cv-04015 Compl EFC No. 1.

THE SUMMARY OF THE CASE

Defendants employed the Plaintiffs in the office moving industry as non-exempt laborers. Plaintiffs' job duties included moving office equipment, wiring computers and phones, installing office partitions, desks, chairs and other office furniture.  The Plaintiffs regularly worked more than eight hours in one day and forty hours in one week. See Decls of Garza, Coronado and Arellano See also Moving Solutions  (complaints) at EFC Nos. 1, 19, 49, 75 and Plaintiffs' Affidavits at 77.1, 77.2 77.3 77.4  .

Defendants had the Plaintiffs work unpaid off the clock hours.  For example Defendants ordered Plaintiffs to arrive at the offices of their clients at approximately 4:30 pm then wait for the office workers to leave at between 5 :00 and 6:00 pm to begin moving and installing office furniture and equipment. The Defendants did not record or pay the Plaintiffs for the time they spent waiting to start work.   Id.  Additionally the Plaintiffs alleged they worked through their 30-minute lunch break and the Defendants automatically deducted thirty minutes from their pay regardless of whether they worked through the lunch period or not. Id.

The Defendants have consistently denied the Plaintiff's allegations.

The Parties participated in a full-day mediation on November 30,, 2018 before respected mediator, Hon. Jaime Jacobs May (Ret). At the mediation the parties not only considered the legal and factual issues but also the financial circumstances of the Defendants.   The Defendant Chartwell provided IRS Account Transcripts, 2014-2017 Tax Returns, 2014-2017 Balance Sheets, 2014-2017 Income Statements, Preliminary Balance Sheet for 2018, Debt Table as of July 2018 and some Bankruptcy records. Defendants Managed

Facilities provided a 2017 Balance Sheet and Income Statement. See Decl of James Dal Bon

After a full day of arms-length negotiations assisted by Judge Jacobs May, the Parties agreed

to the settlement in general terms.  All parties signed a Memorandum of Understanding,

containing general terms that the Parties have specified See Doc 142-2 and elaborated upon

in the Stipulated Settlement See Doc 142-3,  Second Declaration of James Dal Bon and

Declaration of Vickie Booke

The case settled  for $470.000.. See Doc 142-3 Stipulated Settlement at pp 5 and 25 The

Settlement Sum includes attorney's fees, costs and expenses directly related to the case.  The

Settlement Administration costs are estimated to be $16,000. See Doc 142-3 Stipulated

Settlement at p 26.   Subject to Court approval, Class Representatives Barbara Middle Rider,

Robert Garza, Albert Arellano, and Jose Don Coronado shall receive Service Awards of $5000

each. See Stipulated Settlement Doc 142-3 pp 25 and 26  Also subject to Court approval,

Class Counsel will be paid up to $117,500 for attorneys' fees, and an additional amount for

reasonable litigation costs not to exceed $8500.00. Id. The net settlement was estimated at

$290,183. Id.

The parties agreed that the facts uncovered by the discovery in this case warranted

creating one Rule 23 opt in or "claims made" class between the period of  July 17, 2013 and

the Preliminary Approval Date. Those class members who opt-in will also receive a payment

under the Fair Labor Standards Act (FSLA) collective action.  Those members who do not

opt-in or exclude themselves will release their California claims but not their FSLA claims

See Stipulated Settlement 142-3 at p. 19 The parties also agreed to compensate another group

under the California Private Attorney General's Act Cal. Labor Section 2968 et seq (PAGA).

Id.

The settlement shall be funded in two installments.  The first for $235,000 shall be paid  within thirty days after the final approval.  The second payment of $235,000 shall be made 210 days later. See Stipulated Settlement 142-3 at p. 21.  The settlement shall be paid upon receipt of the second payment. Id. Any uncashed checks 180 days after the  payment shall escheat to the State of California and be submitted to the State of California unclaimed property fund in the name of the Claimant. Id.

