James Dal Bon, California Bar No. 157942
**LAW OFFICES OF JAMES DAL BON**
606 North First Street
San Jose, CA 95112
Telephone: (408) 466-5845

Victoria L. H. Booke, California Bar No. 142518
**LAW OFFICES OF BOOKE & AJLOUNY**
606 North First Street
San Jose, CA 95112
Telephone: (408) 286-7000

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALBERT ARELLANO, ROBERT GARZA, DANIEL CORONADO, JOSE DON CORONADO,<br><br>      Plaintiffs,<br><br>v.<br><br>MOVING SOLUTIONS, a California Corporation; MANAGED FACILITIES SOLUTIONS, LLC, a California Limited Liability Company; and CHARTWELL STAFFING SOLUTIONS, INC., a New York Corporation licensed to do business in California<br><br>      Defendants. | Case No. 17-CV-04015 LHK<br><br>**CLASS ACTION**<br><br>Assigned to:<br>Hon. Lucy H. Koh<br><br>**DECLARATION OF STEPHEN GOMEZ ON BEHALF OF CPT GROUP, INC. WITH RESPECT TO SETTLEMENT ADMINISTRATION** |

I, Stephen Gomez, declare as follows:

1.      I am a Case Manager for CPT Group, Inc. ("CPT"), the Settlement Administrator jointly agreed upon by the Parties and approved by the Court, for *Gary Middle Rider, et al. v. Moving Solutions, et al.* I have personal knowledge of the facts set forth in this declaration and, if called upon to testify, I could and would testify competently to such facts.

2.      CPT has extensive experience in providing notice of class actions and administering class action settlements. In the past 30 plus years, we have provided notification and/or claims administration services in over one thousand class action cases. CPT was selected by both Parties to provide notice of the Settlement and to process claims in this action. In this capacity, CPT was charged with the following:

a) preparing, printing, and mailing simultaneously the *Notice of Class/Collective Action and PAGA Settlement* and the *Claim Form* in both English and Spanish (referred hereafter as the "Notice Packet");

b) performing address updates and re-mailing the Notice Packet to the Class Member's new address for each Class Member whose address had changed;

c) performing a social security number search (or equivalent skip trace) and re-mailing upon receipt of any Notice Packet returned as undeliverable;

d) establishing and maintaining a toll-free case hotline where Class Members can speak to case representatives regarding case specific questions;

e) receiving and reviewing Claim Form submissions;

f) receiving and reviewing requests for exclusion, objection requests, and disputes of work weeks;

g) calculating payments under the Settlement;

h) handling inquiries from Class Members concerning the Notice Packet;

i) sending out cure forms as necessary;

j) providing weekly status reports to Defendant's Counsel and Class Counsel;

k) providing due diligence declarations for submission to the Court, as needed;

1

l)  distributing Settlement Payments to Class Members and payment to other parties under the terms of the Settlement;

m) printing and providing Class Members and Plaintiffs with tax forms as required under the Settlement and applicable law;

n)  such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

## DATA ANALYSIS

3.      On January 30, 2020, CPT received a data file from Defense Counsel containing Class Member names, mailing addresses, telephone numbers, Social Security Numbers, and number of weeks worked from Conti Law, the attorneys for Chartwell Staffing Services.  CPT reviewed the data file and removed duplicates, as well as addressed clarification issues with Defense Counsel.

4.      On February 19, 2020, CPT received a data file from Defense Counsel containing Class Member names, mailing addresses, telephone numbers, Social Security Numbers, and number of weeks worked from Employment Rights Attorneys, the attorneys for Moving Solutions, Inc.

5.      On February 25, 2020, CPT received a data file from Defense Counsel containing Class Member names, mailing addresses, telephone numbers, Social Security Numbers, and number of weeks worked from Berliner Cohen LLP, the attorneys for Managed Facilities Solutions, LLC.

6.      CPT reviewed the three data files and combined any duplicates and added together the weeks worked for any class member in the separate files. After combining the lists, the initial Class Size was one thousand ninety-four (1,094) Class Members. However, on February 27, 2020, the attorneys for Managed Facilities raised some questions about the accuracy of the list.

7.      The Defendants agreed that fifty-four individuals should be removed from the Class List and on February 28, 2020 agreed on the finalized list. The revised Class List includes one thousand forty (1,040) Class Members.

2

8.     On February 27, 2020, CPT conducted a National Change of Address (NCOA) search in an attempt to update addresses as accurately as possible prior to mailing.

## TOLL-FREE TELEPHONE LINE

9.     CPT established and has maintained a case-specific toll-free telephone number (888-910-0296), which went live on March 2, 2020.

## CASE WEBSITE

10.     CPT established and maintained a case specific website for this case, with the domain name www.cptgroup.com/MovingSolutionsSettlement. The website provided Class Members with important dates and the ability to download Court documents. The website went live March 2, 2020.

11.     Once filed, CPT will post Class Counsel's Motion for Approval of Fees and Costs and Final Approval to the case website.

## NOTIFICATION VIA U.S. MAIL

12.     On March 2, 2020, Notice Packets were mailed via U.S. First-Class mail to one thousand forty (1,040) Class Members.  Attached hereto as **Exhibit A** is a true and correct copy of the Notice Packet that was mailed.

## RESPONSE DEADLINE

13.     The deadline for Class Members to submit a Claim Form, Request for Exclusion, Objection, or Dispute of work weeks is April 16, 2020.

14.     For Class Members whose Notice Packets are returned to CPT and subsequently remailed, a 10-day extension is granted, allowing a deadline of April 26, 2020.

## CLASS MEMBER WORKWEEKS AND ESTIMATED AWARD

15.     As of the date of declaration, the one thousand forty (1,040) Class Members have worked a total of 22,314 weeks during the Class Period. In addition, there are four hundred eighteen Class Members in the PAGA Period, working a total of 6,706 weeks.

16.    As of the date of this declaration there are two hundred sixty-six (266) Class Members who have worked 1 or less weeks. There are three hundred ninety-eight (398) Class Members who have worked 2 or less weeks. There are four hundred eighty-five (485) Class Members who have worked 3 or less weeks. There are five hundred forty-six (546) Class Members who have worked 4 or less weeks.

17.    The monetary rate per each Class week worked is $13.01. The monetary rate for each PAGA week worked is $0.37.

18.    The estimated average Class Award is $279.24. The estimated average PAGA Award is $5.98,

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 9, 2020 in Irvine, California.

Stephen Gomez

---

Decl. of Stephen Gomez on Behalf of CPT Group, Inc. with Respect to Settlement Administration                    Case No. 17-CV-04015 LHK

# EXHIBIT A

CPT ID: «ID»

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Case No. 17-cv-04015LHK

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT

*This is a Court-ordered Notice. You are not being sued. This notice affects your rights. Please read it carefully.*

To:    All current and former hourly, non-exempt employees who have worked for Chartwell Staffing Services, Inc., Moving Solutions, Inc., or Managed Facilities Solutions, LLC ("Defendants"), other than administrative office staff, in the State of California at any time from July 17, 2013 to January 17, 2020 ("Class Members"). Class Members do not include Defendant Chartwell Staffing Services, Inc.'s employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

On January 17, 2020, the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members about the settlement. The Court will make a final determination regarding this settlement at a Final Approval Hearing on April 30, 2020. You have received this notice because Defendants' records indicate that you are a Class Member and, therefore, are entitled to a payment from the settlement in a case that involves class action claims under the California Labor Code, a collective action claim under the federal Fair Labor Standards Act ("FLSA"), and claims under California's Private Attorneys General Act ("PAGA").

