JAMES DAL BON, SBN #157942
LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
SAN JOSE, CA 95112
Telephone:  (408) 466-5845
Facsimile:   (408) 286-7111

VICTORIA L.H. BOOKE    SB# 142518
BOOKE & AJLOUNY
606 North First Street
San Jose, California 95112
Telephone:  (408) 286-7000
Facsimile:   (408) 286-7111
Email: vbooke@bookelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| **BARBARA MIDDLE RIDER FOR GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual, PLAINITFFS AND PUTATIVE PLAINTIFFS**<br><br>            Plaintiffs,<br><br>     vs.<br><br>            Defendants.<br><br>**MOVING SOLUTIONS, a California Corporation MANAGED FACILITIES SOLUTIONS, LLC a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC a New York Corporation licensed to do business in California** | **Case No. l7-CV-04015 LHK**<br><br>**MOTION FOR FINAL APPROVAL OF A ATTORNEY'S FEES, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** |

STATEMENT OF FACTS

Class counsel James Dal Bon has been practicing law since 1992. The majority of his has been spent representing low income workers. Most recently the courts have awarded him the following rates in legal fees in wage hour cases like this one: In Lopez vs Logistic Delivery Solutions 113CV24931, a wage and hour class action, the court used a billing rate of $400 per hour. In Rodriguez vs Heavenly Greens 16 CV 295143, a wage and hour class action, the court used a billing rate of approximately $437 an hour, in Ledo vs Prado l7-CV-02393 LHK the court awarded $563 per hour with a lodestar multiplier of 1.4, In Martinez vs Letech 14-CV-02945, a wage and hour trial at Doc 46 and 51 the court awarded me $54,939.37 in attorney's fees at $577 per hour. See this case Decl of James Dal Bon Doc 100 and the Second Decl. of James Dal Bon, Vickie Booke has over thirty years experience as an attorney. She has litigated wage and hour cases in state and federal court. She was approved as Class Counsel in Lopez vs Logistic Delivery Solutions 113CV24931, and in Rodriguez vs Heavenly Greens 16 CV 295143. See Decl of Vicke Booke

Although Plaintiff's engaged in no formal discovery this case involved the examination of approximately 8000 pages of payroll records, numerous interviews with witnesses in person over the phone, and a full day mediation where we additionally reviewed the Defendant's financial records. Decl of James Dal Bon Doc 100 and the Second Decl. of James Dal Bon, Decl of Vicke Booke Additionally the lead Plaintiff died. Id I personally had to track down other plaintiffs based upon a witness list provided by the deceased Plaintiff. Id. I visited potential class members at their work and homes to ensure that the case would move forward. Id. I discovered the deceased Plaintiff's widow moved to Montana and had her substituted in place of her husband. Id. I did not bill for much of this leg work. I estimate I spoke to about twenty potential class members before convincing three to be named Plaintiffs.Id.

I did not bill for most of the work I performed following the first motion for preliminary approval. I am only adding eight hours on my billing for these two motions and

1

1  the final appearances.   This comes to a total of 124.29 hours.   Ms. Booke has billed 145.55
2  hours.  Id.
3  THE COURT MUST EVALUATE THE REASONABENESS OF THE ATTORNEY'S FEES
4  REQUESTED IN THIS CASE.
5          In evaluating a class action settlement, the courts have an independent obligation to
6  ensure that an attorney's fee award is reasonable despite any agreement between the parties
7  for the payment of class counsel's attorney's fees.   See Staton v. Boeing Co., 327 F.3d 938,
8  963–64 (9th Cir.2003); . The reasonableness of any fee award must be considered in light of
9  the  "American Rule," which provides that courts generally cannot award attorneys' fees to a
10 prevailing plaintiff unless (1) fee-shifting is expressly authorized by the governing statute; (2)
11 the opponents acted in bad faith or willfully violated a court order; or (3) "the successful
12 litigants have created a common fund for recovery or extended a substantial benefit to a
13 class." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.,*  421 U.S. 240, 275, 95 S.Ct. 1612, 44 L.Ed.2d
14 141 (1975)  *Aaron J. Walker v. GN Netcom, Inc., Motorola, Inc., Plantronics, Inc. (In re*
15 *Bluetooth Headset Prod. Liab. Litig.)*, 654 F.3d 935, 941 (9th Cir. 2011)
16         Two exceptions to the American Rule exist in this case.  The settlement provides for a
17 common fund of $275,000,00 to pay the class members back wages, penalties and interest.
18 Additionally, 29 USC Section 216 and Cal. Lab. Code Section 1194 award  attorney's fees to the
19 prevailing plaintiff in wage and hour cases.  Thus, the court must evaluate the reasonableness
20 of the award requested by class counsel in this case.
21
22 THE COURT AT ITS DISCRETION MAY USE THE PERCENTAGE METHOD AND/OR THE
23 LODESTAR METHOD TO DETERMINE THE REASONABLENESS OF ATTORNEY'S FEES.
24
25         Where a settlement produces a common fund for the benefit of the entire class, courts
26 can either use the lodestar method or the percentage-of-recovery method. Bluetooth at 941
27 *quoting* In re Mecury Interactive Corp., 618 F.3d 988, 992 (2010)The percentage of recovery is
28 the easiest method to use in determining the reasonableness of the attorney's fee.  In

