JAMES DAL BON, SBN #157942
LAW OFFICE OF JAMES DAL BON
606 N. 1st St.
SAN JOSE, CA 95112
Telephone:   (408) 466-5845
Facsimile:    (408) 286-7111

VICTORIA L.H. BOOKE     SB# 142518
BOOKE & AJLOUNY
606 North First Street
San Jose, California 95112
Telephone:   (408) 286-7000
Facsimile:    (408) 286-7111
Email: vbooke@bookelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| **BARBARA MIDDLE RIDER FOR GARY MIDDLE RIDER,** an individual, **ROBERT GARZA,** an individual **ALBERT ARELLANO,** an individual, **JOSE DON CORONADO,** an individual, **PLAINITFFS AND PUTATIVE PLAINTIFFS**<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>　　　　　Defendants.<br><br>**MOVING SOLUTIONS,** a California Corporation **MANAGED FACILITIES SOLUTIONS, LLC** a California Limited Liability Company and **CHARTWELL STAFFING SOLUTIONS, INC** a New York Corporation licensed to do business in California | Case No. l7-CV-04015 LHK<br><br>**MOTION FOR FINAL APPROVAL OF A ATTORNEY'S FEES, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** |

My name is James Dal Bon and I swear under penalty of perjury by the law of the State of California that the aforementioned is true to the best of my knowledge.

1) I am over the age of 18 years old and a citizen of the United States;

2) If called to testify under oath in a federal or state court in this case I would testify truthfully to the following

3) I have been handling primarily wage and hour cases for low income wage earners exclusively since at least the year 2006, before that I represented employees in a variety of labor matters since 1992..

4) I speak fluent Spanish

5) I represent the Plaintiffs in this matter.

6) I graduated from the University of California Berkeley in 1982 with a BA in History and then from the University of San Francisco Law School in 1991 with a JD.

7) My first year I graded onto Law Review.

8) Upon graduating from Law School I was employed by Mastagni, Holstedt and Chuirazzi, Durard Mc Kenna and Jones and the Law Offices of Stanley Bell where I represented employees in worker's compensation cases.

9) I went into my own law firm in about 2003. I have represented employees in sexual harassment cases, state personnel board hearings, in front of the Office of Administrative Hearings, and Worker's Compensation Cases. In 2006 I focused primarily on individual wage and hour cases.

10) My clients were primarily working people earning minimum wage or close to minimum wage.

11) Lately I have been representing more highly paid executives in assisting them with issues at work.

12) I have worked with other attorneys in the following class action cases filed in Santa Clara County Superior Court Rosales vs Heavenly Greens 1-cv-119684; Lopez vs Logistics Delivery Solutions 113-cv-249431, Diaz vs Heavenly Greens 16-cv295143 and Cooke vs A is for Apple 15-cv-279579.  I was lead counsel on Lopez vs Logistics Delivery Solutions 113-cv-249431, and Diaz vs Heavenly Greens 16-cv295143, both came to a successful conclusion.

13) In the last case I tried with co-counsel in the federal court Martinez vs Letech 14-CV-02945 at Doc ## 46 and 51 Plaintiff won $29,866.67 and the court awarded me $54,939.37 in attorney's fees at $577 per hour.

14) I have handled approximately 175 cases in federal court and fifty in the local state court.

15) I had the first two employees of Moving Solutions complain to me  of their wage and hour practices since 2011.

16) I was not able to find a plaintiff that qualified as a good witness until Gary Middle Rider visited our office.

17) I knew that the Defendants had records showing they paid some overtime and  our case would rely on the credibility of witnesses.

18) Unfortunately Mr. Middle Rider passed away after we filed the class action.

19) I did not know he passed away and visited his apartment but by that time his widow had moved.

20) As I now recall, I believe one of the Moving Solutions employees told me when I called to find out where he moved too.

21) I had to scramble to find other Plaintiffs .

22) Mr. Middle Rider left me with a list of witnesses and phone numbers.

23) Many of the phone numbers were no longer good so I would find new ones using online tools.

24) I spent hours that I did not charge for simply calling people on the witness list and getting the names of other witnesses.

25) Out of the twenty or so people I spoke to at length only three were willing to be named Plaintiffs

26) I found that his widow, Barbara Middle Rider, had moved to Montana and substituted her in for Gary Middle Rider.

27) Myself and my co-counsel Vickie Booke conducted informal discovery on this matter.

28) We reviewed approximately 8000 pages of payroll records, numerous interviews with witnesses in person over the phone.

29) Many of the Defendants' records showed they paid some overtime and gave thirty minute breaks to their employees.

30) We had a full day mediation where we additionally reviewed the Defendant's financial records.

31) The financial records demonstrated the slim profit margins the Defendants operated under and the possibility they would declare bankruptcy if faced with a substantial judgment.

32) I did not bill for most of the work I performed following the first motion for preliminary approval.

33) I am only adding eight hours on my billing for these two motions and the final appearances.   This comes to a total of 124.29 hours.

March 9, 2020

_James Dal Bon_
James Dal Bon