UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GARZA, et al.,<br><br>             Plaintiffs,<br><br>        v.<br><br>MOVING SOLUTIONS, INC, et al.,<br><br>             Defendants. | Case No. 17-CV-04015-LHK<br><br>**ORDER TO FILE SUPPLEMENTAL DECLARATIONS** |

Plaintiffs filed a motion for final approval on March 9, 2020. ECF No. 151. Plaintiffs also filed a motion for attorney's fees on March 9, 2020. ECF No. 152.

In advance of the April 30, 2020 final approval hearing, the Court ORDERS Plaintiffs to file declarations clarifying the following issues:

- In Plaintiffs' motion for attorney's fees, Plaintiffs state that "[t]he settlement provides for a common fund of $275,000,00 to pay the class members back wages, penalties and interest." ECF No. 152 at 2. However, other filings, including the settlement agreement, state that the common fund is $470,000. *See, e.g.*, ECF No. 142-3 at 5 (explaining that "Maximum Settlement Fund" consists of $470,000); ECF No. 152-1 at 3 (listing "gross settlement amount" of $470,000). Plaintiffs must explain this discrepancy.

- In Plaintiffs' motion for attorney's fees, Plaintiffs state that "Plaintiff's engaged in no formal discovery." ECF No. 152 at 1. However, in a sworn declaration, counsel Victoria Booke states that she participated "in the significant written discovery." ECF No. 152-1 at 4. Plaintiffs must explain this discrepancy and outline, in detail, what actions they have

1

Case No. 17-CV-04015-LHK
ORDER TO FILE SUPPLEMENTAL DECLARATIONS

- undertaken in the instant case, aside from participation in mediation and repeated motions for preliminary approval.

- The Court repeatedly informed Plaintiffs that "[i]f attorneys' fees are ultimately awarded in this case, the Court will not award attorneys' fees for repeated motions for preliminary approval and multiple attempts at drafting an adequate Notice to the class." ECF No. 110 at 3; *see also* ECF No. 130 at 3 ("If attorneys' fees are ultimately awarded in this case, the Court will not award attorneys' fees for repeated motions for preliminary approval and multiple attempts at drafting an adequate Class Notice."). Notwithstanding the Court's repeated admonitions, each of Plaintiffs' counsel seemingly seeks fees for the parties' repeated motions for preliminary approval, at the expense of class members. Specifically, Ms. Booke lists numerous billing entries between the Court's June 3, 2019 denial of the first motion for preliminary approval and the Court's January 17, 2020 decision to grant the third motion for preliminary approval. ECF No. 152-1 at 4, 5. Many of these entries appear to squarely discuss work on the parties' ongoing attempts to secure preliminary approval. *E.g.*, *id.* at 4 ("Review redline email," "Email re: revision," "Review counsel's edits"). As to Mr. Dal Bon, Mr. Dal Bon merely states that "I did not bill for *most* of the work I performed following the first motion for preliminary approval." ECF No. 152-2 at 3 (emphasis added). Ms. Booke and Mr. Dal Bon must identify for which specific time and tasks related to the repeated motions for preliminary approval they seek fees and costs.

- In her law firm's time entries which span from 7/13/2017 through 3/5/2020, Ms. Booke includes time for "FS" for the following: 0.5 hours on 5/23/19 for "Telephone call to Court Reporter Supervisor regarding ordering transcripts; complete and submit transcript order form"; 0.3 and 0.5 on 5/23/2019 and 5/24/2019 respectively to "Research cases suggested by Judge Koh (Hoffman)"; and 2.45 hours total on September 26, 27 and 30, 2019 to work on a CMC statement. In her declaration, Ms. Booke identifies her paralegal as Flora Saucedo. ECF No. 152-1 at 4. However, in Ms. Booke's costs, she charges Class members $2,400 worth of paralegal fees for work on "Joint Stipulation and Motion To Certify Class" on 2/28/2018, "Motion To Certify Class Preliminary" on 3/31/2018, and "Discovery and Mediation" on 11/30/2018. ECF No. 152-1 at 6. None of the time entries for biller "FS" correspond to this work. Moreover, paralegals are hourly billers; their time counts as fees and not costs. Ms. Booke must clarify these apparent discrepancies and state whether she has billed her paralegal's time twice: once as costs and once as time entries warranting fees. Further, to the extent Plaintiffs seek paralegal fees in connection with the parties' repeated motions for preliminary approval, these fees must be stricken.

The declaration of the Settlement Administrator CPT Group, Inc. was filed on April 16, 2020, which is the postmark deadline for claim forms, requests for exclusion, and objections. Moreover, "for Class Members whose Notice Packets are returned to CPT and subsequently mailed once more, a 10-day extension is granted, allowing a deadline of April 26, 2020" as to submission of claim forms, requests for exclusion, objections, or disputes of work weeks. ECF No. 154 at 2. Accordingly, the Court ORDERS Settlement Administrator CPT Group, Inc. to file a supplemental declaration that updates all of the statistics provided on April 16, 2020.

Each of the foregoing declarations must be filed by April 30, 2020 at 10:00 a.m.

2
Case No. 17-CV-04015-LHK
ORDER TO FILE SUPPLEMENTAL DECLARATIONS

**IT IS SO ORDERED.**

Dated: April 28, 2020

_____
LUCY H. KOH
United States District Judge