UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GARZA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MOVING SOLUTIONS, INC, et al.,<br><br>  Defendants. | Case No. 17-CV-04015-LHK<br><br>**ORDER TO FILE SUPPLEMENTAL DECLARATION** |

Plaintiffs' Attorneys: James Dal Bon and Victoria L.H. Booke
Defendant Moving Solutions, Inc.: Richard Schramm
Defendant Chartwell Staffing Solutions Inc.: Alexander Conti
Defendant Managed Facilities Solutions, LLC: Susan E. Bishop

Plaintiffs filed a motion for final approval on March 9, 2020. ECF No. 151. Plaintiffs also filed a motion for attorney's fees on March 9, 2020. ECF No. 152. The Court held a public telephonic final approval hearing on April 30, 2020.

The Court ORDERS Settlement Administrator CPT Group, Inc. ("CPT") to file a supplemental declaration by May 1, 2020 at 3:00 p.m. that provides an explanation as to the following issues:

- In Plaintiffs' motion for final approval, Plaintiffs explain that at the time the Court granted Plaintiffs' third motion for preliminary approval, Plaintiffs believed there to be 1,021 class members. ECF No. 151 at 6. However, after the Court granted preliminary approval, Defendant Chartwell Staffing Solutions Inc. "presented a

1

Case No. 17-CV-04015-LHK
ORDER TO FILE SUPPLEMENTAL DECLARATION

  larger class list of 1094 employees." *Id.* From that expanded list, Defendants then struck 54 employees, which left a total of 1,040 class members. *Id.* CPT should explain why various employees were added to and struck from the class list.

- In Plaintiffs' motion for final approval, Plaintiffs also explain that at the time the Court granted Plaintiffs' third motion for preliminary approval, Plaintiffs believed that the class members collectively worked 17,225 work weeks. ECF No. 151 at 6. However, the parties now indicate that the class members collectively worked 22,314 work weeks, despite the fact that only 19 employees were ultimately added to the class list. CPT should explain the cause of this disproportionate increase in the number of work weeks.

- CPT represents that there are 6,706 PAGA work weeks that will be compensated at $0.37 for each PAGA work week for a total payment of $2,481.22. ECF No. 151 at 2–3. To the extent that distribution of the PAGA awards results in a total distribution below the $2,500 contemplated by the Settlement, CPT should explain what will happen to any remainder.

- Finally, in CPT's second supplemental declaration, CPT uses two erroneous figures in the course of its calculations. First, CPT assumes settlement administrator's costs of $16,500, instead of the $16,000 contemplated by the Settlement Agreement. ECF No. 159 at 2; ECF No. 142-3 at 25. Second, CPT assumes class counsel costs of $8,500, instead of the $6,098.55 class counsel in fact seeks in the instant case. *Id.* CPT should revise its calculations with the correct figures.

**IT IS SO ORDERED.**

Dated: April 30, 2020

_____
LUCY H. KOH
United States District Judge

Case No. 17-CV-04015-LHK
ORDER TO FILE SUPPLEMENTAL DECLARATION

2