UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GARZA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MOVING SOLUTIONS, INC, et al.,<br><br>    Defendants. | Case No. 17-CV-04015-LHK<br><br>**ORDER GRANTING FINAL APPROVAL; GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. Nos. 151, 152 |

The motion of Plaintiffs Barbara Middle Rider, Albert Arellano, Robert Garza, Daniel Coronado, and Jose Don Coronado aka Dan Coronado for an order granting final approval of the class action settlement reached with defendants Moving Solutions, Inc., Managed Facilities Solutions LLC, and Chartwell Staffing Solutions, Inc. ("Defendants") that was preliminarily approved on January 17, 2020 (the "Settlement"), along with Plaintiffs' motion for an award of attorney's fees and costs in connection with final approval, came regularly on for hearing. ECF Nos. 151, 152. Plaintiffs and CPT Group, Inc. filed numerous supplemental declarations in support of their motions. ECF Nos. 154, 157, 158, 159, 162. Good cause having been shown, Plaintiffs' motions are GRANTED and IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1.  The Court certifies for settlement purposes, for treatment as a class action under Rule 23 of the Federal Rules of Civil Procedure, a settlement class defined as all current and former hourly, non-exempt employees, except for administrative office staff, who are employed or have been employed by Defendants in the State of California from July 17, 2013 through January 17, 2020.  The class does not include Chartwell Staffing Solutions, Inc.'s employees who were not placed to work for Defendant Moving Solutions, Inc. or Defendant Managed Facilities Solutions, LLC.

2.  The Court grants final approval of the Settlement and finds the terms of the Settlement to be fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for members of the Settlement Class to opt out of the Settlement; the procedure for members of the Settlement Class to object to the Settlement; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

3.  The Court finds that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process.

4.  The Court orders that all class members who did not timely file a request for exclusion from the Settlement are barred from prosecuting against the Released Parties any and all Released Claims as set forth in the Settlement.

5.  The Court orders that Defendants make payment to the settlement administrator, in accordance with the procedures set forth in the Settlement, of the amount needed to fund all amounts payable under the Settlement.

6.  The Court orders payment from the settlement fund of settlement administration fees to CPT Group, Inc. in the amount of $16,000 in accordance with the Settlement.

7.  The Court awards Plaintiffs $117,500 in attorney's fees, to be paid from the settlement fund in accordance with the procedures set forth in the Settlement.

8.  The Court awards Plaintiffs $6,098.55 in litigation costs, to be paid from the settlement fund in accordance with the procedures set forth in the Settlement.

9.  The Court awards Plaintiffs Barbara Middle Rider, Albert Arellano, Robert Garza, Daniel Coronado, and Jose Don Coronado aka Dan Coronado each $5,000 class representative enhancement payments, to be paid from the settlement fund in accordance with the procedures set forth in the Settlement.

10. The Court dismisses the instant case with prejudice.

11. The Court orders that, notwithstanding entry of judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement.

**IT IS SO ORDERED.**

Dated: May 1, 2020

_Lucy H. Koh_
LUCY H. KOH
United States District Judge