James Dal Bon, Bar No. 157942
LAW OFFICE OF JAMES DAL BON
606 N. First Street
San Jose, CA 95112
Tel: (408) 977-7710
Fax: (888) 868-8043
jdb@wagedefenders.com

Victoria L.H. Booke, Bar No. 142518
BOOKE & AJLOUNY
606 N. First Street
San Jose, CA 95112
(408) 286-7000
Fax: (408) 286-7111
vbooke@bookelaw.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MIDDLE RIDER FOR GARY MIDDLE RIDER, an individual, ROBERT GARZA, an individual, ALBERT ARELLANO, an individual, JOSE DON CORONADO, an individual,<br><br>Plaintiffs and Class Action Plaintiffs,<br><br>vs.<br><br>MOVING SOLUTIONS INC., a California Corporation, MANAGED FACILITIES SOLUTIONS, LLC, a California Limited Liability Company and CHARTWELL STAFFING SOLUTIONS, INC., a New York Corporation licensed to do business in California<br><br>Defendants. | Case No. 17-CV-04015-LHK<br><br>**REQUEST FOR GUIDANCE AND MODIFICATION OF CLASS ACTION DISBURSEMENT DUE TO BREACH OF THE SETTLEMENT AGREEMENT BY MOVING SOLUTIONS**<br><br>DATE:<br>TIME:<br>DEPT:<br><br>Date Action Filed: 07/17/2017 |

December 28, 2020 was the anticipated date of distribution to class members, class counsel and class administrator. This Court's Final Distribution Order that a total of $470,000.00 be paid to the

1

**REQUEST FOR GUIDANCE AND MODIFICATION OF CLASS ACTION DISBURSEMENT DUE TO BREACH OF THE SETTLEMENT AGREEMENT BY MOVING SOLUTIONS**
Case No.17-CV-04015-LHK

Settlement Administrator, CPT, is short twenty thousand dollars ($20,000.00). Defendant, Managed Facilities Solutions, LLC, made their full deposit of $200,000.00 and Chartwell Staffing Solutions, Inc. made their full deposit of $250,000.00. Unfortunately, Moving Solutions, a California Corporation, through their counsel, have represented that Moving Solutions does not have the ability to pay their $20,000.00 settlement contribution amount. Consequently, the settlement fund cannot be disbursed pursuant to the exact terms and conditions of this Court's Order Granting Final Approval, attached hereto as Exhibit A.

All counsel have had several conference calls to address this shortfall without a resolution. Plaintiffs' counsel file this Request for Guidance to Modify the Final Approval of the class action resolution.

We suggest the following scenarios for the Court's consideration:

1. The Final Order be modified and every member of the class, class counsel and the class administrator reduce proportionately the amount they were to receive equally, except class counsel's actual out of pocket costs of $6,098.55 will be fully reimbursed. The class will be funded and distributed based on the $450,000.00 amount. Attached as Exhibit B is a spreadsheet, prepared by CPT, class administrator, depicting the original funding of $470,000.00 and a comparison of the disbursement the breakdown of the reduced funded amount, $450,000.00.

If the Court deems this reallocation is de minimus, a modification to the Final Order can be done without a new notice and hearing to the class members. If is not deemed to be de minimus then it appears the entire class certification process has to be redone. It should be noted, in the case of Molina vs. Pacer Cartage, Inc. (2016) 47 F. Supp. 3d.1061 the court held that if the change is de minimus a new notice to class members was not required. However, the court specifically found that the change did not decrease any class member's recovery. Unlike under this proposal an across the board approximate 6% reduction would decrease the class members' recovery, albeit not significantly.

2. Alternatively, Amend the Final Order to add Rick Philpott, individually, the principal of Moving Solutions, and require the individual within 20 days to fund the twenty thousand dollars owed by Moving Solutions. California Labor Code 558(a) allows for individual liability of

2

unpaid wages of principal of any employer which violate California wage and hour laws. If added as an individual Defendant then Order of Examination can be conducted to explore his ability to pay. Alternatively, Mr. Philpott is gainful apparently employed and a wage garnishment can be issued until paid. If this is the Court's preferred method to proceed then it leads to two options:

First, the twenty thousand dollar, ($20,000.00) shortfall should be deducted from Plaintiffs' counsel attorney fee award to avoid class administration delay and costs, and Plaintiffs' counsel be allowed to pursue collection against Mr. Philpott, with the right to collect additional attorney fees, costs and interests. If Mr. Philpott cannot pay, then plaintiffs' counsel, not the class members, lose twenty thousand dollars in fees.

While this method is not Plaintiffs' counsel preferred choice, any other alternate, except alternate one above, would delay the class members from further receipt of payment. During these trying times, it seems this proposal gets the most money the soonest to the class is likely the best alternative.

The second option is delay distribution for 45 to 60 days to explore whether Mr. Philpott can make the contribution once he is added as an individual defendant. During the 45 to 60 day period the ability of Mr. Philpott to fund the settlement will be explored, and then report the findings back to the Court to evaluate next steps.

Finally, if the Court has a third alternative to the above, we are all open to the Court's thoughts and suggestions to this unique situation.

We are also requesting a conference call with the for earliest available time to discuss a resolution to the funding shortfall.

Dated: 1/20/2021

Respectfully submitted,

Victoria Booke
Attorney for Plaintiffs