At that time  Defendants reported the approximate class size as follows:

1)    1021 potential class members representing 17,225 work weeks;

2)    262 people worked 1 week or less

3)    398 people worked 2 weeks or less

4)    542 people (more than half) worked 4 or less weeks

See Doc 141 Decl of James Dal Bon

At the time Plaintiffs estimated the Class Members would be paid $16.85 per work week. See Doc 77 Ex F Excel Spreadsheet

After the preliminary approval Chartwell presented a larger class list of 1094 employees.  Managed Facilities objected asserting they recognized some of the class members as working administrators not non-exempt movers.   The Defendants finally agreed on the number of class members on February 28, 2020.  See  Decl. of Class Administrator. The Defendants struck, 54 people taken off the list, leaving:

1)  1040 people in the class representing 22,314 work weeks;

2)   266 people worked 1 week or less

3)  398 people worked 2 weeks or less

4)  485 people (more than half) worked 4 or less weeks

Now the Class Administrator (CPT Group) estimates the class employees will be paid $13.01 per week with an estimated average recovery of $279.24 if everyone opts in. Id.

CPT Group sent the Notice to all class members on March 2, 2020.  Id. The Class Members will have until April 16, 2020 to submit Claim Forms, Requests for Exclusion, or Objections to the Settlement. Id. Class members have been notified of their right to object to the settlement and make their objections known at the final settlement hearing.  CPT Group, will also put up a website and place a copy of this Motion and the Motion for Attorney's Fees on the website. Id.  The Class Administrator will skip trace addresses of any return Notice Package returned in the mail then mail them once more.  Upon the second mailing, Class Members with returned Notice Packages will have and additional ten days or until April 26, 2020 to make a submission. Id.

I      THE CLASS MEETS THE REQUIREMENTS OF RULE 23

Class certification requires that: (1) the class be so numerous that joinder of all members individually is 'impracticable;' (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative must be typical of the claims or defenses of the class; and (4) the person representing the class must be able fairly and adequately to protect the interests of all members of the class. Fed. R. Civ. P. 23(a); Staton v. Boeing, 327 F.3d 938, 953 (9th Cir.2003). In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Federal Rule of Civil Procedure 23(b).

Numerosity

Here, the parties assert that the action is maintainable under Rule 23(b)(3) because questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998).

Numerosity exists because there are approximately 1040 members of the Rule 23 class.. "Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." Ansari v. New York Univ. (SD NY 1998) 179 FRD 112, 114 (emphasis added); also see Consolidated Rail Corp. v. Town of Hyde Park (2nd Cir. 1995) 47 F3d 473, 483—numerosity presumed at level of 40 members; Miri v. Dillon (ED MI 2013) 292 FRD 454, 461—numerosity satisfied where putative class comprised of 150 members. Even the smallest number, 68 class members, fits within the acceptable range of the class size.

Commonality

Commonality exists in this case. This requirement is met through the existence of a "common contention" that is of such a nature that it is capable of class wide resolution in "one stroke." Wal-Mart Stores, Inc. v Duke (2011) 564 U.S. 338, 350, 131 S. Ct. 2541, 2541 The Plaintiff has alleged violations of wage and hour law that are capable of class-wide resolution.  The Defendants policy towards overtime, rounding time, rest and meal period violations are all capable of class wide resolution.

Typicality

Typicality exists in this case.  The claims of the purported class representative need not be identical to the claims of other class members, but the class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." General Tel. Co. of Southwest v. Falcon, supra, 457 US at 156, 102 S.Ct. at 2370; Wolin v. Jaguar Land Rover North America, LLC (9th Cir. 2010) 617 F3d 1168, 1176. All four members of the case worked for the Defendants as movers and have made identical allegations against the Defendants.   Their claims are identical to those alleged in the complaint on behalf of the class members.

Adequacy of Representation

The class members have been adequately represented in this case.  None of the named class members have a conflict.  The class members have vigorously prosecuted the case, all of them participating in the investigation and mediation of this case.  Class counsel has successfully litigated the following Class Actions in Santa Clara County Superior Court Rosales vs Heavenly Greens 1-cv-119684; Lopez vs Logistics Delivery Solutions 113-cv-249431, Diaz vs Heavenly Greens 16-cv295143 and Cooke vs A is for Apple 15-cv-279579.  Plaintiffs' counsel has prosecuted 178 wage and hour cases in federal court and probably another fifty in state court over the past twelve years

II    THE SETTLEMENT IS FAIR UNDER RULE 23 AND THE FSLA

Fed. R. Civ. Proc. 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable.   The court considers a number of factors in making the fairness determination including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the

extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant;₂ and the reaction of the class members to the proposed settlement." Hanlon 150 F.3d at 1026 (9th Cir. 1998).