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, you may either review the Joint Stipulation of Class/Collective Action and PAGA Settlement available at www.cptgroup.com/MovingSolutionsSettlement, contact class counsel at (408) 466-5845, access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO **NOT** TELEPHONE THE COURT OR THE CLERK OF THE COURT'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **YOU MAY DO ANY OF THE FOLLOWING IN RESPONSE TO THIS NOTICE:** | |
| **RETURN THE ENCLOSED CLAIM FORM** | If you complete and return the enclosed Claim Form to the Settlement Administrator, you will: <br><br>1. Receive your Individual Settlement Payment (as defined in Part II), and waive and release the Released Claims (as defined in Part IV) against the Released Parties; <br><br>2. Opt into a collective action settlement under the Fair Labor Standards Act ("FLSA"), and waive and release the FLSA Claims (as defined in Part IV) against the Released Parties; and <br><br>3. Receive your California's Private Attorneys General Act ("PAGA") Payment Check (as defined in Part II, below), and waive and release the PAGA Claims (as defined in Part IV) against the Released Parties. |
| **DISPUTE THE NUMBER OF TOTAL WEEKS WORKED** | If you dispute the listed number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and January 17, 2020 ("Class Period"), you may contact the Settlement Administrator to provide additional information and resolve the dispute. You will be paid your Individual Settlement Payment and PAGA Payment Check, or adjusted amount. |

CPT ID: «ID»

| | |
|---|---|
| **DO NOTHING** | If you do nothing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check. You will have released the Released Claims and PAGA Claims against the Released Parties, but you will **not** have released your FLSA Claims. |
| **OPT OUT** | If you opt out of this settlement in writing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check. You will retain any rights to sue for the Released Claims and FLSA Claims against the Released Parties. You will **not** be able to sue under PAGA and will be deemed to have released your PAGA Claims. You will **not** be able to object to the settlement. |
| **OBJECT** | If you object to the settlement following the procedures described below, you will tell the Court why you do not agree with the settlement, except you cannot object to the portion of the settlement relating to the PAGA Claims. The Court may or may not agree with your objection. However, if the Court does not agree with your objection, you may still be paid (1) your Individual Settlement Payment if you complete and return the enclosed Claim Form; and (2) your PAGA Payment Check. |

### HOW MUCH CAN I GET?

If you choose to return the enclosed Claim Form, you will receive payments for the number of weeks that you worked as an hourly, non-exempt employee for Defendants in California at any time between July 17, 2013 and January 17, 2020 ("Compensable Workweeks"). The parties have determined that you worked a total of «TotalClassWeeks» Compensable Workweeks during this Class Period.

Your total estimated payments are as follows:

**Your estimated Individual Settlement Payment is «Class_estAmount», and your estimated PAGA Payment Check is «PAGA_estAmount».**

*\*You will only receive a PAGA Payment Check if you worked for Defendants between December 13, 2017 and January 17, 2020 (the "PAGA Settlement Period.") If you did not work for Defendants during the PAGA Settlement Period, you are not eligible to receive a PAGA Payment Check, so your PAGA Payment Check amount indicated above will be $0.*

## I.   SUMMARY OF THE LITIGATION

The lawsuit was filed on July 17, 2017 by Plaintiff Gary Middle Rider (who is deceased and has been replaced by his wife Barbara Middle Rider), and subsequently amended to add Robert Garza, Albert Arellano, and Jose Don Coronado as plaintiffs ("Plaintiffs"). Plaintiffs' operative Complaint alleges the following claims and requested relief on behalf of the Class Members during the Class Period: (1) unpaid minimum and overtime wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of the FLSA; (2) unpaid minimum and overtime wages for reporting to work without pay and for time spent by employees working "off the clock" in violation of California Labor Code §§ 510, 1198, 1194, 1197, and 1197.1; (3) unpaid meal period premiums for failure to provide compliant meal periods in violation of California Labor Code §§ 226.7 & 512(a); (4) unpaid rest period premiums for failure to authorize and permit compliant rest periods in violation of California Labor Code § 226.7; (5) waiting-time penalties for failure to pay all wages due upon termination of employment in violation of California Labor Code §§ 201, 202, and 203; (6) wage statement penalties for failure to provide accurate, itemized wage statements in violation of California Labor Code § 226; (7) restitution for violations of California Business & Professions Code §§ 17200, *et seq.*; and (8) civil penalties for violations of the California Labor Code pursuant to PAGA. Plaintiffs' operative complaint also alleges claims for violation of the wage and overtime provisions of the FLSA, including 29 U.S.C. §§ 206, 207, 216, and 255.

The Court has not made any rulings regarding the merits of the case. After engaging in extensive investigation and an all-day mediation before an experienced mediator, Plaintiffs and Defendants agreed to a class settlement that was preliminarily approved by the Court on January 17, 2020. Counsel for Plaintiffs, and the attorneys appointed

by the Court to represent the class, James Dal Bon of the Law Office of James Dal Bon and Victoria Booke of Booke & Ajlouny ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. Although Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe that the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Defendants have denied and continue to deny the factual and legal allegations in the case and believe that they have valid defenses to Plaintiffs' claims. By agreeing to settle, Defendants are not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendants have agreed to settle the case as part of a compromise with Plaintiffs.

## II.    SUMMARY OF SETTLEMENT'S MAIN TERMS

As noted above, Plaintiffs' operative Complaint alleges various claims under the California Labor Code and FLSA for failure to pay minimum, regular, and overtime wages, failure to pay meal and rest period premiums, failure to pay all wages due upon termination, and failure to provide accurate, itemized wage statements, as well as claims for statutory and civil penalties. In exchange for the release of claims against them and final judgment on the lawsuit, Defendants will pay up to Four Hundred Seventy Thousand Dollars ($470,000) ("Maximum Settlement Fund"). After the Class Counsel Award, Class Representative Enhancements, PAGA Settlement, Employers' Taxes, and settlement administration costs are deducted from the Maximum Settlement Fund, the remaining amount (the "Net Settlement Amount") will be distributed to Class Members who submit valid and timely Claim Forms ("Claimants"). Subject to Court approval, the Maximum Settlement Fund will be allocated as follows:

- **Individual Settlement Payments**: Claimants are eligible to receive money from the Net Settlement Amount ("Individual Settlement Payments"). Each estimated Individual Settlement Payment is the pro-rata allocation of the Net Settlement Amount based on your Compensable Workweeks, which equals the number of workweeks during which you worked for Defendants as an hourly, non-exempt employee in the State of California during the Class Period ("Compensable Workweeks"). Your estimated Individual Settlement Payment is listed in the Summary of Your Legal Rights and Options in This Settlement above but may increase somewhat based on the actual number of Claim Forms received by the Settlement Administrator. Required withholdings will be deducted from the Individual Settlement Payments. By submitting a valid and timely Claim Form, you will be opting into a collective action settlement under the FLSA. Any checks issued to Claimants shall remain valid and negotiable for one-hundred and eighty (180) days from the date of their issuance. After that time, all funds represented by uncashed checks shall be submitted to the State of California unclaimed property fund in the payees' names.

- **PAGA Settlement**: Plaintiffs and Defendants have agreed to allocate $10,000 of the Maximum Settlement Fund to resolve the Plaintiffs' PAGA Claims, with seventy-five percent (75%) paid to the California Labor and Workforce Development Agency, as required by law, and twenty-five percent (25%) being paid to the Class Members who have worked for Defendants from December 13, 2017 through January 17, 2020 ("PAGA Releasees"). The payment amount for the PAGA Claims will be based on a pro rata allocation of the $2,500 paid to the PAGA Releasees based on their Compensable Workweeks from December 13, 2017 through January 17, 2020 ("PAGA Payment Check"). PAGA Releasees will receive their PAGA Payment Check even if they do not submit a Claim Form. PAGA Releasees may not exclude themselves from or object to the PAGA Settlement. This amount will be paid from the Maximum Settlement Fund.

- **Class Representative Enhancements**: The Named Plaintiffs Gary Middle Rider (who is deceased and has been replaced by his wife, Barbara Middle Rider), Robert Garza, Albert Arellano, and Jose Don Coronado will request from the Court a specific and separate award of $5,000 each ($20,000 total) in recognition of their efforts and risks in assisting with the prosecution of the lawsuit and in return for executing General Releases of Defendants for any claims that exist as of the date of the Agreement (parties shall clarify this date in the settlement amendment.) Defendants do not object to this requested award. These amounts will be paid from the Maximum Settlement Fund.