applying this method, the Ninth Circuit has established 25% of the fund as the "benchmark" for a reasonable fee award. Class counsel must provide an "adequate" explanation of any "special circumstances" justifying an award of more than 25%. Bluetooth at 942. In reviewing his billing in this matter, counsel has decided to simply ask for the benchmark of 25%. Counsel asserts the bench mark is fair in this case.

Both attorneys represented these workers on a contingency fee basis. None of the Plaintiffs has had to pay anything for their representation. Vickie Booke paid her assistant to work on the case and has not been reimbursed.

The court can also use the lodestar method to cross check the reasonableness of the percentage of the common fund the Plaintiff's counsel has requested. In the lodestar method the number of hours billed by the attorney is multiplied by the prevailing hourly rate for attorneys in the area. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); In re Taco Bell Wage & Hour Actions, 222 F. Supp. 3d 813, 829 (E.D. Cal. 2016)
The court can adjust the amount awarded up based on a number of factors including:

(1) the novelty and difficulty of the questions involved,

(2) the skill displayed in presenting them,

(3) the extent to which the nature of the litigation precluded other employment by the attorneys,

(4) the contingent nature of the fee award."

*In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d at 829.

\

.

3

Class counsel asserts that some of the factors support a modest lodestar multiplier up to 1.5 times the hours billed.  First Class counsel took this case on contingency fee.  The Plaintiffs did have to pay anything for costs or attorney's fees.  Plaintiff counsel Vickie Booke accrued over $7000 in costs.   .  The 124.04 hours billed represent a significant amount of time taken out of counsel James Dal Bon's small legal practice.  The billing of 145.55 hours by Vickie Booke and contribution of her legal assistant took a significant amount of time from her practice.

The case had some complexity in that the lead Plaintiff died and Class Counsel had to find other plaintiffs. Considering the above, Class Counsel asserts that a lodestar analysis supports, and cross checks the 25% attorney's fee award requested in this case,

NONE OF THE THREE SIGNS OF COLLUSION EXIST IN THIS CASE

The district court must examine the settlement to determine whether class counsel colluded with the Defendants to defraud class members.  The Ninth Circuit has found the following three factors indicate collusion:

(1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," *Hanlon,* 150 F.3d at 1021;

(2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class,"

(3) and when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund, *See Aaron J. Walker v. GN Netcom, Inc., Motorola, Inc., Plantronics, Inc. (In re Bluetooth Headset Prod. Liab. Litig.),* 654 F.3d 935, 945–47 (9th Cir. 2011)

None of these three factors exist in this case.  The class members are receiving a "monetary distribution" of 75% of the settlement funds less costs.  Class counsel is asking for

1  25% of the award, that the Ninth Circuit has consistently held to be the "bench mark" for a
2  reasonable attorney fee.  Finally, none of the settlement funds revert back to the Defendants.
3
4  THE COURT SHOULD REIMBURSE CLASS COUNSEL HER COSTS
5
6      The courts have found that reimbursement of costs should be paid in a class action
7  because " all beneficiaries should bear their fair share of the costs of the litigation, and these
8  are the normal costs of litigation that clients traditionally pay."  See, e.g., Leonard v. Baumer
9  (In re United Energy Corp. Sec. Litig.), Fed. Sec. L. Rep. P 94, 376, 1989 WL 73211, at *6 (C.D.
10 Cal. March 9, 1989).  In this case the Mediation fee, cost of service and filing, plus Ms Booke's
11 legal assistant to $6098.55.  This is a reasonable request.
12
13
14
15 Attorney for the Plaintiff
16 March 9, 2020
17
18 *James Dal Bon* (signature)
19 James Dal Bon

5