The Plaintiff's case relied primarily on the Plaintiff's oral testimony they worked off the clock hours and the Defendants did not regularly provide them with thirty minute lunch break.  However a spot check of the payroll records showed the Defendants payed a substantial amount of overtime.  See Dec. of Vickie Booke, Dec. of James Dal Bon. Plaintiff would have to take dozens of depositions from a random selection of employees that worked multiple crews to prove the Defendants had a policy and practice of not paying off the clock hours and failing to provide lunch breaks.

Class actions based upon off the clock hours are some of the hardest to have approved.  See Particularly here where the records demonstrated the Defendants paid a substantial amount of overtime and though inconsistently, did allow their employees to take breaks.  Two other factors played into the decision to settle.  One was the transient nature of the employees, Defendants employed about half of them for less than four weeks.  At least half the Plaintiff's witnesses would have remember the circumstance surrounding a job they worked for four weeks or less between 2014 and 2019.  Additionally the Defendants convinced the Plaintiff their slim profit margins would make it possible they would declare bankruptcy if the Plaintiffs won a substantial judgment.   Given the totality of the circumstances a settlement in lieu of costly litigation was best for both the Plaintiffs and the Defendants.

Class counsel also believes this settlement to be a reasonable compromise of the class claims, and well within the percentile ranges of the total available damages that have been

approved in other class settlements. See In re Omnivision Technologies, Inc., 559 F.Supp.2d 1036, 1042 (2007) (noting that certainty of recovery in settlement of 6% of maximum potential recovery after reduction for attorney's fees was higher than median percentage for recoveries in shareholder class action settlements, averaging 2.2%-3% from 2000 through 2002); Reed v. 1-800 Contacts, Inc., 2014 U.S. Dist. LEXIS 255 (S.D. Cal. 2014) (approving a settlement of $11.7 million where the maximum range of damages was $5,000 for each of the alleged 300,000 instances of unlawful recording violations ($1.5 billion), equaling approximately .78% of the total demand and approximately $800 per class member); Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 459 (9th Cir. 2000).

Counsel reserves further argument until CPT Group produces the final statistics as they will also influence the fairness of the settlement.

III.    THE NOTICE GIVEN THE CLASS IS ADEQUATE

A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Rodriguez v. W. Pub. Corp., 563 F.3d 948, 962 (9th Cir.2009) Rule 23(c)(2)(B) contains specific requirements for the notice, namely, that the notice state in clear, concise, plain, and easily understood language:"(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; [and] (vii) the binding effect of a class judgment

on members under Rule 23(c)(3)." <u>Monterrubio v. Best Buy Stores, L.P.</u>, 291 F.R.D. 443, 453 (E.D. Cal. 2013).

Again counsel reserves further argument until CPT Group issues its final statistics.

IV     THE SERVICE AWARDS ARE FAIR

In this case the Plaintiff's counsel is requesting service awards for each Plaintiff in the amount of $5000 per person. Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation Vasquez v. Coast Valley Roofing, Inc., 266 F.R.D. 482, 490 (E.D. Cal. 2010)

Five thousand dollars seems like an adequate sum considering the Plaintiffs the amount of time the Plaintiffs spent.   Barbara Middle Rider, the lead Plaintiff's widow traveled to California from Montana to participate in the mediation.  Gary Middle Rider provided Class Counsel with an extensive list of employees that was used to obtain new Plaintiffs after Gary passed away.   Don Coronado took time away from caring for his dying wife to attend the mediation and participate in meetings with his attorney.  The Class Representatives were all working people who missed work to make themselves available for this litigation.  Class Counsel asserts that Five Thousand Dollars is a reasonable sum to award to them.

CONCLUSION

Plaintiff's counsel respectfully requests the court approve the settlement for final certification.

\\

March 9, 2020

_James Dal Bon_

James Dal Bon.