- **Class Counsel Award**: Class Counsel will request from the Court: (1) one-fourth (25%) of the Maximum Settlement Fund ($117,500 of $470,000) as attorneys' fees for litigation and resolution of this lawsuit, and (2) $8,500 for costs and expenses, as supported by declaration. You may object to the attorneys' fees and costs, as explained below. Defendants do not object to the requested attorneys' fees and costs. This amount will be paid from the Maximum Settlement Fund.

- **Employers' Taxes**: The employers' share of corporate federal, state, and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that are owed on the Individual Settlement Payments will be paid from the Maximum Settlement Fund ("Employers' Taxes"). The Employers' Taxes are estimated to be $7,816.40. (Class Members' tax withholdings will be deducted from the portion of the Individual Settlement Payments representing wages. Class Members will be responsible for their own taxes on the non-wage portion of the Individual Settlement Payments. Tax matters are discussed in more detail in the Joint Stipulation of Class/Collective Action and PAGA Settlement).

- **Settlement Administration**: The cost of settlement administration is approximately $16,000, which pays for tasks such as mailing and tracking this Notice and the Claim Form, mailing checks and tax forms, and reporting to the parties and the Court. This amount will be paid from the Maximum Settlement Fund.

### III.    YOUR OPTIONS UNDER THE SETTLEMENT

#### A.    *Submit a Claim Form To Receive Your Individual Settlement Payment*

You must complete and mail the enclosed Claim Form to the Settlement Administrator at the below address by April 16, 2020, to receive your Individual Settlement Payment. However, if you dispute the number of Compensable Workweeks, as stated above, you may contact the Settlement Administrator with the details of your dispute, including any supporting information or documentation, no later than April 16, 2020. If you timely submit a Claim Form, you will receive your Individual Settlement Payment, calculated based on the Compensable Workweeks as identified in this Notice, as well as your PAGA Payment Check.  By submitting a Claim Form, you will be bound by the terms of the settlement, including a release of the Released Claims, and will be opting into a collective action settlement under the FLSA and release your FLSA Claims.

*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Telephone: 1-(888) 910-0296

#### B.    *Do Nothing But You Will Not Receive Your Individual Settlement Payment*

If you do nothing, you will **not** be paid your Individual Settlement Payment, but you will receive your PAGA Payment Check.  By doing nothing, you will release the Released Claims against the Released Parties, but you will not release your FLSA Claims.

#### C.    *Opt Out of the Settlement*

If you do not wish to participate in the settlement, you have the right to opt out of the settlement. To opt out, you must mail to the Settlement Administrator at the address below by April 16, 2020, a written statement that you wish to opt out. The written statement: (1) must contain your name, address, and telephone number; (2) must be postmarked no later than April 16, 2020 and returned to the Settlement Administrator at the address listed below; and (3) must describe your intent to opt out or words to that effect.

*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Telephone: 1-(888) 910-0296

If you submit a valid and timely opt out, you will **not** receive an Individual Settlement Payment, but you will receive your PAGA Payment Check. By opting out of the settlement, you may not object to the settlement, and you will retain your right to sue the Released Parties for the Released Claims and FLSA Claims.

### D.    _Object to the Settlement, Attorneys' Fees and Costs, and/or Class Representative Enhancements_

Any Class Members who do not opt out of the settlement may object to the settlement and/or Class Counsel's request for attorneys' fees and costs and Class Representative Enhancements.

By filing an objection, you can ask the Court to deny approval of the settlement. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, the lawsuit will continue and no settlement payments will be sent out pursuant to this settlement.

If you wish to object, you must do so in writing. All written objections must (a) contain your name and address; (b) the basis for your objection; (c) state whether you intend to appear at the Final Approval Hearing; (d) clearly identify the case name and number (_Gary Middle Rider et al. v. Moving Solutions, Inc. et al._, Case No. 17-cv-04015LHK); and (e) be mailed to the Settlement Administrator, postmarked on or before April 16, 2020.

_Middle Rider v. Moving Solutions, Inc._
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Telephone: 1-(888) 910-0296

### E.    _Attend the Final Approval Hearing_

You may attend the Final Approval Hearing, either in person or through your own attorney, but you are not required to attend the Final Approval Hearing. At the Final Approval Hearing, the Court will consider (1) whether or not to approve the settlement, and (2) what attorneys' fees and costs and Class Representative Enhancements to award. If you attend through your own attorney, you are responsible for paying that attorney.

The Final Approval Hearing is scheduled to take place on April 30, 2020, at 1:30 p.m. in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113. Please note the date and time for this hearing is subject to change without further notice being sent to you. You should check the settlement website above and/or the Court's PACER site to confirm that the date has not been changed.

### IV.    CLAIMS TO BE RELEASED UNDER THE SETTLEMENT

Final approval of the settlement will bar any Class Member who does not opt out of the settlement from hereafter initiating a lawsuit regarding the Released Claims.

The Released Claims are any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under California law, whether known or unknown, contingent or accrued, that are based on the same facts alleged by Plaintiffs, including claims for: (a) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (b) failure to pay minimum wages or to timely pay such wages in violation of California Labor Code §§ 204, 1194, 1197, and 1197.1; (c) failure to provide meal periods in violation of California Labor Code §§ 226.7 & 512(a); (d) failure to authorize and permit rest periods in violation of California Labor Code § 226.7; (e) failure to timely pay wages at the termination of employment in violation of California Labor Code §§ 201, 202, and 203; (f) failure to provide accurate, itemized wage statements in violation of California Labor Code §§ 226 and 226.6; (g) unfair business practices under California Business & Professions Code Section 17200 _et seq._; and (h) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims identified above in (a)-(g) during the Class Period (the "Released Claims"). The period of the Released Claims shall extend from July 17, 2013 through January 17, 2020. The Released Claims are released with respect to Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants,

registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them ("Released Parties").

In addition, Class Members who submit Claim Forms will opt into the collective action, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b) and release any claims for failure to pay minimum or overtime wages pursuant to the FLSA arising at any time between July 17, 2014 through January 17, 2020 ("FLSA Claims"). The FLSA Claims include all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, arising under the federal Fair Labor Standards Act based on the facts alleged in this case, including, without limitation, claims under 29 U.S.C. § 206, 207, 216, and 255.

Final approval of the settlement will bar any Class Member from hereafter initiating a lawsuit regarding the PAGA Claims.  The PAGA Claims are any claims for PAGA penalties, attorneys' fees, costs, and other amounts recoverable pursuant to PAGA from December 13, 2017 through January 17, 2020 that are premised on any of the Released Claims.

## V.    ADDITIONAL INFORMATION

The foregoing is only a summary of the settlement. To see a copy of the Joint Stipulation of Class/Collective Action and PAGA Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the lawsuit), the Court's Preliminary Approval Order, Class Counsel's motion for attorneys' fees and costs, the operative Complaint filed in the lawsuit, and other filed documents related to the lawsuit and this settlement, you may view all such files at www.cptgroup.com/MovingSolutionsSettlement or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the below Settlement Administrator or Class Counsel:

**SETTLEMENT ADMINISTRATOR**
*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Telephone: 1-(888) 910-0296

**CLASS COUNSEL**
James Dal Bon (SBN 157942)
LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 466-5845
Facsimile: (408) 286-7111
jdb@wagedefenders.net

**CLASS COUNSEL**
Victoria L.H. Booke (SBN 142518)
BOOKE & AJLOUNY
606 N. 1st St.
San Jose, California 95112
Telephone: (408) 286-7000
Facsimile: (408) 286-7111
vbooke@bookelaw.com

CPT ID: «ID»

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al., Case No.: 17-cv-04015LHK*

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

## CLAIM FORM

### THIS IS A LEGAL DOCUMENT, PLEASE READ IT CAREFULLY.

**INSTRUCTIONS: PLEASE COMPLETE THIS CLAIM FORM AND TIMELY MAIL THE FORM TO THE SETTLEMENT ADMINISTRATOR IF YOU WANT TO CLAIM YOUR INDIVIDUAL SETTLEMENT PAYMENT, IN EXCHANGE FOR YOUR RELEASE OF THE RELEASED CLAIMS AND FLSA CLAIMS, AS DESCRIBED IN THE NOTICE OF CLASS/COLLECTIVE ACTION AND PAGA SETTLEMENT THAT ACCOMPANIES THIS FORM. YOU MUST COMPLETE IN FULL, SIGN, DATE, AND MAIL THIS CLAIM FORM ON OR BEFORE APRIL 16, 2020 TO THE FOLLOWING ADDRESS:**

---

*Middle Rider v. Moving Solutions, Inc.*
**c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606
Telephone: 1-(888) 910-0296**

---

### INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED

### I.    CLAIMANT IDENTIFICATION:

CPT ID: «ID»                                   Name/Contact Information Changes (if any):
«FullName»                                    _____
«Address1» «Address2»                         _____
«City», «State» «Zip»                         _____
«HomePhone»                                   _____

### II.    EMPLOYMENT INFORMATION:

Based on our records, you performed work in California as an hourly, non-exempt employee, other than administrative office staff, for Defendants Chartwell Staffing Services, Inc., Moving Solutions, Inc., and/or Managed Facilities Solutions, LLC ("Defendants") for **«TotalClassWeeks»** weeks between July 17, 2013 and January 17, 2020 ("Class Period"). Your estimated Individual Settlement Payment is **«Total_estAmount».**

If you agree with the information stated above, please complete the last section where indicated below, and return the completed Claim Form to the Settlement Administrator postmarked on or before April 16, 2020, to receive your monetary recovery.

If you disagree with the number of weeks you worked during the Class Period, please check the box in Part IV of this Claim Form and state the total number of weeks that you believe you have performed work in California for Defendants during the Class Period.  Additionally, attach any and all documents that support your claim (such as paystubs, cancelled checks, time records, etc.), and return the completed Claim Form and attachments to the Settlement Administrator with a postmark date on or before April 16, 2020.

Please be advised that the number of weeks stated above is presumed to be correct unless the documents you submit prove otherwise.

CPT ID: «ID»

### III.   ACKNOWLEDGMENT OF RELEASE OF SETTLED CLAIMS AND FAIR LABOR STANDARDS ACT OPT-IN.

By completing this Claim Form and accepting the benefits under this Settlement, I hereby agree that I, and all persons purporting to act on my behalf or purporting to assert a claim under or through me, hereby fully, finally, and forever released, settled, compromised, relinquished and discharged Defendants and all of their present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under or in concert with any of them ("Released Parties") of and from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature under California law, whether known or unknown, contingent or accrued, based on the same facts alleged by Plaintiffs, including claims for: (a) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (b) failure to pay minimum wages or to timely pay such wages in violation of California Labor Code §§ 204, 1194, 1197, and 1197.1; (c) failure to provide meal periods in violation of California Labor Code §§ 226.7 & 512(a); (d) failure to authorize and permit rest periods in violation of California Labor Code § 226.7; (e) failure to timely pay wages at the termination of employment in violation of California Labor Code §§ 201, 202, and 203; (f) failure to provide accurate, itemized wage statements in violation of California Labor Code §§ 226 and 226.6; (g) unfair business practices under California Business & Professions Code Section 17200 et seq.; and (h) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims identified above in (a)-(g) during the Class Period (the "Released Claims").

By completing this Claim Form and accepting the benefits under this Settlement, I certify that I am the person named above. I acknowledge that I have received and reviewed the Notice of Class/Collective Action and PAGA Settlement. I understand and agree that, by signing this Claim Form, I agree, to the extent required by law, to opt into the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and to release the Released Parties from any claim for failure to pay minimum or overtime wages pursuant to the Fair Labor Standards Act arising at any time between July 17, 2014 through January 17, 2020 ("FLSA Claims"). The FLSA Claims include all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, arising under the federal Fair Labor Standards Act based on the facts alleged in this case, including, without limitation, claims under 29 U.S.C. §§ 206, 207, 216, and 255.

I understand that I can obtain a copy of the Joint Stipulation of Class/Collective Action and PAGA Settlement from the Settlement Administrator, CPT Group, Inc., and that I may contact Class Counsel if I have any questions.

### IV.   SIGNATURE AND ADDITIONAL INFORMATION

☐ <u>Check here if you believe that the total number of workweeks specified in Part II, above, is inaccurate.</u> State the total number of workweeks you believe you worked during the class period: _____weeks (Enclose any supporting information, such as paystubs, cancelled checks, time records, etc.)

I agree to be bound by the Settlement and declare under penalty of perjury that the above information is correct.

Date: _____                          Signature: _____

                                                     Printed Name: _____

CPT ID: <<ID>>

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Número de Caso 17-cv-04015LHK

CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS, DISTRITO NORTE DE CALIFORNIA

**AVISO DE LA DEMANDA DE LA CLASE/COLECTIVA Y EL ACUERDO DE PAGA**

*Este es un Aviso ordenado por la Corte. Usted no está siendo demandado. Este aviso afecta sus derechos. Por favor léalo cuidadosamente.*

A:    Todos los empleados pagados por hora y no exentos actuales y anteriores que han trabajado para Chartwell Staffing Services, Inc., Moving Solutions, Inc., o Managed Facilities Solutions, LLC ("Demandados"), aparte del personal de la oficina administrativa, en el Estado de California en cualquier momento desde el 17 de julio del 2013 hasta el 17 de enero del 2020 ("Miembros de la Clase"). Los Miembros de la Clase no incluyen a los empleados del Demandado Chartwell Staffing Services, Inc. o del Demandado Managed Facilities Solutions, LLC.

El 17 de enero del 2020, la Honorable Lucy H. Koh de la Corte del Distrito de los Estados Unidos para el Distrito Norte de California, concedió la aprobación preliminar de este acuerdo de demanda colectiva y ordenó que los litigantes notifiquen a todos los Miembros de la Clase sobre el Acuerdo. La Corte hará una decisión final con respecto a este acuerdo en una Audiencia de Aprobación Final el 30 de abril del 2020. Usted ha recibido este aviso porque los registros de los Demandados indican que usted es un Miembro de la Clase y, por lo tanto, tiene derecho a un pago del acuerdo en un caso que involucra reclamos de la demanda colectiva bajo el Código Laboral de California, un reclamos de la demanda colectiva bajo la Ley de Normas Razonables del Trabajo ("FLSA," por sus siglas en inglés), y los reclamos bajo la Ley del Procurador General Privado de California ("PAGA," por sus siglas en inglés).

Este aviso resume el acuerdo propuesto. Para los términos y condiciones precisos del acuerdo, usted puede revisar la Estipulación Conjunta de la Demanda de la Clase/Colectiva y el Acuerdo de PAGA disponible en www.cptgroup.com/MovingSolutionsSettlement, contactar a los abogados de la clase en (408) 466-5845, acceder el expediente de la Corte en este caso a través del Sistema de Acceso Público a los Registros Electrónicos de la Corte (PACER, por sus siglas en inglés) en https://ecf.cand.uscourts.gov, o visite la oficina del Secretario de la Corte de la Corte del Distrito de los Estados Unidos para el Distrito Norte de California en 280 South 1st Street, San Jose, CA 95113, entre las 9:00 a.m. y las 4:00 p.m., lunes hasta el viernes, excluyendo los días feriados de la Corte.

POR FAVOR **NO** LLAME A LA CORTE O AL SECRETARIO DE LA OFICINA DE LA CORTE PARA PREGUNTAR SOBRE ESTE ACUERDO O EL PROCESO DE RECLAMO.

| RESUMEN DE SUS DERECHOS Y OPCIONES LEGALES EN ESTE ACUERDO | |
|---|---|
| **USTED PUEDE HACER CUALQUIERA DE LO SIGUIENTES EN RESPUESTA A ESTE AVISO:** | |
| **DEVOLVER LA FORMA DE RECLAMO ADJUNTA** | Si no llena y devuelve la Forma de Reclamo adjunta al Administrador del Acuerdo, usted: |
| | 1. Recibirá su Pago Individual del Acuerdo (como se define en la Parte II), y renuncia y libera los Reclamos Liberados (como se define en la Parte IV) en contra de las Partes Liberadas; |
| | 2. Participará en un acuerdo de demanda colectiva bajo la Ley de Normas Razonables del Trabajo ("FLSA," por sus siglas en inglés), y renuncia y libera los Reclamos de la FLSA (como se define en la Parte IV) en contra de las Partes Liberadas; y |
| | 3. Recibirá su Cheque del Pago de la Ley del Procurador General Privado de California ("PAGA," por sus siglas en inglés) (como se define en la Parte II, a continuación), y renuncia y libera los Reclamos de PAGA (como se define en la Parte IV) en contra de las Partes Liberadas. |

| DISPUTAR EL NÚMERO DE SEMANAS LABORALES EN TOTAL | Si usted disputa el número que se indica de semanas que usted trabajó como un empleado pagado por hora y no exento para los Demandados en California en cualquier momento entre el 17 de julio del 2013 y el 17 de enero del 2020 ("Período de la Clase"), usted puede contactar al Administrador del Acuerdo para proporcionar información adicional y resolver la disputa. Usted será pagado su |
|---|---|
| HACER NADA | Si no hace nada, usted **no** será pagado su Pago Individual del Acuerdo, pero usted recibirá su Cheque del Pago de PAGA. Usted habrá liberado los Reclamos Liberados y los Reclamos de PAGA en contra de las Partes Liberadas, pero usted **no** habrá liberados sus Reclamos de la FLSA. |
| OPTAR POR SALIR | Si no opta por salir de este acuerdo por escrito, usted **no** será pagado su Pago Individual del Acuerdo, pero usted recibirá su Cheque del Pago de PAGA. Usted retendrá cualquiera de los derechos para demandar por los Reclamos Liberados y los Reclamos de la FLSA en contra de las Partes Liberadas. Usted **no** será capaz de demandar bajo PAGA y se considerará haber liberado sus Reclamos de PAGA. Usted **no** será capaz de objetar al acuerdo. |
| OBJETAR | Si usted objeta al acuerdo siguiendo los procedimientos descritos a continuación, usted le dirá a la Corte por qué no está de acuerdo con el acuerdo, excepto usted n puede objetar a la porción del acuerdo que se relaciona a los Reclamos de PAGA. La Corte puede o no estar de acuerdo con su objeción. Sin embargo, sí la Corte no está de acuerdo con su objeción, es posible que le paguen (1) su Pago Individual del Acuerdo si completa y devuelve la Forma de Reclamo adjunta; y (2) su Cheque del Pago de PAGA. |

## ¿CUÁNTO PUEDO RECIBIR?

Si elige devolver la Forma de Reclamo adjunta, usted recibirá los pagos para el número de semanas que usted trabajó como un empleado pagado por hora y no exento para los Demandados en California en cualquier momento entre el 17 de julio del 2013 y el 17 de enero del 2020 ("Semanas Laborales Compensables"). Las partes han determinado que usted trabajó un total de **<<TotalClassWeeks>>** Semanas Laborales Compensables durante este Período de la Clase.

Su total de los pagos estimados son como sigue:

**Su Pago Individual del Acuerdo estimado es de <<Class_estAmount>>, y su Cheque del Pago de PAGA estimado es de <<Paga_estAmount>>.**

*\* Solo recibirá un Cheque del Pago de PAGA si trabajó para los Demandados entre el 13 de diciembre del 2017 y el 17 de enero de 2020 (el "Período del Acuerdo de PAGA"). Si no trabajó para los Demandados durante el Período del Acuerdo de PAGA, no es elegible para recibir un Cheque del Pago de PAGA, por lo que la cantidad de su Cheque del Pago de PAGA que se indica anteriormente será de $0.*

## I.    RESUMEN DEL LITIGIO

La demanda fue presentada el 17 de julio del 2017 por el Demandante Gary Middle Rider (quien ha fallecido y ha sido reemplazado por su esposa Barbara Middle Rider), y posteriormente enmendado para agregar a Robert Garza, Albert Arellano y José Don Coronado como demandantes ("Demandantes"). La Queja operativa de los Demandantes alega los siguientes reclamos y solicitó la compensación en nombre de los Miembros de la Clase durante el Período de la Clase: (1) salarios mínimos y de las horas extras no pagados por reportar al trabajo sin el pago y por el tiempo dedicado por los empleados trabajando "fuera de horario" en violación de la FLSA; (2) salarios mínimos y de las horas extras no pagados por reportar al trabajo sin el pago y por el tiempo dedicado por los empleados trabajando "fuera de horario" en violación de las §§ 510, 1198, 1194, 1197, y 1197.1 del Código Laboral de California; (3) las primas no pagadas de los períodos de comida por no proporcionar los períodos de comida conformes en violación de las §§ 226.7 & 512(a) del Código Laboral de California; (4) las primas no pagadas de los períodos de descanso por no autorizar ni permitir los períodos de descanso conformes en violación de la § 226.7 del Código Laboral de California; (5) sanciones del tiempo de espera por no pagar todos los salarios debidos a la terminación de empleo en

violación de las §§ 201, 202, y 203 del Código Laboral de California; (6) sanciones de las declaraciones salariales por no proporcionar las declaraciones salariales precisas y detalladas en violación de la § 226 del Código Laboral de California; (7) restitución por las violaciones de la §§ 17200, *et seq.* del Código de Negocios y Profesiones de California; y (8) sanciones civiles por las violaciones del Código Laboral de California de conformidad a PAGA. La queja operativa de los Demandantes también alega reclamos por la violación de las disposiciones de los salarios y las horas extras de la FLSA, incluyendo la 29 U.S.C. §§ 206, 207, 216, y 255.

La Corte no ha emitido ninguna decisión sobre los fundamentos del caso. Después de realizar una investigación exhaustiva y una mediación de todo el día ante un mediador experimentado, los Demandantes y los Demandados acordaron un acuerdo de la clase que fue aprobado preliminarmente por la Corte el 17 de enero del 2020. Los abogados de los Demandantes, y los abogados asignado por la Corte para representar la clase, James Dal Bon de Law Office of Jame Dal Bon y Victoria Booke & Ajlouny ("Abogados de la Clase"), han investigado y buscado los hechos y circunstancias que subyacen los asuntos surgidos en el caso y la ley aplicable. Aunque los Abogados de la Clase creen que los reclamos alegados en esta demanda tienen fundamento, los Abogados de la Clase también reconocen que el riesgo y los gastos de un litigio continuo justifican el acuerdo. Con base en lo anterior, los Abogados de la Clase creen que el acuerdo propuesto es justo, adecuado, razonable y en el mejor interés de los Miembros de la Clase.

Los Demandados han negado y siguen negando las alegaciones de hecho y legales en el caso y creen que tienen defensas válidas para los reclamos de los Demandantes. Al acordar llegar a un acuerdo, los Demandados no están admitiendo responsabilidad por ninguna de las alegaciones o reclamos de hecho en el caso o que el caso puede o debe proceder como una demanda colectiva. Los demandados han acordado resolver el caso como parte de un compromiso con los Demandantes.

## II.    RESUMEN DE LOS TÉRMINOS PRINCIPALES DEL ACUERDO

Como se indica anteriormente, la Queja operativa de los Demandantes alega varios reclamos bajo el Código Laboral de California y la FLSA por no pagar los salarios mínimos, regulares y de las horas extras, no pagar las primas de los períodos de comida y de descanso, no pagar todos los salarios adeudados a la terminación y no proporcionar declaraciones salariales precisas y detalladas, así como reclamos por las sanciones legales y civiles. A cambio de la liberación de los reclamos en contra de ellos y el juicio final sobre la demanda, los Demandados pagarán hasta Cuatrocientos Setenta Mil Dólares ($470,000) ("Fondo Máximo del Acuerdo"). Después de que se deduzcan la Adjudicación de los Abogados de la Clase, los Pagos de Mejora del Representante de la Clase, el Acuerdo de PAGA, los Impuestos de los Empleadores y los costos de administración del acuerdo del Fondo Máximo del Acuerdo, la cantidad que resta (el "Cantidad Neta del Acuerdo") se distribuirá a los Miembros de la Clase que presenten Formas de Reclamos válidas y oportunas ("Reclamantes"). Sujeto a la aprobación de la Corte, el Fondo Máximo del Acuerdo se asignará de la siguiente manera:

- **Pagos Individuales del Acuerdo:** Reclamantes son elegibles a recibir dinero de la Cantidad Neta del Acuerdo ("Pagos Individuales del Acuerdo"). Cada Pago Individual del Acuerdo estimado es la asignación proporcional de la Cantidad Neta del Acuerdo basado en sus Semanas Laborales Compensables, que es igual al número de semanas laborales durante las cuales usted trabajó pagar los Demandados como un empleado pagado por hora y no exento en el Estado de California durante el Período de la Clase ("Semanas Laborales Compensables"). Su Pago Individual del Acuerdo estimado se indica en el Resumen de Sus Derechos y Opciones Legales en Este Acuerdo anteriormente, pero puede aumentar de alguna manera según el número real de Formas de Reclamo recibidas por el Administrador del Acuerdo. Las retenciones requeridas se deducirán de los Pagos Individuales del Acuerdo. Al presentar una Forma de Reclamo válida y oportuna, usted optará por un acuerdo de la demanda colectiva bajo la FLSA. Cualquier cheque emitido a los Demandantes seguirá siendo válido y negociable durante ciento ochenta (180) días a partir de la fecha de su emisión. Después de ese tiempo, todos los fondos representados por los cheques no cobrados se enviarán al fondo de propiedad no reclamada del Estado de California a nombre de los beneficiarios.

- **Acuerdo de PAGA:** Los Demandantes y los Demandados han acordado asignar $10,000 del Fondo Máximo del Acuerdo para resolver los Reclamos de PAGA de los Demandantes, con el setenta y cinco por ciento (75%) pagado a la Ley de Normas Razonables del Trabajo, como lo requiere la ley, y el veinticinco por ciento (25%) siendo pagados a los Miembros de la Clase que han trabajado para los Demandados desde

el 13 de diciembre del 2017 hasta el 17 de enero del 2020 ("Liberados de PAGA"). La cantidad del pago de los Reclamos de PAGA se basarán en la asignación proporcional de los $2,500 pagados a los Liberados de PAGA basados en sus Semanas Laborales Compensables desde el 13 de diciembre del 2017 hasta el 17 de enero del 2020 ("Cheque del Pago de PAGA"). Los Liberados de PAGA recibirán su Cheque del Pago de PAGA aún si ellos no presentan una Forma de Reclamos. Los Liberados de PAGA no pueden excluirse a sí mismos de u objetar al Acuerdo de PAGA. Esta cantidad se pagará del Fondo Máximo del Acuerdo.

- **Adjudicaciones del Representante de la Clase:** Los Demandantes Nombrados Gary Middle Rider (quien ha fallecido y ha sido reemplazado por su esposa, Barbara Middle Rider), Robert Garza, Albert Arellano y Jose Don Coronado solicitarán de la Corte una adjudicación específica y por separado de $5,000 para cada uno ($20,000 en total) en reconocimiento de sus esfuerzos y riesgos para ayudar con el enjuiciamiento de la demanda y a cambio de ejecutar Liberaciones Generales de los Demandados por cualquier reclamo que exista a la fecha del Acuerdo (las partes aclararán esta fecha en la enmienda del acuerdo). Los Demandados no se oponen a esta adjudicación solicitada. Estas cantidades se pagarán del Fondo Máximo del Acuerdo.

- **Adjudicación de los Abogados de la Clase:** los Abogados de la Clase solicitarán de la Corte: (1) un-cuarto (25%) del Fondo Máximo del Acuerdo ($117,500 de $470,000) como honorarios de abogados por el litigio y la resolución de esta demanda, y (2) $8,500 por los costos y gastos, como lo apoya la declaración. Usted puede objetar a los honorarios y costos de abogados, como se explica a continuación. Los Demandados no objetan a los honorarios y costos de abogados solicitados. Esta cantidad se pagará del Fondo Máximo del Acuerdo.

- **Impuestos de los Empleadores:** Se pagará la parte del empleador de los impuestos corporativos federales, estatales y / o locales sobre la nómina, incluidos los impuestos de Medicare, los impuestos de la Seguridad Social, los impuestos federales de desempleo, los impuestos estatales de seguro de desempleo y los impuestos de entrenamiento laboral, que se deben en los Pagos Individuales del Acuerdo del Fondo Máximo del Acuerdo ("Impuestos de los Empleadores"). Los Impuestos de los Empleadores se estiman en $7,816.40. (Las retenciones de impuestos de los Miembros de la Clase se deducirán de la parte de los Pagos Individuales del Acuerdo que representan los salarios. Los Miembros de la Clase serán responsables de sus propios impuestos sobre la parte no salarial de los Pagos Individuales del Acuerdo. Los asuntos fiscales se analizan con más detalle en el Estipulación Conjunta de la Demanda de la Clase/Colectiva y el Acuerdo PAGA).

- **Administración del Acuerdo:** El costo de la administración del acuerdo es aproximadamente $16,000, que pago por las tareas tal como enviar por correo y rastrear este Aviso y la Forma de Reclamo, enviar por correo los cheques y las formas fiscales, y el reporte a las partes y la Corte. Esta cantidad se pagará del Fondo Máximo del Acuerdo.

### III.    SUS OPCIONES BAJO EL ACUERDO

#### A.    *Presentar una Forma de Reclamos Para Recibir Su Pago Individual del Acuerdo*

Usted debe llenar por completo y enviar por correo la Forma de Reclamo adjunta al Administrador del Acuerdo a la dirección a continuación antes del 16 de abril de 2020 para recibir su Pago Individual del Acuerdo. Sin embargo, si usted disputa el número de Semanas Laborales Compensables, como se mencionan anteriormente, usted puede contactar al Administrador del Acuerdo con los detalles de su disputa, incluyendo cualquier información o documentación de apoyo a no más tardar el 16 de abril de 2020 . Si presenta oportunamente una Forma de Reclamo, usted recibirá su Pago Individual del Acuerdo, calculado basado en las Semanas Laborales Compensables como se identifica en este Aviso, así como su Cheque del Pago de PAGA. Al presentar una Forma de Reclamo, usted estará obligado por los términos del acuerdo, incluyendo una liberación de los Reclamos Liberados, y estará optando por participar en un acuerdo de demanda colectiva bajo la FLSA y la liberación de sus Reclamos de la FLSA.

*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Teléfono: 1-(888) 910-0296

**B.**    *No Hacer Nada Pero Usted No Recibirá Su Pago Individual del Acuerdo*

Si no hace nada, **no** se le pagará su Pago Individual del Acuerdo, pero recibirá su Cheque del Pago de PAGA. Al no hacer nada, liberará los Reclamos Liberados en contra de las Partes Liberadas, pero no liberará sus Reclamos de la FLSA.

**C.**    *Optar Por Salir del Acuerdo*

Si no desea participar en el acuerdo, tiene derecho a optar por salir del acuerdo. Para optar por salir, debe enviar por correo al Administrador del Acuerdo a la dirección que se indica a continuación antes del 16 de abril de 2020, una declaración por escrito de que desea optar por salir. La declaración escrita: (1) debe contener su nombre, dirección y número de teléfono; (2) debe ser matasellada a más tardar el 16 de abril de 2020 y devolverse al Administrador del Acuerdo a la dirección que se indica a continuación; y (3) debe describir su intención de optar por salir o palabras a tal efecto.

*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Teléfono: 1-(888) 910-0296

Si envía una exclusión válida y oportuna, **no** recibirá un Pago Individual del Acuerdo, pero recibirá su Cheque del Pago de PAGA. Al optar por salir del acuerdo, no puede oponerse al acuerdo, y retendrá su derecho a demandar a las Partes Liberadas por los Reclamos Liberados y los Reclamos de la FLSA.

**D.**    *Objetar al Acuerdo, Honorarios y Costos de Abogados y los Pagos de Mejora del Representante de la Clase*

Cualquiera de los Miembros de la Clase que no optan por salir del acuerdo pueden objetar al acuerdo y/o la solicitud de los Abogados de la Clase para los honorarios y costos de abogados y los Pagos de Mejora del Representante de la Clase.

Al presentar una objeción, puede pedirle a la Corte que niegue la aprobación del acuerdo. No puede pedirle a la Corte que ordene un acuerdo mayor; la Corte solo puede aprobar o denegar el acuerdo. Si la Corte niega la aprobación, la demanda continuará y no se enviarán pagos de acuerdo conforme a este acuerdo.

Si desea objetar, debe hacerlo por escrito. Todas las objeciones por escrito deben (a) contener su nombre y dirección; (b) el motivo de su objeción; (c) indique si tiene intención de comparecer en la Audiencia de Aprobación Final; (d) identifique claramente el nombre y número del caso (*Gary Middle Rider et al. v. Moving Solutions, Inc. et al.*, Número de Caso 17-cv-04015LHK); y (e) se enviará por correo al Administrador del Acuerdo, matasellada antes del 16 de abril de 2020.

*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Teléfono: 1-(888) 910-0296

**E.**    *Asistir la Audiencia de Aprobación Final*

Puede asistir a la Audiencia de Aprobación Final, ya sea en persona o a través de su propio abogado, pero no está obligado a asistir a la Audiencia de Aprobación Final. En la Audiencia de Aprobación Final, la Corte considerará (1) si aprueba o no el acuerdo, y (2) qué honorarios y costos de abogados y Pagos de Mejora de los Representantes de la Clase se otorgarán. Si asiste a través de su propio abogado, usted es responsable de pagar a ese abogado.

La Audiencia de Aprobación Final está programada para el 30 de abril del 2020 a la 1:30 p.m. en la Sala 8 de la Corte del Distrito de los Estados Unidos para el Distrito Norte de California, ubicado en 280 South 1st Street, San José, CA 95113. Tenga en cuenta que la fecha y la hora de esta audiencia están sujetas a cambios sin que se le

envíe más aviso. Debe revisar el sitio web del acuerdo anterior y/o el sitio PACER de la Corte para confirmar que la fecha no ha cambiado.

## IV.    LOS RECLAMOS QUE SE LIBERARÁN BAJO EL ACUERDO

La aprobación final del acuerdo impedirá que cualquier Miembro de la Clase que no opte por no participar en el acuerdo inicie una demanda en relación con Reclamos Liberados.

Los Reclamos Liberados son cualquiera y todos los reclamos, deudas, responsabilidades, demandas, obligaciones, sanciones, garantías, costos, gastos, honorarios de abogado, daños, acciones o causas de acción de cualquier tipo o naturaleza bajo la ley de California, ya sean conocidos o desconocidos, contingentes o acumulados, que se basan en los mismos hechos alegados por los Demandantes, incluyendo los reclamos por: (a) no pagar los salarios de las horas extras en violación de las §§ 510 y 1198 del Código Laboral de California; (b) no pagar los salarios mínimos o pagar oportunamente dichos salarios en violación de las §§ 204, 1194, 1197, y 1197.1 del Código Laboral; (c) no proporcionar los períodos de comida en violación de las §§ 226.7 & 512(a) del Código Laboral de California; (d) no autorizar ni permitir los períodos de descanso en violación de las § 226.7 del Código Laboral de California; (e) no pagar oportunamente los salarios a la terminación de empleo en violación de las §§ 201, 202, y 203 del Código Laboral de California; (f) no proporcionar las declaraciones salariales precisas y detalladas en violación a las §§ 226 y 226.6 del Código Laboral de California; (g) prácticas de negocio desleales bajo la Sección 17200 *et seq.* del Código de Negocios y Profesiones de California; y (h) todos los daños, incluyendo, pero no limitado a, los daños liquidados, sanciones civiles y estatutarias, interés y otras cantidades recuperables bajo dichos reclamos que se identifican anteriormente en (a)-(g) durante el Período de la Clase (los "Reclamos Liberados"). El período de los Reclamos Liberados se extenderá desde el 17 de julio del 2013 hasta el 17 de enero del 2020. Los Reclamos Liberados son liberados con respecto a los Demandados y todos sus presentes y anteriores compañías matrices, subsidiarias, afiliados, divisiones, predecesores, sucesores, asignados, empresas conjuntas, y todos sus accionistas, oficiales, directores, empleados, agentes, servidores, representantes registrados, abogados, aseguradores, sucesores y asignados, y cualquier otra persona actuando mediante, bajo o en conjunto con cualquiera de ellos ("Partes Liberadas").

Además, los Miembros de la Clase que presentan Formas de Reclamo optarán por participar en la demanda colectiva, de conformidad a la sección 16(b) de la FLSA, 29 U.S.C. § 216(b) y la liberación de cualquiera de los reclamos por no pagar los salarios mínimos y de las horas extras de conformidad a la FLSA surgiendo en cualquier momento entre el 17 de julio del 2014 hasta el 17 de enero del 2020 ("Reclamos de la FLSA"). Los Reclamos de la FLSA incluyen todos los reclamos, deudas, responsabilidades, demandas, obligaciones, sanciones, garantías, costos, gastos, honorarios de abogado, daños, acciones o causas de acción de cualquier tipo o naturaleza, ya sean conocidos o desconocidos, contingentes o acumulados, surgiendo bajo la Ley de Normas Razonables del Trabajo basado en los hechos alegados en este caso, incluyendo, sin limitación, los reclamos bajo las § 206, 207, 216, and 255 de 29 U.S.C.

La aprobación final del acuerdo impedirá que cualquier Miembro de la Clase de aquí en adelante empiece una demanda con respecto a los reclamos de PAGA. Los Reclamos de PAGA son cualquiera de los reclamos por las sanciones de PAGA, honorarios de abogado, costos y otras cantidades recuperables de conformidad a PAGA desde el 13 de diciembre del 2017 hasta el 17 de enero del 2020 que se basan en cualquier de los Reclamos Liberados.

## V.    INFORMACIÓN ADICIONAL

Lo anterior es solo un resumen del acuerdo. Para ver una copia de la Estipulación Conjunta de la Demanda de la Clase/Colectiva y el Acuerdo de PAGA (que define los términos principales utilizados en este Aviso y proporciona un resumen breve de lo que ha sucedido en la demanda), la Orden de Aprobación Preliminar de la Corte, la petición de los Abogados de la Clase para los honorarios y costos de abogados, la Queja operativa presentada en la demanda, y otros documentos presentados relacionados a la demanda y este acuerdo, usted puede ver dichos archivos en www.cptgroup.com/MovingSolutionsSettlement o al acceder el expediente de la Corte en este caso a través del Sistema de Acceso Público a los Registros Electrónicos de la Corte (PACER, por sus siglas en inglés) en https://ecf.cand.uscourts.gov, o visite la oficina del Secretario de la Corte de la Corte del Distrito de los Estados Unidos para el Distrito Norte de California en 280 South 1st Street, San Jose, CA 95113, entre las 9:00 a.m. y las 4:00 p.m., lunes hasta el viernes, excluyendo los días feriados de la Corte. SI NECESITA MÁS INFORMACIÓN

O TIENE ALGUNA PREGUNTA, usted puede contactar al Administrador del Acuerdo o los Abogados de la Clase a continuación:

### ADMINISTRADOR DEL ACUERDO
*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park, Irvine, CA 92606
Teléfono: 1-(888) 910-0296

### ABOGADOS DE LA CLASE
James Dal Bon (SBN 157942)
LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
San Jose, California 95112
Teléfono: (408) 466-5845
Facsímil: (408) 286-7111
jdb@wagedefenders.net

### ABOGADOS DE LA CLASE
Victoria L.H. Booke (SBN 142518)
BOOKE & AJLOUNY
606 N. 1st St.
San Jose, California 95112
Teléfono: (408) 286-7000
Facsímil: (408) 286-7111
vbooke@bookelaw.com

CPT ID: «ID»

*Gary Middle Rider et al. v. Moving Solutions, Inc. et al., Número de Caso.: 17-cv-04015LHK*

CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS, DISTRITO NORTE DE CALIFORNIA

**FORMA DE RECLAMO**

**ESTE ES UN DOCUMENTO LEGAL, POR FAVOR LEALO CUIDADOSAMENTE.**

**INSTRUCCIONES: POR FAVOR LLENE ESTA FORMA DE RECLAMO Y ENVÍE POR CORREO LA FORMA AL ADMINISTRADOR DEL ACUERDO SI DESEA RECLAMAR SU PAGO INDIVIDUAL DEL ACUERDO, A CAMBIO DE SU LIBERACIÓN DE LOS RECLAMOS LIBERADOS Y LOS RECLAMOS DE LA FLSA, COMO SE DESCRIBE EN EL AVISO DE LA DEMANDA DE LA CLASE/COLECTIVA Y EL ACUERDO DE PAGA QUE ACOMPAÑA ESTA FORMA. USTED DEBE LLENAR POR COMPETE, FIRMAR, FECHAR Y ENVIAR POR CORREO ESTA FORMA DE RECLAMOS EN O ANTES DE 16 DE ABRIL DE 2020 A LA SIGUIENTE DIRECCIÓN:**

---

*Middle Rider v. Moving Solutions, Inc.*
c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606
Teléfono: 1-(888) 910-0296

---

**FORMAS DE RECLAMO NO COMPLETAS Y/O NO OPORTUNAS SERÁN RECHAZADAS**

**I.    IDENTIFICACIÓN DEL RECLAMANTE:**

CPT ID: «ID»                                    Cambios del Nombre/Información de Contacto (si
«FullName»                                                        hay alguno):
«Address1» «Address2»          _____
«City», «State» «Zip»               _____
«HomePhone»                          _____
                                                _____

**II.    INFORMACIÓN DE EMPLEO:**

Basado en nuestros registros, usted realizó trabajo en California como un empleado pagado por hora y no exento, a parte del personal de la oficina administrativa, para los Demandados Chartwell Staffing Services, Inc., Moving Solutions, Inc., y/o Managed Facilities Solutions, LLC ("Demandados") para **«TotalClassWeeks»** semanas entre el 17 de julio del 2013 y el 17 de enero del 2020 ("Período de la Clase"). Su Pago Individual del Acuerdo estimado es de **«Total_estAmount»**.

Si esta de acuerdo con la información mencionada anteriormente, por favor llene por completo la última sección donde se indica a continuación, y devuelva la Forma de Reclamo complete al Administrador del Acuerdo matasellada en o antes del 16 de abril de 2020, para recibir su recuperación monetaria.

Si usted no esta de acuerdo con el número de semanas que usted trabajo durante el Período de la Clase, por favor marque la casilla en la Parte IV de esta Forma de Reclamo y indique el total de número de semanas que usted cree que ha realizado trabajo en California para los Demandados durante el Período de la Clase. Además, adjunte cualquiera y todos los documentos que apoyan su reclamo (tal como los talones de cheque, cheques cancelados registros de tiempo, etc.), y devolver la Forma de Reclamo completa y los adjuntos al Administrador del Acuerdo con la fecha del matasello en o antes del 16 de abril de 2020.

Por favor tenga en cuenta que se supone que la cantidad de semanas que se indican anteriormente es correcta, a menos que los documentos que envíe demuestren lo contrario.

### III. RECONOCIMIENTO DE LA LIBERACIÓN DE LOS RECLAMOS RESUELTOS Y LA PARTICIPACIÓN DE LA LEY DE NORMAS RAZONABLES DEL TRABAJO.

Al llenar esta Forma de Reclamo y aceptar los beneficios bajo este Acuerdo, Yo por la presente acuerdo que yo, y todas las personas que pretenden actuar en mi nombre o pretenden hacer un reclamo en virtud de mí o a través de mí, por la presente completamente, finalmente y para siempre liberó, resuelve, compromete, renuncia y exonera a los Demandados y todos sus presentes y anteriores compañías matrices, subsidiarias, afiliados, divisiones, predecesores, sucesores, asignados, empresas conjuntas, y todos sus accionistas, oficiales, directores, empleados, agentes, servidores, representantes registrados, abogados, aseguradores, sucesores y asignados, y cualquier otra persona actuando mediante, bajo o en conjunto con cualquiera de ellos ("Partes Liberadas") de cualquiera y todos los reclamos, deudas, responsabilidades, demandas, obligaciones, sanciones, garantías, costos, gastos, honorarios de abogado, daños, acciones o causas de acción de cualquier tipo o naturaleza bajo la ley de California, ya sean conocidos o desconocidos, contingentes o acumulados, basado en los mismos hechos alegados por los Demandantes, incluyendo los reclamos por: (a) no pagar los salarios de las horas extras en violación de las §§ 510 y 1198 del Código Laboral de California; (b) no pagar los salarios mínimos o pagar oportunamente dichos salarios en violación de las §§ 204, 1194, 1197, y 1197.1 del Código Laboral; (c) no proporcionar los períodos de comida en violación de las §§ 226.7 & 512(a) del Código Laboral de California; (d) no autorizar ni permitir los períodos de descanso en violación de las § 226.7 del Código Laboral de California; (e) no pagar oportunamente los salarios a la terminación de empleo en violación de las §§ 201, 202, y 203 del Código Laboral de California; (f) no proporcionar las declaraciones salariales precisas y detalladas en violación a las §§ 226 y 226.6 del Código Laboral de California; (g) prácticas de negocio desleales bajo la Sección 17200 et seq. del Código de Negocios y Profesiones de California; y (h) todos los daños, incluyendo, pero no limitado a, los daños liquidados, sanciones civiles y estatutarias, interés y otras cantidades recuperables bajo dichos reclamos que se identifican anteriormente en (a)-(g) durante el Período de la Clase (los "Reclamos Liberados").

Al completar esta Forma de Reclamo y aceptar los beneficios de este Acuerdo, certifico que soy la persona mencionada anteriormente. Reconozco que he recibido y revisado el Aviso de Demanda de la Clase/Colectiva y el Acuerdo de PAGA. Entiendo y acepto que, al firmar esta Forma de Reclamo, acepto, en la medida requerida por la ley, optar por la demanda colectiva de conformidad con la sección 16 (b) de la Ley de Normas Razonables del Trabajo, 29 U.S.C. § 216 (b) y para liberar a las Partes Liberadas de cualquier reclamo por incumplimiento en el pago de salarios mínimos o de las horas extras de conformidad con la Ley de Normas Razonables del Trabajo que surja en cualquier momento entre el 17 de julio de 2014 y el 17 de enero de 2020 ("Reclamos de FLSA"). Los Reclamos de la FLSA incluyen todos los reclamos, deudas, responsabilidades, demandas, obligaciones, sanciones, garantías, costos, gastos, honorarios de abogado, daños, acciones o causas de acción de cualquier tipo o naturaleza, ya sean conocidos o desconocidos, contingentes o acumulados, surgiendo bajo la Ley de Normas Razonables del Trabajo basado en los hechos alegados en este caso, incluyendo, sin limitación, los reclamos bajo las § 206, 207, 216, and 255 de 29 U.S.C.

Entiendo que puedo obtener una copia de la Estipulación Conjunta de la Demanda de la Clase/Colectiva y el Acuerdo de PAGA del Administrador del Acuerdo, CPT Group, Inc., y que puedo contactar a los Abogados de la Clase si tengo alguna pregunta.

### IV. FIRMA Y INFORMACIÓN ADICIONAL

☐ Marque aquí si cree que la cantidad total de semanas laborales especificadas en la Parte II, arriba, no es correcta. Indique el número total de semanas laborales que cree que trabajó durante el período de clase: _____ semanas (Incluya cualquier información de apoyo, como talones de cheque, cheques cancelados, registros de tiempo, etc.)

Acepto estar sujeto al Acuerdo y declaro bajo pena de perjurio que la información anterior es correcta.

Fecha: _____          Firma: _____

Nombre Escrito: _____